## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| United States Securities and Exchange Commission, Plaintiff-Appellant-Cross-Appellee, v. Ripple Labs Inc., Defendant-Appellee-Cross-Appellant, Bradley Garlinghouse, Christian A. Larsen, Defendants-Appellees. | S.D.N.Y. | Hon. Analisa Torres |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | August 7, 2024 | 20 Civ. 10832 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | October 10, 2024 | ✓ Yes    ☐ No |

| **Attorney(s) for Appellant(s):** ✓ Plaintiff ☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: See attached counsel list. |
|---|---|

| **Attorney(s) for Appellee(s):** ☐ Plaintiff ✓ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: See attached counsel list. |
|---|---|

| Has Transcript Been Prepared? N/A | Approx. Number of Transcript Pages: N/A | Number of Exhibits Appended to Transcript: N/A | Has this matter been before this Circuit previously? ☐ Yes ✓ No |
|---|---|---|---|
| | | | If Yes, provide the following: |
| | | | Case Name: |
| | | | 2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ✓ U.S. a party | ☐ Diversity | ✓ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R . Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)**

1. Stage of Proceedings
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

2. Type of Judgment/Order Appealed
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [x] Judgment / Decision of the Court
- [x] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

3. Relief
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [x] Injunctions:
  - [ ] Preliminary
  - [x] Permanent
  - [ ] Denied

Civil penalties of $125,035,150.

---

**PART C:  NATURE OF SUIT   (Check as many as apply)**

1. Federal Statutes
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [x] Securities
- [ ] Tax

2. Torts
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

3. Contracts
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

4. Prisoner Petitions
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

5. Other
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

6. General
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

7. Will appeal raise constitutional issue(s)?
- [x] Yes
- [ ] No

Will appeal raise a matter of first impression?
- [x] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____  [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?   [x] Yes   [ ] No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes   [x] No

If yes, state whether  □ "A," or  □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: SEC v. Ripple Labs Inc. | Docket No. 24-2648 | Citation: N/A | Court or Agency: Second Circuit |
|---|---|---|---|

Name of Appellant: United States Securities and Exchange Commission

Date: October 24, 2024   |   Signature of Counsel of Record: /s/ Michael K. Kellogg

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C  (Rev. December 2016)

Attachment to:

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

## Attorneys for Plaintiff-Appellant-Cross Appellee

| Counsel's Name and Address | Contact Nos. | Email |
|---|---|---|
| Michael Andrew Conley<br>100 F Street, NE<br>Washington, D.C. 20549 | T:  202-551-5127 | conleym@sec.gov |
| David D. Lisitza<br>100 F Street, NE, Mail Stop 9040<br>Washington, D.C. 20549 | T:  202-551-5015 | lisitzad@sec.gov |
| Ezekiel Levenson Hill<br>100 F Street, NE<br>Washington, D.C. 20549 | T:  202-551-7724 | hillez@sec.gov |

## Attorneys for Defendant-Appellee-Cross-Appellant

| Counsel's Name and Address | Contact Nos. | Email |
|---|---|---|
| Michael K. Kellogg<br>Kellogg, Hansen, Todd, Figel &<br>Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036 | T:  202-326-7902<br>F:  202-326-7999 | mkellogg@kellogghansen.com |
| Reid M. Figel<br>Kellogg, Hansen, Todd, Figel &<br>Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036 | T:  202-326-7918<br>F:  202-326-7999 | rfigel@kellogghansen.com |
| Gregory G. Rapawy<br>Kellogg, Hansen, Todd, Figel &<br>Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036 | T:  202-326-7967<br>F:  202-326-7999 | grapawy@kellogghansen.com |
| Bradley E. Oppenheimer<br>Kellogg, Hansen, Todd, Figel &<br>Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036 | T:  202-326-7900<br>F:  202-326-7999 | boppenheimer@<br>kellogghansen.com |

| Counsel's Name and Address | Contact Nos. | Email |
|---|---|---|
| Bethan R. Jones<br>Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, DC 20036 | T: 202-326-7953<br>F: 202-326-7999 | bjones@kellogghansen.com |
| Andrew J. Ceresney<br>Debevoise & Plimpton LLP<br>66 Hudson Boulevard<br>New York, NY 10001 | T: 212-909-6000 | aceresney@debevoise.com |
| Christopher S. Ford<br>Debevoise & Plimpton LLP<br>66 Hudson Boulevard<br>New York, NY 10001 | T: 212-909-6000 | csford@debevoise.com |

**Attorneys for Defendant-Appellees**

| Counsel's Name and Address | Contact Nos. | Email |
|---|---|---|
| Matthew Solomon<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue, NW, Suite 1000<br>Washington, DC 20037 | T: 202-974-1680 | msolomon@cgsh.com |
| Nowell D. Bamberger<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Ave., NW,<br>Washington, D.C. 20037 | T: 202-974-1752 | nbamberger@cgsh.com |

**Attorneys for Intervenors**

| Counsel's Name and Address | Contact Nos. | Email |
|---|---|---|
| John Deaton<br>Deaton Law Firm<br>450 North Broadway<br>East Providence, RI 02914 | T: 401-351-6400 | all-deaton@deatonlawfirm.com |
| Joseph Carl Cecere, II<br>Cecere PC<br>6035 McCommas Boulevard<br>Dallas, TX 75206 | T: 469-600-9455 | ccecere@cecerepc.com |

## ADDENDUM "A" TO CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### A.     Description Of The Nature Of The Action

Ripple Labs Inc. ("Ripple") is a privately held financial technology company that, among other things, develops and uses blockchain technology to transfer funds across borders. One key technology Ripple uses is a blockchain called the XRP Ledger, whose native currency is a digital token called XRP. This case is an enforcement action brought by the Securities and Exchange Commission (the "SEC") alleging that Ripple's offers and sales of XRP were offers and sales of unregistered securities – specifically, of "investment contract[s]," 15 U.S.C. § 77b(a)(1) – in violation of Section 5 of the Securities Act of 1933. The SEC also alleged violations by Ripple's executive chairman and by its CEO (the "Individual Defendants").

### B.     The District Court's Rulings

The district court granted summary judgment in part to the SEC and in part to Ripple and the Individual Defendants. The Court divided Ripple's transfers of XRP into three categories, including direct sales (which it labeled "Institutional Sales," although not all are sales to institutional investors), sales made through exchanges ("Programmatic Sales"), and all other transfers ("Other Distributions"). The court then ruled that Ripple's Institutional Sales were sales of "investment contract[s]" within the meaning of Section 2(1) of the Securities Act. The court

also rejected Ripple's affirmative defense that it lacked fair notice that Institutional Sales violated Section 5.

The district court reached a different result as to the Programmatic Sales and the Other Distributions, ruling that those distributions were not sales of investment contracts. It reached the same result as to the Individual Defendants' personal sales of XRP, all of which fell into the Programmatic category. And the court ruled that the Other Distributions were not sales of securities because none of them involved an investment of money. The court did not reach other contentions that Ripple and the Individual Defendants had raised as to the Programmatic Sales and Other Distributions, including that many of the relevant transfers were extraterritorial and that Defendants lacked fair notice that Programmatic Sales and Other Distributions violated Section 5.

As remedies, the district court enjoined Ripple from further violations of the Securities Act and imposed a $125 million penalty. It rejected the SEC's request that Ripple be required to disgorge profits from Institutional Sales because the agency failed to show that any purchasers had suffered harm from those Sales.

Attached are (a) Ripple's October 10, 2024 Notice of Cross-Appeal, Dist Ct. ECF No. 980; (b) the district court's docket sheet; (c) the district court's July 13, 2023 Order, Dist Ct. ECF No. 874; and (d) the district court's August 7, 2024 Judgment, Dist Ct. ECF No. 974.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RIPPLE LABS INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, <br><br> Defendants. | Case No. 20-CV-10832 (AT) (SN) |

## NOTICE OF CROSS-APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**PLEASE TAKE NOTICE** that Defendant Ripple Labs Inc. hereby respectfully cross-appeals to the United States Court of Appeals for the Second Circuit from the final judgment entered by this Court on August 7, 2024. *See* Dkt. 974.

Date: October 10, 2024

Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
+1 (212) 909-6000
aceresney@debevoise.com

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg
KELLOGG, HANSEN, TODD, FIGEL, & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
+1 (202) 326-7900
mkellogg@kellogghansen.com

*Counsel for Defendant Ripple Labs Inc.*

CLOSED,APPEAL,CASREF,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20–cv–10832–AT–SN

Securities and Exchange Commission v. Ripple Labs Inc. et al.
Assigned to: Judge Analisa Torres
Referred to: Magistrate Judge Sarah Netburn
Cause: 15:77 Securities Fraud

Date Filed: 12/22/2020
Date Terminated: 08/07/2024
Jury Demand: Both
Nature of Suit: 850
Securities/Commodities
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Securities and Exchange Commission**      represented by   **Jorge Gerardo Tenreiro**
U.S. Securities and Exchange Commission
100 Pearl Street
Suite 20–100
New York, NY 10004–2616
212–336–9145
Email: tenreiroj@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Hanauer**
U.S. Securities and Exchange Commission
(Chicago)
175 West Jackson, Suite 1450
Chicago, IL 60604
(312)–353–8642
Email: hanauerb@sec.gov
*ATTORNEY TO BE NOTICED*

**Daphna Abrams Waxman**
U.S. Securities and Exchange Commission
Brookfield Place
New York, NY 10281
(212)–336–1012
Email: waxmand@sec.gov
*ATTORNEY TO BE NOTICED*

**Marc Jonathan Jones**
United States Securities and Exchange
Commission
Boston Regional Office
33 Arch Street
24th Floor
Boston, MA 02110
617–573–8947
Email: jonesmarc@sec.gov
*ATTORNEY TO BE NOTICED*

**Mark Raymond Sylvester**
Securities and Exchange Commission
100 Pearl Street
Suite 20–100
New York, NY 10004
212–336–0159
Email: sylvesterm@sec.gov
*ATTORNEY TO BE NOTICED*

**Peter Moores**
Securities and Exchange Commission
33 Arch Street

24th Floor
Boston, MA 02110
617–573–4576
Email: mooresp@sec.gov
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Investor A**                                    represented by   **Eva Ciko Carman**
                                                                  Ropes & Gray LLP
                                                                  1211 Avenue of The Americas
                                                                  New York, NY 10036
                                                                  212–596–9000
                                                                  Email: eva.carman@ropesgray.com
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**MoneyGram International, Inc.**                 represented by   **Jessica Ann Masella**
                                                                  DLA Piper US LLP (NY)
                                                                  1251 Avenue of the Americas, 27th Floor
                                                                  New York, NY 10020
                                                                  212–335–4500
                                                                  Fax: 212–335–4501
                                                                  Email: Jessica.Masella@dlapiper.com
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Third–Party A**                                represented by   **Michael Andrew Hanin**
                                                                  Kasowitz, Benson, Torres LLP (NYC)
                                                                  1633 Broadway
                                                                  New York, NY 10019
                                                                  (212)–506–1788
                                                                  Fax: (212)–506–1800
                                                                  Email: mhanin@kasowitz.com
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**The Chamber of Digital Commerce**              represented by   **Lilya Tessler**
                                                                  Sidley Austin LLP
                                                                  2021 McKinney Avenue
                                                                  Suite 2000
                                                                  Dallas, TX 75201
                                                                  214–981–3300
                                                                  Fax: 214–981–3400
                                                                  Email: ltessler@sidley.com
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Third–Party B**                                represented by   **Katherine Anne Marshall**
                                                                  Fenwick & West LLP (SF)
                                                                  555 California Street
                                                                  12th Floor
                                                                  San Francisco, CA 94104
                                                                  415–875–2090
                                                                  Email: kmarshall@fenwick.com
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Third–Party C**                                represented by   **Jonathan Asher Rotenberg**
                                                                  Katten Muchin Rosenman LLP

50 Rockefeller Plaza
New York, NY 10020
212–940–6405
Email: jonathan.rotenberg@katten.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Investment Banker Declarant**     represented by   **Andrew Kunsak**
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
212–839–5433
Email: akunsak@sidley.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Cryptocurrency Exchange Declarant**    represented by   **James Q Walker**
*Cryptocurrency Exchange Declarant*                        Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036
212–261–6864
Email: JamesWalker@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bradley Garlinghouse**              represented by   **Matthew Solomon**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
202–974–1680
Email: msolomon@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Javad Janghorbani**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
212–225–2000
Email: ajanghorbani@cgsh.com
*ATTORNEY TO BE NOTICED*

**Andrew J. Ceresney**
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
212–909–6000
Fax: 212–909–6836
Email: aceresney@debevoise.com
*ATTORNEY TO BE NOTICED*

**Bradley E Oppenheimer**
Kellogg, Hansen, Todd, Figel & Frederick
PLLC (DC)
1615 M Street, N.W., Suite 400
Washington, DC 20036

(202)–326–7900
Fax: (202)–326–7999
Email: boppenheimer@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Caleb Robertson**
Cleary Gottlieb Steen & Hamilton LLP
Washington, DC
2112 Pennsylvania Avenue NW
Washington, DC 20037
202–974–1924
Email: cjrobertson@cgsh.com
*ATTORNEY TO BE NOTICED*

**Gregory G. Rapawy**
Kellogg, Hansen, Todd, Figel & Frederick
PLLC (DC)
1615 M Street, N.W., Suite 400
Washington, DC 20036
(202) 326–7967
Fax: (202) 326–7999
Email: grapawy@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Michael Kerry Kellogg**
Kellogg, Hansen, Todd, Figel & Frederick
PLLC (DC)
1615 M Street, N.W., Suite 400
Washington, DC 20036
(202) 326–7902
Fax: (202) 326–7999
Email: mkellogg@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Michael Schulman**
Cleary Gottlieb Steen & HamiltonLLP
District Of Columbia
2112 Pennsylvania Avenue, NW
Washington, DC
DC, DC 20037
202–974–1500
Email: mschulman@cgsh.com
*ATTORNEY TO BE NOTICED*

**Nowell D. Bamberger**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
202–974–1752
Email: nbamberger@cgsh.com
*ATTORNEY TO BE NOTICED*

**Rahul Mukhi**
Cleary Gottlieb Steen & Hamilton LLP
(NYC)
One Liberty Plaza
New York, NY 10006
212–225–2000
Fax: 212–225–3499
Email: rmukhi@cgsh.com
*ATTORNEY TO BE NOTICED*

**Reid Mason Figel**
Kellogg, Huber, Hansen, Todd, Evans &

Figel, P.L.L.C.
Sumner Square
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7900
Fax: 202–326–7999
Email: rfigel@kellogghansen.com
*ATTORNEY TO BE NOTICED*

**Samuel Loewenson Levander**
Cleary Gottlieb Steen & Hamilton LLP
(NYC)
One Liberty Plaza
New York, NY 10006
212–225–2000
Email: slevander@cgsh.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christian A. Larsen**                    represented by    **Martin Flumenbaum**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212)–373–3191
Fax: (212)–492–0191
Email: mflumenbaum@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Richardson Dearborn**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
535 Mission Street
24th Floor
San Francisco, CA 94105
628–432–5100
Email: mdearborn@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Gertzman**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
212.373.3281
Fax: 212.373.2274
Email: mgertzman@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J. Ceresney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley E Oppenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory G. Rapawy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristina Anne Bunting**

Paul, Weiss, Rifkind, Wharton & Garrison
LLP (NYC)
1285 Avenue of the Americas
New York, NY 10019
(212) 373 3503
Fax: (212) 492 0503
Email: kbunting@paulweiss.com
*ATTORNEY TO BE NOTICED*

**Michael Kerry Kellogg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reid Mason Figel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah J Prostko**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
212–373–3000
Email: sprostko@paulweiss.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Non–Party D**                     represented by **E. Scott Schirick**
Alston & Bird LLP
90 Park Avenue
New York
New York, NY 10016
212–210–9400
Email: scott.schirick@alston.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Non–Party D**                     represented by **E. Scott Schirick**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Amicus**

**I–REMIT, INC.**                     represented by **Brian Farkas**
ArentFox Schiff LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
917–573–0089
Email: brian.farkas@afslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Debra L Fein**                     represented by **Debra Lynn Fein**
Stratford Law Firm, LLC
Stratford Law Firm, LLC
401 E Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301
954–995–5400

Email: debra@slgfl.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Investor Choice Advocates Network**  represented by  **Avi Weitzman**
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
212–318–6000
Email: aviweitzman@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Phillip Goldstein**  represented by  **Avi Weitzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**SpendTheBits, Inc.**  represented by  **Joam Alisme**
Alisme Law LLC
310 Beverley Rd
Suite 4h
Brooklyn, NY 11218
917–768–5363
Email: joam@alismelaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Blockchain Association**  represented by  **Jason P. Gottlieb**
Morrison Cohen, LLP (NY)
909 Third Avenue
New York, NY 10022
212–735–8837
Fax: 212–735–8600
Email: jgottlieb@morrisoncohen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Coinbase, Inc.**  represented by  **Nola Breglio Heller**
Milbank LLP
55 Hudson Yards
New York, NY 10001
212–530–5108
Email: nheller@milbank.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Crypto Council for Innovation**  represented by  **Robert Lee Boone**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–295–6314
Email: robert.boone@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Valhil Capital, LLC**  represented by  **Athanasia Charmani**
Winston & Strawn/Chicago
200 Park Avenue

10166
New York, NY 10166
212−294−4659
Email: ACharmani@winston.com
*ATTORNEY TO BE NOTICED*

**Brandon W. Duke**
O'Melveny & Myers, LLP
Litigation
700 Louisiana Street
Suite 2900
Houston, TX 77002−2925
832−254−1518
Fax: 832−254−1501
Email: bduke@omm.com
*ATTORNEY TO BE NOTICED*

**George Eric Mastoris**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
212−294−4623
Email: gmastoris@winston.com
*ATTORNEY TO BE NOTICED*

**Kerry Donovan**
Winston & Strawn LLP (NY)
200 Park Avenue
New York, NY 10166
(212)−294−3511
Email: kcdonovan@winston.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Cryptillian Payment Systems, LLC**  represented by  **Eileen Theresa Budd**
Lewis Brisbois Bisgaard & Smith LLP
(Water St)
77 Water Street
21st Floor
New York, NY 10005
(212) 232−1300
Fax: (212) 232−1399
Email: Eileen.Budd@LewisBrisbois.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Veri DAO**  represented by  **Benjamin Lee Tompkins**
Nardiello Turanchik Tompkins LLP
1629 K St., N.W.
Ste 300
Washington, DC 20006
202−227−2911
Email: ben@nt−llp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Donoho**
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway
Ste 210
Mission Woods, KS 66205
816−399−4162
Fax: 855−844−2914
Email: jeff.donoho@kennyhertzperry.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Reaper Financial, LLC**                 represented by   **Frederick Anthony Rispoli**
Hodl Law Cali
27762 Antonio Parkway
Suite L–1, No. 232
Ladera Ranch, CA 92694
602–284–5520
Email: filing@hodllaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**New Sports Economy Institute**          represented by   **Scott David Brenner**
1355 North Mentor Avenue #41373                            Parlatore Law Group, LLP
Pasadena, CA 91104                                         260 Madison Avenue
17th Floor
New York, NY 10016
646–330–4725
Fax: 646–417–6422
Email: scott.brenner@parlatorelawgroup.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Paradigm Operations LP**                represented by   **Kayvan Betteridge Sadeghi**
Jenner & Block LLP
Jenner & Block LLP
1155 Avenue of the Americas
10036
New York, NY 10036
212–891–1600
Fax: 212–891–1699
Email: ksadeghi@jenner.com
*ATTORNEY TO BE NOTICED*

**Lewis R. Cohen**
Dlx Law
331 Park Avenue South
New York, NY 10010
202–754–2012
Email: lewis.cohen@dlxlaw.com
*ATTORNEY TO BE NOTICED*

**Michelle Kallen**
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001
202–639–6093
Email: MKallen@jenner.com
*ATTORNEY TO BE NOTICED*

**Rodrigo Seira**
2112 11th Ave W
Seattle, WA 98119
303–718–1999
Email: seira.rodrigo@gmail.com
*ATTORNEY TO BE NOTICED*

**Shailee Diwanji Sharma**
Jenner & Block LLP

1155 Avenue of the Americas
New York, NY 10036
212–407–1748
Email: ssharma@jenner.com
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**Jordan Deaton**                    represented by   **John Deaton**
Deaton Law Firm
450 North Broadway
East Providence, RI 02914
401–351–6400
Email: all–deaton@deatonlawfirm.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**James LaMonte**                    represented by   **John Deaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Mya LaMonte**                      represented by   **John Deaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Tyler LaMonte**                    represented by   **John Deaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Mitchell McKenna**                 represented by   **John Deaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Kristiana Warner**                 represented by   **John Deaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**PhD Roslyn Layton**                represented by   **Joseph Carl Cecere , II**
Cecere PC
6035 McCommas Blvd
Dallas, TX 75206
469–600–9455
Email: ccecere@cecerepc.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/22/2020 | 1 | **FILING ERROR – DEFICIENT PLEADING – PDF ERROR –** COMPLAINT against Bradley Garlinghouse, Ripple Labs Inc., Christian A. Larsen. Document filed by Securities and Exchange Commission..(Best, Richard) Modified on 12/29/2020 (pc). (Entered: 12/22/2020) |

| | | |
|---|---|---|
| 12/22/2020 | 2 | CIVIL COVER SHEET filed..(Best, Richard) (Entered: 12/22/2020) |
| 12/22/2020 | 3 | NOTICE OF APPEARANCE by Jorge Gerardo Tenreiro on behalf of Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 12/22/2020) |
| 12/22/2020 | 4 | COMPLAINT against Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Document filed by Securities and Exchange Commission..(Best, Richard) Modified on 12/23/2020 (pc). Modified on 12/29/2020 (pc). (Entered: 12/22/2020) |
| 12/23/2020 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Richard R. Best. The party information for the following party/parties has been modified: Securities and Exchange Commission, Bradley Garlinghouse, Ripple Labs Inc., Christian A. Larsen. The information for the party/parties has been modified for the following reason/reasons: party role was entered incorrectly;. (pc) (Entered: 12/23/2020) |
| 12/23/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Analisa Torres. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district−judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf−related−instructions..(pc) (Entered: 12/23/2020) |
| 12/23/2020 | | Magistrate Judge Sarah Netburn is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (pc) (Entered: 12/23/2020) |
| 12/23/2020 | | Case Designated ECF. (pc) (Entered: 12/23/2020) |
| 12/23/2020 | 5 | NOTICE OF APPEARANCE by Dugan William Edward Bliss on behalf of Securities and Exchange Commission..(Bliss, Dugan) (Entered: 12/23/2020) |
| 12/29/2020 | 6 | ORDER: To conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, it is hereby ORDERED that the parties discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the assigned Magistrate Judge. (as further set forth herein). SO ORDERED. (Signed by Judge Analisa Torres on 12/29/2020) (kv) (Entered: 12/29/2020) |
| 12/29/2020 | 7 | INITIAL PRETRIAL CONFERENCE ORDER: Counsel for all parties are directed to appear for an initial pretrial conference, in accordance with Rule 16 of the Federal Rules of Civil Procedure, at 10:00 a.m. on February 22, 2021, to be held telephonically. The parties are directed to dial 888−398−2342 or 215−861−0674, and enter access code 5598827. Principal trial counsel must appear at this and all subsequent conferences. Initial Conference set for 2/22/2021 at 10:00 AM before Judge Analisa Torres. (Signed by Judge Analisa Torres on 12/29/2020) (kv) (Entered: 12/29/2020) |
| 12/29/2020 | 8 | ORDER: To protect the public health, while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is ORDERED pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in this action may be taken via telephone, videoconference, or other remote means. It is further ORDERED pursuant to Rule 30(b)(5) that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. The parties are encouraged to engage in discovery through remote means at every available opportunity. SO ORDERED. (Signed by Judge Analisa Torres on 12/29/2020) (kv) (Entered: 12/29/2020) |
| 01/08/2021 | 9 | WAIVER OF SERVICE RETURNED EXECUTED. Ripple Labs Inc. waiver sent on 1/4/2021, answer due 3/5/2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 01/08/2021) |

| | | |
|---|---|---|
| 01/11/2021 | 10 | WAIVER OF SERVICE RETURNED EXECUTED. Bradley Garlinghouse waiver sent on 1/4/2021, answer due 3/5/2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 01/11/2021) |
| 01/11/2021 | 11 | NOTICE OF APPEARANCE by Reid Mason Figel on behalf of Ripple Labs Inc...(Figel, Reid) (Entered: 01/11/2021) |
| 01/11/2021 | 12 | NOTICE OF APPEARANCE by Mary Jo White on behalf of Ripple Labs Inc...(White, Mary Jo) (Entered: 01/11/2021) |
| 01/11/2021 | 13 | NOTICE OF APPEARANCE by Lisa R. Zornberg on behalf of Ripple Labs Inc...(Zornberg, Lisa) (Entered: 01/11/2021) |
| 01/11/2021 | 14 | NOTICE OF APPEARANCE by Andrew Edward Goldsmith on behalf of Ripple Labs Inc...(Goldsmith, Andrew) (Entered: 01/11/2021) |
| 01/11/2021 | 15 | NOTICE OF APPEARANCE by Andrew J. Ceresney on behalf of Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/11/2021) |
| 01/11/2021 | 16 | NOTICE OF APPEARANCE by Christopher Sean Ford on behalf of Ripple Labs Inc...(Ford, Christopher) (Entered: 01/11/2021) |
| 01/11/2021 | 17 | NOTICE OF APPEARANCE by Joy Guo on behalf of Ripple Labs Inc...(Guo, Joy) (Entered: 01/11/2021) |
| 01/11/2021 | 18 | MOTION for Michael K. Kellogg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23444062. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit MKK Affidavit, # 2 Exhibit MKK Certificate of Good Standing, # 3 Text of Proposed Order MKK PHV Proposed Order).(Kellogg, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 19 | WAIVER OF SERVICE RETURNED EXECUTED. Christian A. Larsen waiver sent on 1/4/2021, answer due 3/5/2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 01/11/2021) |
| 01/11/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 18 MOTION for Michael K. Kellogg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23444062. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/11/2021) |
| 01/11/2021 | 20 | MOTION for Lillian V. Smith to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23445197. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit Lillian Smith Affidavit, # 2 Exhibit Lillian Smith DC Certificate of Good Standing, # 3 Exhibit Lillian Smith NY Certificate of Good Standing, # 4 Text of Proposed Order Lillian Smith Proposed Order).(Smith, Lillian) (Entered: 01/11/2021) |
| 01/11/2021 | 21 | MOTION for Gregory G Rapawy to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–23445611. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit Gregory G Rapawy Affidavit, # 2 Exhibit Gregory G Rapawy DC Bar Certificate of Good Standing, # 3 Exhibit Gregory G Rapawy MA Bar Certificate of Good Standing, # 4 Text of Proposed Order Gregory G Rapawy Proposed PHV Order).(Rapawy, Gregory) (Entered: 01/11/2021) |
| 01/11/2021 | 22 | MOTION for Eliana Margo Pfeffer to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23445880. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit Eliana Margo Pfeffer Affidavit, # 2 Exhibit Eliana Margo Pfeffer NY Bar Certificate of Good Standing, # 3 Text of Proposed Order Eliana Margo Pfeffer Proposed PHV Order).(Pfeffer, Eliana) (Entered: 01/11/2021) |
| 01/11/2021 | 23 | MOTION for Collin R White to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23446169. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit Collin R White Affidavit, # 2 Exhibit Collin R White DC Bar Certificate of Good Standing, # 3 Exhibit Collin R White NY Bar Certificate of Good Standing, # 4 Text |

| | | |
|---|---|---|
| | | of Proposed Order Collin R White Proposed PHV Order).(White, Collin) (Entered: 01/11/2021) |
| 01/11/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 20 MOTION for Lillian V. Smith to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23445197. Motion and supporting papers to be reviewed by Clerk's Office staff., 22 MOTION for Eliana Margo Pfeffer to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23445880. Motion and supporting papers to be reviewed by Clerk's Office staff., 21 MOTION for Gregory G Rapawy to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–23445611. Motion and supporting papers to be reviewed by Clerk's Office staff., 23 MOTION for Collin R White to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23446169. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/11/2021) |
| 01/11/2021 | 24 | MOTION for Bradley E Oppenheimer to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23446785. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Affidavit Bradley E Oppenheimer Affidavit, # 2 Exhibit Bradley E Oppenheimer DC Bar Certificate of Good Standing, # 3 Exhibit Bradley E Oppenheimer MD Bar Certificate of Good Standing, # 4 Exhibit Bradley E Oppenheimer MA Bar Certificate of Good Standing, # 5 Text of Proposed Order Bradley E Oppenheimer Proposed PHV Order).(Oppenheimer, Bradley) (Entered: 01/11/2021) |
| 01/11/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 24 MOTION for Bradley E Oppenheimer to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23446785. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/11/2021) |
| 01/11/2021 | 25 | MOTION for Matthew C. Solomon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23450851. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bradley Garlinghouse. (Attachments: # 1 Declaration, # 2 NY Certificate of Good Standing, # 3 DC Certificate of Good Standing, # 4 Text of Proposed Order).(Solomon, Matthew) (Entered: 01/11/2021) |
| 01/11/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 25 MOTION for Matthew C. Solomon to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23450851. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 01/11/2021) |
| 01/11/2021 | 26 | NOTICE OF APPEARANCE by Alexander Javad Janghorbani on behalf of Bradley Garlinghouse..(Janghorbani, Alexander) (Entered: 01/11/2021) |
| 01/11/2021 | 27 | NOTICE OF APPEARANCE by Lucas Dehaan Hakkenberg on behalf of Bradley Garlinghouse..(Hakkenberg, Lucas) (Entered: 01/11/2021) |
| 01/11/2021 | 28 | NOTICE OF APPEARANCE by Samuel Loewenson Levander on behalf of Bradley Garlinghouse..(Levander, Samuel) (Entered: 01/11/2021) |
| 01/11/2021 | 29 | NOTICE OF APPEARANCE by Martin Flumenbaum on behalf of Christian A. Larsen..(Flumenbaum, Martin) (Entered: 01/11/2021) |
| 01/11/2021 | 30 | NOTICE OF APPEARANCE by Michael E. Gertzman on behalf of Christian A. Larsen..(Gertzman, Michael) (Entered: 01/11/2021) |
| 01/11/2021 | 31 | NOTICE OF APPEARANCE by Kristina Anne Bunting on behalf of Christian A. Larsen..(Bunting, Kristina) (Entered: 01/11/2021) |
| 01/11/2021 | 32 | NOTICE OF APPEARANCE by Justin David Ward on behalf of Christian A. Larsen..(Ward, Justin) (Entered: 01/11/2021) |
| 01/13/2021 | 33 | ORDER granting 18 Motion for Michael K. Kellogg to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |

| 01/13/2021 | 34 | ORDER granting 20 Motion for Lillian V. Smith to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |
| 01/13/2021 | 35 | ORDER granting 21 Motion for Gregory G Rapawy to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |
| 01/13/2021 | 36 | ORDER granting 22 Motion for Eliana Margo Pfeffer to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |
| 01/13/2021 | 37 | ORDER granting 23 Motion for Collin R White to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |
| 01/13/2021 | 38 | ORDER granting 24 Motion for Bradley E Oppenheimer to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order(if) (Entered: 01/13/2021) |
| 01/13/2021 | 39 | ORDER granting 25 Motion for Matthew C. Solomon to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/13/2021) |
| 01/15/2021 | 40 | MOTION for Meredith R. Dearborn to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−23532786. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Christian A. Larsen. (Attachments: # 1 Declaration of Meredith R. Dearborn, # 2 Certificate of Good Standing, # 3 Text of Proposed Order).(Dearborn, Meredith) (Entered: 01/15/2021) |
| 01/15/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 40 MOTION for Meredith R. Dearborn to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−23532786. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 01/15/2021) |
| 01/21/2021 | 41 | ORDER granting 40 Motion for Meredith R. Dearborn to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(if) (Entered: 01/21/2021) |
| 01/29/2021 | 42 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/29/2021) |
| 01/29/2021 | 43 | ANSWER to 4 Complaint. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/29/2021) |
| 02/15/2021 | 44 | PROPOSED SCHEDULING ORDER. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 02/15/2021) |
| 02/15/2021 | 45 | JOINT LETTER addressed to Judge Analisa Torres from Parties dated 2/15/21 re: Proposed Discovery Schedule. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 02/15/2021) |
| 02/18/2021 | 46 | FIRST AMENDED COMPLAINT amending 4 Complaint against Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc. with JURY DEMAND.Document filed by Securities and Exchange Commission. Related document: 4 Complaint..(Best, Richard) (Entered: 02/18/2021) |
| 02/22/2021 | | Minute Entry for proceedings held before Judge Analisa Torres: Initial Pretrial Conference held on 2/22/2021. (if) (Entered: 02/22/2021) |
| 02/22/2021 | 47 | ORDER. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non−dispositive pretrial motions, and settlement). Referred to Magistrate Judge Sarah Netburn. SO ORDERED. (Signed by Judge Analisa Torres on 2/22/2021) (ks) (Entered: 02/22/2021) |
| 02/22/2021 | 48 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a magistrate judge,including motions and trial. 28 U.S.C. § 636(c). This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is: two |

| | | |
|---|---|---|
| | | weeks. Individual Defendants request for 120 days of additional discovery after the Courts resolution of the prospective motion to dismiss is GRANTED. Individual Defendants shall participate in discovery as provided for in Paragraph 7, and shall not object to any discovery properly served on them on the basis that additional discovery may occur after any decision on their contemplated motions to dismiss. The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre–motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery. Deposition due by 7/2/2021. Fact Discovery due by 7/2/2021. Expert Discovery due by 8/16/2021. (Signed by Judge Analisa Torres on 2/22/2021) (kv) (Entered: 02/22/2021) |
| 03/03/2021 | 49 | LETTER addressed to Judge Analisa Torres from Matthew C. Solomon dated March 3, 2021 re: anticipated motion to dismiss. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 03/03/2021) |
| 03/03/2021 | 50 | LETTER addressed to Judge Analisa Torres from Martin Flumenbaum dated March 3, 2021 re: Pre–Motion Letter for Motion to Dismiss. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 03/03/2021) |
| 03/04/2021 | 51 | ANSWER to 46 Amended Complaint. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 03/04/2021) |
| 03/05/2021 | 52 | PROPOSED STIPULATION AND ORDER. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 03/05/2021) |
| 03/09/2021 | 53 | STIPULATION AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 3/9/2021) (ras) (Entered: 03/09/2021) |
| 03/09/2021 | 54 | LETTER addressed to Judge Analisa Torres from Securities and Exchange Commission dated March 9, 2021 re: Anticipated Motion to Strike. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/09/2021) |
| 03/10/2021 | 55 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated 03/10/2021 re: Defendant Garlinghouse's Pre–Motion Letter. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/10/2021) |
| 03/10/2021 | 56 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated 03/10/2021 re: Defendant Larsen's Pre–Motion Letter. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/10/2021) |
| 03/11/2021 | 57 | MOTION for Nowell D. Bamberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24236296. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bradley Garlinghouse. (Attachments: # 1 Declaration in Support, # 2 Certificate of Good Standing, Maryland, # 3 Certificate of Good Standing, DC, # 4 Proposed Order).(Bamberger, Nowell) (Entered: 03/11/2021) |
| 03/11/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 57 MOTION for Nowell D. Bamberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24236296. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 03/11/2021) |
| 03/11/2021 | 58 | ORDER granting 57 Motion for Nowell D. Bamberger to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (if) (Entered: 03/11/2021) |
| 03/11/2021 | 59 | LETTER MOTION for Conference *re: SEC's Requests for Production and Third–Party Subpoenas* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon & Martin Flumenbaum dated March 11, 2021. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J).(Solomon, Matthew) (Entered: 03/11/2021) |

| 03/12/2021 | 60 | ORDER granting <u>59</u> Letter Motion for Conference re: <u>59</u> LETTER MOTION for Conference. A telephonic discovery conference is scheduled for March 19, 2021, at 10:30 a.m. at which to discuss the Defendants' motion to quash. At that time the parties should dial into the Court's dedicated teleconferencing line at (877) 402–9757 and enter Access Code 7938632, followed by the pound (#) key. The Plaintiff may file a reply to the Defendants' motion no later than March 18, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/12/2021) |
|---|---|---|
| 03/12/2021 | <u>61</u> | LETTER MOTION for Leave to File Combined Letter Motion addressed to Magistrate Judge Sarah Netburn from Joy Guo dated March 12, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Guo, Joy) (Entered: 03/12/2021) |
| 03/12/2021 |  | Set/Reset Hearings: Discovery Hearing set for 3/19/2021 at 10:30 AM before Magistrate Judge Sarah Netburn. (ras) (Entered: 03/12/2021) |
| 03/12/2021 | 62 | ORDER granting <u>61</u> Letter Motion for Leave to File Document. The Defendants may file a combined letter motion of 10 pages or fewer. The Plaintiff will be accorded an equal page limit to respond. In addition, the parties are notified that Joy Guo, counsel for Defendants, was one of my law clerks during the September 2016–September 2017 term, more than three years ago. The Court does not believe this relationship creates a conflict but will entertain any application to have this case reassigned. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/12/2021) |
| 03/12/2021 | <u>63</u> | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated March 12, 2021 re: Briefing Schedule for Motions to Dismiss. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/12/2021) |
| 03/14/2021 | <u>64</u> | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for John E. Deaton to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24247842. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # <u>1</u> Affidavit Affidavit of John E. Deaton in support of Pro Hac Vice Admission, # <u>2</u> Text of Proposed Order Proposed Pro Hac Vice Order).(Deaton, John) Modified on 3/15/2021 (vba). (Entered: 03/14/2021) |
| 03/14/2021 | <u>65</u> | MOTION to Intervene . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # <u>1</u> Memorandum of Law in Support of Motion to Intervene).(Deaton, John) (Entered: 03/14/2021) |
| 03/14/2021 | <u>66</u> | LETTER addressed to Judge Analisa Torres from John E. Deaton dated March 14, 2021 re: Explanation of Recent Motions. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 03/14/2021) |
| 03/15/2021 |  | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. <u>64</u> MOTION for John E. Deaton to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24247842. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from SUPREME COURT OF CONNECTICUT, SUPREME COURT OF IOWA, SUPREME COURT OF RHODE ISLAND, SUPREME COURT OF MASSACHUSETTS, AND SUPREME COURT OF RHODE ISLAND;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (vba)** (Entered: 03/15/2021) |
| 03/15/2021 | <u>67</u> | LETTER MOTION to Compel Securities and Exchange Commission to Produce addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 15, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I).(Kellogg, Michael) (Entered: 03/15/2021) |

| 03/15/2021 | 68 | ORDER denying without prejudice to renewal by formal motion 65 Motion to Intervene. DENIED without prejudice to renewal in a motion that complies with Rule III(A) of the Court's Individual Practices in Civil Cases. SO ORDERED. (Signed by Judge Analisa Torres on 3/15/2021) (kv) (Entered: 03/15/2021) |
|---|---|---|
| 03/15/2021 | 69 | LETTER MOTION for Extension of Time to File Response/Reply as to 67 LETTER MOTION to Compel Securities and Exchange Commission to Produce addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 15, 2021. addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated March 15, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/15/2021) |
| 03/16/2021 | 70 | LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated March 16, 2021 re: Response to SEC Letter re Motion to Strike [dkt. no. 54]. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 03/16/2021) |
| 03/16/2021 | 71 | ORDER granting 69 LETTER MOTION for Extension of Time to File Response/Reply as to 67 LETTER MOTION to Compel Securities and Exchange Commission to Produce. GRANTED. The S.E.C. shall file its reply to the Defendants' combined motion to quash no later than March 22, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 03/16/2021) |
| 03/17/2021 | 72 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated March 17, 2021 re: 59 LETTER MOTION for Conference *re: SEC's Requests for Production and Third–Party Subpoenas* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon & Martin Flumenbaum dated March 11, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Tenreiro, Jorge) (Entered: 03/17/2021) |
| 03/18/2021 | 73 | ORDER re: 70 Letter filed by Ripple Labs Inc.. Accordingly, 1. Defendants Garlinghouse's and Larsen's requests for leave to file a motion to dismiss is GRANTED; 2. By April 12, 2021, Defendants Garlinghouse and Larsen shall file their motions to dismiss; 3. By May 14, 2021, Plaintiff shall file its opposition papers; and 4. By June 4, 2021, Defendants Garlinghouse and Larsen shall file their replies, if any. Separately, 5. Plaintiff's request for leave to file a motion to strike is GRANTED; 6. By April 22, 2021, Plaintiff shall file its motion to strike; 7. By May 13, 2021, Defendant Ripple Labs shall file its opposition; and 8. By May 27, 2021, Plaintiff shall file its reply, if any. SO ORDERED. ( Motions due by 4/22/2021., Responses due by 4/14/2021, Replies due by 6/4/2021.) (Signed by Judge Analisa Torres on 3/18/2021) (kv) (Entered: 03/18/2021) |
| 03/19/2021 | 74 | MOTION for John E. Deaton to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Affidavit Exhibit A: Affidavit of John E. Deaton, # 2 Exhibit B: CT Certificate of Good Standing, # 3 Exhibit Ex. C: Iowa Certificate of Good Standing, # 4 Exhibit Ex. D: RI Certificate of Good Standing, # 5 Exhibit Ex. E: MA Certificate of Good Standing, # 6 Exhibit Ex. F USD Certificate of Good Standing, # 7 Text of Proposed Order).(Deaton, John) (Entered: 03/19/2021) |
| 03/19/2021 | 75 | LETTER addressed to Judge Analisa Torres from John E. Deaton dated March 19, 2021 re: Intention to file Motion to Intervene. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 03/19/2021) |
| 03/19/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Discovery Hearing held on 3/19/2021. (ras) (Entered: 04/01/2021) |
| 03/22/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 74 MOTION for John E. Deaton to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 03/22/2021) |
| 03/22/2021 | 76 | ORDER granting 74 Motion for John E. Deaton to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/22/2021) |

| 03/22/2021 | 77 | LETTER addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated March 22, 2021 re: Sealed Documents. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/22/2021) |
|---|---|---|
| 03/22/2021 | 78 | ***SELECTED PARTIES***LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated March 22, 2021 re: 67 LETTER MOTION to Compel Securities and Exchange Commission to Produce addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 15, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Filed Under Seal, # 2 Exhibit B – Filed Under Seal, # 3 Exhibit C – Filed Under Seal)Motion or Order to File Under Seal: 77 .(Bliss, Dugan) (Entered: 03/22/2021) |
| 03/22/2021 | 79 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated March 22, 2021 re: 67 LETTER MOTION to Compel Securities and Exchange Commission to Produce addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 15, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A – Filed Under Seal, # 2 Exhibit B – Filed Under Seal, # 3 Exhibit C – Filed Under Seal, # 4 Exhibit D – Feb. 19, 2020 Transcript, # 5 Exhibit E – Mitchell Declaration).(Bliss, Dugan) (Entered: 03/22/2021) |
| 03/24/2021 | 80 | ORDER: A telephonic discovery conference is scheduled for Tuesday, April 6, 2021, at 2:00 p.m., to discuss the Defendants' joint motion to compel. See ECF No. 67. Members of the public interested in listening to the conference should dial (877) 402–9757 and enter Access Code 7938632, followed by the pound (#) key. A dial–in number will be circulated to the parties before the conference. Separately, several unauthorized recordings were made of the previous discovery conference. The parties and the public are reminded that, pursuant to S.D.N.Y. Local Civil Rule 1.8(b), "no one other than Court officials engaged in the conduct of Court business shall... make an audio or video recording of any proceeding or any communication with the Court, an employee of the Court or any person acting at the direction of the Court, including a mediator." (Discovery Hearing set for 4/6/2021 at 02:00 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 3/24/2021) (ras) (Entered: 03/24/2021) |
| 03/24/2021 | 81 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 24, 2021 re: 67 LETTER MOTION to Compel Securities and Exchange Commission to Produce addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 15, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 03/24/2021) |
| 03/25/2021 | 82 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Eva Ciko Carman dated March 25, 2021. Document filed by Investor A..(Carman, Eva) (Entered: 03/25/2021) |
| 03/25/2021 | 83 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated March 25, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 03/25/2021) |
| 03/25/2021 | 84 | ***SELECTED PARTIES***Exhibit List // Exhibit A, 72–1. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit B, 72–2, # 2 Exhibit A, 78–1, # 3 Exhibit B, 78–2)Motion or Order to File Under Seal: 83 .(Ceresney, Andrew) (Entered: 03/25/2021) |
| 03/26/2021 | 85 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated March 26, 2021 re: Motion to Intervene. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/26/2021) |
| 03/26/2021 | 86 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated March 26, 2021 re: Motion to Intervene. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 03/26/2021) |
| 03/26/2021 | 87 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/19/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Lisa Picciano Franko, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through PACER. Redaction Request due 4/16/2021. Redacted Transcript Deadline set for 4/26/2021. Release of Transcript Restriction set for 6/24/2021..(McGuirk, Kelly) (Entered: 03/26/2021) |
| 03/26/2021 | 88 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/19/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/26/2021) |
| 03/29/2021 | 89 | ORDER: The Court has reviewed the parties' and proposed intervenors' letters dated March 19 and 26, 2021, ECF Nos. 75, 85–86. Accordingly, The proposed intervenors' request for leave to file a motion to intervene is GRANTED; By April 19, 2021, the proposed investors shall file their motion to intervene; By May 3, 2021, Plaintiff shall file its opposition papers, and Defendants shall file their response papers, if any; By May 17, 2021, the proposed intervenors shall file their reply to Plaintiff's opposition papers and Defendants' response papers, if any, and Plaintiff shall file a reply to Defendants' response papers, if any. SO ORDERED. ( Motions due by 4/19/2021., Responses due by 5/3/2021, Replies due by 5/17/2021.) (Signed by Judge Analisa Torres on 3/29/2021) (ama) (Entered: 03/29/2021) |
| 03/30/2021 | 90 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated March 30, 2021 re: 82 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Eva Ciko Carman dated March 25, 2021., 83 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated March 25, 2021. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/30/2021) |
| 03/30/2021 | 91 | ***SELECTED PARTIES***LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated March 30, 2021 re: 82 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Eva Ciko Carman dated March 25, 2021., 83 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated March 25, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 83 .(Tenreiro, Jorge) (Entered: 03/30/2021) |
| 03/31/2021 | 92 | ORDER granting 82 Letter Motion to Seal. For the reasons stated in the SEC's March 30, 2021 letter, Investor A's motion to seal is granted. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/31/2021) |
| 03/31/2021 | 93 | ORDER granting 83 Letter Motion to Seal. The Defendants' motion to seal is GRANTED solely on an interim basis. Furthermore, the parties are directed to meet and confer to discuss whether the Defendants' motion to seal can be narrowed and shall file a letter with the Court regarding any further narrowing no later than April 2, 2021. To the extent that the parties cannot agree, any remaining sealing issues will be addressed along with the decision on the merits of the motions. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/31/2021) |
| 03/31/2021 | 94 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/19/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Lisa Picciano Franko, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/21/2021. Redacted Transcript Deadline set for 5/3/2021. Release of Transcript Restriction set for 6/29/2021..(McGuirk, Kelly) (Entered: 03/31/2021) |
| 03/31/2021 | 95 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/19/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar |

| | | |
|---|---|---|
| | | days....(McGuirk, Kelly) (Entered: 03/31/2021) |
| 04/02/2021 | 96 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated April 2, 2021 re: 83 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated March 25, 2021. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/02/2021) |
| 04/02/2021 | 97 | ***SELECTED PARTIES***Exhibit List *Exhibit A to Motion to Compel (D.E. 72−1)*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A to Motion to Quash (D.E. 78−1))Motion or Order to File Under Seal: 83 .(Tenreiro, Jorge) (Entered: 04/02/2021) |
| 04/02/2021 | 98 | LETTER MOTION to Seal */ Update on Letter Motion to Seal* addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated April 2, 2021. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit 1 – Public Version, # 2 Exhibit 2 – Public Version).(Ceresney, Andrew) (Entered: 04/02/2021) |
| 04/02/2021 | 99 | ***SELECTED PARTIES***Exhibit List */ Exhibit 3 − Under Seal Version*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 4 – Under Seal Version)Motion or Order to File Under Seal: 98 .(Ceresney, Andrew) (Entered: 04/02/2021) |
| 04/05/2021 | 100 | NOTICE OF APPEARANCE by Ladan Fazlollahi Stewart on behalf of Securities and Exchange Commission..(Stewart, Ladan) (Entered: 04/05/2021) |
| 04/06/2021 | 101 | IMPORTANT NOTICE: The telephonic discovery conference in this matter that is scheduled for today is not scheduled to take place until 2:00 p.m. EST. The Court is aware that many members of the public have been calling into the Court's telephone conference line many hours in advance of the conference. There are other court proceedings currently taking place prior to the conference in this matter, so for any member of the public that wishes to listen in to the conference in this matter, please do not call in until 2:00 p.m. EST. SO ORDERED. (Telephone Conference set for 4/6/2021 at 02:00 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 4/6/2021) (rjm) (Entered: 04/06/2021) |
| 04/06/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Telephonic Discovery Conference held on 4/6/2021. (ras) (Entered: 04/26/2021) |
| 04/08/2021 | 102 | ORDER granting in part and denying in part 67 Letter Motion to Compel. For the reasons stated on the record during the April 6, 2021 discovery conference, the Defendants' motion is granted in part and denied in part. The Court's ruling on the motion to seal stands. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 04/08/2021) |
| 04/09/2021 | 103 | OPINION & ORDER: Accordingly, the Court finds that the SEC's requests for the Individual Defendants' personal financial records, apart from those records of XRP transactions that are already promised, are not relevant or proportional to the needs of the case. Accordingly, the Individual Defendants' motion is GRANTED. The SEC shall withdraw its Requests for Production seeking the Individual Defendants' personal financial records and withdraw its third−party subpoenas seeking the same. If, as discovery progresses, the SEC uncovers evidence that the Individual Defendants have not been forthcoming with records of their XRP transactions, it may provide such evidence to the Court and renew its application. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 4/9/2021) (ks) (Entered: 04/09/2021) |
| 04/12/2021 | 104 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated April 12, 2021. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 105 | MOTION to Dismiss *the First Amended Complaint*. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 106 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the First Amended Complaint*. . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange |

| | | |
|---|---|---|
| | | Commission. Motion or Order to File Under Seal: 104 .(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 107 | MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the First Amended Complaint*. *[REDACTED]*. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 108 | ***SELECTED PARTIES***DECLARATION of Martin Flumenbaum in Support re: 105 MOTION to Dismiss *the First Amended Complaint*.. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A–Produced Document, # 2 Exhibit B–Produced Document)Motion or Order to File Under Seal: 104 .(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 109 | DECLARATION of Martin Flumenbaum in Support re: 105 MOTION to Dismiss *the First Amended Complaint*.. Document filed by Christian A. Larsen. (Attachments: # 1 Exhibit A–Produced Document, # 2 Exhibit B–Produced Document, # 3 Exhibit C–DOJ Settlement Papers, # 4 Exhibit D–FinCEN Settlement Papers).(Flumenbaum, Martin) (Entered: 04/12/2021) |
| 04/12/2021 | 110 | MOTION to Dismiss *the Amended Complaint*. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 04/12/2021) |
| 04/12/2021 | 111 | MEMORANDUM OF LAW in Support re: 110 MOTION to Dismiss *the Amended Complaint*. . Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 04/12/2021) |
| 04/12/2021 | 112 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/6/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2021. Redacted Transcript Deadline set for 5/13/2021. Release of Transcript Restriction set for 7/12/2021..(McGuirk, Kelly) Modified on 4/29/2021 (ras). (Entered: 04/12/2021) |
| 04/12/2021 | 113 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/6/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 04/12/2021) |
| 04/12/2021 | 114 | DECLARATION of Matthew C. Solomon in Support re: 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A – Digital Ventures Interview, # 2 Exhibit B – FinCEN's Fact Sheet on MSB Registration, # 3 Exhibit C – DOJ Settlement, # 4 Exhibit D – FinCEN Settlement, # 5 Exhibit E – DOJ's Crytocurrency Enforcement Framework, # 6 Exhibit F – 12 CFR Part 1005, # 7 Exhibit G – CB Insights Interview, # 8 Exhibit H – Article – Ripple to Place 55 Billion XRP in Escrow, # 9 Exhibit I – Article – ICO=IPO, # 10 Exhibit J – Hinman Speech).(Solomon, Matthew) (Entered: 04/12/2021) |
| 04/14/2021 | 115 | LETTER MOTION for Extension of Time to File Response/Reply as to 104 LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated April 12, 2021. addressed to Judge Analisa Torres from Jorge G. Tenreiro dated April 14, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/14/2021) |
| 04/15/2021 | 116 | NOTICE OF APPEARANCE by Robin Linsenmayer on behalf of Christian A. Larsen..(Linsenmayer, Robin) (Entered: 04/15/2021) |
| 04/15/2021 | 117 | ORDER granting 115 Letter Motion for Extension of Time to File Response/Reply re 115 LETTER MOTION for Extension of Time to File Response/Reply as to 104 LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated April 12, 2021. addressed to Judge Analisa Torres from Jorge G. Tenre. GRANTED. SO ORDERED. Responses due by 5/14/2021 (Signed by Judge Analisa Torres on 4/15/2021) (kv) (Entered: 04/15/2021) |

| | | |
|---|---|---|
| 04/15/2021 | 118 | LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum dated April 15, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Flumenbaum, Martin) (Entered: 04/15/2021) |
| 04/15/2021 | 119 | LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum dated April 15, 2021 re: motion for leave [D.E 118]. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Flumenbaum, Martin) (Entered: 04/15/2021) |
| 04/16/2021 | 120 | ORDER granting 118 Letter Motion for Leave to File Excess Pages. The Defendants may file one combined letter motion, not to exceed seven pages. The SEC may respond by letter not to exceed seven pages within five business days of Defendants' filing. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 04/16/2021) |
| 04/16/2021 | 121 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – 3/22/21 Letter, # 2 Exhibit B – Email correspondence between SEC and Defendants, # 3 Exhibit C – SEC v. Badian decision, # 4 Exhibit D – SEC 9/4/19 letter).(Flumenbaum, Martin) (Entered: 04/16/2021) |
| 04/19/2021 | 122 | MOTION to Intervene . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 04/19/2021) |
| 04/19/2021 | 123 | MEMORANDUM OF LAW in Support re: 122 MOTION to Intervene . . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 04/19/2021) |
| 04/19/2021 | 124 | DECLARATION of John E. Deaton in Support re: 122 MOTION to Intervene .. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Exhibit Proposed Answer to Complaint, # 2 Exhibit Gensler at Peterson Link, # 3 Exhibit Hinman, Howey Meets Gary, # 4 Exhibit GianCarlo Crypto and Securities Law, # 5 Exhibit Jay Clayton Letter March 2019, # 6 Exhibit Bailard's Code of Ethics Excerpt, # 7 Exhibit Grundfest Letter Discussion, # 8 Exhibit Hester Peirce Interview Link, # 9 Exhibit Email Correspondence Demonstrating "use cases" by XRP Holders, # 10 Exhibit Twitter Correspondence Demonstrating "use cases" by XRP Holders, # 11 Exhibit Cryptwerk Directory, # 12 Exhibit Nexo Instant Credit Line, # 13 Exhibit XRP Ecosystem companies and applications, # 14 Exhibit XRP Ledger intro to XRP, # 15 Exhibit Spend the Bits features, # 16 Exhibit Major Reasons Why XRP is Better Than Bitcoin, # 17 Exhibit XRP is the Fastest Way to Send Bitcoin, # 18 Exhibit XRP Use Cases, # 19 Exhibit Brainard Speech May 2018, # 20 Exhibit Bitcoin as Store Value, # 21 Exhibit Deaton FXStreet).(Deaton, John) (Entered: 04/19/2021) |
| 04/20/2021 | 125 | ORDER granting 121 Letter Motion for Local Rule 37.2 Conference. A telephonic discovery conference is scheduled for April 30, 2021, at 10:00 a.m. EDT (GMT –04:00). The Court will communicate with the parties regarding the conference line. Members of the public who wish to listen to the conference may do so by dialing: USA: (844) 291–4185; or International: (409) 207–6997, and entering Access Code 7106935, followed by the pound (#) key. This public line will accommodate 4,000 callers. The public is reminded that both recording and rebroadcasting (e.g., Youtube streams, Twitch streams, audio–only streaming, etc.) is strictly prohibited, and anyone found making unauthorized recordings or rebroadcasts will be investigated and may be subject to criminal sanctions. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) Modified on 4/30/2021 (ras). (Entered: 04/20/2021) |
| 04/20/2021 | | Set/Reset Hearings: Discovery Hearing set for 4/30/2021 at 10:00 AM before Magistrate Judge Sarah Netburn. (ras) (Entered: 04/21/2021) |
| 04/21/2021 | 126 | LETTER MOTION for Discovery *Order Pursuant to Local Civil Rule 37.2* addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated April 21, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 – The |

|  |  | Court's April 6, 2021 Order, # 2 Exhibit 2 – Proposed Discovery Order, # 3 Exhibit 3 – April 8, 2021 Letter, # 4 Exhibit 4 – Defs. Br. in Opp. in Tetragon Fin. Grp. Ltd. v. Ripple Labs, Inc., 2021–0007–MTZ, # 5 Exhibit 5 – Ripple subpoena to One River Asset Mgmt.).(Bliss, Dugan) (Entered: 04/21/2021) |
|---|---|---|
| 04/21/2021 | 127 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated April 21, 2021. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 04/21/2021) |
| 04/22/2021 | 128 | MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense*. Document filed by Securities and Exchange Commission. Responses due by 5/13/2021.(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/22/2021 | 129 | DECLARATION of Daphna A. Waxman in Support re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.*. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F).(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/22/2021 | 130 | ***SELECTED PARTIES***DECLARATION of Daphna A. Waxman in Support re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit C)Motion or Order to File Under Seal: 117 .(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/22/2021 | 131 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 117 .(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/22/2021 | 132 | MEMORANDUM OF LAW in Support re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.* . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/22/2021 | 133 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated April 22, 2021 re: Sealed Documents in SEC's Motion to Strike. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/22/2021) |
| 04/23/2021 | 134 | ORDER granting 127 Letter Motion for Extension of Time. Defendants shall file their responses to the SEC's letter motion no later than April 28, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 04/23/2021) |
| 04/23/2021 | 135 | LETTER addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated April 23, 2021 re: Certain Exhibits Filed Under Seal in Connection with SEC's Opposition to Motion. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/23/2021) |
| 04/23/2021 | 136 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated April 23, 2021 re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M).(Tenreiro, Jorge) (Entered: 04/23/2021) |
| 04/23/2021 | 137 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated April 23, 2021 re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit G, # 2 Exhibit H)Motion or Order to File |

| | | Under Seal: 135 .(Tenreiro, Jorge) (Entered: 04/23/2021) |
|---|---|---|
| 04/28/2021 | 138 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated April 28, 2021 re: 126 LETTER MOTION for Discovery *Order Pursuant to Local Civil Rule 37.2* addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated April 21, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Kellogg, Michael) (Entered: 04/28/2021) |
| 04/28/2021 | 139 | LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum dated April 28, 2021 re: Certain Exhibits Filed under Seal. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Flumenbaum, Martin) (Entered: 04/28/2021) |
| 04/28/2021 | 140 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 28, 2021 re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Filed Under Seal, # 2 Exhibit B – Filed Under Seal).(Flumenbaum, Martin) (Entered: 04/28/2021) |
| 04/28/2021 | 141 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 28, 2021 re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. **\*\*\*Deleted document numbers 141–1 and 141–2 from the case record pursuant to 162 Memo Endorsement.** (Attachments: # 1 Exhibit A – Produced Document, # 2 Exhibit B – Produced Document)Motion or Order to File Under Seal: 139 .(Flumenbaum, Martin) Modified on 5/5/2021 (ras). Modified on 5/5/2021 (ras). (Entered: 04/28/2021) |
| 04/28/2021 | 142 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated April 28, 2021 re: 126 LETTER MOTION for Discovery *Order Pursuant to Local Civil Rule 37.2* addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated April 21, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Kellogg, Michael) (Entered: 04/28/2021) |
| 04/29/2021 | 143 | LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum dated April 29, 2021 re: Document filed under seal. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Flumenbaum, Martin) (Entered: 04/29/2021) |
| 04/29/2021 | 144 | SUPPLEMENTAL LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 29, 2021 re: Letter from the SEC. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Filed Under Seal).(Flumenbaum, Martin) (Entered: 04/29/2021) |
| 04/29/2021 | 145 | ***SELECTED PARTIES***SUPPLEMENTAL LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 29, 2021 re: Letter from the SEC. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A – SEC Letter)Motion or Order to File Under Seal: 143 .(Flumenbaum, Martin) (Entered: 04/29/2021) |
| 04/29/2021 | 146 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated April 29, 2021 re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021. . Document filed by Securities and Exchange |

| | | |
|---|---|---|
| | | Commission..(Tenreiro, Jorge) (Entered: 04/29/2021) |
| 04/30/2021 | 147 | ORDER: Due to an inadvertent typo in an earlier Order, the public Access Code for today's conference was incorrect. The April 30, 2021, 10:00 a.m. EDT (−4:00 GMT) conference dial in information is as follows: USA: (844) 291−4185 International: (409) 207−6997 Access Code: 7106935. As a reminder, unauthorized recording or rebroadcasting is strictly prohibited (including YouTube streams, Twitch streams, audio stream, etc.). Any identified violations will be investigated, and anyone found to have engaged in these behaviors may be subject to criminal sanctions. (Signed by Magistrate Judge Sarah Netburn on 4/30/2021) (ras) (Entered: 04/30/2021) |
| 04/30/2021 | 148 | LETTER MOTION for Leave to File Excess Pages *to Combine Opposition to Motions to Dismiss* addressed to Judge Analisa Torres from Jorge G. Tenreiro dated April 30, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 04/30/2021) |
| 04/30/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Discovery Hearing held on 4/30/2021. (ras) (Entered: 05/07/2021) |
| 05/03/2021 | 149 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated May 3, 2021 re: 126 LETTER MOTION for Discovery *Order Pursuant to Local Civil Rule 37.2* addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated April 21, 2021. . Document filed by Securities and Exchange Commission..(Bliss, Dugan) (Entered: 05/03/2021) |
| 05/03/2021 | 150 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Martin Flumenbaum & Matthew C. Solomon dated May 3, 2021 re: 148 LETTER MOTION for Leave to File Excess Pages *to Combine Opposition to Motions to Dismiss* addressed to Judge Analisa Torres from Jorge G. Tenreiro dated April 30, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen..(Flumenbaum, Martin) (Entered: 05/03/2021) |
| 05/03/2021 | 151 | REPLY to Response to Motion re: 126 LETTER MOTION for Discovery *Order Pursuant to Local Civil Rule 37.2* addressed to Magistrate Judge Sarah Netburn from Dugan Bliss dated April 21, 2021. *Correction*. Document filed by Securities and Exchange Commission..(Bliss, Dugan) (Entered: 05/03/2021) |
| 05/03/2021 | 152 | RESPONSE to Motion re: 122 MOTION to Intervene . . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/03/2021) |
| 05/03/2021 | 153 | MEMORANDUM OF LAW in Opposition re: 122 MOTION to Intervene . . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/03/2021) |
| 05/03/2021 | 154 | DECLARATION of Ladan F. Stewart in Opposition re: 122 MOTION to Intervene .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L).(Tenreiro, Jorge) (Entered: 05/03/2021) |
| 05/04/2021 | 155 | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Jorge G. Tenreiro dated May 4, 2021 re: 148 LETTER MOTION for Leave to File Excess Pages *to Combine Opposition to Motions to Dismiss* addressed to Judge Analisa Torres from Jorge G. Tenreiro dated April 30, 2021. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/04/2021) |
| 05/04/2021 | 156 | ORDER granting 148 Letter Motion for Leave to File Excess Pages. The Court has reviewed the parties' letters dated April 30 and May 3 and 4, 2021. ECF Nos. 148, 150, 155. Accordingly, the Securities and Exchange Commission's (the "SEC") motion is GRANTED. The SEC shall be permitted to respond to the individual defendants' motions to dismiss in a single opposition brief, not to exceed 60 pages. The Clerk of Court is directed to terminate the motion at ECF No. 148. SO ORDERED. (Signed by Judge Analisa Torres on 5/4/2021) (kv) (Entered: 05/04/2021) |
| 05/04/2021 | 157 | LETTER addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum dated May 4, 2021 re: withdrawal of exhibits. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Flumenbaum, Martin) (Entered: |

| | | |
|---|---|---|
| | | 05/04/2021) |
| 05/04/2021 | 158 | MOTION for Robert MacDonald Moye to Appear Pro Hac Vice *on behalf of Plaintiff Securities and Exchange Commission.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, Declaration of Robert Moye, # 2 Exhibit B, Certificate of Admission, # 3 Text of Proposed Order Proposed order).(Moye, Robert) (Entered: 05/04/2021) |
| 05/05/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 158 MOTION for Robert MacDonald Moye to Appear Pro Hac Vice *on behalf of Plaintiff Securities and Exchange Commission.* Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 05/05/2021) |
| 05/05/2021 | 159 | MOTION for Benjamin J. Hanauer to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Securities and Exchange Commission. (Attachments: # 1 Affidavit Declaration of Benjamin Hanauer, # 2 Text of Proposed Order Proposed Order).(Hanauer, Benjamin) (Entered: 05/05/2021) |
| 05/05/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 159 MOTION for Benjamin J. Hanauer to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 05/05/2021) |
| 05/05/2021 | 160 | ORDER granting 158 Motion for Robert MacDonald Moye to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/05/2021) |
| 05/05/2021 | 161 | ORDER granting 159 Motion for Benjamin J. Hanauer to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/05/2021) |
| 05/05/2021 | 162 | MEMO ENDORSEMENT on re: 157 Letter filed by Christian A. Larsen, Ripple Labs Inc., Bradley Garlinghouse. ENDORSEMENT: Respectfully, the Clerk of Court is directed to delete the exhibits at ECF Nos. 141−1 and 141−2. (Signed by Magistrate Judge Sarah Netburn on 5/5/2021) (ras) (Entered: 05/05/2021) |
| 05/06/2021 | 163 | ORDER granting in part 126 Letter Motion for Discovery. Having reviewed the parties' submissions, the Court makes the following clarifications: (1)The SEC must produce communications with third−parties, including external agencies and market participants, subject to a privilege assertion. (2)The SEC need not produce informal intra−agency communications, such as emails, and such communications need not be searched or logged. (3)Intra−agency memoranda or formal position papers discussing Bitcoin, Ethereum, and XRP must be searched for and produced subject to a privilege assertion. Examples of such documents include Division reports, final reports of internal working groups, or formal position papers submitted to the Commissioners. Although such documents may ultimately be privileged, information that would be provided on a privilege log, such as dates and participants, may itself be relevant and is discoverable. (4)Any documents withheld on the basis of privilege must be identified on a privilege log. (5)The Court directs the parties to continue to meet−and−confer on the remaining issues presented in their letters. Respectfully, the Clerk of Court is directed to GRANT in PART the motion at ECF No. 126. (Signed by Magistrate Judge Sarah Netburn on 5/6/2021) (ras) Modified on 5/6/2021 (ras). (Entered: 05/06/2021) |
| 05/07/2021 | 164 | LETTER addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021 re: Documents Filed Under Seal. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/07/2021) |
| 05/07/2021 | 165 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P).(Tenreiro, Jorge) (Entered: 05/07/2021) |

| | | |
|---|---|---|
| 05/07/2021 | 166 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M)Motion or Order to File Under Seal: 164 .(Tenreiro, Jorge) (Entered: 05/07/2021) |
| 05/10/2021 | 167 | LETTER MOTION for Extension of Time *to File Response/Reply* addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 10, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/10/2021) |
| 05/10/2021 | 168 | ORDER granting 167 Letter Motion for Extension of Time. The Defendants shall respond to the SEC's motion no later than Friday, May 14, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/10/2021) |
| 05/11/2021 | 169 | ORDER: A telephonic conference is scheduled for May 21, 2021, at 2:00 p.m. to discuss the SEC's pending motion to compel at ECF No. 165. Credentialed members of the press should contact the SDNY media office in advance of the conference to obtain access. Members of the public may listen to the proceedings at the following numbers: USA: (844) 291– 4185 International: (409) 207–6997 Access Code: 4934010 # Unauthorized recording and rebroadcasting of the conference (e.g., YouTube, Twitch, audio– only streams, etc.) is strictly prohibited. Any unauthorized recordings will be investigated, and anyone found to engage in such behaviors may be subject to criminal sanctions. So Ordered. (Telephone Conference set for 5/21/2021 at 02:00 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 5/11/2021) (js) (Entered: 05/11/2021) |
| 05/13/2021 | 170 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Michael K. Kellogg dated May 13, 2021. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/13/2021) |
| 05/13/2021 | 171 | MEMORANDUM OF LAW in Opposition re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense*. . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit 1).(Kellogg, Michael) (Entered: 05/13/2021) |
| 05/13/2021 | 172 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense*. . Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 1)Motion or Order to File Under Seal: 170 .(Kellogg, Michael) (Entered: 05/13/2021) |
| 05/14/2021 | 173 | NOTICE OF APPEARANCE by Mark Raymond Sylvester on behalf of Securities and Exchange Commission..(Sylvester, Mark) (Entered: 05/14/2021) |
| 05/14/2021 | 174 | LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 14, 2021 re: opposition to 165 SEC's LETTER MOTION for Local Rule 37.2 Conference. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/14/2021) |
| 05/14/2021 | 175 | ORDER with respect to 170 Motion to Seal. The Court has reviewed the parties' letters dated April 22 and May 13, 2021. ECF Nos. 133, 170. Accordingly, concurrently with its reply to the motion to strike, the SEC may file a combined letter motion (1) opposing Ripple Labs' motion to seal Exhibits B and C of the Waxman Declaration, to the extent arguments not articulated in its opposition to Defendant Larsen's motion, ECF No. 104, apply, and (2) moving to seal the non–public SEC correspondence contained in Ripple Labs' opposition to the motion to strike, to the extent it wishes after meeting and confening with Ripple Labs. By June 10, 2021, Ripple Labs may respond to the SEC's motion to seal, if it so wishes. SO ORDERED. (Signed by Judge Analisa Torres on 5/14/2021) (kv) (Entered: 05/14/2021) |
| 05/14/2021 | | Set/Reset Deadlines: Responses due by 6/10/2021 (kv) (Entered: 05/14/2021) |

| | | |
|---|---|---|
| 05/14/2021 | 176 | LETTER MOTION to Seal re: *166* SEC's LETTER MOTION for Local Rule 37.2 *Conference* addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 14, 2021. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/14/2021) |
| 05/14/2021 | 177 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Jorge G. Tenreiro dated May 14, 2021 re: 170 LETTER MOTION to Seal addressed to Judge Analisa Torres from Michael K. Kellogg dated May 13, 2021., 104 LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated April 12, 2021. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/14/2021 | 178 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Jorge G. Tenreiro dated May 14, 2021 re: 104 LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated April 12, 2021., 170 LETTER MOTION to Seal addressed to Judge Analisa Torres from Michael K. Kellogg dated May 13, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B to Waxman Decl. [D.E. 130], # 2 Exhibit C to Waxman Decl. [D.E. 130])Motion or Order to File Under Seal: 104 .(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/14/2021 | 179 | ***STRICKEN DOCUMENT. Deleted document number [179–3] from the case record. The document was stricken from this case pursuant to 430 Order.*** ***SELECTED PARTIES***DECLARATION of Jorge G. Tenreiro in Opposition re: 105 MOTION to Dismiss *the First Amended Complaint*., 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G)Motion or Order to File Under Seal: 104 .(Tenreiro, Jorge) Modified on 2/18/2022 (kv). (Entered: 05/14/2021) |
| 05/14/2021 | 180 | DECLARATION of Jorge G. Tenreiro in Opposition re: 105 MOTION to Dismiss *the First Amended Complaint*., 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/14/2021 | 181 | DECLARATION of Jorge G. Tenreiro in Opposition re: 105 MOTION to Dismiss *the First Amended Complaint*., 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G).(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/14/2021 | 182 | MEMORANDUM OF LAW in Opposition re: 105 MOTION to Dismiss *the First Amended Complaint*., 110 MOTION to Dismiss *the Amended Complaint*. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/14/2021 | 183 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 105 MOTION to Dismiss *the First Amended Complaint*., 110 MOTION to Dismiss *the Amended Complaint*. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 104 .(Tenreiro, Jorge) (Entered: 05/14/2021) |
| 05/15/2021 | 184 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/30/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Jennifer Thun, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/7/2021. Redacted Transcript Deadline set for 6/15/2021. Release of Transcript Restriction set for 8/13/2021..(McGuirk, Kelly) (Entered: 05/15/2021) |
| 05/15/2021 | 185 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/30/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar |

| | | |
|---|---|---|
| | | days....(McGuirk, Kelly) (Entered: 05/15/2021) |
| 05/17/2021 | 186 | REPLY to Response to Motion re: 65 MOTION to Intervene . . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 05/17/2021) |
| 05/17/2021 | 187 | DECLARATION of John E. Deaton in Support re: 122 MOTION to Intervene .. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E).(Deaton, John) (Entered: 05/17/2021) |
| 05/17/2021 | 188 | REPLY to Response to Motion re: 122 MOTION to Intervene . . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 05/17/2021) |
| 05/17/2021 | 189 | REPLY MEMORANDUM OF LAW in Opposition re: 122 MOTION to Intervene . *Reply to Defendants' Response to Motion to Intervene*. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 05/17/2021) |
| 05/17/2021 | 190 | DECLARATION of Ladan F. Stewart in Opposition re: 122 MOTION to Intervene .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Tenreiro, Jorge) (Entered: 05/17/2021) |
| 05/18/2021 | 191 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 18, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H)Motion or Order to File Under Seal: 53 .(Sylvester, Mark) (Entered: 05/18/2021) |
| 05/19/2021 | 192 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 191 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 18, 2021. addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated May 19, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 05/19/2021) |
| 05/19/2021 | 193 | ORDER granting 192 Letter Motion for Extension of Time to File Response/Reply. Ripple shall file its opposition no later than May 25, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/19/2021) |
| 05/19/2021 | 194 | ORDER re: 121 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Martin Flumenbaum, Andrew J. Ceresney, Michael K. Kellogg and Matthew C. Solomon dated April 16, 2021, filed by Christian A. Larsen, Ripple Labs Inc., Bradley Garlinghouse. The Defendants' motion is DENIED. The SEC is ordered to produce all documents obtained in response to the Requests. In addition, to improve transparency in the process, the SEC is ordered to produce copies of all previously served Requests within 14 days and produce any subsequent Requests within 14 days of their service. To the extent the SEC believes it has a proper claim of privilege, it must simultaneously produce a privilege log. The Clerk of Court is respectfully requested to deny the motion at ECF No. 121. (Signed by Magistrate Judge Sarah Netburn on 5/19/2021) (ras) (Entered: 05/19/2021) |
| 05/19/2021 | 195 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 19, 2021 re: 165 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A).(Tenreiro, Jorge) (Entered: 05/19/2021) |
| 05/19/2021 | 196 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 19, 2021 re: 166 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A)Motion or Order to File Under Seal: 53 .(Tenreiro, Jorge) (Entered: 05/19/2021) |

| | | |
|---|---|---|
| 05/21/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Telephone Conference held on 5/21/2021. (ras) (Entered: 06/02/2021) |
| 05/25/2021 | 197 | LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T).(Tenreiro, Jorge) (Entered: 05/25/2021) |
| 05/25/2021 | 198 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit Q)Motion or Order to File Under Seal: 54 .(Tenreiro, Jorge) (Entered: 05/25/2021) |
| 05/25/2021 | 199 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J Ceresney dated May 25, 2021 re: 191 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 18, 2021. *(Protective Order docketed at ECF 53)*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 191 .(Ceresney, Andrew) (Entered: 05/25/2021) |
| 05/26/2021 | 200 | LETTER MOTION for Extension of Time *to File Response/Reply* addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 26, 2021. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/26/2021) |
| 05/27/2021 | 201 | MOTION for Dugan Bliss to Withdraw as Attorney . Document filed by Securities and Exchange Commission..(Bliss, Dugan) (Entered: 05/27/2021) |
| 05/27/2021 | 202 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Securities and Exchange Commission. Related Document Number: 201 ..(Bliss, Dugan) (Entered: 05/27/2021) |
| 05/27/2021 | 203 | ORDER granting 201 Motion to Withdraw as Attorney. Attorney Dugan William Edward Bliss terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/27/2021) |
| 05/27/2021 | 204 | ORDER granting 200 Letter Motion for Extension of Time. Defendant Ripple is granted until June 2, 2021, to respond to the SEC's omnibus discovery letter motion. The parties are strongly urged to continue to meet and confer on these issues in an effort to resolve them without judicial intervention. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/27/2021) |
| 05/27/2021 | 205 | REPLY MEMORANDUM OF LAW in Support re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.* . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. 1 – Cornerstone Research Report).(Hanauer, Benjamin) (Entered: 05/27/2021) |
| 05/28/2021 | 206 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 28, 2021 re: 176 LETTER MOTION to Seal *re: 166 SEC's LETTER MOTION for Local Rule 37.2 Conference* addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 14, 2021. . Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 05/28/2021) |
| 05/28/2021 | 207 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 28, 2021 re: 191 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated May 18, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A)Motion or Order to File Under |

| | | |
|---|---|---|
| | | Seal: <u>53</u> .(Sylvester, Mark) (Entered: 05/28/2021) |
| 05/28/2021 | <u>208</u> | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/21/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Kristen Carannante, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/18/2021. Redacted Transcript Deadline set for 6/28/2021. Release of Transcript Restriction set for 8/26/2021..(McGuirk, Kelly) (Entered: 05/28/2021) |
| 05/28/2021 | <u>209</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/21/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 05/28/2021) |
| 05/30/2021 | <u>210</u> | OPINION & ORDER re: <u>165</u> LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021, filed by Securities and Exchange Commission, <u>166</u> LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated May 7, 2021, filed by Securities and Exchange Commission. The SEC's motion is DENIED. If, at some later date, Ripple raises its good faith beliefs or relies upon its privileged communications in support of its fair notice defense, the Plaintiff may renew its application to the Court. Respectfully, the Clerk of Court is directed to deny the motions at ECF Nos. 165 and 166. (Signed by Magistrate Judge Sarah Netburn on 5/30/2021) (ras) (Entered: 05/30/2021) |
| 06/02/2021 | 211 | ORDER denying as moot <u>191</u> Letter Motion for Local Rule 37.2 Conference. Given the parties' representations in their letters at ECF Nos. 199 and 207, the SEC's motion is denied as moot. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 06/02/2021) |
| 06/02/2021 | 212 | ORDER denying without prejudice <u>176</u> Letter Motion to Seal. Ripple's motion is denied without prejudice. The parties are directed to meet and confer to further limit the sealing request and file a joint letter proposing reasonable redactions no later than June 7, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 06/02/2021) |
| 06/02/2021 | <u>213</u> | MOTION for Discovery */ Motion to Obtain International Discovery*. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 06/02/2021) |
| 06/02/2021 | <u>214</u> | MEMORANDUM OF LAW in Support re: <u>213</u> MOTION for Discovery */ Motion to Obtain International Discovery*. . Document filed by Bradley Garlinghouse. (Attachments: # <u>1</u> Exhibit 1 – Proposed Order, # <u>2</u> Exhibit 2 – Bitfinex Proposed Letter, # <u>3</u> Exhibit 3 – Bitforex Proposed Letter, # <u>4</u> Exhibit 4 – Bithumb Proposed Letter, # <u>5</u> Exhibit 5 – Bitlish Proposed Letter, # <u>6</u> Exhibit 6 – BitMart Proposed Letter, # <u>7</u> Exhibit 7 – AscendEX Proposed Letter, # <u>8</u> Exhibit 8 – Bitrue Proposed Letter, # <u>9</u> Exhibit 9 – Bitstamp Proposed Letter, # <u>10</u> Exhibit 10 – Coinbene Proposed Letter, # <u>11</u> Exhibit 11 – Coinone Proposed Letter, # <u>12</u> Exhibit 12 – HitBTC Proposed Letter, # <u>13</u> Exhibit 13 – Huobi Proposed Letter, # <u>14</u> Exhibit 14 – Korbit Proposed Letter, # <u>15</u> Exhibit 15 – OKEx Proposed Letter, # <u>16</u> Exhibit 16 – Upbit Proposed Letter, # <u>17</u> Exhibit 17 – ZB Proposed Letter).(Solomon, Matthew) (Entered: 06/02/2021) |
| 06/02/2021 | <u>215</u> | LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 2, 2021. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/02/2021) |
| 06/02/2021 | <u>216</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 2, 2021 re: <u>197</u> LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. . Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A).(Kellogg, Michael) (Entered: 06/02/2021) |

| 06/02/2021 | 217 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Analisa Torres from Robert Moye dated June 2, 2021. Document filed by Securities and Exchange Commission..(Moye, Robert) (Entered: 06/02/2021) |
|---|---|---|
| 06/03/2021 | 218 | ORDER granting 215 Letter Motion for Extension of Time. The parties shall file their jointly proposed redactions with respect to ECF Nos. 166, 197, and 198 no later than Wednesday, June 9, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 06/03/2021) |
| 06/04/2021 | 219 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated June 4, 2021 re: Defendants' Intent to Oppose the SECs Extension Request. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/04/2021) |
| 06/04/2021 | 220 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 4, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A).(Kellogg, Michael) (Entered: 06/04/2021) |
| 06/04/2021 | 221 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Martin Flumenbaum dated June 4, 2021. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 06/04/2021) |
| 06/04/2021 | 222 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the First Amended Complaint*. . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 221 .(Flumenbaum, Martin) (Entered: 06/04/2021) |
| 06/04/2021 | 223 | REPLY MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the First Amended Complaint*. *[REDACTED]*. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 06/04/2021) |
| 06/04/2021 | 224 | REPLY MEMORANDUM OF LAW in Support re: 110 MOTION to Dismiss *the Amended Complaint*. . Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 06/04/2021) |
| 06/04/2021 | 225 | LETTER MOTION to Seal *Exhibits K–M to the June 4, 2021 Declaration of Matthew C. Solomon* addressed to Judge Analisa Torres from Matthew C. Solomon dated June 4, 2021. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 06/04/2021) |
| 06/04/2021 | 226 | ***SELECTED PARTIES***DECLARATION of Matthew C. Solomon, dated June 4, 2021 in Support re: 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit K – SEC–LIT–EPROD–000502078, # 2 Exhibit L – SEC–LIT–EPROD–000103219, # 3 Exhibit M – SEC–LIT–EPROD–000502060)Motion or Order to File Under Seal: 225 .(Solomon, Matthew) (Entered: 06/04/2021) |
| 06/04/2021 | 227 | DECLARATION of Matthew C. Solomon, dated June 4, 2021 [REDACTED] in Support re: 110 MOTION to Dismiss *the Amended Complaint*.. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit K – SEC–LIT–EPROD–000502078, # 2 Exhibit L – SEC–LIT–EPROD–000103219, # 3 Exhibit M – SEC–LIT–EPROD–000502060).(Solomon, Matthew) (Entered: 06/04/2021) |
| 06/07/2021 | 228 | LETTER MOTION for Extension of Time *re Defendants' Motion for Local Rule 37.2 Conference* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated June 7, 2021. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 06/07/2021) |
| 06/07/2021 | 229 | LETTER MOTION for Leave to File Sur–Reply in Opposition to Motion to Strike addressed to Judge Analisa Torres from Michael K. Kellogg dated June 7, 2021. Document filed by Ripple Labs Inc.. (Attachments: # 1 Proposed Sur–Reply in Opposition to Motion to Strike, # 2 Exhibit A).(Kellogg, Michael) (Entered: 06/07/2021) |

| | | |
|---|---|---|
| 06/07/2021 | 230 | ***STRICKEN DOCUMENT. Document number 230 has been stricken from the case record. The document was stricken from this case pursuant to 235 Order . LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated June 7, 2021 re: 197 LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G).(Tenreiro, Jorge) Modified on 6/9/2021 (js). (Entered: 06/07/2021) |
| 06/07/2021 | 231 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated June 7, 2021 re: 198 LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit G)Motion or Order to File Under Seal: 215 .(Tenreiro, Jorge) (Entered: 06/07/2021) |
| 06/07/2021 | 232 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated June 7, 2021 re: 197 LETTER MOTION for Local Rule 37.2 Conference *Re Omnibus Discovery Matters* addressed to Magistrate Judge Sarah Netburn from Jorge Gerardo Tenreiro dated May 25, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G).(Tenreiro, Jorge) (Entered: 06/07/2021) |
| 06/07/2021 | 233 | ORDER granting 228 Letter Motion for Extension of Time. The SEC shall respond to the Defendants' motion no later than June 11, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/07/2021) |
| 06/08/2021 | 234 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Michael K. Kellogg dated June 8, 2021 re: 217 LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Analisa Torres from Robert Moye dated June 2, 2021. . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Kellogg, Michael) (Entered: 06/08/2021) |
| 06/09/2021 | 235 | ORDER: Respectfully, the Clerk of Court is directed to strike the documents at ECF No. 230 from the docket. So Ordered. (Signed by Magistrate Judge Sarah Netburn on 6/9/2021) (js) (Entered: 06/09/2021) |
| 06/09/2021 | 236 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 9, 2021 re: Proposed Redactions with respect to ECF Nos. 166, 191, 198, and 199. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29).(Kellogg, Michael) (Entered: 06/09/2021) |
| 06/09/2021 | 237 | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Jorge G. Tenreiro dated June 9, 2021 re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense. Response to Ripple Sur−Reply (D.E. 229)*. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/09/2021) |
| 06/10/2021 | 238 | NOTICE OF APPEARANCE by Nicole Tatz on behalf of Bradley Garlinghouse..(Tatz, Nicole) (Entered: 06/10/2021) |
| 06/10/2021 | 239 | MEMO ENDORSEMENT: on re: 236 Letter filed by Ripple Labs Inc. ENDORSEMENT: The Court adopts the parties' sealing proposal, in their entirety. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 6/10/2021) (ama) (Entered: 06/10/2021) |

| 06/11/2021 | 240 | MOTION for Discovery / *Motion to Obtain International Discovery (related document 213 )*. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 06/11/2021) |
|---|---|---|
| 06/11/2021 | 241 | MEMORANDUM OF LAW in Support re: 240 MOTION for Discovery / *Motion to Obtain International Discovery (related document 213 )*. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit 1 – Proposed Order, # 2 Exhibit 2 – Bitfinex Proposed Letter, # 3 Exhibit 3 – Bitforex Proposed Letter, # 4 Exhibit 4 – Bithumb Proposed Letter, # 5 Exhibit 5 – Bitlish Proposed Letter, # 6 Exhibit 6 – BitMart Proposed Letter, # 7 Exhibit 7 – AscendEX Proposed Letter, # 8 Exhibit 8 – Bitrue Proposed Letter, # 9 Exhibit 9 – Bitstamp Proposed Letter, # 10 Exhibit 10 – Coinbene Proposed Letter, # 11 Exhibit 11 – Coinone Proposed Letter, # 12 Exhibit 12 – HitBTC Proposed Letter, # 13 Exhibit 13 – Huobi Proposed Letter, # 14 Exhibit 14 – Korbit Proposed Letter, # 15 Exhibit 15 – OKEx Proposed Letter, # 16 Exhibit 16 – Upbit Proposed Letter, # 17 Exhibit 17 – ZB Proposed Letter).(Solomon, Matthew) (Entered: 06/11/2021) |
| 06/11/2021 | 242 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated June 11, 2021 re: 220 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 4, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Stewart, Ladan) (Entered: 06/11/2021) |
| 06/11/2021 | 243 | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Robert Moye dated June 11, 2021 re: 217 LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Analisa Torres from Robert Moye dated June 2, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. A, Declaration, # 2 Exhibit Ex. B, Cover Sheet).(Moye, Robert) (Entered: 06/11/2021) |
| 06/11/2021 | 244 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Robert S. Moye dated June 11, 2021 re: 217 LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Analisa Torres from Robert Moye dated June 2, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B)Motion or Order to File Under Seal: 53 .(Moye, Robert) (Entered: 06/11/2021) |
| 06/14/2021 | 245 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 14, 2021 re: 220 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated June 4, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/14/2021) |
| 06/14/2021 | 246 | ORDER granting 217 Letter Motion for Extension of Time to Complete Discovery. The deadline to conduct fact discovery is extended to August 31, 2021. The deadline to conduct expert discovery is extended to October 15, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/14/2021) |
| 06/14/2021 | 247 | ORDER granting 213 Letter Motion for Discovery. The Court will issue the Individual Defendants' letters rogatory. The Court will contact the parties directly with information about how to retrieve the signed and sealed letters. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/14/2021) |
| 06/14/2021 | 248 | ORDER granting 240 Letter Motion for Discovery. See ECF No. 247. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/14/2021) |
| 06/15/2021 | 249 | ORDER granting in part and denying in part 197 Letter Motion for Local Rule 37.2 Conference; granting in part and denying in part 198 Letter Motion for Local Rule 37.2 Conference. The Court GRANTS the SEC leave to conduct five additional depositions of (1) Christian Gil, (2) Ron Will, (3) Ethan Beard, (4) Phil Rapoport, and (5) Ryan Zagone. Fed. R. Civ. P. 30(a)(2)(A)(i). The SEC's request for a sixth deposition pursuant to Rule 30(b)(6) so that it may "cover any gaps in knowledge that |

| | | |
|---|---|---|
| | | these witnesses may have" is DENIED without prejudice as unripe. Based on the record before the Court, it is impossible to determine what topics would be noticed for any Rule 30(b)(6) deposition or why such deposition was not noticed among the first ten depositions. The Court ORDERS Ripple to search for responsive documents from Ryan Zagone and Cameron Kinloch. The SEC's request to order Ripple to search the records of its General Counsels and Deputy General Counsel is DENIED, as the Court interprets these requests to be highly burdensome, likely to be mostly privileged communications, and unreasonably cumulative or duplicative of searches already performed. See Fed. R. Civ. P. 26(b)(2). The SEC's request to compel production of documents post–dating the complaint is DENIED without prejudice. If, after the parties have exchanged expert reports, it becomes clear that Ripple's expert relied upon documents that, in fairness, requires the SEC to review post–complaint documents, the SEC may renew its application. Finally, the SEC's request to compel production of documents related to Ripple's lobbying efforts is DENIED. As discussed in the Court's earlier Opinion and Order denying access to Ripple's privileged communications, Ripple's fair notice defense centers on the activities of the SEC, not its own behaviors. See ECF No. 210 at *8 ("Ripple focuses on the SEC's failure to provide fair notice to the market about the Commission's state of mind as to whether XRP qualified as a security. It is not clear that such a defense even requires that a defendant act in good faith.") (citing United States v. Salerno, 505 U.S. 317, 323 (1992)). In the same vein, Ripple's lobbying efforts regarding the status of XRP are not relevant; and any relevancy argument is outweighed by the burden of production. (Signed by Magistrate Judge Sarah Netburn on 6/15/2021) (ras) (Entered: 06/15/2021) |
| 06/15/2021 | 250 | ORDER GRANTING DEFENDANTS' BRADLEY GARLINGHOUSE AND CHRISTIAN A. LARSEN MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE: This matter having arisen upon motion by Defendants Bradley Garlinghouse and Christian A. Larsen (the "Individual Defendants") for this Court to issue the Letters of Request to the Central Authorities of the United Kingdom of Great Britain and Northern Ireland, the Cayman Islands, the British Virgin Islands, the Hong Kong Special Administrative Region of China, the Republic of Singapore, the Republic of Seychelles, the Republic of Korea, and the Republic of Malta, and it appearing that these Letters of Request are appropriate, IT IS ORDERED, that this Court shall issue the Letters of Request in the form appearing at the Individual Defendants' motion for issuance of Letters of Request for International Judicial Assistance as Exhibits 2 through 17. (Signed by Magistrate Judge Sarah Netburn on 6/14/2021) (ras) Transmission to Orders and Judgments Clerk for processing. (Entered: 06/15/2021) |
| 06/15/2021 | | LETTERS ROGATORY ISSUED on June 15, 2021, and picked up by Cleary Gottlieb Steen & Hamilton LLP and to be served in the Central Authorities of the United Kingdom of Great Britain and Northern Ireland, the Cayman Islands, the British Virgin Islands, the Hong Kong Special Administrative Region of China, the Republic of Singapore, the Republic of Seychelles, the Republic of Korea, and the Republic of Malta.(km) (Entered: 06/15/2021) |
| 06/22/2021 | 251 | CONSENT LETTER MOTION for Leave to File Excess Pages *and to Approve Briefing Schedule* addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated June 22, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/22/2021) |
| 06/23/2021 | 252 | ORDER granting 251 Letter Motion for Leave to File Excess Pages. The SEC shall file its motion, not to exceed eight pages, no later than June 24, 2021. The Defendants shall file a joint opposition, not to exceed eight pages, no later than July 1, 2021. The SEC may file a reply, if any, not to exceed four pages, no later than July 8, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/23/2021) |
| 06/23/2021 | 253 | ORDER granting in part and denying in part 220 Letter Motion for Local Rule 37.2 Conference. The Court has reviewed the Defendants' motion and the parties' letters in opposition and further support. The parties have indicated that the SEC has already begun to produce documents responsive to the Defendants' first and third requests. Therefore, those are DENIED as MOOT. The Defendants' second request for the SEC's Internal Trading Policies (RFP No. 26) is GRANTED. The Court finds that the information sought meets the low bar for relevance, including potentially with respect to the claims against the Individual Defendants. (HEREBY ORDERED by Magistrate |

| | | |
|---|---|---|
| | | Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/23/2021) |
| 06/24/2021 | 254 | NOTICE OF APPEARANCE by Daphna Abrams Waxman on behalf of Securities and Exchange Commission..(Waxman, Daphna) (Entered: 06/24/2021) |
| 06/24/2021 | 255 | LETTER MOTION for Local Rule 37.2 Conference *re: Motion To Quash Subpoena* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated June 24, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I).(Stewart, Ladan) (Entered: 06/24/2021) |
| 06/25/2021 | 256 | NOTICE OF APPEARANCE by Sarah J Prostko on behalf of Christian A. Larsen..(Prostko, Sarah) (Entered: 06/25/2021) |
| 07/01/2021 | 257 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated July 1, 2021 re: 255 LETTER MOTION for Local Rule 37.2 Conference *re: Motion To Quash Subpoena* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated June 24, 2021. . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)Motion or Order to File Under Seal: 53 .(Kellogg, Michael) (Entered: 07/01/2021) |
| 07/01/2021 | 258 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated July 1, 2021 re: 255 LETTER MOTION for Local Rule 37.2 Conference *re: Motion To Quash Subpoena* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated June 24, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6).(Kellogg, Michael) (Entered: 07/01/2021) |
| 07/08/2021 | 259 | REPLY MEMORANDUM OF LAW in Support re: 255 LETTER MOTION for Local Rule 37.2 Conference *re: Motion To Quash Subpoena* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated June 24, 2021. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/08/2021) |
| 07/09/2021 | 260 | LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated July 9, 2021 re: Hinman Deposition. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 07/09/2021) |
| 07/13/2021 | 261 | ORDER granting 255 Letter Motion for Local Rule 37.2 Conference. A telephonic conference is scheduled for July 15, 2021, at 3:00 p.m. to discuss the Plaintiff's motion to quash. The Court will contact the parties to establish a conference line and will provide dial–in information for the public in advance of the conference. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 07/13/2021) |
| 07/13/2021 | | Set/Reset Hearings: Telephone Conference set for 7/15/2021 at 03:00 PM before Magistrate Judge Sarah Netburn. (ras) (Entered: 07/13/2021) |
| 07/15/2021 | 262 | ORDER: A telephonic conference is scheduled for Thursday, July 15, 2021, at 3:00 p.m. to discuss the SEC's pending motion to quash. ECF No. 255. Members of the public and press may listen to the proceedings at the following numbers: USA: (844) 291–5490 International: (409) 207–6993 Access Code: 4917104 # Unauthorized recording and rebroadcasting of the conference (e.g., YouTube, Twitch, audio–only streams, etc.) is strictly prohibited. Any unauthorized recordings will be investigated, and anyone found to engage in such behaviors may be subject to criminal sanctions. (Signed by Magistrate Judge Sarah Netburn on 7/15/2021) (ras) Modified on 7/15/2021 (ras). (Main Document 262 replaced on 7/15/2021) (ras). (Entered: 07/15/2021) |
| 07/15/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Telephone Conference held on 7/15/2021. (ras) (Entered: 08/02/2021) |
| 07/16/2021 | 263 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated July 16, 2021 re: Hinman Deposition. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 07/16/2021) |

| | | |
|---|---|---|
| 07/19/2021 | 264 | LETTER addressed to Judge Analisa Torres from Matthew C. Solomon and Martin Flumenbaum dated July 19, 2021 re: recent SEC public statement regarding In the Matter of Coinschedule. Document filed by Bradley Garlinghouse, Christian A. Larsen. (Attachments: # 1 SEC Public Statement).(Solomon, Matthew) (Entered: 07/19/2021) |
| 07/19/2021 | 265 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated July 19, 2021 re: Hinman Deposition. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 07/19/2021) |
| 07/20/2021 | 266 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated July 20, 2021 re: Supplemental Authority. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 07/20/2021) |
| 07/21/2021 | 267 | LETTER addressed to Judge Analisa Torres from Mark R. Sylvester dated July 21, 2021 re: Defendants' Letters (D.E. 264, 266). Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A).(Sylvester, Mark) (Entered: 07/21/2021) |
| 07/23/2021 | 268 | LETTER addressed to Judge Analisa Torres from Martin Flumenbaum and Matthew C. Solomon dated July 23, 2021 re: Response to the SEC's 7/21/21 Letter (ECF No. 267). Document filed by Bradley Garlinghouse, Christian A. Larsen..(Flumenbaum, Martin) (Entered: 07/23/2021) |
| 07/25/2021 | 269 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/15/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/16/2021. Redacted Transcript Deadline set for 8/25/2021. Release of Transcript Restriction set for 10/25/2021..(McGuirk, Kelly) (Entered: 07/25/2021) |
| 07/25/2021 | 270 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/15/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 07/25/2021) |
| 07/30/2021 | 271 | NOTICE OF APPEARANCE by Pascale Guerrier on behalf of Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 07/30/2021) |
| 08/02/2021 | 272 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Discovery / *Motion to Obtain International Discovery*. Document filed by Bradley Garlinghouse..(Solomon, Matthew) Modified on 8/3/2021 (lb). (Entered: 08/02/2021) |
| 08/02/2021 | 273 | **FILING ERROR – DEFICIENT DOCKET ENTRY – (SEE DOCUMENT #275) –** MEMORANDUM OF LAW in Support re: 272 MOTION for Discovery / *Motion to Obtain International Discovery*. . Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit 1 – Proposed Order, # 2 Exhibit 2 – Request for International Assistance – Letter of Request).(Solomon, Matthew) Modified on 8/3/2021 (lb). (Entered: 08/02/2021) |
| 08/02/2021 | 274 | MOTION for Discovery / *Motion to Obtain International Discovery*. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 08/02/2021) |
| 08/02/2021 | 275 | MEMORANDUM OF LAW in Support re: 274 MOTION for Discovery / *Motion to Obtain International Discovery*. . Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit 1 – Proposed Order, # 2 Exhibit 2 – Request for International Assistance – Letter of Request).(Solomon, Matthew) (Entered: 08/02/2021) |
| 08/03/2021 | 276 | ORDER granting 274 Letter Motion for Discovery. The Court will communicate with counsel to arrange delivery of the letters. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/03/2021) |

| | | |
|---|---|---|
| 08/03/2021 | 277 | ORDER denying as moot 272 Letter Motion for Discovery. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/03/2021) |
| 08/04/2021 | 278 | MOTION for Lucas D. Hakkenberg to Withdraw as Attorney . Document filed by Bradley Garlinghouse..(Hakkenberg, Lucas) (Entered: 08/04/2021) |
| 08/04/2021 | 279 | DECLARATION of Lucas D. Hakkenberg in Support re: 278 MOTION for Lucas D. Hakkenberg to Withdraw as Attorney .. Document filed by Bradley Garlinghouse..(Hakkenberg, Lucas) (Entered: 08/04/2021) |
| 08/04/2021 | 280 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Bradley Garlinghouse. Related Document Number: 278 ..(Hakkenberg, Lucas) (Entered: 08/04/2021) |
| 08/05/2021 | 281 | ORDER granting 278 Motion to Withdraw as Attorney. Attorney Lucas Dehaan Hakkenberg terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/05/2021) |
| 08/09/2021 | 282 | ***SELECTED PARTIES***EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Exhibit P)Motion or Order to File Under Seal: 53 .(Tenreiro, Jorge) (Entered: 08/09/2021) |
| 08/09/2021 | 283 | EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P).(Tenreiro, Jorge) (Entered: 08/09/2021) |
| 08/09/2021 | 284 | CONSENT LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 9, 2021. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 08/09/2021) |
| 08/09/2021 | 285 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated August 9, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/09/2021) |
| 08/10/2021 | 286 | ORDER granting 284 Letter Motion for Leave to File Excess Pages. The parties' letter briefing shall not exceed eight pages each, though the Court strongly encourages the Defendants to jointly file a single 15–page letter if possible. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 08/10/2021) |
| 08/10/2021 | 287 | ORDER granting 285 Letter Motion for Extension of Time. Ripple's response to the SEC's motion is due no later than August 16, 2021. The SEC's reply, if any, is due no later than August 19, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 08/10/2021) |
| 08/10/2021 | 288 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 08/10/2021) |
| 08/10/2021 | 289 | ***SELECTED PARTIES*** LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A – June 21 SEC Priv Log, # 2 Exhibit B – July 14 SEC Priv Log, # 3 Exhibit C – July 21 SEC Priv Log 1, # 4 Exhibit D – July 21 SEC Priv Log 2, # 5 Exhibit E – July 23 SEC Priv Log, # 6 Exhibit F – August 6 SEC Priv Log, # 7 Exhibit G – June 19 Email, # 8 Exhibit H – Hinman Exhibit 41, # 9 Exhibit I – Hinman Transcript Excerpt, # 10 Exhibit J – July 14 Coinschedule Statement, # 11 Appendix A – SEC Privilege Claims for In Camera Review)Motion or Order to File Under Seal: 288 .(Solomon, Matthew) (Entered: 08/10/2021) |

| 08/10/2021 | 290 | LETTER MOTION for Conference *re: SEC privilege assertions [REDACTED]* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A – June 21 SEC Priv Log, # 2 Exhibit B – July 14 SEC Priv Log, # 3 Exhibit C – July 21 SEC Priv Log 1, # 4 Exhibit D – July 21 SEC Priv Log 2, # 5 Exhibit E – July 23 SEC Priv Log, # 6 Exhibit F – August 6 SEC Priv Log, # 7 Exhibit G – June 19 Email, # 8 Exhibit H – Hinman Transcript Excerpt, # 9 Exhibit I – Hinman Transcript Excerpt, # 10 Exhibit J – July 14 Coinschedule Statement, # 11 Appendix A – SEC Privilege Claims for In Camera Review).(Solomon, Matthew) (Entered: 08/10/2021) |
|---|---|---|
| 08/11/2021 | 291 | LETTER MOTION for Extension of Time *to file sealing motion re D.E. 289* addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 11, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 08/11/2021) |
| 08/11/2021 | 292 | LETTER MOTION for Extension of Time *to File Sealing Motion re ECF No. 282* addressed to Magistrate Judge Sarah Netburn from Andrew Ceresney dated August 11, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/11/2021) |
| 08/11/2021 | 293 | ORDER granting 288 Letter Motion to Seal. The documents may be filed under seal on an interim basis subject to further reconsideration by the Court when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/11/2021) |
| 08/11/2021 | 294 | ORDER granting 291 Letter Motion for Extension of Time. The SEC's deadline to file a motion to seal, if any, with respect to the exhibits filed with Defendants' August 10, 2021 letter motion (ECF No. 289) is extended to Tuesday, August 17, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/11/2021) |
| 08/11/2021 | 295 | ORDER granting 292 Letter Motion for Extension of Time. The deadline for Defendant Ripple to file a motion to seal, if any, with respect to the exhibits filed with the SEC's August 9, 2021 letter motion (ECF No. 282) is extended to Monday, August 16. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/11/2021) |
| 08/16/2021 | 296 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 16, 2021 re: 282 EMERGENCY LETTER MOTION for Local Rule 37.2 *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. . Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)Motion or Order to File Under Seal: 53 .(Ceresney, Andrew) (Entered: 08/16/2021) |
| 08/16/2021 | 297 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 16, 2021 re: 282 EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B [FILED UNDER SEAL], # 3 Exhibit C [FILED UNDER SEAL], # 4 Exhibit D [FILED UNDER SEAL], # 5 Exhibit E [FILED UNDER SEAL], # 6 Exhibit F [FILED UNDER SEAL], # 7 Exhibit G [FILED UNDER SEAL], # 8 Exhibit H [FILED UNDER SEAL]).(Ceresney, Andrew) (Entered: 08/16/2021) |
| 08/16/2021 | 298 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 16, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/16/2021) |
| 08/17/2021 | 299 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 17, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H)Motion or Order to File Under Seal: 53 |

| | | |
|---|---|---|
| | | .(Tenreiro, Jorge) (Entered: 08/17/2021) |
| 08/17/2021 | 300 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 17, 2021 re: 290 LETTER MOTION for Conference *re: SEC privilege assertions [REDACTED]* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H).(Tenreiro, Jorge) (Entered: 08/17/2021) |
| 08/17/2021 | 301 | LETTER MOTION to Seal *certain exhibits in D.E. 290 & D.E. 299* addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 17, 2021. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 08/17/2021) |
| 08/19/2021 | 302 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 19, 2021 re: 282 EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A)Motion or Order to File Under Seal: 53 .(Tenreiro, Jorge) (Entered: 08/19/2021) |
| 08/19/2021 | 303 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated August 19, 2021 re: 283 EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A to SEC Motion – Unredacted, # 2 Exhibit B to SEC Motion – Unredacted, # 3 Exhibit A to SEC Reply).(Tenreiro, Jorge) (Entered: 08/19/2021) |
| 08/19/2021 | 304 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated August 19, 2021 re: 298 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 16, 2021. . Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 08/19/2021) |
| 08/20/2021 | 305 | LETTER MOTION for Leave to File Sur–Reply in Opposition to Emergency Letter Motion for Local Rule 37.2 Conference re Slack communications *re ECF 282, 283, 296, 302 & 303* addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 20, 2021. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit Proposed Sur–Reply (redacted)).(Ceresney, Andrew) (Entered: 08/20/2021) |
| 08/20/2021 | 306 | ***SELECTED PARTIES*** LETTER MOTION for Leave to File proposed sur–reply to the SEC's reply in support of its letter–motion seeking an order to compel Ripple to search for and produce additional Slack communications *re ECF 282, 283, 296, 302 & 303* addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 20, 2021. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit Proposed Sur–Reply)Motion or Order to File Under Seal: 53 .(Ceresney, Andrew) (Entered: 08/20/2021) |
| 08/23/2021 | 307 | ORDER granting 306 Letter Motion for Leave to File Document. Defendant Ripples sur–reply shall be filed no later than August 24, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/23/2021) |
| 08/23/2021 | 308 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 23, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 08/23/2021) |
| 08/23/2021 | 309 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August |

| | | |
|---|---|---|
| | | 23, 2021 re: <u>282</u> EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. *[SUR–REPLY IN OPPOSITION TO EMERGENCY LETTER MOTION].* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: <u>53</u> .(Ceresney, Andrew) (Entered: 08/23/2021) |
| 08/23/2021 | <u>310</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 23, 2021 re: <u>283</u> EMERGENCY LETTER MOTION for Local Rule 37.2 Conference *re Slack communications* addressed to Magistrate Judge Sarah Netburn from Jorge G Tenreiro dated August 9, 2021. *[SUR–REPLY IN OPPOSITION TO EMERGENCY LETTER MOTION].* Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/23/2021) |
| 08/24/2021 | <u>311</u> | ORDER: A telephonic conference is scheduled for Tuesday, August 31, 2021, at 12:00 p.m. to discuss the Defendants' pending motion to compel the SEC to produce certain documents it designated as privileged. ECF No. 289. The Court will contact the parties to establish a conference line and will post a public dial–in number before the conference. (Telephone Conference set for 8/31/2021 at 12:00 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 8/24/2021) (ras) (Entered: 08/24/2021) |
| 08/24/2021 | <u>312</u> | JOINT LETTER MOTION for Extension of Time *to Complete Expert Discovery & Other Matters* addressed to Judge Analisa Torres from Parties dated August 24, 2021. Document filed by Securities and Exchange Commission. (Attachments: # <u>1</u> Text of Proposed Order).(Tenreiro, Jorge) (Entered: 08/24/2021) |
| 08/26/2021 | 313 | ORDER granting <u>312</u> Letter Motion for Extension of Time. The parties' request is GRANTED. The parties may conduct the depositions of Defendants Garlinghouse and Larsen after the close of the August 31, 2021 fact discovery deadline. The deadline to conduct expert discovery is extended to November 12, 2021. The deadline for the parties to exchange their respective Statements of Material Facts pursuant to Local Civil Rule 56.1 and their pre–motion letters regarding motions for summary judgment is adjourned *sine die* pending resolution of the motions to dismiss and strike. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 08/26/2021) |
| 08/27/2021 | <u>314</u> | LETTER MOTION to Compel Preclearance Trading Documents addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated August 27, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A (Jan. 2018 SEC Ethics Guidance Regarding Digital Assets), # <u>2</u> Exhibit B (Aug. 11, 2021 E–mail from L. Stewart to M. Hirsch), # <u>3</u> Exhibit C (Defendants Second RFP to the SEC), # <u>4</u> Exhibit D (Aug. 20, 2021 E–mail from L. Zornberg to J. Tenreiro)).(Zornberg, Lisa) (Entered: 08/27/2021) |
| 08/27/2021 | 315 | ORDER re <u>314</u> Motion to Compel. The SEC may respond to Defendants' letter motion no later than September 3, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/27/2021) |
| 08/28/2021 | 316 | ORDER granting <u>298</u> Letter Motion to Seal. As set forth in Defendant Ripple's motion to seal, the following documents may be filed under seal: (i) certain redacted portions of the SEC's August 9, 2021 letter–motion to compel certain Slack discovery (ECF No. 282); (ii) certain of the exhibits the SEC filed under seal in support thereof (ECF Nos. 282–1282–10); (iii) the redacted portions of Ripple's August 16, 2021 letter in response to the SEC Letter–Motion (ECF No. 296); and (iv) the seven exhibits filed under seal in support thereof (ECF Nos. 296–2296–8). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/28/2021) |
| 08/28/2021 | 317 | ORDER granting <u>301</u> Letter Motion to Seal. The Privilege Logs, the Amended Privilege Logs, and the highlighted portions of Director Hinman's deposition transcript may be filed under seal subject to further reconsideration by the Court when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/28/2021) |

| 08/30/2021 | 318 | ORDER: A telephonic conference is scheduled for Tuesday, August 31, 2021, at 12:00 p.m. to discuss the Defendants' pending motion to compel the SEC to produce certain documents it designated as privileged. ECF No. 289. Members of the public may listen to the proceedings at the following numbers: USA: (844) 867–6163, International: (409) 207–6969, Access Code: 9453921#. Unauthorized recording and rebroadcasting of the conference (e.g., YouTube, Twitch, audio–only streams, etc.) is strictly prohibited. Any unauthorized recordings will be investigated, and anyone found to engage in such behaviors may be subject to criminal sanctions. (Signed by Magistrate Judge Sarah Netburn on 8/30/2021) (ras) (Entered: 08/30/2021) |
|---|---|---|
| 08/30/2021 | 319 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit EX E O'Gorman Dep. Tr., # 2 Exhibit EX F Zagone Dep. Tr., # 3 Exhibit EX G Schwartz Dep. Tr., # 4 Exhibit EX H Vias Dep. Tr.)Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 08/30/2021) |
| 08/30/2021 | 320 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit EX A Guerrier Email 8.26.21, # 2 Exhibit EX B Guo Email 8.12.21, # 3 Exhibit EX C Waxman Email 7.7.21, # 4 Exhibit EX D Guo Email 7.12.21, # 5 Exhibit EX E O'Gorman Dep. Tr., # 6 Exhibit EX F Zagone Dep. Tr., # 7 Exhibit EX G Schwartz Dep. Tr., # 8 Exhibit EX H Vias Dep. Tr., # 9 Exhibit EX I Waxman Email 8.8.21, # 10 Exhibit EX J Gulay Email 8.10.21, # 11 Exhibit EX K Tenreiro Email 8.13.21, # 12 Exhibit EX L Gulay Email 8.23.21, # 13 Exhibit EX M Gulay Email 8.30.21).(Guerrier, Pascale) (Entered: 08/30/2021) |
| 08/31/2021 | 321 | LETTER MOTION for Extension of Time to File Response/Reply as to 319 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021. addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated August 31, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/31/2021) |
| 08/31/2021 | 322 | ORDER granting 321 LETTER MOTION for Extension of Time to File Response/Reply as to 319 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021. Defendant Ripple's request is GRANTED. Defendant may respond to the SEC's letter motion and file an associated motion to seal, if any, no later than September 7, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 08/31/2021) |
| 08/31/2021 | 323 | CONSENT LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021. Document filed by Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 08/31/2021) |
| 08/31/2021 | 324 | MOTION for Lilya Tessler to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25005680. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chamber of Digital Commerce..(Tessler, Lilya) (Entered: 08/31/2021) |
| 08/31/2021 | 325 | ORDER granting 323 Letter Motion for Leave to File Excess Pages. Defendants' request is GRANTED. Defendants may file a combined letter of 7 pages or fewer. The SEC's response, if any, may not exceed 7 pages. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 08/31/2021) |
| 08/31/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Telephone Conference held on 8/31/2021. Court Reporter present. (ras) (Entered: 08/31/2021) |
| 08/31/2021 | 326 | LETTER MOTION to Compel Interrogatory Responses addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021. Document filed by Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D).(Kellogg, Michael) (Entered: 08/31/2021) |

| | | |
|---|---|---|
| 09/01/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 324 MOTION for Lilya Tessler to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25005680. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 09/01/2021) |
| 09/01/2021 | 327 | ORDER granting 283 Letter Motion. The Slack messages sought are relevant to the parties' claims and defenses and proportional to the needs of the case. Any burden to Ripple is outweighed by its previous agreement to produce the relevant Slack messages, the relative resources of the parties, and the amount in controversy. Accordingly, Ripple is ordered to search and produce responsive documents from the Slack platform from the 22 custodians identified by the SEC. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 282. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/01/2021) |
| 09/01/2021 | 328 | ORDER denying 324 Motion for Lilya Tessler to Appear Pro Hac Vice. The attorney does not represent a party or a movant in the case. The Clerk of Court is directed to strike The Chamber of Digital Commerce from the docket pending a proper motion for leave to file an amicus brief. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/01/2021) |
| 09/01/2021 | 329 | LETTER MOTION for Extension of Time *re Defendants' Letter Motion for a Rule 37.2 Extension (D.E. 326)* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated September 1, 2021. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 09/01/2021) |
| 09/03/2021 | 330 | ORDER granting 329 Letter Motion for Extension of Time. The SEC may respond to Defendants' letter motion no later than September 8, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/03/2021) |
| 09/03/2021 | 331 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated September 3, 2021. Document filed by Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/03/2021) |
| 09/03/2021 | 332 | MOTION for Joy Guo to Withdraw as Attorney . Document filed by Ripple Labs Inc.. (Attachments: # 1 Declaration of Joy Guo in Support of Motion to Withdraw, # 2 Text of Proposed Order).(Guo, Joy) (Entered: 09/03/2021) |
| 09/03/2021 | 333 | NOTICE OF APPEARANCE by Erol Nazim Gulay on behalf of Ripple Labs Inc...(Gulay, Erol) (Entered: 09/03/2021) |
| 09/03/2021 | 334 | NOTICE OF APPEARANCE by Anna Rebecca Gressel on behalf of Ripple Labs Inc...(Gressel, Anna) (Entered: 09/03/2021) |
| 09/03/2021 | 335 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated September 3, 2021 re: 314 LETTER MOTION to Compel Preclearance Trading Documents addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated August 27, 2021. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 09/03/2021) |
| 09/07/2021 | 336 | ORDER granting 332 Motion to Withdraw as Attorney. Attorney Joy Guo terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/07/2021) |
| 09/07/2021 | 337 | ORDER granting 331 Letter Motion for Extension of Time to File Response/Reply. Defendants Ripple and Larsen may reply to the SEC's response to ECF No. 326 no later than September 15, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/07/2021) |
| 09/07/2021 | 338 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #339) –** ***SELECTED PARTIES*** LETTER addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021 re: Opposition to Letter–Motion to Compel Production of Recordings. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit Ex. A: SECs First RFPs to Ripple, # 2 Exhibit Ex C: M. Vias Deposition |

| | | |
|---|---|---|
| | | Transcript (SEALED), # <u>3</u> Exhibit Ex. D : R. Zagone Deposition Transcript (SEALED), # <u>4</u> Exhibit Ex. E : Produced Email (SEALED), # <u>5</u> Exhibit Ex. F: Produced Email (SEALED), # <u>6</u> Exhibit Ex. J: March 26, 2021 Meet and Confer Letter (SEALED), # <u>7</u> Exhibit Ex D.: Waxman Email dated April 23, 2021., # <u>8</u> Exhibit Ex. L: May 13, 2021 Meet and Confer Letter (SEALED))Motion or Order to File Under Seal: <u>53</u> .(Ceresney, Andrew) Modified on 9/8/2021 (ldi). (Entered: 09/07/2021) |
| 09/07/2021 | <u>339</u> | ***SELECTED PARTIES*** LETTER addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021 re: Opposition to Letter–Motion to Compel Production of Recordings. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # <u>1</u> Exhibit Ex. A: SECs First RFPs to Ripple (SEALED), # <u>2</u> Exhibit Ex C: M. Vias Deposition Transcript (SEALED), # <u>3</u> Exhibit Ex. D : R. Zagone Deposition Transcript (SEALED), # <u>4</u> Exhibit Ex. E : Produced Email (SEALED), # <u>5</u> Exhibit Ex. F: Produced Email (SEALED), # <u>6</u> Exhibit Ex. J: March 26, 2021 Meet and Confer Letter (SEALED), # <u>7</u> Exhibit Ex. K: D Waxman Email, Apr 23, 2021 (SEALED), # <u>8</u> Exhibit Ex. L: May 13, 2021 Meet and Confer Letter (SEALED))Motion or Order to File Under Seal: <u>53</u> .(Ceresney, Andrew) (Entered: 09/07/2021) |
| 09/07/2021 | <u>340</u> | LETTER addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021 re: Opposition to Letter–Motion to Compel Production of Recordings. Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit Ex A: SECs First RFPs to Ripple (REDACTED), # <u>2</u> Exhibit Ex. B: Ripples Responses and Objections to SECs First RFPs, # <u>3</u> Exhibit Ex C: M. Vias Deposition Transcript (SEALED), # <u>4</u> Exhibit Ex. D : R. Zagone Deposition Transcript (SEALED), # <u>5</u> Exhibit Ex. E : Produced Email (SEALED), # <u>6</u> Exhibit Ex. F: Produced Email (SEALED), # <u>7</u> Exhibit Ex. G: J Tenreiro Email, Aug. 10, 2021, # <u>8</u> Exhibit Ex. H: E Gulay Email, Aug. 17, 2021, # <u>9</u> Exhibit Ex. I: E Gulay Email, Aug 20, 2021, # <u>10</u> Exhibit Ex. J: March 26, 2021 Meet and Confer Letter (REDACTED), # <u>11</u> Exhibit Ex. K: D Waxman Email, Apr 23, 2021 (REDACTED), # <u>12</u> Exhibit Ex. L: May 13, 2021 Meet and Confer Letter (REDACTED)).(Ceresney, Andrew) (Entered: 09/07/2021) |
| 09/07/2021 | <u>341</u> | LETTER addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021 re: Reply in Further Support of Motion to Compel Preclearance Trading. Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit [Note: under seal] Exhibit A – 2014 OEC Guidance).(Zornberg, Lisa) (Entered: 09/07/2021) |
| 09/07/2021 | <u>342</u> | ***SELECTED PARTIES*** LETTER addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated September 7, 2021 re: Reply in Further Support of Motion to Compel Preclearance Trading. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # <u>1</u> Exhibit [Note: under seal] Exhibit A – 2014 OEC Guidance)Motion or Order to File Under Seal: <u>53</u> .(Zornberg, Lisa) (Entered: 09/07/2021) |
| 09/07/2021 | <u>343</u> | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 09/07/2021) |
| 09/08/2021 | <u>344</u> | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated September 8, 2021 re: <u>326</u> LETTER MOTION to Compel Interrogatory Responses addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit Exhibit B, # <u>2</u> Exhibit Exhibit C)Motion or Order to File Under Seal: <u>53</u> .(Sylvester, Mark) (Entered: 09/08/2021) |
| 09/08/2021 | <u>345</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated September 8, 2021 re: <u>326</u> LETTER MOTION to Compel Interrogatory Responses addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # <u>1</u> Exhibit Exhibit A, # <u>2</u> Exhibit Exhibit B, # <u>3</u> Exhibit Exhibit C, # <u>4</u> Exhibit Exhibit D).(Sylvester, Mark) (Entered: 09/08/2021) |

| 09/10/2021 | 346 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated September 10, 2021 re: 320 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021., 319 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 30, 2021. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 09/10/2021) |
|---|---|---|
| 09/10/2021 | 347 | ORDER granting 343 Letter Motion to Seal. As set forth in Defendant Ripple's motion to seal, the following documents may be filed under seal: (i) certain redacted portions of the SEC's August 30, 2021 letter–motion to compel certain recordings of internal Ripple meetings (ECF No. 319); (ii) certain of the exhibits the SEC filed under seal in support thereof (ECF Nos. 319–1319–4); (iii) the redacted portions of Ripple's September 7, 2021 letter in response to the SEC Letter–Motion (ECF No. 339); and (iv) the exhibits filed under seal in support thereof (ECF Nos. 339–1339–8). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/10/2021) |
| 09/10/2021 | 348 | ORDER denying as moot 320 Letter Motion for Local Rule 37.2 Conference. In light of the SEC's letter at ECF No. 346, this application is denied as moot. The Clerk of Court is respectfully requested to terminate the parallel motion at ECF No. 319. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/10/2021) |
| 09/10/2021 | 349 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated September 10, 2021 re: 343 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 09/10/2021) |
| 09/10/2021 | 350 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated September 10, 2021 re: 343 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated September 7, 2021. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 09/10/2021) |
| 09/14/2021 | 351 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated September 14, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Stewart, Ladan) (Entered: 09/14/2021) |
| 09/15/2021 | 352 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated September 15, 2021 re: 326 LETTER MOTION to Compel Interrogatory Responses addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021. . Document filed by Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/15/2021) |
| 09/16/2021 | 353 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated September 16, 2021. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Kellogg, Michael) (Entered: 09/16/2021) |
| 09/21/2021 | 354 | ORDER: Defendants' request for documents reflecting the SEC's trading preclearance decisions with respect to SEC employees' transactions in bitcoin, ether, or XRP, and annual certifications concerning SEC employees' XRP holdings is DENIED. The SEC is directed to provide Defendants any documentation supporting SEC counsel's statement during the August 25, 2021 meet and confer that, after the formal order of investigation was issued as to Ripple on March 9, 2019, SEC employees could no longer trade XRP. (Signed by Magistrate Judge Sarah Netburn on 9/21/2021) (ras) (Entered: 09/21/2021) |

| 09/21/2021 | 355 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated September 21, 2021 re: 353 LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated September 16, 2021. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 09/21/2021) |
|---|---|---|
| 09/22/2021 | 356 | LETTER MOTION for Extension of Time *re Motion to Seal* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated September 22, 2021. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 09/22/2021) |
| 09/23/2021 | 357 | ORDER granting 356 Letter Motion for Extension of Time. The SEC may file its motion to seal no later than September 24, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/23/2021) |
| 09/24/2021 | 358 | LETTER addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated September 24, 2021 Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 09/24/2021) |
| 09/24/2021 | 359 | LETTER MOTION to Seal *Exhibit* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated September 24, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A).(Sylvester, Mark) (Entered: 09/24/2021) |
| 09/27/2021 | 360 | ORDER granting 353 Letter Motion to Seal. As set forth in Defendant Ripple's motion to seal, the following documents may be filed under seal: certain exhibits the SEC filed under seal in support of its opposition to Defendants' motion to compel interrogatory responses (ECF Nos. 344–1, 344–2). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/27/2021) |
| 09/27/2021 | 361 | ORDER granting 359 Letter Motion to Seal. As set forth in the SEC's motion to seal, the following documents may be filed under seal: portions of Exhibit C to the SEC's letter opposing Defendants' motion to compel interrogatory responses (ECF No. 344–2). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 09/27/2021) |
| 09/27/2021 | 362 | LETTER addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated September 27, 2021 re: Response to September 24, 2021 Letter from Matthew C. Solomon. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 09/27/2021) |
| 09/28/2021 | 363 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #364) –** LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated September 28, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Bradley Garlinghouse. (Attachments: # 1 Appendix A – Summary Chart of Documents Submitted by SEC for In Camera Review).(Solomon, Matthew) Modified on 9/29/2021 (ldi). (Entered: 09/28/2021) |
| 09/28/2021 | 364 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated September 28, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Bradley Garlinghouse. (Attachments: # 1 Appendix A – Summary Chart of Documents Submitted by SEC for In Camera Review).(Solomon, Matthew) (Entered: 09/28/2021) |
| 09/29/2021 | 365 | TRANSCRIPT of Proceedings re: CONFERENCE held on 8/31/2021 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Andrew Walker, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2021. Redacted Transcript Deadline set for 11/1/2021. Release of Transcript Restriction set for 12/28/2021..(Moya, Goretti) (Entered: 09/29/2021) |

| 09/29/2021 | 366 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 8/31/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 09/29/2021) |
|---|---|---|
| 09/30/2021 | 367 | LETTER MOTION for Conference *to Seek a Protective Order against Excessive Requests for Admission* addressed to Magistrate Judge Sarah Netburn from Robert Moye dated September 30, 2021. Document filed by Securities and Exchange Commission..(Moye, Robert) (Entered: 09/30/2021) |
| 10/01/2021 | 368 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated October 1, 2021. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 10/01/2021) |
| 10/01/2021 | 369 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Ex. A Guerrier Email Sept. 8, 2021, # 2 Exhibit Ex. F Garlinghouse Tr. Dec. 12, 2017, # 3 Exhibit Ex. G Kanaan Tr. April 10, 2018, # 4 Exhibit Ex. H Beard Tr. Oct. 4, 2018, # 5 Exhibit Ex. I Will Tr. Dec. 11, 2017, # 6 Exhibit Ex. J Garlinghouse Tr. Oct. 4, 2016, # 7 Exhibit Ex. K Garlinghouse Tr. Dec. 14, 2017, # 8 Exhibit Ex. L Garlinghouse Tr. July 10, 2018, # 9 Exhibit Ex. M Garlinghouse Dep. Tr.)Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 10/01/2021) |
| 10/01/2021 | 370 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. A Filed Under Seal, # 2 Exhibit Ex. B Gulay Email Sept. 9, 2021, # 3 Exhibit Ex. C Waxman Email Sept. 9, 2021, # 4 Exhibit Ex. D Gulay Email Sept. 9, 2021, # 5 Exhibit Ex. E Gulay Email Sept. 9, 2021, # 6 Exhibit Ex. F Filed Under Seal, # 7 Exhibit Ex. G Filed Under Seal, # 8 Exhibit Ex. H Filed Under Seal, # 9 Exhibit Ex. I Filed Under Seal, # 10 Exhibit Ex. J Filed Under Seal, # 11 Exhibit Ex. K Filed Under Seal, # 12 Exhibit Ex. L Filed Under Seal, # 13 Exhibit Ex. M Filed Under Seal).(Guerrier, Pascale) (Entered: 10/01/2021) |
| 10/04/2021 | 371 | LETTER MOTION for Extension of Time to File Response/Reply as to 369 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated October 4, 2021. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 10/04/2021) |
| 10/04/2021 | 372 | ORDER denying 122 Motion to Intervene. For the reasons stated above, Movants' motion to intervene is DENIED. Movants shall be permitted to act as amici curiae, as described in this order. The Clerk of Court is directed to terminate the motion at ECF No. 122. SO ORDERED.. (Signed by Judge Analisa Torres on 10/4/2021) (kv) (Entered: 10/04/2021) |
| 10/04/2021 | 373 | ORDER granting 368 Letter Motion for Extension of Time to File Response/Reply addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated October 1, 2021. Defendants' request is GRANTED. Defendants may respond to the SEC's letter motion (ECF No. 367) no later than October 7, 2021. (Responses due by 10/7/2021.) (Signed by Magistrate Judge Sarah Netburn on 10/4/2021) (ras) Modified on 10/4/2021 (ras). (Entered: 10/04/2021) |
| 10/04/2021 | 374 | ORDER granting 371 Letter Motion for Extension of Time to File Response/Reply as to 369 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. Defendant Ripple's request is GRANTED. Defendant may respond to the SEC's letter motion (ECF No. 369) and file a motion to seal, if any, no later than October 8, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 10/04/2021) |

| | | |
|---|---|---|
| 10/07/2021 | 375 | LETTER addressed to Judge Analisa Torres from Mark R. Sylvester dated October 7, 2021 re: Supplemental Authority re Individual Defendants' Motions to Dismiss. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 10/07/2021) |
| 10/07/2021 | 376 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated October 7, 2021 re: 367 LETTER MOTION for Conference *to Seek a Protective Order against Excessive Requests for Admission* addressed to Magistrate Judge Sarah Netburn from Robert Moye dated September 30, 2021. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – 09/27/2021 Email from B. Oppenheimer to R. Moye, # 2 Exhibit B – Defendants' Sixth Set of Requests for Admission).(Kellogg, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 377 | MEMO ENDORSEMENT on re: 358 Letter filed by Bradley Garlinghouse. ENDORSEMENT: Defendants' request is GRANTED. The SEC shall submit the two documents related to the SEC's meetings with law firms and the email chain for in camera review, along with a submission explaining its privilege assertions for each of those documents, no later than October 15, 2021. The SEC shall file a redacted version of its submission on the public docket. Defendants' response is due no later than October 22, 2021. (Signed by Magistrate Judge Sarah Netburn on 10/7/2021) (ras) (Entered: 10/08/2021) |
| 10/08/2021 | 378 | ***SELECTED PARTIES***LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated 10/8/21 re: 369 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. . Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit Guerrier Email Aug. 26, 2021, # 2 Exhibit Garlinghouse Transcript, # 3 Exhibit Ripple Transcript)Motion or Order to File Under Seal: 53 .(Ceresney, Andrew) (Entered: 10/08/2021) |
| 10/08/2021 | 379 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated 10/8/21 re: 369 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Guerrier Email Aug. 26, 2021 (FILED UNDER SEAL), # 2 Exhibit B– Guerrier Email Sept. 21, 2021, # 3 Exhibit C– Gulay Emails Sept. 9, 28, 2021, # 4 Exhibit D– Garlinghouse Transcript (FILED UNDER SEAL), # 5 Exhibit E –Ripple Transcript (FILED UNDER SEAL)).(Ceresney, Andrew) (Entered: 10/08/2021) |
| 10/08/2021 | 380 | LETTER MOTION to Seal *(i) redacted portions of the SECs 10/1/21 letter−motion to compel, (ii) the exhibits the SEC filed under seal in support thereof, (iii) the redacted portions of Ripples 10/8/21 letter in response to the Motion to Compel and the exhibits filed under seal in support thereof* addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated 10/8/21. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 10/08/2021) |
| 10/12/2021 | 381 | LETTER addressed to Judge Analisa Torres from Matthew C. Solomon and Martin Flumenbaum dated October 12, 2021 re: response to the SEC's notice of supplemental authority in opposition to the Individual Defendants' Motions to Dismiss (related document 375 ). Document filed by Bradley Garlinghouse, Christian A. Larsen..(Solomon, Matthew) (Entered: 10/12/2021) |
| 10/12/2021 | 382 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated October 12, 2021 re: 367 LETTER MOTION for Conference *to Seek a Protective Order against Excessive Requests for Admission* addressed to Magistrate Judge Sarah Netburn from Robert Moye dated September 30, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)Motion or Order to File Under Seal: 53 .(Sylvester, Mark) (Entered: 10/12/2021) |
| 10/12/2021 | 383 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated October 12, 2021 re: 367 LETTER MOTION for Conference *to Seek a Protective Order against Excessive Requests for Admission* |

|  |  | addressed to Magistrate Judge Sarah Netburn from Robert Moye dated September 30, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B).(Sylvester, Mark) (Entered: 10/12/2021) |
|---|---|---|
| 10/13/2021 | 384 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated October 13, 2021 re: 369 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)Motion or Order to File Under Seal: 53 .(Sylvester, Mark) (Entered: 10/13/2021) |
| 10/13/2021 | 385 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated October 13, 2021 re: 370 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 1, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B).(Sylvester, Mark) (Entered: 10/13/2021) |
| 10/14/2021 | 386 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 14, 2021 re: 380 LETTER MOTION to Seal *(i) redacted portions of the SECs 10/1/21 letter–motion to compel, (ii) the exhibits the SEC filed under seal in support thereof, (iii) the redacted portions of Ripples 10/8/21 letter in response to the Motion to Compel and t . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 10/14/2021)* |
| 10/14/2021 | 387 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated October 14, 2021 re: 380 LETTER MOTION to Seal *(i) redacted portions of the SECs 10/1/21 letter–motion to compel, (ii) the exhibits the SEC filed under seal in support thereof, (iii) the redacted portions of Ripples 10/8/21 letter in response to the Motion to Compel and t . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 10/14/2021)* |
| 10/15/2021 | 388 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated October 15, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 10/15/2021) |
| 10/15/2021 | 389 | LETTER MOTION for Extension of Time to Complete Discovery *re Rebuttal Report Date and Expert Discovery Deadline* addressed to Judge Analisa Torres from Mark R. Sylvester dated October 15, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B).(Sylvester, Mark) (Entered: 10/15/2021) |
| 10/18/2021 | 390 | LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated 10/18/21 re: Opposing Letter Motion filed at ECF 389 for Extension of Time to Complete Discovery with Respect to Rebuttal Report Date and Expert Discovery Deadline. Document filed by Ripple Labs Inc.. (Attachments: # 1 Text of Proposed Order).(Ceresney, Andrew) (Entered: 10/18/2021) |
| 10/19/2021 | 391 | NOTICE OF CHANGE OF ADDRESS by Robin Linsenmayer on behalf of Christian A. Larsen. New Address: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 535 Mission St., 24th Fl, San Francisco, CA, USA 94105, 628–432–5117..(Linsenmayer, Robin) (Entered: 10/19/2021) |
| 10/19/2021 | 392 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from John E. Deaton dated 10/19/2021. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 10/19/2021) |
| 10/19/2021 | 393 | ORDER granting 380 Letter Motion to Seal. As set forth in Defendant Ripple's motion to seal, the following documents may be filed under seal: (i) redacted portions of the |

| | | |
|---|---|---|
| | | SEC's October 1, 2021 letter motion to compel recordings of Ripple meetings (ECF No. 369); (ii) exhibits the SEC filed under seal in support thereof (ECF No. 369–1 – 369–9); (iii) redacted portions of Defendant Ripple's October 8, 2021 letter in response to the motion to compel (ECF No. 378); and (iv) exhibits Defendant Ripple filed under seal in support thereof (ECF No. 378–1 – 378–3). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/19/2021) |
| 10/20/2021 | 394 | NOTICE OF CHANGE OF ADDRESS by Meredith Richardson Dearborn on behalf of Christian A. Larsen. New Address: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 535 Mission St., 24th Fl, San Francisco, California, USA 94105, 628–432–5100..(Dearborn, Meredith) (Entered: 10/20/2021) |
| 10/20/2021 | 395 | ORDER denying 392 Letter Motion to File Amicus Brief. The XRP Holders' request to submit a statement with respect to their interest in the scheduling of discovery is denied. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/20/2021) |
| 10/20/2021 | 396 | ORDER granting 389 Letter Motion for Extension of Time to Complete Discovery. The parties agree to extend the deadline to exchange expert rebuttal reports to November 12, 2021. They dispute, however, whether all expert discovery (including depositions) should be completed by December 10, 2021 (giving the parties 18 business days to conduct depositions) or January 14, 2022 (giving the parties 36 business days). The parties acknowledge that there are likely at least 14 expert witnesses that will be deposed. The Defendants believe these depositions can reasonably be conducted within 18 business days given the resources available to the SEC. They further argue that any further delay in resolving this case will cause serious harm to the interests of the Defendants and XRP holders. While the Court recognizes that both parties have dedicated substantial resources to prosecute this case, given the pending motions to dismiss and strike, and the previous adjournment of any deadline to file a motion for summary judgment, the additional time sought by the SEC will not affect the schedule to resolve this case. Rather, the additional time sought by the SEC will allow both sides to complete the outstanding fact discovery and properly prepare for expert depositions. Accordingly, the SEC's application is GRANTED. Expert discovery will be completed on January 14, 2022, with rebuttal reports exchanged by November 12, 2021. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/20/2021) |
| 10/21/2021 | 397 | ORDER granting in part and denying in part 326 Letter Motion to Compel; granting in part and denying in part 367 Letter Motion for Conference re: 326 LETTER MOTION to Compel Interrogatory Responses addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated August 31, 2021., 367 LETTER MOTION for Conference *to Seek a Protective Order against Excessive Requests for Admission* addressed to Magistrate Judge Sarah Netburn from Robert Moye dated September 30, 2021. Defendants' motion to compel is granted as to Ripple Interrogatory Nos. 2 and 11 and denied without prejudice as to Larsen Interrogatory No. 5. As to the rest of the interrogatories at issue, Defendants' motion is granted insofar as the SEC is ordered to supplement any responses that are unverified because they incorporate or refer to unverified statements, and to supplement any responses that incorporate by reference its responses to other interrogatories in accordance with Rule 33(b)(3). The SEC's motion for a protective order is granted as to the Sixth Set of Requests and denied as to the Fourth and Fifth Sets of Requests. Unless otherwise provided in this Order, the SEC must respond to these discovery demands within 45 days. The Clerk of Court is respectfully requested to grant in part and deny in part the motions at ECF No. 326 and 367. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 10/21/2021) (jca) (Entered: 10/21/2021) |
| 10/22/2021 | 398 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated October 22, 2021. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 10/22/2021) |
| 10/22/2021 | 399 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated October 22, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . |

| | | |
|---|---|---|
| | | Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A – SEC 9/2/2021 Privilege Log, # 2 Exhibit B – 10/23/2018 Law Firm Memo)Motion or Order to File Under Seal: 398 .(Solomon, Matthew) (Entered: 10/22/2021) |
| 10/22/2021 | 400 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated October 22, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. *[REDACTED]*. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A – SEC 9/2/2021 Privilege Log, # 2 Exhibit B – 10/23/2018 Law Firm Memo).(Solomon, Matthew) (Entered: 10/22/2021) |
| 10/28/2021 | 401 | ORDER granting 398 Letter Motion to Seal. As set forth in Defendants' motion to seal, the following documents may be filed under seal: Exhibits A and B to Defendants' October 22, 2021 letter response to the SEC's October 15, 2021 filing (ECF Nos. 399–1, 399–2). The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/28/2021) |
| 11/08/2021 | 402 | ORDER granting 370 Letter Motion. Ripple's search of its recorded meetings has been inadequate under the circumstances. While the Court recognizes that a human review of the recordings may be unreasonable, a reasonable search could include automated transcriptions of recordings (similar to the common technology used to transcribe voicemail messages) and the use of search terms. Accordingly, Ripple is ORDERED to conduct a reasonable search of the relevant video and audio–taped recordings and produce responsive documents. Because Ripple represents that it has more than 4,000 recordings, the parties are ORDERED to meet and confer to determine whether there are particular time periods when recordings are most likely to be responsive to the SEC's discovery demands. For example, meetings in the weeks preceding dates of significance may generate more probative material than meetings held at other times. Similarly, cross–references with the calendars for the Individual Defendants or other key employees may identify meetings of significance. In light of the close of discovery, Ripple is order to undertake such efforts without delay. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 11/08/2021) |
| 12/03/2021 | 403 | ORDER with respect to 289 Letter Motion for Conference re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. On November 29, 2021, the Court of Appeals issued a decision in Nat. Res. Def. Council v. U.S. Env't Prot. Agency, No. 20–cv–422, 2021 WL 5549405 (2d Cir. Nov. 29, 2021), addressing the scope of the deliberative process privilege. In light of this decision, by December 8, 2021, the parties shall simultaneously file letter briefs no longer than three pages to supplement their arguments concerning Defendants' motion to compel, ECF No. 289. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 12/3/2021) (tg) (Entered: 12/03/2021) |
| 12/08/2021 | 404 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated December 8, 2021 re: 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A).(Stewart, Ladan) (Entered: 12/08/2021) |
| 12/08/2021 | 405 | LETTER addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated December 8, 2021 re: Second Circuit's decision in NRDC v. EPA 403 . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 12/08/2021) |
| 12/10/2021 | 406 | LETTER MOTION for Extension of Time *to Take One Expert Deposition on January 19, 2022* addressed to Judge Analisa Torres from Mark R. Sylvester dated December 10, 2021. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A – Proposed Order).(Sylvester, Mark) (Entered: 12/10/2021) |

| 12/13/2021 | 407 | ORDER granting 406 Letter Motion for Extension of Time. The parties' request is GRANTED. The parties may conduct one final expert deposition on January 19, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 12/13/2021) |
|---|---|---|
| 01/06/2022 | 408 | LETTER addressed to Judge Analisa Torres from Mark R. Sylvester dated January 6, 2022 re: Supplemental Authority re SEC's Motion to Strike Ripple's Fourth Affirmative Defense. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A – SEC v. Fife).(Sylvester, Mark) (Entered: 01/06/2022) |
| 01/10/2022 | 409 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated January 10, 2022 re: Response to the SEC's notice of supplemental authority (ECF No. 408). Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 01/10/2022) |
| 01/12/2022 | 410 | LETTER MOTION for Extension of Time to Complete Discovery *(Agreed Motion)* addressed to Judge Analisa Torres from Benjamin J. Hanauer dated January 12, 2022. Document filed by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order Exhibit A (proposed order)).(Hanauer, Benjamin) (Entered: 01/12/2022) |
| 01/13/2022 | 411 | ORDER granting 410 Letter Motion for Extension of Time to Complete Discovery. Expert discovery shall be completed by February 28, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/13/2022) |
| 01/13/2022 | 412 | ORDER granting 98 Letter Motion to Seal. In light of the Court's decisions on the merits of Defendants' motions at ECF Nos. 59 and 67, Defendants' motion to seal is GRANTED. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/13/2022) |
| 01/13/2022 | 413 | OPINION & ORDER re: 290 LETTER MOTION for Conference *re: SEC privilege assertions [REDACTED]* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021, filed by Bradley Garlinghouse, 289 LETTER MOTION for Conference *re: SEC privilege assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated August 10, 2021, filed by Bradley Garlinghouse. Defendants' motion is GRANTED in part as to Parts A, C–F, H–K, N, and P of Entry 1 of Appendix A, and GRANTED in full as to Entry 9 of Appendix A. To the extent the SEC believes discrete portions of the notes in Entry 1 express the notetakers' own thinking or reflect deliberations or communications among SEC staff, the SEC may seek leave for limited redactions. Defendants' motion is otherwise DENIED. The SEC is further ordered to review its privilege log and produce, in full or in part, any documents previously withheld based on the privilege that would be inconsistent with this order. Respectfully, the Clerk of Court is directed to grant in part and deny in part the motions at ECF Nos. 289 and 290. (Signed by Magistrate Judge Sarah Netburn on 1/13/2022) (ras) (Entered: 01/13/2022) |
| 01/14/2022 | 414 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Christian A. Larsen..(Linsenmayer, Robin) (Entered: 01/14/2022) |
| 01/18/2022 | 415 | MEMO ENDORSEMENT on re: 414 Proposed Order for Withdrawal of Attorney filed by Christian A. Larsen. ENDORSEMENT: So Ordered. Attorney Robin Linsenmayer terminated. (Signed by Magistrate Judge Sarah Netburn on 1/18/2022) (js) (Entered: 01/18/2022) |
| 01/21/2022 | 416 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated January 21, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/21/2022) |
| 01/21/2022 | 417 | FIRST LETTER MOTION for Extension of Time *to File Objections* addressed to Judge Analisa Torres from Mark R. Sylvester dated January 21, 2022. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 01/21/2022) |
| 01/24/2022 | 418 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated January 24, 2022 re: 416 LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated January 21, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 01/24/2022) |

| 01/24/2022 | 419 | ORDER granting in part 416 Letter Motion for Extension of Time; granting in part 417 Letter Motion for Extension of Time. The SEC's request is granted in part. The SEC may file any motion for reconsideration by February 17, 2022, and the Defendants may file their response by February 25, 2022. No reply briefs are permitted. Briefs shall be limited to ten pages (double–spaced) and the publicly–filed versions should be minimally redacted. The SEC may submit 10 additional documents for in camera review, along with its motion. The deadline for either party to file an objection to District Judge Torres from the Court's January 13, 2022 Opinion & Order is stayed until 14 days from a decision on the motion for reconsideration. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 01/24/2022) |
|---|---|---|
| 01/27/2022 | 420 | LETTER addressed to Judge Analisa Torres from Mark R. Sylvester dated January 27, 2022 re: Supplemental Authority re SEC's Motion to Strike Ripple's Fourth Affirmative Defense. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A).(Sylvester, Mark) (Entered: 01/27/2022) |
| 01/27/2022 | 421 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated January 27, 2022 re: Response to the SEC's notice of supplemental authority (ECF No. 420). Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 01/27/2022) |
| 02/03/2022 | 422 | ORDER denying 104 Letter Motion to Seal; denying 170 Letter Motion to Seal; denying 221 Letter Motion to Seal; granting 225 Letter Motion to Seal; granting 229 Letter Motion for Leave to File Document. For the foregoing reasons, Defendants motions are GRANTED in part, and DENIED in part. Specifically, 1) Larsen's and Ripple's motions to seal the Legal Memos are DENIED. By February 17, 2022, Larsen and Ripple shall propose specific redactions that comply with the Court's Order. If they have not done so by that date, the Court shall direct the Clerk of Court to (a) unseal the legal memorandum at ECF Nos. 108–1, 130–1, and 179–1 and replace it with the redacted version at ECF No. 178–1, and (b) unseal the legal memorandum at ECF Nos. 108–2, 130–2, and 179–2 and replace it with the redacted version at 178–2. 2) Larsen's motion to seal Exhibit E is DENIED. By February 17, 2022, Larsen shall submit a letter to the Court explaining why Exhibit E should be sealed and propose specific redactions that comply with the Court's Order. If he has not done so by that date, the Court shall direct the Clerk of Court to unseal Exhibit E at ECF No. 179–3. 3) Larsen's motion to file redacted versions of the Larsen Memo, Larsen Reply, and SEC Opposition is DENIED. By February 17, 2022, Larsen shall propose specific redactions that comply with the Court's Order. If he has not done so by that date, the Court shall direct the Clerk of Court to unseal the Larsen Memo, ECF No. 106, the Larsen Reply, ECF No. 222, and the SEC Opposition, ECF No. 183. 4) Ripple's motion to file redacted versions of the Ripple Opposition and the SEC Memo is DENIED. By February 17, 2022, Ripple shall propose specific redactions that comply with the Court's Order. If it has not done so by that date, the Court shall direct the Clerk of Court to unseal the Ripple Opposition, ECF No. 127, and the SEC Memo, ECF No. 131. 5) Garlinghouse's motion to seal Exhibits K, L, and M is GRANTED. 6) The Clerk of Court is directed to unseal the documents at ECF Nos. 172–1, 179–4, and 179–5. 7) Ripple's motion for leave to file a sur–reply is GRANTED. By February 9, 2022, Ripple shall file its sur–reply. 8) The Clerk of Court is directed to terminate the motions at ECF Nos. 104, 170, 221, 225, and 229. SO ORDERED.. (Signed by Judge Analisa Torres on 2/3/2022) (kv) (Entered: 02/03/2022) |
| 02/03/2022 | | Set/Reset Deadlines: Surreplies due by 2/9/2022. (kv) (Entered: 02/03/2022) |
| 02/09/2022 | 423 | REPLY to Response to Motion re: 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense. SUR–REPLY IN OPPOSITION*. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A).(Kellogg, Michael) (Entered: 02/09/2022) |
| 02/10/2022 | 424 | LETTER MOTION for Conference *re SEC Privilege Assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 10, 2022. Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A 2022.01.20 SEC Privilege Log, # 2 Exhibit B 2022.01.20 Ltr. from SEC, # 3 Exhibit C 2022.01.28 Ltr. from Defendants, # 4 Exhibit D 2022.02.02 Ltr. from SEC, # 5 Exhibit E 2018.11.14 Email from B. Garlinghouse, # 6 Exhibit F 2021.09.20 Garlinghouse Dep. Tr., # 7 Exhibit G 2018.08.20 SEC Memo).(Solomon, Matthew) (Entered: 02/10/2022) |

| 02/11/2022 | 425 | LETTER MOTION for Extension of Time *to Respond to Defendant Garlinghouse's Motion to Compel (D.E. 424)* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated February 11, 2022. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 02/11/2022) |
|---|---|---|
| 02/11/2022 | 426 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 11, 2022 re: 425 LETTER MOTION for Extension of Time *to Respond to Defendant Garlinghouse's Motion to Compel (D.E. 424)* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated February 11, 2022. . Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 02/11/2022) |
| 02/11/2022 | 427 | ORDER granting 425 Letter Motion for Extension of Time. The SEC shall file its response to Defendants' letter motion (ECF No. 424) on February 24, 2022. At that time, the SEC is further ORDERED to email to chambers the challenged "Estabrook Notes" for in camera review. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 02/11/2022) |
| 02/17/2022 | 428 | LETTER addressed to Judge Analisa Torres from Martin Flumenbaum and Andrew J. Ceresney dated February 17, 2022 re: Response to the Court's 2/3/22 Order. Document filed by Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit E–Proposed Redaction).(Flumenbaum, Martin) (Entered: 02/17/2022) |
| 02/17/2022 | 429 | LETTER MOTION for Discovery *re: Partial Reconsideration and Clarification* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated February 17, 2022. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G).(Stewart, Ladan) (Entered: 02/17/2022) |
| 02/18/2022 | 430 | ORDER re: 428 Letter, filed by Christian A. Larsen, Ripple Labs Inc.. The Court has reviewed Defendants Ripple Labs, Inc. and Christian A. Larsen's letter and proposed redactions to Exhibit E. See ECF Nos. 428, 428–1. Accordingly, the Clerk of Court is directed to unseal ECF Nos. 106, 108–1, 108–2, 130–1, 130–2, 131, 172, 179–1, 179–2, 183, and 222. The Clerk of Court is further directed to strike ECF No. 179–3 from the docket. The document at ECF No. 428–1 shall be considered ECF No. 179–3. SO ORDERED. (Signed by Judge Analisa Torres on 2/18/22) (kv) (Entered: 02/18/2022) |
| 02/22/2022 | 431 | LETTER MOTION for Leave to File Sur–Sur–Reply addressed to Judge Analisa Torres from Benjamin Hanauer dated 02/22/2022. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. 1 – Sur–Sur–Reply).(Hanauer, Benjamin) (Entered: 02/22/2022) |
| 02/22/2022 | 432 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated 02/22/2022 re: Response to the SEC's Letter Motion Seeking Leave to Submit a Sur–sur–reply. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 02/22/2022) |
| 02/23/2022 | 433 | ORDER: denying 431 Letter Motion for Leave to File Document. DENIED. SO ORDERED. (Signed by Judge Analisa Torres on 2/23/2022) (ama) (Entered: 02/23/2022) |
| 02/24/2022 | 434 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated February 24, 2022 re: 424 LETTER MOTION for Conference *re SEC Privilege Assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 10, 2022. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Stewart, Ladan) (Entered: 02/24/2022) |
| 02/25/2022 | 435 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Christian A. Larsen..(Ward, Justin) (Entered: 02/25/2022) |
| 02/25/2022 | 436 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 25, 2022 re: 429 LETTER MOTION for Discovery *re: Partial Reconsideration and Clarification* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated February 17, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Hinman Declaration, # 2 Exhibit B – SEC Motion to |

| | | |
|---|---|---|
| | | Quash, # 3 Exhibit C – Excerpt from Hinman Depo Transcript, # 4 Exhibit D – SEC v. LBRY – Motion Hearing).(Solomon, Matthew) (Entered: 02/25/2022) |
| 02/28/2022 | 437 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon and Nowell D. Bamberger dated February 28, 2022 re: 424 LETTER MOTION for Conference *re SEC Privilege Assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 10, 2022. . Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 02/28/2022) |
| 02/28/2022 | 438 | MEMO ENDORSEMENT on re: 435 Proposed Order for Withdrawal of Attorney filed by Christian A. Larsen. Attorney Justin David Ward terminated. (Signed by Magistrate Judge Sarah Netburn on 2/28/2022) (ras) (Entered: 02/28/2022) |
| 03/11/2022 | 439 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 11, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Supplemental Expert Report of Albert Metz, # 2 Exhibit B – Amended Opening Expert Report of Albert Metz, # 3 Exhibit C – Expert Rebuttal Report of Albert Metz, # 4 Exhibit D – Expert Rebuttal Report of M. Laurentius Marais, # 5 Exhibit E – Expert Rebuttal Report of Daniel R. Fischel).(Kellogg, Michael) (Entered: 03/11/2022) |
| 03/11/2022 | 440 | ORDER denying 128 Motion to Strike docket entry and document 128 MOTION to Strike Document No. 51 *Motion to Strike Defendant Ripple Labs, Inc.'s Fourth Affirmative Defense.* filed by Securities and Exchange Commission, 51 Answer to Amended Complaint filed by Ripple Labs Inc. from the record. For the foregoing reasons, the SEC's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 128. SO ORDERED.. (Signed by Judge Analisa Torres on 3/11/2022) (kv) (Entered: 03/11/2022) |
| 03/11/2022 | 441 | ORDER denying 105 Motion to Dismiss; denying 110 Motion to Dismiss. For the foregoing reasons, the Individual Defendants' motions are DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 105 and 110. SO ORDERED.. (Signed by Judge Analisa Torres on 3/11/2022) (kv) (Entered: 03/11/2022) |
| 03/14/2022 | 442 | LETTER MOTION for Extension of Time *to File Response to Defendants' Motion to Strike Dr. Metz's Supplemental Expert Report* addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated March 14, 2022. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 03/14/2022) |
| 03/14/2022 | 443 | ORDER granting 442 Letter Motion for Extension of Time. The SEC's response to Defendants' motion is due by March 18, 2022. Defendants' reply, if any, is due by March 24, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/14/2022) |
| 03/14/2022 | 444 | ORDER: In light of the Court's March 11, 2022 order denying Defendant Larsen's and Defendant Garlinghouse's motions to dismiss, the parties are directed to meet and confer to determine what, if any, additional discovery is necessary. The parties shall file a joint letter by March 23, 2022, informing the Court of any additional discovery they intend to seek. The letter should propose a schedule for the efficient completion of this discovery. (Signed by Magistrate Judge Sarah Netburn on 3/14/22022) (ras) (Entered: 03/14/2022) |
| 03/14/2022 | 445 | LETTER addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated March 14, 2022 re: Pending Motions in Light of D.E. 441. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B).(Sylvester, Mark) (Entered: 03/14/2022) |
| 03/15/2022 | 446 | CONSENT LETTER MOTION for Extension of Time to File *response to SEC's letter regarding Pending Motions in Light of D.E. 441* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated March 15, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 03/15/2022) |
| 03/16/2022 | 447 | ORDER granting 446 Letter Motion for Extension of Time to File. Defendants' request is GRANTED. Defendants' response to the SEC's letter, ECF No. 445, is due by March 21, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only |

| | | |
|---|---|---|
| | | Order) (ras) (Entered: 03/16/2022) |
| 03/18/2022 | 448 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Robert Moye dated March 18, 2022 re: 439 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 11, 2022. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, Metz deposition transcript pages).(Moye, Robert) (Entered: 03/18/2022) |
| 03/21/2022 | 449 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated March 21, 2022. Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 03/21/2022) |
| 03/21/2022 | 450 | LETTER addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated March 21, 2022 re: SEC's March 14 Letter (ECF No. 445 ). Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 03/21/2022) |
| 03/21/2022 | 451 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 21, 2022 re: 449 LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated March 21, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 03/21/2022) |
| 03/23/2022 | 452 | ORDER granting 449 Letter Motion for Extension of Time. The SEC's request is GRANTED. The SEC shall inform the Court of its position on whether any additional discovery is required within a week of the filing of the Individual Defendants' answers. The parties are directed to meet and confer as to a briefing schedule for summary judgment motions. The parties shall submit a joint proposed schedule for the Court's approval no later than one week after the SEC's submission. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 03/23/2022) |
| 03/23/2022 | 453 | CONSENT LETTER MOTION for Extension of Time to File Answer re: 46 Amended Complaint addressed to Judge Analisa Torres from Martin Flumenbaum and Matthew C. Solomon dated March 23, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen..(Flumenbaum, Martin) (Entered: 03/23/2022) |
| 03/23/2022 | 454 | LETTER addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated March 23, 2022 re: Leave to Redact Notes Pursuant to 1/13/22 Order (Dkt. 413). Document filed by Securities and Exchange Commission. (Attachments: # 1 Szczepanik Declaration, # 2 Seaman Declaration, # 3 Ingram Declaration).(Guerrier, Pascale) (Entered: 03/23/2022) |
| 03/24/2022 | 455 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 24, 2022 re: 439 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated March 11, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 03/24/2022) |
| 03/25/2022 | 456 | ORDER granting 453 Letter Motion for Extension of Time to Answer. The Individual Defendants' request is GRANTED. The Individual Defendants' answers are due no later than April 8, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/25/2022) |
| 03/25/2022 | 457 | CONSENT LETTER MOTION for Extension of Time *to file response to the SEC's request for leave to redact notes* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated March 25, 2022. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 03/25/2022) |
| 03/28/2022 | 458 | ORDER granting 457 Letter Motion for Extension of Time. The SEC is directed to produce the redacted documents for Defendants' assessment by March 30, 2022. Defendants' response is due April 4, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/28/2022) |
| 04/04/2022 | 459 | LETTER addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated April 4, 2022 re: response to the SEC's request for leave to redact portions of handwritten notes by SEC staff (ECF No. 454 ).. Document filed by Bradley |

| | | Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 04/04/2022) |
|---|---|---|
| 04/05/2022 | 460 | ORDER: The Court has reviewed the SEC's letter requesting leave to redact portions of four sets of handwritten notes by SEC staff. The SEC is ORDERED to submit its proposed redactions for in camera review by April 8, 2022. (Signed by Magistrate Judge Sarah Netburn on 4/5/2022) (ras) (Entered: 04/05/2022) |
| 04/06/2022 | 461 | LETTER addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated April 6, 2022 re: Amended Declaration of V. Szczepanik. Document filed by Securities and Exchange Commission. (Attachments: # 1 Amended Declaration of V. Szczepanik).(Guerrier, Pascale) (Entered: 04/06/2022) |
| 04/08/2022 | 462 | ANSWER to 46 Amended Complaint with JURY DEMAND. Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 04/08/2022) |
| 04/08/2022 | 463 | ANSWER to 46 Amended Complaint with JURY DEMAND. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 04/08/2022) |
| 04/11/2022 | 464 | MEMO ENDORSEMENT on re: 454 Letter, filed by Securities and Exchange Commission. ENDORSEMENT: The Court has reviewed the SEC's proposed redactions. The SEC's request is GRANTED. (Signed by Magistrate Judge Sarah Netburn on 4/11/2022) (ras) (Entered: 04/11/2022) |
| 04/11/2022 | 465 | OPINION & ORDER re: 429 LETTER MOTION for Discovery *re: Partial Reconsideration and Clarification* addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated February 17, 2022, filed by Securities and Exchange Commission. The SEC's motion for reconsideration is DENIED and its motion for clarification is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 429. (Signed by Magistrate Judge Sarah Netburn on 4/11/2022) (ras) (Entered: 04/11/2022) |
| 04/15/2022 | 466 | LETTER addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated April 15, 2022 re: Discovery Pursuant to D.E. 452. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 04/15/2022) |
| 04/15/2022 | 467 | LETTER MOTION for Extension of Time *to File Objections to January 13, 2022 and April 11, 2022 Orders* addressed to Judge Analisa Torres from Mark R. Sylvester dated April 15, 2022. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 04/15/2022) |
| 04/19/2022 | 468 | ORDER denying 424 LETTER MOTION for Conference *re SEC Privilege Assertions* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated February 10, 2022. Garlinghouse's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 424. (Signed by Magistrate Judge Sarah Netburn on 4/19/2022) (ras) (Entered: 04/19/2022) |
| 04/19/2022 | 469 | ORDER denying 439 Letter Motion for Local Rule 37.2 Conference. Defendants' motion to strike Dr. Metz's supplemental report is DENIED. Expert discovery is reopened until May 13, 2022, to re–depose Dr. Metz as to the analysis in his supplemental report and to permit the filing of any supplemental report by Defendants responding to Dr. Metz's report. The SEC is ordered to pay Defendants for reasonable expenses incurred in filing their motion to strike and re–deposing Dr. Metz. The parties are ordered to meet and confer and reach agreement on a reasonable fee award. If the parties cannot reach agreement, Defendants may accept 10 hours at the average hourly rate for counsel who worked on this motion after removing the highest and lowest hourly rate, plus four hours for Dr. Metz's deposition. In the alternative, any motion for attorneys' fees shall be filed by May 13, 2022. The Clerk of Court is respectfully directed to deny the motion at ECF No. 439. (Signed by Magistrate Judge Sarah Netburn on 4/19/2022) (ras) (Entered: 04/19/2022) |
| 04/19/2022 | 470 | ORDER granting 467 Letter Motion for Extension of Time. GRANTED. SO ORDERED. (Signed by Judge Analisa Torres on 4/19/2022) (jca) (Entered: 04/19/2022) |
| 04/22/2022 | 471 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated April 22, 2022 re: briefing schedule for summary judgment motions and motions to exclude the testimony of experts. Document filed by Bradley Garlinghouse, |

| | | Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 04/22/2022) |
|---|---|---|
| 04/28/2022 | 472 | ORDER: The Court has reviewed the parties' letter dated April 22, 2022. ECF No. 471. Accordingly, 1. By July 12, 2022, the parties shall file any motions to exclude expert testimony. By August 9, 2022, the parties shall file their oppositions. By August 30, 2022, the parties shall file replies, if any. Each motion to exclude expert testimony and response will be limited to 15 pages per side. Either party may move the Court to file an omnibus motion and propose an appropriate page length. 2. By September 13, 2022, the parties shall file any motions for summary judgment and Rule 56.1 statements. By October 18, 2022, the parties shall file their oppositions and responses to Rule 56.1 statements. By November 15, 2022, the parties shall file replies, if any. If Defendants choose to file separate motions, their motions and oppositions will be limited to 30 pages, and their replies, if any, will be limited to 15 pages. If Defendants choose to file a joint motion, their motion and opposition will be limited to 75 pages, and their reply, if any, will be limited to 45 pages. The Securities and Exchange Commission's motion and opposition will be limited to 75 pages, and its reply will be limited to 45 pages. SO ORDERED. ( Motions due by 9/13/2022., Responses due by 10/18/2022, Replies due by 11/15/2022.) (Signed by Judge Analisa Torres on 4/28/2022) (tg) (Entered: 04/28/2022) |
| 04/29/2022 | 473 | LETTER addressed to Magistrate Judge Sarah Netburn from Mark R. Sylvester dated April 29, 2022 re: SEC's Assertion of Attorney–Client Privilege. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 04/29/2022) |
| 05/02/2022 | 474 | LETTER MOTION for Extension of Time *to respond to the SEC's letter brief setting forth its assertions that internal documents related to a speech given by a former SEC official, ECF No. 473 are protected from disclosure by the attorney–client privilege* addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated May 2, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 05/02/2022) |
| 05/03/2022 | 475 | ORDER granting 474 Letter Motion for Extension of Time. Defendants' request is GRANTED. Defendants' response to the SEC's letter brief is due by May 13, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 05/03/2022) |
| 05/03/2022 | 476 | LETTER MOTION for Leave to File Reply *(Re: D.E. 473 & D.E. 474)* addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 3, 2022. Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 05/03/2022) |
| 05/03/2022 | 477 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated May 3, 2022 re: 476 LETTER MOTION for Leave to File Reply *(Re: D.E. 473 & D.E. 474)* addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 3, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 05/03/2022) |
| 05/04/2022 | 478 | ORDER granting 476 Letter Motion for Leave to File Document. The SEC's reply is due by May 18, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/04/2022) |
| 05/13/2022 | 479 | JOINT LETTER MOTION for Extension of Time *re motion for attorney's fees* addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 13, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/13/2022) |
| 05/13/2022 | 480 | LETTER addressed to Magistrate Judge Sarah Netburn from Matthew C. Solomon dated May 13, 2022 re: response to SEC's April 29 letter regarding attorney–client privilege 473 . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Hinman Declaration, # 2 Exhibit B – Hinman Deposition Transcript Excerpts).(Solomon, Matthew) (Entered: 05/13/2022) |
| 05/16/2022 | 481 | ORDER granting 479 Letter Motion for Extension of Time. Any motion for attorneys' fees as described in the Court's April 19, 2022 order, ECF No. 469, is due by May 27, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/16/2022) |

| 05/17/2022 | 482 | CONSENT LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 17, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Zornberg, Lisa) (Entered: 05/17/2022) |
|---|---|---|
| 05/18/2022 | 483 | ORDER granting 482 Letter Motion for Leave to File Excess Pages. Defendants' request is GRANTED. Defendants' anticipated motion may not exceed 7 pages and is due no later than May 23, 2022. The SEC's opposition may not exceed 7 pages and is due within 10 business days of the filing of Defendants' motion (or no later than June 7, 2022). Defendants' reply, if any, may not exceed 4 pages and is due within 7 business days of the SEC's opposition (no later than June 16, 2022). (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 05/18/2022) |
| 05/18/2022 | 484 | LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – (REDACTED) SEC RFA Responses, # 2 Exhibit B – Email Correspondence from L. Zornberg to SEC).(Zornberg, Lisa) (Entered: 05/18/2022) |
| 05/18/2022 | 485 | **FILING ERROR – DEFICIENT DOCKET ENTRY – FILER ERROR –(SEE #486)** ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – SEC RFA Responses, # 2 Exhibit B – Email Correspondence from L. Zornberg to SEC)Motion or Order to File Under Seal: 53 .(Zornberg, Lisa) Modified on 5/19/2022 (kj).(As Per Email Request on 5/19/22 @8:07am). (Entered: 05/18/2022) |
| 05/18/2022 | 486 | ***SELECTED PARTIES*** LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A – (SEALED) SEC RFA Responses, # 2 Exhibit B – Email Correspondence from L. Zornberg to SEC)Motion or Order to File Under Seal: 53 .(Zornberg, Lisa) (Entered: 05/18/2022) |
| 05/18/2022 | 487 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 18, 2022 re: 476 LETTER MOTION for Leave to File Reply *(Re: D.E. 473 & D.E. 474)* addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 3, 2022. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Ex. A Larsen Tr., # 2 Exhibit Ex. B. Zagone Tr., # 3 Exhibit Ex. C O'Gorman Tr.)Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 05/18/2022) |
| 05/18/2022 | 488 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 18, 2022 re: 476 LETTER MOTION for Leave to File Reply *(Re: D.E. 473 & D.E. 474)* addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 3, 2022. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. A Larsen Dep. Tr., # 2 Exhibit Ex. B Zagone Dep. Tr., # 3 Exhibit Ex. C O'Gorman Dep. Tr., # 4 Exhibit Ex. D July 2021 Hearing Tr.).(Guerrier, Pascale) (Entered: 05/18/2022) |
| 05/21/2022 | 489 | LETTER MOTION to File Amicus Brief *regarding Daubert issues related to opinions of Patrick B. Doody* addressed to Judge Analisa Torres from John E. Deaton dated 05.21.22. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Exhibit 1: 04.27.22 Letter from Attorney Deaton, Amici Counsel to Parties re: information related to amici participation, # 2 Exhibit 2: 05.02.22 Reply Letter from Attorney Guerrier, Plaintiff's Counsel to Amici Counsel, # 3 Exhibit 3: 05.05.22 Reply Letter from Attorney Zornberg, Defense Counsel to Amici Counsel, # 4 Exhibit 4: 05.05.22 Reply Letter from Attorney Deaton, Amici Counsel to Attorney Zornberg, # 5 Exhibit 5: 05.10.22 Letter from Amici Counsel to Parties requesting copy of Plaintiff's Expert Report, # 6 Exhibit 6: 05.11.22 Email from Attorney Guerrier to Attorney Zornberg designating Plaintiff's Expert's report as confidential, # 7 Exhibit 7: 05.11.22 Letter from Attorney |

| | | |
|---|---|---|
| | | Guerrier to Amici Counsel notifying Amici of the SEC's objection, # 8 Exhibit 8: 12.20.19 Expert Report of Patrick B. Doody).(Deaton, John) (Entered: 05/21/2022) |
| 05/24/2022 | 490 | LETTER MOTION for Extension of Time to File Response/Reply *to Letter by Amici Curiae* addressed to Judge Analisa Torres from Ladan F. Stewart dated May 24, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 05/24/2022) |
| 05/25/2022 | 491 | ORDER granting 490 Letter Motion for Extension of Time to File Response/Reply re 490 LETTER MOTION for Extension of Time to File Response/Reply *to Letter by Amici Curiae* addressed to Judge Analisa Torres from Ladan F. Stewart dated May 24, 2022. GRANTED. SO ORDERED. Responses due by 6/7/2022 Replies due by 6/10/2022.. (Signed by Judge Analisa Torres on 5/25/2022) (kv) (Entered: 05/25/2022) |
| 05/27/2022 | 492 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael K. Kellogg dated May 27, 2022 re: Fee Award. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 05/27/2022) |
| 05/31/2022 | 493 | ORDER: A conference is scheduled for Tuesday, June 07, 2022, at 3:00 p.m. to discuss the SEC's renewed assertion of attorney–client privilege as to internal documents related to then–Director Hinmans June 14, 2018 speech. See ECF No. 473. The conference shall take place in Courtroom 23B, Daniel P. Moynihan Courthouse, 500 Pearl Street, New York, New York. The parties are required to comply with the Court's most recent COVID–19 safety guidance, including courtroom and entry protocols. Information about the Court's protocols is available at: https://nysd.uscourts.gov/covid–19–coronavirus. The parties should plan to arrive at least 30 minutes in advance to complete the entry screening process. (Discovery Hearing set for 6/7/2022 at 03:00 PM in Courtroom 23B, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 5/31/2022) (ras) (Entered: 05/31/2022) |
| 05/31/2022 | 494 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated May 31, 2022 re: 486 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022., 484 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 05/31/2022) |
| 06/01/2022 | 495 | ORDER: A conference is scheduled for Tuesday, June 7, 2022, at 3:00 p.m. ECF No. 493. Members of the public may listen to the proceedings at the following numbers: USA: (877) 226–8215 International: (409) 207–6982 Access Code: 4713826 # Unauthorized recording and rebroadcasting of the conference (e.g., YouTube, Twitch, audio–only streams, etc.) is strictly prohibited. Any unauthorized recordings will be investigated, and anyone found to engage in such behaviors may be subject to criminal sanctions. (Signed by Magistrate Judge Sarah Netburn on 6/1/2022) (ras) (Entered: 06/01/2022) |
| 06/07/2022 | 496 | ORDER: Due to a scheduling conflict, the conference scheduled in this case for 3:00 p.m. is RESCHEDULED for 3:30 p.m. The public is referred to the Order at ECF No. 495 for dial in information, which remains the same. SO ORDERED. Telephone Conference set for 6/7/2022 at 03:30 PM before Magistrate Judge Sarah Netburn. (Signed by Magistrate Judge Sarah Netburn on 6/7/2022) (mml) (Entered: 06/07/2022) |
| 06/07/2022 | 497 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated June 7, 2022 re: 486 LETTER MOTION for Local Rule 37.2 Conference addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated May 18, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Zornberg, Lisa) (Entered: 06/07/2022) |
| 06/07/2022 | 498 | LETTER MOTION to Seal *SEC's Opposition to Amici Motion* addressed to Judge Analisa Torres from Ladan F. Stewart dated June 7, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 06/07/2022) |
| 06/07/2022 | 499 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated June 7, 2022 re: 489 LETTER MOTION to File Amicus Brief *regarding Daubert issues related to opinions* |

| | | |
|---|---|---|
| | | *of Patrick B. Doody* addressed to Judge Analisa Torres from John E. Deaton dated 05.21.22. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)Motion or Order to File Under Seal: 498 .(Stewart, Ladan) (Entered: 06/07/2022) |
| 06/07/2022 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Discovery Hearing held on 6/7/2022. (ras) (Entered: 06/22/2022) |
| 06/08/2022 | 500 | LETTER addressed to Judge Analisa Torres from John E. Deaton dated June 8, 2022 re: Letter–Motion clarification. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 06/08/2022) |
| 06/09/2022 | 501 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Michael K. Kellogg dated June 9, 2022 re: 498 LETTER MOTION to Seal *SEC's Opposition to Amici Motion* addressed to Judge Analisa Torres from Ladan F. Stewart dated June 7, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/09/2022) |
| 06/09/2022 | 502 | ORDER: Accordingly, by June 14, 2022, the SEC shall file a redacted version of the brief and its exhibits, under seal, that redacts information "only to the extent necessary to safeguard information sought to be filed under seal." Individual Practices in Civil Cases, Rule IV.A.ii. By June 14, 2022, the SEC shall also file a letter explaining its proposed redactions and specifying which exhibits it seeks to seal. "To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents." Id. SO ORDERED. (Signed by Judge Analisa Torres on 6/9/2022) (ks) Modified on 6/9/2022 (ks). (Entered: 06/09/2022) |
| 06/10/2022 | 503 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Andrew J Ceresney dated June 10, 2022 re: Response to Letter Motion to File Amicus Brief Regarding Daubert Issues. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1) Email from L Zornberg to SEC)Motion or Order to File Under Seal: 502 .(Ceresney, Andrew) (Entered: 06/10/2022) |
| 06/10/2022 | 504 | LETTER addressed to Judge Analisa Torres from Andrew J Ceresney dated June 10, 2022 re: Sealing of Defendants' Response to Amici Letter. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 06/10/2022) |
| 06/10/2022 | 505 | LETTER MOTION to Seal *Re D.E. 486–1* addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated June 10, 2022. Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 06/10/2022) |
| 06/13/2022 | 506 | ORDER granting 505 Letter Motion to Seal. As set forth in the SEC's motion to seal, selected portions of Exhibit A to Defendants' letter motion at ECF No. 486 may be filed under seal. The motion is granted on an interim basis, and the Court may reconsider its ruling when it considers the merits of the underlying motion. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/13/2022) |
| 06/14/2022 | 507 | ORDER: The Court previously permitted the SEC to submit 10 exemplar documents for in camera review in connection with its motion for partial reconsideration of the Court's January 13, 2022 order. See ECF No. 419. On the basis of attorney–client privilege, the SEC seeks to withhold these and other documents described in Attachment 1 to the SEC's February 17, 2022 motion for partial reconsideration. See ECF No. 429 at 12–18; ECF No. 473 at 2, 5. The Court has reviewed the 10 exemplar documents previously in the context of the deliberative process privilege but has not reviewed any other documents listed in Attachment 1. To facilitate the Court's review of the communications to which the SEC claims the attorney–client privilege applies, by June 16, 2022, the SEC may submit 10 additional documents listed in Attachment 1 for in camera review. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on |

| | | |
|---|---|---|
| | | 6/14/2022) (mml) (Entered: 06/14/2022) |
| 06/14/2022 | 508 | LETTER MOTION to Seal *SEC's Opposition to Amici Motion* addressed to Judge Analisa Torres from Ladan F. Stewart dated June 14, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 06/14/2022) |
| 06/14/2022 | 509 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated June 7, 2022 re: 489 LETTER MOTION to File Amicus Brief *regarding Daubert issues related to opinions of Patrick B. Doody* addressed to Judge Analisa Torres from John E. Deaton dated 05.21.22. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)Motion or Order to File Under Seal: 508 .(Stewart, Ladan) (Entered: 06/14/2022) |
| 06/15/2022 | 510 | LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated June 15th, 2022 re: Defendants Ripple Labs, Bradley Garlinghouse and Christian A. Larsen's response to the SEC's letter motion to seal 508 . Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 06/15/2022) |
| 06/16/2022 | 511 | LETTER addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated June 16, 2022 re: D.E. 507. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Attachment 1 (Revised Summary Chart of Entries on SEC Privilege Logs)).(Guerrier, Pascale) (Entered: 06/16/2022) |
| 06/17/2022 | 512 | LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated June 17, 2022 re: LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated June 15, 2022 510 . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 06/17/2022) |
| 06/21/2022 | 513 | ORDER: The Court has reviewed Defendants' response to the Securities and Exchange Commission's (the "SEC's") opposition brief and their letter regarding the sealing of that response. (See ECF Nos. 503, 504. Defendants state that they wish to file their entire response on the public docket, but that they filed it under seal because of the Court's pending ruling on the SEC's motion to seal. ECF No. 504. Accordingly, by June 23, 2022, the SEC shall file any proposed redactions to Defendants' response and a letter explaining its proposal. SO ORDERED. (Signed by Judge Analisa Torres on 6/21/2022) (vfr) (Entered: 06/21/2022) |
| 06/23/2022 | 514 | LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated June 23, 2022 re: Proposed Redactions to Defendants' Letter [ECF 503 and 504]. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 06/23/2022) |
| 06/23/2022 | 515 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated June 23, 2022 re: Proposed Redactions to Defendants' Letter [ECF 503 and 504]. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A)Motion or Order to File Under Seal: 514 .(Stewart, Ladan) (Entered: 06/23/2022) |
| 06/24/2022 | 516 | TRANSCRIPT of Proceedings re: CONFERENCE held on 6/7/2022 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Kelly Surina, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/15/2022. Redacted Transcript Deadline set for 7/25/2022. Release of Transcript Restriction set for 9/22/2022..(McGuirk, Kelly) (Entered: 06/24/2022) |
| 06/24/2022 | 517 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 6/7/2022 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 06/24/2022) |

| 06/27/2022 | <u>518</u> | LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated 6/27/2022 re: Proposed Redactions to Defendants' Letter [ECF 503 and 504]. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 06/27/2022) |
| --- | --- | --- |
| 07/05/2022 | <u>519</u> | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Chiseul Kim to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–26367770. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Text of Proposed Order Granting Pro Hac Vice Admission).(Kim, Chiseul) Modified on 7/6/2022 (sgz). (Entered: 07/05/2022) |
| 07/05/2022 | <u>520</u> | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Clayton J. Masterman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26367869. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Text of Proposed Order Granting Pro Hac Vice Admission).(Masterman, Clayton) Modified on 7/6/2022 (sgz). (Entered: 07/05/2022) |
| 07/06/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. <u>519</u> MOTION for Chiseul Kim to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–26367770. Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): Affidavit Not Notarized; Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (sgz)** (Entered: 07/06/2022) |
| 07/06/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. <u>520</u> MOTION for Clayton J. Masterman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26367869. Motion and supporting papers to be reviewed by Clerk's Office staff. The filing is deficient for the following reason(s): Affidavit Not Notarized;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (sgz)** (Entered: 07/06/2022) |
| 07/06/2022 | <u>521</u> | AMENDED MOTION for Chiseul Kim to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Text of Proposed Order Granting Pro Hac Vice Admission).(Kim, Chiseul) (Entered: 07/06/2022) |
| 07/06/2022 | <u>522</u> | AMENDED MOTION for Clayton J. Masterman to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Text of Proposed Order Granting Pro Hac Vice Admission).(Masterman, Clayton) (Entered: 07/06/2022) |
| 07/06/2022 | <u>523</u> | LETTER MOTION for Leave to File Omnibus Daubert Motion addressed to Judge Analisa Torres from Securities and Exchange Commission dated July 6, 2022., LETTER MOTION for Leave to File Excess Pages addressed to Judge Analisa Torres from Securities and Exchange Commission dated July 6, 2022. Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 07/06/2022) |
| 07/07/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>521</u> AMENDED MOTION for Chiseul Kim to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 07/07/2022) |
| 07/07/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>522</u> AMENDED MOTION for Clayton J. Masterman to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 07/07/2022) |

| 07/07/2022 | 524 | ORDER granting <u>521</u> Motion for Chiseul Kim to Appear Pro Hac Vice. Chiseul Kim may appear on behalf of Defendant Ripple Labs, Inc. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 07/07/2022) |
|---|---|---|
| 07/07/2022 | 525 | ORDER granting <u>522</u> Motion for Clayton J. Masterman to Appear Pro Hac Vice. Clayton J. Masterman may appear on behalf of Defendant Ripple Labs, Inc. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 07/07/2022) |
| 07/07/2022 | <u>526</u> | ORDER granting <u>523</u> Letter Motion for Leave to File Document; granting <u>523</u> Letter Motion for Leave to File Excess Pages. GRANTED. SO ORDERED.. (Signed by Judge Analisa Torres on 7/7/2022) (kv) (Entered: 07/07/2022) |
| 07/10/2022 | <u>527</u> | LETTER MOTION to Seal *and request for expedited briefing schedule* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 10, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 07/10/2022) |
| 07/11/2022 | <u>528</u> | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated July 11, 2022 re: <u>527</u> LETTER MOTION to Seal *and request for expedited briefing schedule* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 10, 2022. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/11/2022) |
| 07/11/2022 | <u>529</u> | ORDER granting in part and denying in part <u>498</u> Letter Motion to Seal; granting in part and denying in part <u>508</u> Letter Motion to Seal. For the foregoing reasons, the parties' motions are GRANTED in part, and DENIED in part. Specifically, 1) The SEC's request to redact language in the SEC Letter is GRANTED, and Defendants' request to redact the citation to Exhibit O in the SEC Letter is DENIED. 2) The SEC's request to redact language in the Defendants' Letter, with the exception of the redaction of footnote one, is GRANTED. The SEC's request to redact footnote one is DENIED. 3) The SEC's request to seal Exhibits D, E, F, G, and P to the SEC Letter and redact Exhibit B to the SEC Letter and Exhibit 1 to the Defendants' Letter is GRANTED. The SEC's request to seal Exhibits C, H, L, M, N, and Q to the SEC Letter is DENIED. Defendants' request to seal Exhibit O to the SEC Letter is DENIED. By July 15, 2022, the parties may propose narrowly tailored redactions to Exhibits C, H, L, M, N, O, and Q, along with an explanation justifying their redactions. The Clerk of Court is directed to terminate the pending motions at ECF Nos. 498 and 508. SO ORDERED.. (Signed by Judge Analisa Torres on 7/11/2022) (kv) (Entered: 07/11/2022) |
| 07/12/2022 | <u>530</u> | ORDER: The Court has reviewed the parties' letters dated July 10 and 11, 2022. ECF Nos. 527–28. Accordingly, 1. By July 12, 2022, as previously ordered, see ECF No. 472, the parties shall file their motions to exclude expert testimony under seal. 2. By July 22, 2022, the parties shall file any motions to seal their motions to exclude expert testimony. If the Court does not receive motions to seal by that date, it shall order the unsealing of the motions to exclude expert testimony. The parties also are reminded that they must sufficiently justify all proposed sealings and redactions, even those to which both parties agree, because "bargained–for confidentiality does not overcome the presumption of access to judicial documents." Bernstein v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). 3. By July 25, 2022, the parties shall file any oppositions to the sealing motions. ( Motions due by 7/22/2022, Responses due by 7/25/2022) (Signed by Judge Analisa Torres on 7/12/2022) (ate) (Entered: 07/12/2022) |
| 07/12/2022 | <u>531</u> | OPINION & ORDER: By letter motion, the Securities and Exchange Commission ("SEC") argues that the attorney–client privilege protects internal documents related to a June 14, 2018 speech (the "Speech") given by William Hinman, then the Director of the Division of Corporate Finance. This argument was previously raised secondarily, with the SEC primarily asserting the deliberative process privilege. The SEC's motion is DENIED. Consistent with the Court's April 11, 2022 Order, the SEC shall submit the two proposed redactions in Entries 29 and 35 for the Court's in camera review. (Signed by Magistrate Judge Sarah Netburn on 7/12/2022) (ras) (Entered: 07/12/2022) |
| 07/12/2022 | <u>532</u> | ***SELECTED PARTIES*** MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission.Motion or Order to File Under Seal: <u>530</u> .(Ceresney, Andrew) (Entered: |

| | | 07/12/2022) |
|---|---|---|
| 07/12/2022 | 533 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 532 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2. / Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of SEC Expert No. 2.* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Ceresney, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 534 | ***SELECTED PARTIES***DECLARATION of Anna R. Gressel in Support re: 532 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2.*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 – Expert Report of Expert No. 2, # 2 Exhibit 2 – Expert No. 2 Deposition Transcript)Motion or Order to File Under Seal: 530 .(Gressel, Anna) (Entered: 07/12/2022) |
| 07/12/2022 | 535 | ***SELECTED PARTIES*** MOTION to Preclude . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc..Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 07/12/2022) |
| 07/12/2022 | 536 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 535 MOTION to Preclude . . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 07/12/2022) |
| 07/12/2022 | 537 | ***SELECTED PARTIES*** MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3.* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission.Motion or Order to File Under Seal: 530 .(Ceresney, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 538 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 537 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3. / Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of SEC Expert No. 3.* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Ceresney, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 539 | ***SELECTED PARTIES***DECLARATION of Andrew J. Ceresney in Support re: 537 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3.*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 – Expert Report of SEC Expert No. 3, # 2 Exhibit 2 – Deposition Transcript of SEC Expert No. 3, # 3 Exhibit 3 – Article by SEC Expert No. 3, # 4 Exhibit 4 – Ferrell Rebuttal Report)Motion or Order to File Under Seal: 530 .(Ceresney, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 540 | ***SELECTED PARTIES*** MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission.Motion or Order to File Under Seal: 530 .(Zornberg, Lisa) (Entered: 07/12/2022) |
| 07/12/2022 | 541 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 540 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4. / Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of SEC Expert No. 4.* Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Zornberg, Lisa) (Entered: 07/12/2022) |
| 07/12/2022 | 542 | ***SELECTED PARTIES***DECLARATION of Christopher S. Ford in Support re: 540 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit A – Expert Report of Expert 4, # 2 Exhibit B – Deposition Transcript of Expert 4, # 3 Exhibit C – GAO Report, # 4 Exhibit D – Neha Narula Tweet, # 5 Exhibit E – Sai Article, # 6 Exhibit F – Troncoso Article, # 7 Exhibit G – Expert 4 Publication, # 8 |

| | | |
|---|---|---|
| | | Exhibit H – SUERF Policy Note, # 9 Exhibit I – XRP Chat Thread)Motion or Order to File Under Seal: 530 .(Ford, Christopher) (Entered: 07/12/2022) |
| 07/12/2022 | 543 | ***SELECTED PARTIES*** MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission.Motion or Order to File Under Seal: 530 .(Oppenheimer, Bradley) (Entered: 07/12/2022) |
| 07/12/2022 | 544 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 543 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1. / Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of SEC Expert No. 1*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Oppenheimer, Bradley) (Entered: 07/12/2022) |
| 07/12/2022 | 545 | ***SELECTED PARTIES***DECLARATION of Bradley E. Oppenheimer in Support re: 543 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit A – Opening Expert Report of Expert No. 1, # 2 Exhibit B – Deposition Transcript of Expert No. 1, # 3 Exhibit C – Expert Rebuttal Report of Kristina Shampanier, # 4 Exhibit D – Opening Expert Report of Allen Ferrell, # 5 Exhibit E – Opening Expert Report of Carol Osler, # 6 Exhibit F – Expert Rebuttal Report of Expert No. 1, # 7 Exhibit G – Second Amended Expert Rebuttal Report of Expert No. 1, # 8 Exhibit H – Opening Expert Report of Peter Adriaens, # 9 Exhibit I – Opening Expert Report of Yesha Yadav)Motion or Order to File Under Seal: 530 .(Oppenheimer, Bradley) (Entered: 07/12/2022) |
| 07/12/2022 | 546 | ***SELECTED PARTIES*** MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission.Motion or Order to File Under Seal: 530 .(Figel, Reid) (Entered: 07/12/2022) |
| 07/12/2022 | 547 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 546 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5. / Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of SEC Expert No. 5*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Figel, Reid) (Entered: 07/12/2022) |
| 07/12/2022 | 548 | ***SELECTED PARTIES***DECLARATION of Pascale Guerrier in Support re: 535 MOTION to Preclude .. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16, # 17 Exhibit Exhibit 17, # 18 Exhibit Exhibit 18, # 19 Exhibit Exhibit 19, # 20 Exhibit Exhibit 20, # 21 Exhibit Exhibit 21, # 22 Exhibit Exhibit 22, # 23 Exhibit Exhibit 23, # 24 Exhibit Exhibit 24, # 25 Exhibit Exhibit 25, # 26 Exhibit Exhibit 26, # 27 Exhibit Exhibit 27, # 28 Exhibit Exhibit 28, # 29 Exhibit Exhibit 29, # 30 Exhibit Exhibit 30, # 31 Exhibit Exhibit 31, # 32 Exhibit Exhibit 32, # 33 Exhibit Exhibit 33, # 34 Exhibit Exhibit 34, # 35 Exhibit Exhibit 35, # 36 Exhibit Exhibit 36, # 37 Exhibit Exhibit 37, # 38 Exhibit Exhibit 38, # 39 Exhibit Exhibit 39, # 40 Exhibit Exhibit 40, # 41 Exhibit Exhibit 41, # 42 Exhibit Exhibit 42, # 43 Exhibit Exhibit 43, # 44 Exhibit Exhibit 44, # 45 Exhibit Exhibit 45)Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 07/12/2022) |
| 07/12/2022 | 549 | ***SELECTED PARTIES***DECLARATION of Kylie Chiseul Kim in Support re: 546 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.*. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit A – Opening Expert Report of Expert No. 5, # 2 Exhibit B – Deposition Transcript of |

| | | |
|---|---|---|
| | | Expert No. 5, # 3 Exhibit C – Expert Rebuttal Report of Daniel Fischel, # 4 Exhibit D – Supplemental Deposition Transcript of Expert No. 5, # 5 Exhibit E – Supplemental Expert Report of Expert No. 5, # 6 Exhibit F – Supplemental Expert Report of M. Laurentius Marais, # 7 Exhibit G – Exhibit 16, Supplemental Deposition of Expert No. 5)Motion or Order to File Under Seal: 530 .(Kim, Chiseul) (Entered: 07/12/2022) |
| 07/15/2022 | 550 | LETTER MOTION to Seal *Exhibit O to SEC Letter [ECF 509]* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 15, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 07/15/2022) |
| 07/15/2022 | 551 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 15, 2022 Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit Proposed redactions)Motion or Order to File Under Seal: 550 .(Ceresney, Andrew) (Entered: 07/15/2022) |
| 07/15/2022 | 552 | LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated July 15, 2022 re: proposed redactions pursuant to D.E. 529. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/15/2022) |
| 07/15/2022 | 553 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated July 15, 2022 re: proposed redactions pursuant to D.E. 529. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission.Motion or Order to File Under Seal: 529 .(Stewart, Ladan) (Entered: 07/15/2022) |
| 07/18/2022 | 554 | ORDER: The Court has reviewed the parties' letters proposing redactions filed on July 15, 2022, ECF Nos. 550–53, and finds them to be "narrowly tailored" to preserve the "higher values" identified by the parties, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). Accordingly, by July 19, 2022, the parties shall publicly file versions of the SEC's opposition to Movants' request (the "SEC Letter"), ECF No. 509, Defendants' response to the SEC Letter (the "Defendants' Letter"), ECF No. 503, and the exhibits submitted in support of both letters, ECF Nos. 509–1– 17, 503–1, that comply with the Court's order dated July 11, 2022, and that include the redactions discussed in ECF Nos. 550– 53. By July 25, 2022, Movants shall file their response to the SEC Letter. SO ORDERED. (Signed by Judge Analisa Torres on 7/18/2022) (jca) (Entered: 07/18/2022) |
| 07/19/2022 | 555 | LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated June 10, 2022 re: Response to Letter Motion to File Amicus Brief regarding Daubert issues (Public Refiling of ECF Nos. 503 and 503–1 in Response to Court Order ECF No. 554). Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1 – L Zornberg Email to SEC).(Ceresney, Andrew) (Entered: 07/19/2022) |
| 07/19/2022 | 556 | LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated June 7, 2022 re: Response in Opposition to Motion to File Amicus Brief re: Daubert issues. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q).(Stewart, Ladan) (Entered: 07/19/2022) |
| 07/19/2022 | 557 | ORDER granting in part and denying in part 484 Letter Motion for Local Rule 37.2 Conference; granting in part and denying in part 486 Letter Motion for Local Rule 37.2 Conference. The SEC is ordered to file amended responses to RFA 319–20 & 342–44 with the term "any person" in lieu of "market participants." The SEC is ordered to file amended responses to RFA 294, with the date "March 29, 2018" in lieu of "April 13, 2018." The SEC is ordered to file amended responses to RFA 263–67 & 273–75, which concerns SEC policy, not individual employee trading data; the SEC must answer what the policy was, not whether that policy was followed or whether employees were granted relief from the policy. The SEC is ordered to file amended responses to RFA 491, 492, & 494 as amended so that the "Ripple October 2013 Presentation" is defined as when "Representatives of Ripple met with members of the SEC and other U.S. regulatory agencies on or about October 29, 2013." The SEC is ordered to file amended responses to the No–Action Letters RFAs, except it does not |

| | | |
|---|---|---|
| | | need to file amended responses to RFA 473, 478, 484, & 488, for which its objections are sustained. The SEC's objections with respect to RFA 255 & 260–62 are sustained. The parties are further ordered to meet and confer to reach agreement on the Authenticity of Recorded Remarks RFAs. As proposed by Defendants, such agreement might entail creating downloaded versions of the remarks for purposes of authentication and preservation. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 07/19/2022) |
| 07/21/2022 | 558 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Analisa Torres from Ladan F. Stewart dated July 21, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/21/2022) |
| 07/22/2022 | 559 | JOINT LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 22, 2022 re: Setting Deadline for Non–Party Sealing Applications. Document filed by Ripple Labs Inc.. (Attachments: # 1 Text of Proposed Order For all Non–Party Responses to Pending Motions to Seal Parties' Motions to Exclude Expert Testimony).(Ceresney, Andrew) (Entered: 07/22/2022) |
| 07/22/2022 | 560 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Matthew C. Solomon dated July 22, 2022 re: 558 LETTER MOTION for Leave to File Excess Pages addressed to Judge Analisa Torres from Ladan F. Stewart dated July 21, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Solomon, Matthew) (Entered: 07/22/2022) |
| 07/22/2022 | 561 | LETTER MOTION to Seal *Letter Motion to Redact Certain Exhibits to the Daubert Motions* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 22, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Appendix A to Letter Motion – Table of Redacted Daubert Motion Exhibits, # 2 Exhibit P – Declaration of Kristina Campbell, # 3 Appendix A to Exhibit P – Table of Specific Redactions).(Ceresney, Andrew) (Entered: 07/22/2022) |
| 07/22/2022 | 562 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 22, 2022 re: Redaction of Certain Exhibits to the Daubert Motions. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Appendix A to Letter re: Redaction of Certain Exhibits to the Daubert Motions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)Motion or Order to File Under Seal: 530 .(Ceresney, Andrew) (Entered: 07/22/2022) |
| 07/22/2022 | 563 | ORDER granting in part and denying in part 558 Letter Motion for Leave to File Excess Pages. GRANTED in part, DENIED in part. The SEC may file a 20–page opening brief and a 10–page reply brief. SO ORDERED.. (Signed by Judge Analisa Torres on 7/22/2022) (kv) (Entered: 07/22/2022) |
| 07/22/2022 | 564 | ORDER FOR ALL NON–PARTY RESPONSES TO PENDING MOTIONS TO SEAL PARTIES' MOTIONS TO EXCLUDE EXPERT TESTIMONY: IT IS HEREBY ORDERED THAT: any non–parties that (i) have not already given consent to one of the Parties for their proposed redactions of the non–parties' confidential information appearing in the Daubert Motions; and (ii) seek additional or different redactions, must file, by July 28, 2022, a letter explaining the need for such redactions. If no such letter is received by July 28, 2022, the non–party will have waived their right to object to the Court's ultimate ruling on the Parties' motions to seal or redact the Daubert Motions. (Signed by Judge Analisa Torres on 7/22/2022) (kv) (Entered: 07/22/2022) |
| 07/22/2022 | 565 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Ladan F. Stewart dated July 22, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/22/2022) |
| 07/22/2022 | 566 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated July 22, 2022 re: Redactions to Daubert Motion Papers. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 |

| | | |
|---|---|---|
| | | Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29, # <u>30</u> Exhibit 30, # <u>31</u> Exhibit 31, # <u>32</u> Exhibit 32–A, # <u>33</u> Exhibit 32–B, # <u>34</u> Exhibit 32–C, # <u>35</u> Exhibit 33, # <u>36</u> Exhibit 34, # <u>37</u> Exhibit 35, # <u>38</u> Exhibit 36, # <u>39</u> Exhibit 37–A, # <u>40</u> Exhibit 37–B, # <u>41</u> Exhibit 37–C, # <u>42</u> Exhibit 37–D, # <u>43</u> Exhibit 37–E, # <u>44</u> Exhibit 37–F, # <u>45</u> Exhibit 38, # <u>46</u> Exhibit 39, # <u>47</u> Exhibit 40, # <u>48</u> Exhibit 41, # <u>49</u> Exhibit 42, # <u>50</u> Exhibit 43, # <u>51</u> Exhibit 44, # <u>52</u> Exhibit 45, # <u>53</u> Exhibit 46, # <u>54</u> Exhibit 47, # <u>55</u> Exhibit 48, # <u>56</u> Exhibit 49, # <u>57</u> Exhibit 50, # <u>58</u> Exhibit 51, # <u>59</u> Exhibit 52, # <u>60</u> Exhibit 53)Motion or Order to File Under Seal: <u>565</u> .(Stewart, Ladan) (Entered: 07/22/2022) |
| 07/25/2022 | <u>567</u> | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from JOHN E DEATON dated July 25, 2022 re: <u>489</u> LETTER MOTION to File Amicus Brief *regarding Daubert issues related to opinions of Patrick B. Doody* addressed to Judge Analisa Torres from John E. Deaton dated 05.21.22. . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner..(Deaton, John) (Entered: 07/25/2022) |
| 07/25/2022 | <u>568</u> | DECLARATION of JOHN E DEATON in Support re: <u>489</u> LETTER MOTION to File Amicus Brief *regarding Daubert issues related to opinions of Patrick B. Doody* addressed to Judge Analisa Torres from John E. Deaton dated 05.21.22.. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # <u>1</u> Exhibit A, JOHN DEATON TWEETS, # <u>2</u> Exhibit B, WILLIAM HINMAN EMAILS).(Deaton, John) (Entered: 07/25/2022) |
| 07/25/2022 | <u>569</u> | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 25, 2022 re: <u>565</u> LETTER MOTION to Seal addressed to Judge Analisa Torres from Ladan F. Stewart dated July 22, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 07/25/2022) |
| 07/25/2022 | <u>570</u> | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Securities and Exchange Commission dated July 25, 2022 re: <u>561</u> LETTER MOTION to Seal */Letter Motion to Redact Certain Exhibits to the Daubert Motions* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 22, 2022. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 07/25/2022) |
| 07/26/2022 | <u>571</u> | LETTER MOTION for Leave to File Reply Letter in support of Sealing Motion addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 26, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit A – Proposed Reply Letter).(Ceresney, Andrew) (Entered: 07/26/2022) |
| 07/26/2022 | <u>572</u> | ORDER: denying <u>489</u> Letter Motion to File Amicus Brief. The Court has reviewed the letters addressing a request by Movants, six individual XRP holders, for leave to file an amicus brief concerning a motion to exclude one of the experts put forward by the Securities and Exchange Commission (the "SEC"). See ECF Nos. 489, 555, 556, 567. On October 4, 2021, the Court permitted Movants "to act as amici curiae" and "brief legal issues relevant to the case as approved in advance by the Court." ECF No. 372 at 11. In that order, the Court stated that "such assistance will be most beneficial during briefing on dispositive motions." Id. Here, the Court finds that it would not benefit from Movants' assistance in evaluating the qualifications of the SEC's expert Movants may file an application to brief their concerns regarding the SEC's expert, and other relevant and helpful matters, with respect to the parties' contemplated motions for summary judgment. Accordingly, Movant's request is DENIED. SO ORDERED. (Signed by Judge Analisa Torres on 7/26/2022) (ama) (Entered: 07/26/2022) |
| 07/26/2022 | <u>573</u> | BRIEF *re: Objections to Orders Compelling the SEC to Produce Privileged Internal Communications*. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/26/2022) |
| 07/26/2022 | <u>574</u> | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** APPEAL OF MAGISTRATE JUDGE DECISION to District Court. Document filed by Securities and Exchange Commission. (Attachments: # <u>1</u> Affidavit Stewart |

| | | Declaration and Exhibits).(Stewart, Ladan) Modified on 7/27/2022 (tp). (Entered: 07/26/2022) |
|---|---|---|
| 07/27/2022 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Ladan Stewart to RE–FILE Document 574 Appeal of Magistrate Judge Decision to District Court. Use the event type Objection (non–motion) found under the event list Other Answers. (tp) (Entered: 07/27/2022) |
| 07/27/2022 | 575 | Objection *to Orders Compelling the SEC To Produce Privileged Internal Communications*. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 07/27/2022) |
| 07/27/2022 | 576 | DECLARATION of Ladan F. Stewart in Support re: 575 Objection (non–motion). Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Stewart, Ladan) (Entered: 07/27/2022) |
| 07/28/2022 | 577 | ORDER granting 571 Letter Motion for Leave to File Document. GRANTED. SO ORDERED.. (Signed by Judge Analisa Torres on 7/28/2022) (kv) (Entered: 07/28/2022) |
| 07/28/2022 | 578 | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 28, 2022 re: 561 LETTER MOTION to Seal *Letter Motion to Redact Certain Exhibits to the Daubert Motions* addressed to Judge Analisa Torres from Andrew J. Ceresney dated July 22, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 07/28/2022) |
| 07/28/2022 | 579 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Jessica Ann Masella dated July 28, 2022. Document filed by MoneyGram International, Inc...(Masella, Jessica) (Entered: 07/28/2022) |
| 07/28/2022 | 580 | ***EX–PARTE***Exhibit List *// Exhibit A*. Document filed by MoneyGram International, Inc..Motion or Order to File Under Seal: 579 .(Masella, Jessica) (Entered: 07/28/2022) |
| 07/28/2022 | 581 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Michael A. Hanin dated July 28, 2022. Document filed by Third–Party A..(Hanin, Michael) (Entered: 07/28/2022) |
| 08/03/2022 | 583 | LETTER MOTION for Leave to File /leave to serve non–party subpoenas *on behalf of Defendants Ripple Labs, Inc., Brad Garlinghouse and Chris Larsen* addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated 8/3/22. Document filed by Ripple Labs Inc...(Zornberg, Lisa) (Entered: 08/03/2022) |
| 08/08/2022 | 584 | JOINT LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated August 8, 2022 re: Deadlines for Sealing Applications. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 08/08/2022) |
| 08/08/2022 | 585 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Securities and Exchange Commission dated August 8, 2022 re: 583 LETTER MOTION for Leave to File /leave to serve non–party subpoenas *on behalf of Defendants Ripple Labs, Inc., Brad Garlinghouse and Chris Larsen* addressed to Magistrate Judge Sarah Netburn from Lisa Zornberg dated 8/3/22. . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 08/08/2022) |
| 08/09/2022 | 586 | MEMO ENDORSEMENT on re: 584 Letter filed by Securities and Exchange Commission. ENDORSEMENT: GRANTED. SO ORDERED. (Brief due by 8/30/2022., Motions due by 9/9/2022., Responses due by 9/16/2022) (Signed by Judge Analisa Torres on 8/9/2022) (kv) (Entered: 08/09/2022) |
| 08/09/2022 | 587 | RESPONSE re: 575 Objection (non–motion) . Document filed by Bradley Garlinghouse..(Solomon, Matthew) (Entered: 08/09/2022) |
| 08/09/2022 | 588 | DECLARATION of Matthew C. Solomon in Opposition re: 575 Objection (non–motion). Document filed by Bradley Garlinghouse. (Attachments: # 1 Exhibit A – January 13, 2022 Order, # 2 Exhibit B – April 11, 2022 Order, # 3 Exhibit C – July |

| | | |
|---|---|---|
| | | 12, 2022 Order, # 4 Exhibit D – W. Hinman Speech, # 5 Exhibit E – April 6, 2021 Court Conference Transcript, # 6 Exhibit F – SEC Motion to Quash W. Hinman Deposition, # 7 Exhibit G – Declaration of W. Hinman, # 8 Exhibit H – July 15, 2021 Court Conference Transcript, # 9 Exhibit I – August 21, 2021 Court Conference Transcript, # 10 Exhibit J – SEC Motion for Partial Reconsideration and Clarification, # 11 Exhibit K – June 7, 2022 Court Conference Transcript, # 12 Exhibit L – SEC Motion to Strike Fourth Affirmative Defense, # 13 Exhibit M – Excerpts of Deposition Transcript of W. Hinman, # 14 Exhibit N – Declaration of W. Hinman in SEC v. LBRY).(Solomon, Matthew) (Entered: 08/09/2022) |
| 08/09/2022 | 589 | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: 543 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 586 .(Stewart, Ladan) (Entered: 08/09/2022) |
| 08/09/2022 | 590 | ***SELECTED PARTIES***DECLARATION of Ladan F. Stewart in Opposition re: 543 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1)Motion or Order to File Under Seal: 586 .(Stewart, Ladan) (Entered: 08/09/2022) |
| 08/09/2022 | 591 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 540 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 586 .(Sylvester, Mark) (Entered: 08/09/2022) |
| 08/09/2022 | 592 | ***SELECTED PARTIES***DECLARATION of Mark R. Sylvester in Opposition re: 540 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)Motion or Order to File Under Seal: 586 .(Sylvester, Mark) (Entered: 08/09/2022) |
| 08/09/2022 | 593 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 546 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 586 .(Sylvester, Mark) (Entered: 08/09/2022) |
| 08/09/2022 | 594 | ***SELECTED PARTIES***DECLARATION of Mark R. Sylvester in Opposition re: 546 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)Motion or Order to File Under Seal: 586 .(Sylvester, Mark) (Entered: 08/09/2022) |
| 08/09/2022 | 595 | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: 532 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 08/09/2022) |
| 08/09/2022 | 596 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 535 MOTION to Preclude . *Testimony of Defendants' Expert Witnesses.* Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 586 .(Kellogg, Michael) (Entered: 08/09/2022) |
| 08/09/2022 | 597 | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: 537 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 08/09/2022) |

| | | |
|---|---|---|
| 08/09/2022 | 598 | ***SELECTED PARTIES***DECLARATION of Kylie Chiseul Kim in Opposition re: 535 MOTION to Preclude .. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38)Motion or Order to File Under Seal: 586 .(Kellogg, Michael) (Entered: 08/09/2022) |
| 08/14/2022 | 599 | ORDER granting 583 Letter Motion for Leave to Serve Two Non–Party Subpoenas. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/14/2022) |
| 08/16/2022 | 600 | REPLY *re: Objection to Orders Compelling the SEC To Produce Privileged Internal Communications*. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 08/16/2022) |
| 08/19/2022 | 601 | LETTER MOTION to Seal */ Letter Motion to Redact Certain Exhibits to the Daubert Responses* addressed to Judge Analisa Torres from Andrew J. Ceresney dated August 19, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 08/19/2022) |
| 08/19/2022 | 602 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated August 19, 2022 re: Redaction of Certain Exhibits to the Daubert Responses. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)Motion or Order to File Under Seal: 601 .(Ceresney, Andrew) (Entered: 08/19/2022) |
| 08/19/2022 | 603 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Ladan F. Stewart dated August 19, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 08/19/2022) |
| 08/19/2022 | 604 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated August 19, 2022 re: Redactions to Daubert Opposition Papers. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)Motion or Order to File Under Seal: 586 .(Stewart, Ladan) (Entered: 08/19/2022) |
| 08/24/2022 | 605 | LETTER MOTION for Leave to File Omnibus Reply *in Further Support of SEC's Motion to Exclude Testimony of Defendants' Expert Witnesses* addressed to Judge Analisa Torres from Mark R. Sylvester dated August 24, 2022. Document filed by Securities and Exchange Commission..(Sylvester, Mark) (Entered: 08/24/2022) |
| 08/25/2022 | 606 | ORDER granting 605 Letter Motion for Leave to File Document. GRANTED. SO ORDERED.. (Signed by Judge Analisa Torres on 8/25/2022) (kv) (Entered: 08/25/2022) |
| 08/26/2022 | 607 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Benjamin Hanauer dated 08/26/2022 re: 601 LETTER MOTION to Seal */ Letter Motion to Redact Certain Exhibits to the Daubert Responses* addressed to Judge Analisa Torres from Andrew J. Ceresney dated August 19, 2022. . Document filed by Securities and Exchange Commission..(Hanauer, Benjamin) (Entered: 08/26/2022) |
| 08/30/2022 | 608 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 543 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*. . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 530 .(Oppenheimer, Bradley) (Entered: 08/30/2022) |

| | | |
|---|---|---|
| 08/30/2022 | 609 | ***SELECTED PARTIES***DECLARATION of Bradley E. Oppenheimer in Support re: 543 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.*. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit J – ECF No. 173–3 (Def. Rule 16 Disclosure), U.S. v. Sayre, No. 05–cr–00198 (C.D. Cal. July 15, 2008), # 2 Exhibit K – ECF No. 225 (Trial Tr.), U.S. v. Sayre, No. 05–cr–00198 (C.D. Cal. Aug. 21, 2008), # 3 Exhibit L – ECF No. 58, SEC v. Telegram, No. 19–cv–09439 (S.D.N.Y. Jan. 6, 2020))Motion or Order to File Under Seal: 586 .(Oppenheimer, Bradley) (Entered: 08/30/2022) |
| 08/30/2022 | 610 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 546 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.* . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 586 .(Figel, Reid) (Entered: 08/30/2022) |
| 08/30/2022 | 611 | ***SELECTED PARTIES***DECLARATION of Kylie Chiseul Kim in Support re: 546 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.*. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit H – Mergers in Regulated Industries The Uses and Abuses of Event Studies)Motion or Order to File Under Seal: 586 .(Kim, Chiseul) (Entered: 08/30/2022) |
| 08/30/2022 | 612 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 532 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2.* . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 586 .(Ceresney, Andrew) (Entered: 08/30/2022) |
| 08/30/2022 | 613 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 537 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3.* . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 586 .(Ceresney, Andrew) (Entered: 08/30/2022) |
| 08/30/2022 | 614 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 540 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.* . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 586 .(Zornberg, Lisa) (Entered: 08/30/2022) |
| 08/30/2022 | 615 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 535 MOTION to Preclude . *Testimony of Defendants' Expert Witnesses*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 586 .(Sylvester, Mark) (Entered: 08/30/2022) |
| 09/08/2022 | 616 | JOINT LETTER addressed to Judge Analisa Torres from Andrew J Ceresney dated September 8, 2022 re: Deadlines for Sealing Applications. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 09/08/2022) |
| 09/09/2022 | 617 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Securities and Exchange Commission dated September 9, 2022. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. A Dkt. 608, # 2 Exhibit Ex. B Dkt. 610, # 3 Exhibit Ex. C Dkt. 612, # 4 Exhibit Ex. D Dkt. 613, # 5 Exhibit Ex. E Dkt. 614, # 6 Exhibit Ex. F Dkt. 609, # 7 Exhibit Ex. G Dkt. 611, # 8 Exhibit Ex. H Dkt. 615).(Guerrier, Pascale) (Entered: 09/09/2022) |
| 09/09/2022 | 618 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Securities and Exchange Commission dated September 9, 2022 re: Motion to Seal. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit Ex. A Dkt. 608, # 2 Exhibit Ex. B Dkt. 610, # 3 Exhibit Ex. C Dkt. 612, # 4 Exhibit Ex. D Dkt. 613, # 5 Exhibit Ex. E Dkt. 614, # 6 Exhibit Ex. F Dkt. 609, # 7 Exhibit Ex. G Dkt. 611, # 8 Exhibit Ex. H Dkt. 615)Motion or Order to File Under Seal: 53 .(Guerrier, Pascale) (Entered: 09/09/2022) |

| | | |
|---|---|---|
| 09/12/2022 | 619 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Andrew Ceresney dated September 12, 2022 re: 617 LETTER MOTION to Seal addressed to Judge Analisa Torres from Securities and Exchange Commission dated September 9, 2022. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 09/12/2022) |
| 09/12/2022 | 620 | MEMO ENDORSEMENT on re: 616 Letter filed by Ripple Labs Inc. ENDORSEMENT: SO ORDERED. ( Motions due by 12/9/2022., Responses due by 9/22/2022, Replies due by 11/15/2022.) (Signed by Judge Analisa Torres on 9/12/2022) (kv) (Entered: 09/12/2022) |
| 09/13/2022 | 621 | ***SELECTED PARTIES*** MOTION for Summary Judgment . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission.Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 09/13/2022) |
| 09/13/2022 | 622 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 621 MOTION for Summary Judgment . . Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 09/13/2022) |
| 09/13/2022 | 623 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 09/13/2022) |
| 09/13/2022 | 624 | ***SELECTED PARTIES***DECLARATION of Michael K. Kellogg in Support re: 621 MOTION for Summary Judgment .. Document filed by Christian A. Larsen, Bradley Garlinghouse, Ripple Labs Inc., Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84, # 85 Exhibit 85, # 86 Exhibit 86, # 87 Exhibit 87, # 88 Exhibit 88, # 89 Exhibit 89, # 90 Exhibit 90, # 91 Exhibit 91, # 92 Exhibit 92, # 93 Exhibit 93, # 94 Exhibit 94, # 95 Exhibit 95, # 96 Exhibit 96, # 97 Exhibit 97, # 98 Exhibit 98, # 99 Exhibit 99, # 100 Exhibit 100, # 101 Exhibit 101, # 102 Exhibit 102, # 103 Exhibit 103, # 104 Exhibit 104, # 105 Exhibit 105, # 106 Exhibit 106)Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 09/13/2022) |
| 09/13/2022 | 625 | ***SELECTED PARTIES*** MOTION for Summary Judgment *against all Defendants*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Responses due by 10/18/2022Motion or Order to File Under Seal: 620 .(Tenreiro, Jorge) (Entered: 09/13/2022) |
| 09/13/2022 | 626 | ***SELECTED PARTIES***DECLARATION of Daphna A. Waxman in Support re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 500, # 2 Exhibit 500.01 − 500.28, # 3 Exhibit 501, # 4 Exhibit 501.01 − 501.16, # 5 Exhibit 502, # 6 Exhibit 502.01 − 502.08, # 7 Exhibit 503, # 8 Exhibit 503.01 − 503.25, # 9 Exhibit 504, # 10 Exhibit 504.01 − 504.42, # 11 Exhibit 505, # 12 Exhibit 506, # 13 Exhibit 506.01 − 506.123, # 14 Exhibit 507, # 15 Exhibit 507.01 − 507.20, # 16 Exhibit 508, # 17 Exhibit 508.01 − |

| | | |
|---|---|---|
| | | 508.37, # <u>18</u> Exhibit 509, # <u>19</u> Exhibit 509.01 – 509.91)Motion or Order to File Under Seal: <u>620</u> .(Tenreiro, Jorge) (Entered: 09/13/2022) |
| 09/13/2022 | <u>627</u> | ***SELECTED PARTIES***DECLARATION of Jorge G Tenreiro in Support re: <u>625</u> MOTION for Summary Judgment *against all Defendants*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit 401, # <u>2</u> Affidavit 402, # <u>3</u> Exhibit 404, # <u>4</u> Appendix 405, # <u>5</u> Exhibit 406, # <u>6</u> Exhibit 407, # <u>7</u> Exhibit 408, # <u>8</u> Exhibit 410, # <u>9</u> Exhibit 411, # <u>10</u> Exhibit 412, # <u>11</u> Exhibit 413, # <u>12</u> Exhibit 414, # <u>13</u> Exhibit 415, # <u>14</u> Exhibit 416, # <u>15</u> Exhibit 417, # <u>16</u> Exhibit 418, # <u>17</u> Exhibit 419, # <u>18</u> Exhibit 420, # <u>19</u> Exhibit 421, # <u>20</u> Exhibit 422, # <u>21</u> Exhibit 423, # <u>22</u> Exhibit 424, # <u>23</u> Exhibit 425, # <u>24</u> Exhibit 426, # <u>25</u> Exhibit 427, # <u>26</u> Exhibit 428, # <u>27</u> Exhibit 429, # <u>28</u> Exhibit 430, # <u>29</u> Exhibit 431, # <u>30</u> Exhibit 432, # <u>31</u> Exhibit 433, # <u>32</u> Exhibit 434, # <u>33</u> Exhibit 435, # <u>34</u> Exhibit 436, # <u>35</u> Exhibit 437, # <u>36</u> Exhibit 438, # <u>37</u> Exhibit 439, # <u>38</u> Exhibit 440, # <u>39</u> Exhibit 441, # <u>40</u> Exhibit 442, # <u>41</u> Exhibit 443, # <u>42</u> Exhibit 444, # <u>43</u> Exhibit 445, # <u>44</u> Exhibit 446, # <u>45</u> Exhibit 447, # <u>46</u> Exhibit 448, # <u>47</u> Exhibit 449, # <u>48</u> Exhibit 450, # <u>49</u> Exhibit 451, # <u>50</u> Exhibit 452, # <u>51</u> Exhibit 453, # <u>52</u> Exhibit 455, # <u>54</u> Exhibit 458, # <u>55</u> Exhibit 459, # <u>56</u> Exhibit 460, # <u>57</u> Exhibit 461, # <u>58</u> Exhibit 462, # <u>59</u> Exhibit 463, # <u>60</u> Exhibit 464, # <u>61</u> Exhibit 465, # <u>62</u> Exhibit 466, # <u>63</u> Exhibit 467, # <u>64</u> Exhibit 468, # <u>65</u> Exhibit 469, # <u>66</u> Exhibit 470, # <u>67</u> Exhibit 471, # <u>68</u> Exhibit 472, # <u>69</u> Exhibit 473, # <u>70</u> Exhibit 474, # <u>71</u> Exhibit 475, # <u>72</u> Exhibit 476, # <u>73</u> Exhibit 477, # <u>74</u> Exhibit 478, # <u>75</u> Exhibit 479, # <u>76</u> Exhibit 480, # <u>77</u> Exhibit 481, # <u>78</u> Exhibit 482, # <u>79</u> Exhibit 483, # <u>80</u> Exhibit 484, # <u>81</u> Exhibit 485, # <u>82</u> Exhibit 486, # <u>83</u> Exhibit 487, # <u>84</u> Exhibit 488, # <u>85</u> Exhibit 489, # <u>86</u> Exhibit 490, # <u>87</u> Exhibit 491, # <u>88</u> Exhibit 492, # <u>89</u> Exhibit 493, # <u>90</u> Exhibit 494, # <u>91</u> Exhibit 495, # <u>92</u> Exhibit 496, # <u>93</u> Exhibit 497, # <u>94</u> Exhibit 498, # <u>95</u> Exhibit 510, # <u>96</u> Exhibit 511, # <u>97</u> Exhibit 513, # <u>98</u> Exhibit 514, # <u>99</u> Exhibit 515, # <u>100</u> Exhibit 516, # <u>101</u> Exhibit 517, # <u>102</u> Exhibit 518, # <u>103</u> Exhibit 519, # <u>104</u> Exhibit 520, # <u>105</u> Exhibit 521, # <u>106</u> Exhibit 522, # <u>107</u> Exhibit 523, # <u>108</u> Exhibit 541, # <u>109</u> Exhibit 542, # <u>110</u> Exhibit 543, # <u>111</u> Exhibit 544)Motion or Order to File Under Seal: <u>620</u> .(Tenreiro, Jorge) (Entered: 09/13/2022) |
| 09/13/2022 | <u>628</u> | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: <u>625</u> MOTION for Summary Judgment *against all Defendants*. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: <u>620</u> .(Tenreiro, Jorge) (Entered: 09/13/2022) |
| 09/13/2022 | <u>630</u> | ***SELECTED PARTIES***DECLARATION of Ladan F. Stewart in Support re: <u>625</u> MOTION for Summary Judgment *against all Defendants*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29, # <u>30</u> Exhibit 30, # <u>31</u> Exhibit 31, # <u>32</u> Exhibit 32, # <u>33</u> Exhibit 33, # <u>34</u> Exhibit 34, # <u>35</u> Exhibit 35, # <u>36</u> Exhibit 36, # <u>37</u> Exhibit 37, # <u>38</u> Exhibit 38, # <u>39</u> Exhibit 39, # <u>40</u> Exhibit 40, # <u>41</u> Exhibit 41, # <u>42</u> Exhibit 42, # <u>43</u> Exhibit 43, # <u>44</u> Exhibit 44, # <u>45</u> Exhibit 45, # <u>46</u> Exhibit 46, # <u>47</u> Exhibit 47, # <u>48</u> Exhibit 48, # <u>49</u> Exhibit 49, # <u>50</u> Exhibit 50, # <u>51</u> Exhibit 51, # <u>52</u> Exhibit 52, # <u>53</u> Exhibit 53, # <u>54</u> Exhibit 54, # <u>55</u> Exhibit 55, # <u>56</u> Exhibit 56, # <u>57</u> Exhibit 57, # <u>58</u> Exhibit 58, # <u>59</u> Exhibit 59, # <u>60</u> Exhibit 60, # <u>61</u> Exhibit 61, # <u>62</u> Exhibit 62, # <u>63</u> Exhibit 63, # <u>64</u> Exhibit 64, # <u>65</u> Exhibit 65, # <u>66</u> Exhibit 66, # <u>67</u> Exhibit 67, # <u>68</u> Exhibit 68, # <u>69</u> Exhibit 69, # <u>70</u> Exhibit 70, # <u>71</u> Exhibit 71, # <u>72</u> Exhibit 72, # <u>73</u> Exhibit 73, # <u>74</u> Exhibit 74, # <u>75</u> Exhibit 75, # <u>76</u> Exhibit 76, # <u>77</u> Exhibit 77, # <u>78</u> Exhibit 78, # <u>79</u> Exhibit 79, # <u>80</u> Exhibit 80, # <u>81</u> Exhibit 81, # <u>82</u> Exhibit 82, # <u>83</u> Exhibit 83, # <u>84</u> Exhibit 84, # <u>85</u> Exhibit 85, # <u>86</u> Exhibit 86, # <u>87</u> Exhibit 87, # <u>88</u> Exhibit 88, # <u>89</u> Exhibit 89, # <u>90</u> Exhibit 90, # <u>91</u> Exhibit 91, # <u>92</u> Exhibit 92, # <u>93</u> Exhibit 93, # <u>94</u> Exhibit 94, # <u>95</u> Exhibit 95, # <u>96</u> Exhibit 96, # <u>97</u> Exhibit 97, # <u>98</u> Exhibit 98, # <u>99</u> Exhibit 99, # <u>100</u> Exhibit 100, # <u>101</u> Exhibit 101, # <u>102</u> Exhibit 102, # <u>103</u> Exhibit 103, # <u>104</u> Exhibit 104, # <u>105</u> Exhibit 105, # <u>106</u> Exhibit 106, # <u>107</u> Exhibit 107, # <u>108</u> Exhibit 108, # <u>109</u> Exhibit 109, # <u>110</u> Exhibit 110, # <u>111</u> Exhibit 111, # <u>112</u> Exhibit 112, # <u>113</u> Exhibit 114, # <u>114</u> |

| | | |
|---|---|---|
| | | Exhibit 115, # <u>115</u> Exhibit 116, # <u>116</u> Exhibit 117, # <u>117</u> Exhibit 118, # <u>118</u> Exhibit 119, # <u>119</u> Exhibit 120, # <u>120</u> Exhibit 121, # <u>121</u> Exhibit 122, # <u>122</u> Exhibit 123, # <u>123</u> Exhibit 124, # <u>124</u> Exhibit 125, # <u>125</u> Exhibit 126, # <u>126</u> Exhibit 127, # <u>127</u> Exhibit 128, # <u>128</u> Exhibit 129, # <u>129</u> Exhibit 130, # <u>130</u> Exhibit 131, # <u>131</u> Exhibit 132, # <u>132</u> Exhibit 133, # <u>133</u> Exhibit 134, # <u>134</u> Exhibit 135, # <u>135</u> Exhibit 136, # <u>136</u> Exhibit 137, # <u>137</u> Exhibit 138, # <u>138</u> Exhibit 139, # <u>139</u> Exhibit 140, # <u>140</u> Exhibit 141, # <u>141</u> Exhibit 142, # <u>142</u> Exhibit 143, # <u>143</u> Exhibit 144, # <u>144</u> Exhibit 145, # <u>145</u> Exhibit 146, # <u>146</u> Exhibit 147, # <u>147</u> Exhibit 148, # <u>148</u> Exhibit 149, # <u>149</u> Exhibit 150, # <u>150</u> Exhibit 151, # <u>151</u> Exhibit 152, # <u>152</u> Exhibit 153, # <u>153</u> Exhibit 154, # <u>154</u> Exhibit 155, # <u>155</u> Exhibit 156, # <u>156</u> Exhibit 157, # <u>157</u> Exhibit 158, # <u>158</u> Exhibit 159, # <u>159</u> Exhibit 160, # <u>160</u> Exhibit 161, # <u>161</u> Exhibit 162, # <u>162</u> Exhibit 163, # <u>163</u> Exhibit 164, # <u>164</u> Exhibit 165, # <u>165</u> Exhibit 166, # <u>166</u> Exhibit 167, # <u>167</u> Exhibit 168, # <u>168</u> Exhibit 169, # <u>169</u> Exhibit 170, # <u>170</u> Exhibit 171, # <u>171</u> Exhibit 172, # <u>172</u> Exhibit 173, # <u>173</u> Exhibit 174, # <u>174</u> Exhibit 175, # <u>175</u> Exhibit 176, # <u>176</u> Exhibit 177, # <u>177</u> Exhibit 178, # <u>178</u> Exhibit 179, # <u>179</u> Exhibit 180, # <u>180</u> Exhibit 181, # <u>181</u> Exhibit 182, # <u>182</u> Exhibit 183, # <u>183</u> Exhibit 184, # <u>184</u> Exhibit 185, # <u>185</u> Exhibit 186, # <u>186</u> Exhibit 187, # <u>187</u> Exhibit 188, # <u>188</u> Exhibit 189, # <u>189</u> Exhibit 190, # <u>190</u> Exhibit 191, # <u>191</u> Exhibit 192, # <u>192</u> Exhibit 193, # <u>193</u> Exhibit 194, # <u>194</u> Exhibit 195, # <u>195</u> Exhibit 196, # <u>196</u> Exhibit 197, # <u>197</u> Exhibit 198, # <u>198</u> Exhibit 199, # <u>199</u> Exhibit 200)Motion or Order to File Under Seal: <u>620</u> .(Stewart, Ladan) (Entered: 09/14/2022) |
| 09/13/2022 | <u>631</u> | ***SELECTED PARTIES***DECLARATION of Mark R Sylvester in Support re: <u>625</u> MOTION for Summary Judgment *against all Defendants*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # <u>1</u> Exhibit 201, # <u>2</u> Exhibit 202, # <u>3</u> Exhibit 203, # <u>4</u> Exhibit 204, # <u>5</u> Exhibit 205, # <u>6</u> Exhibit 206, # <u>7</u> Exhibit 207, # <u>8</u> Exhibit 208, # <u>9</u> Exhibit 209, # <u>10</u> Exhibit 210, # <u>11</u> Exhibit 211, # <u>12</u> Exhibit 212, # <u>13</u> Exhibit 213, # <u>14</u> Exhibit 214, # <u>15</u> Exhibit 215, # <u>16</u> Exhibit 216, # <u>17</u> Exhibit 217, # <u>18</u> Exhibit 218, # <u>19</u> Exhibit 219, # <u>20</u> Exhibit 220, # <u>21</u> Exhibit 221, # <u>22</u> Exhibit 222, # <u>23</u> Exhibit 223, # <u>24</u> Exhibit 224, # <u>25</u> Exhibit 225, # <u>26</u> Exhibit 226, # <u>27</u> Exhibit 227, # <u>28</u> Exhibit 228, # <u>29</u> Exhibit 229, # <u>30</u> Exhibit 230, # <u>31</u> Exhibit 231, # <u>32</u> Exhibit 232, # <u>33</u> Exhibit 233, # <u>34</u> Exhibit 234, # <u>35</u> Exhibit 235, # <u>36</u> Exhibit 236, # <u>37</u> Exhibit 237, # <u>38</u> Exhibit 238, # <u>39</u> Exhibit 239, # <u>40</u> Exhibit 240, # <u>41</u> Exhibit 241, # <u>42</u> Exhibit 242, # <u>43</u> Exhibit 243, # <u>44</u> Exhibit 244, # <u>45</u> Exhibit 245, # <u>46</u> Exhibit 246, # <u>47</u> Exhibit 247, # <u>48</u> Exhibit 248, # <u>49</u> Exhibit 249, # <u>50</u> Exhibit 250, # <u>51</u> Exhibit 251, # <u>52</u> Errata 252, # <u>53</u> Exhibit 253, # <u>54</u> Exhibit 254, # <u>55</u> Exhibit 255, # <u>56</u> Exhibit 256, # <u>57</u> Exhibit 257, # <u>58</u> Exhibit 258, # <u>59</u> Exhibit 259, # <u>60</u> Exhibit 260, # <u>61</u> Exhibit 261, # <u>62</u> Exhibit 262, # <u>63</u> Exhibit 263, # <u>64</u> Exhibit 264, # <u>65</u> Exhibit 265, # <u>66</u> Exhibit 266, # <u>67</u> Exhibit 267, # <u>68</u> Exhibit 268, # <u>69</u> Exhibit 269, # <u>70</u> Exhibit 270, # <u>71</u> Exhibit 271, # <u>72</u> Exhibit 272, # <u>73</u> Exhibit 273, # <u>74</u> Exhibit 274, # <u>75</u> Exhibit 275, # <u>76</u> Exhibit 276, # <u>77</u> Exhibit 277, # <u>78</u> Exhibit 278, # <u>79</u> Exhibit 279, # <u>80</u> Exhibit 280, # <u>81</u> Exhibit 281, # <u>82</u> Exhibit 282, # <u>83</u> Exhibit 283, # <u>84</u> Exhibit 284, # <u>85</u> Exhibit 285, # <u>86</u> Exhibit 286, # <u>87</u> Exhibit 287, # <u>88</u> Exhibit 288, # <u>89</u> Exhibit 289, # <u>90</u> Exhibit 290, # <u>91</u> Exhibit 291, # <u>92</u> Exhibit 292, # <u>93</u> Exhibit 293, # <u>94</u> Exhibit 294, # <u>95</u> Exhibit 295, # <u>96</u> Exhibit 296, # <u>97</u> Exhibit 297, # <u>98</u> Exhibit 298, # <u>99</u> Exhibit 299, # <u>100</u> Exhibit 300, # <u>101</u> Exhibit 301, # <u>102</u> Exhibit 302, # <u>103</u> Exhibit 303, # <u>104</u> Exhibit 304, # <u>105</u> Exhibit 305, # <u>106</u> Exhibit 306, # <u>107</u> Exhibit 307, # <u>108</u> Exhibit 308, # <u>109</u> Exhibit 309, # <u>110</u> Exhibit 310, # <u>111</u> Exhibit 311, # <u>112</u> Exhibit 312, # <u>113</u> Exhibit 313, # <u>114</u> Exhibit 314, # <u>115</u> Exhibit 315, # <u>116</u> Exhibit 316, # <u>117</u> Exhibit 317, # <u>118</u> Exhibit 318, # <u>119</u> Exhibit 319, # <u>120</u> Exhibit 320, # <u>121</u> Exhibit 321, # <u>122</u> Exhibit 322, # <u>123</u> Exhibit 323, # <u>124</u> Exhibit 324, # <u>125</u> Exhibit 325, # <u>126</u> Exhibit 326, # <u>127</u> Exhibit 327, # <u>128</u> Exhibit 328, # <u>129</u> Exhibit 329, # <u>130</u> Exhibit 330, # <u>131</u> Exhibit 331, # <u>132</u> Exhibit 332, # <u>133</u> Exhibit 333, # <u>134</u> Exhibit 334, # <u>135</u> Exhibit 335, # <u>136</u> Exhibit 336, # <u>137</u> Exhibit 337, # <u>138</u> Exhibit 338, # <u>139</u> Exhibit 339, # <u>140</u> Exhibit 340, # <u>141</u> Exhibit 341, # <u>142</u> Exhibit 342, # <u>143</u> Exhibit 343, # <u>144</u> Exhibit 344, # <u>145</u> Exhibit 345, # <u>146</u> Exhibit 346, # <u>147</u> Exhibit 347, # <u>148</u> Exhibit 348, # <u>149</u> Exhibit 349, # <u>150</u> Exhibit 350, # <u>151</u> Exhibit 351, # <u>152</u> Exhibit 352, # <u>153</u> Exhibit 353, # <u>154</u> Exhibit 354, # <u>155</u> Exhibit 355, # <u>156</u> Exhibit 356, # <u>157</u> Exhibit 357, # <u>158</u> Exhibit 358, # <u>159</u> Exhibit 359, # <u>160</u> Exhibit 360, # <u>161</u> Exhibit 361, # <u>162</u> Exhibit 362, # <u>163</u> Exhibit 363, # <u>164</u> Exhibit 364, # <u>165</u> Exhibit 365, # <u>166</u> Exhibit 366, # <u>167</u> Exhibit 367, # <u>168</u> Exhibit 368, # <u>169</u> Exhibit 369, # <u>170</u> Exhibit 370, # <u>171</u> Exhibit 371, # <u>172</u> Exhibit 372, # <u>173</u> Exhibit 373, # <u>174</u> Exhibit 374, # <u>175</u> Exhibit 375, # <u>176</u> Exhibit 376, # <u>177</u> Exhibit 377, # <u>178</u> Exhibit 378, # <u>179</u> Exhibit 379, # <u>180</u> Exhibit |

| | | |
|---|---|---|
| | | 380, # 181 Exhibit 381, # 182 Exhibit 382, # 183 Exhibit 383, # 184 Exhibit 384, # 185 Exhibit 385, # 186 Exhibit 386, # 187 Exhibit 387, # 188 Exhibit 388, # 189 Exhibit 390, # 190 Exhibit 391, # 191 Exhibit 392, # 192 Exhibit 393, # 193 Exhibit 394, # 194 Exhibit 395, # 195 Exhibit 396, # 196 Exhibit 397, # 197 Exhibit 399, # 198 Exhibit 400, # 199 Exhibit 540, # 200 Exhibit 545)Motion or Order to File Under Seal: 620 .(Sylvester, Mark) (Entered: 09/14/2022) |
| 09/14/2022 | 629 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 620 .(Tenreiro, Jorge) (Entered: 09/14/2022) |
| 09/14/2022 | 632 | MOTION to File Amicus Brief . Document filed by The Chamber of Digital Commerce..(Tessler, Lilya) (Entered: 09/14/2022) |
| 09/14/2022 | 633 | MEMORANDUM OF LAW in Support re: 632 MOTION to File Amicus Brief . . Document filed by The Chamber of Digital Commerce..(Tessler, Lilya) (Entered: 09/14/2022) |
| 09/14/2022 | 634 | DECLARATION of Lilya Tessler in Support re: 632 MOTION to File Amicus Brief .. Document filed by The Chamber of Digital Commerce. (Attachments: # 1 Exhibit A – Proposed Amicus Brief).(Tessler, Lilya) (Entered: 09/14/2022) |
| 09/14/2022 | 635 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Michael A. Hanin dated September 14, 2022. Document filed by Third–Party A..(Hanin, Michael) (Entered: 09/14/2022) |
| 09/14/2022 | 636 | ***EX–PARTE*** LETTER addressed to Judge Analisa Torres from Michael A. Hanin dated September 14, 2022 re: Third–Party Application to Seal. Document filed by Third–Party A. (Attachments: # 1 Exhibit A)Motion or Order to File Under Seal: 635 .(Hanin, Michael) (Entered: 09/14/2022) |
| 09/16/2022 | 637 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Katherine A. Marshall dated September 16, 2022. Document filed by Third–Party B..(Marshall, Katherine) (Entered: 09/16/2022) |
| 09/16/2022 | 638 | ***EX–PARTE*** LETTER MOTION for Leave to File Letter Motion addressed to Judge Analisa Torres from Katherine A. Marshall dated September 16, 2022. Document filed by Third–Party B. (Attachments: # 1 Exhibit A)Motion or Order to File Under Seal: 637 .(Marshall, Katherine) (Entered: 09/16/2022) |
| 09/17/2022 | 639 | MOTION for Summary Judgment *against all Defendants*. Document filed by Securities and Exchange Commission. Responses due by 10/18/2022.(Tenreiro, Jorge) (Entered: 09/17/2022) |
| 09/17/2022 | 640 | MEMORANDUM OF LAW in Support re: 639 MOTION for Summary Judgment *against all Defendants*. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 09/17/2022) |
| 09/17/2022 | 641 | **FILING ERROR – DEFICIENT DOCKET ENTRY – (SEE DOCUMENT#643)** MEMORANDUM OF LAW in Support re: 621 MOTION for Summary Judgment . *(Redacted)*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) Modified on 9/19/2022 (lb). (Entered: 09/17/2022) |
| 09/17/2022 | 642 | MOTION for Summary Judgment . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 09/17/2022) |
| 09/17/2022 | 643 | MEMORANDUM OF LAW in Support re: 642 MOTION for Summary Judgment . *(Redacted)*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 09/17/2022) |
| 09/19/2022 | 644 | RESPONSE to Motion re: 632 MOTION to File Amicus Brief . . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 09/19/2022) |
| 09/19/2022 | 645 | JOINT LETTER addressed to Judge Analisa Torres from Ladan F. Stewart dated September 19, 2022 re: schedule for third–party sealing motions. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 09/19/2022) |

| 09/20/2022 | 646 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Michael K. Kellogg dated September 20, 2022 re: 632 MOTION to File Amicus Brief . . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/20/2022) |
| --- | --- | --- |
| 09/21/2022 | 647 | ORDER granting 632 Motion to File Amicus Brief. The request is GRANTED. By September 26, 2022, the Chamber of Digital Commerce shall file its brief. The Clerk of Court is directed to terminate the motion at ECF No. 632. SO ORDERED. (Signed by Judge Analisa Torres on 9/21/22) (yv) (Entered: 09/21/2022) |
| 09/21/2022 | | Set/Reset Deadlines: Brief due by 9/26/2022. (yv) (Entered: 09/21/2022) |
| 09/21/2022 | 648 | MEMO ENDORSEMENT on re: 645 Letter filed by Securities and Exchange Commission. ENDORSEMENT: GRANTED. SO ORDERED. ( Responses due by 12/22/2022) (Signed by Judge Analisa Torres on 9/21/2022) (kv) Modified on 9/22/2022 (kv). (Entered: 09/21/2022) |
| 09/21/2022 | 649 | BRIEF *of Amicus Curiae The Chamber of Digital Commerce*. Document filed by The Chamber of Digital Commerce...(Tessler, Lilya) (Entered: 09/21/2022) |
| 09/23/2022 | 650 | MOTION for Bethan R. Jones to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–26726440. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order Proposed Order).(Jones, Bethan) (Entered: 09/23/2022) |
| 09/26/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 650 MOTION for Bethan R. Jones to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–26726440. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 09/26/2022) |
| 09/29/2022 | 651 | ORDER granting 650 Motion for Bethan R. Jones to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (JMS) (Entered: 09/29/2022) |
| 09/29/2022 | 652 | ORDER: For the foregoing reasons, the Court OVERRULES the SEC's objections and directs the SEC to comply with the Orders. SO ORDERED. (Signed by Judge Analisa Torres on 9/29/2022) (ama) (Entered: 09/29/2022) |
| 09/30/2022 | 653 | MOTION to File Amicus Brief . Document filed by I–REMIT, INC...(Farkas, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 654 | MEMORANDUM OF LAW in Support re: 653 MOTION to File Amicus Brief . . Document filed by I–REMIT, INC...(Farkas, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 655 | DECLARATION of Brian Farkas in Support re: 653 MOTION to File Amicus Brief .. Document filed by I–REMIT, INC.. (Attachments: # 1 Exhibit Exhibit A – Proposed Amicus Brief).(Farkas, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 656 | LETTER MOTION to File Amicus Brief *of TapJets, Inc. on behalf of Defendant* addressed to Judge Analisa Torres from Debra L. Fein/ TapJets, Inc. dated September 30, 2022. Document filed by Debra L Fein. (Attachments: # 1 Exhibit Motion to Appear Pro Hac Vice, # 2 Affidavit of Debra L. Fein, # 3 Exhibit Cert of Good Standing FL Bar, # 4 Text of Proposed Order On Motion to Appear Pro Hac Vice).(Fein, Debra) (Entered: 09/30/2022) |
| 10/04/2022 | 657 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated October 4, 2022 re: 653 MOTION to File Amicus Brief ., 656 LETTER MOTION to File Amicus Brief *of TapJets, Inc. on behalf of Defendant* addressed to Judge Analisa Torres from Debra L. Fein/ TapJets, Inc. dated September 30, 2022. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 10/04/2022) |
| 10/05/2022 | 658 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated October 5, 2022 re: 653 MOTION to File Amicus Brief, 656 LETTER MOTION to File Amicus Brief of TapJets, Inc., 657 LETTER RESPONSE in Opposition to Motion. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 10/05/2022) |

| 10/11/2022 | 659 | ORDER granting 653 Letter Motion to File Amicus Brief; granting 656 Letter Motion to File Amicus Brief. Accordingly, the requests are GRANTED. By October 14, 2022, I−Remit, Inc. and TapJets, Inc. shall file their briefs. Amici are reminded that their briefs must comply with the requirements set forth in Section III.D of the Court's Individual Practices in Civil Cases. The Clerk of Court is directed to terminate the motions at ECF Nos. 653, 656. SO ORDERED.. (Signed by Judge Analisa Torres on 10/11/2022) (kv) (Entered: 10/11/2022) |
|---|---|---|
| 10/11/2022 | | Set/Reset Deadlines: Brief due by 10/14/2022. (kv) (Entered: 10/11/2022) |
| 10/12/2022 | 660 | BRIEF re: 621 MOTION for Summary Judgment ., 642 MOTION for Summary Judgment . *AMICUS BRIEF BY I−REMIT, INC IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.* Document filed by I−REMIT, INC...(Farkas, Brian) (Entered: 10/12/2022) |
| 10/14/2022 | 661 | RESPONSE in Support of Motion re: 621 MOTION for Summary Judgment . *Amicus Brief of TapJets, Inc., in Support of Defendants' Motion for Summary Judgment.* Document filed by Debra L Fein. (Attachments: # 1 Affidavit of Eugene Kesselman, Founder and CEO of TapJets, Inc.).(Fein, Debra) (Entered: 10/14/2022) |
| 10/18/2022 | 662 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*. . Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 663 | ***SELECTED PARTIES***COUNTER STATEMENT TO 629 Rule 56.1 Statement. Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. Motion or Order to File Under Seal: 620 .(Kellogg, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 664 | ***SELECTED PARTIES***DECLARATION of Christopher S. Ford in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 107, # 2 Exhibit 108, # 3 Exhibit 109, # 4 Exhibit 110, # 5 Exhibit 111, # 6 Exhibit 112, # 7 Exhibit 113, # 8 Exhibit 114, # 9 Exhibit 115, # 10 Exhibit 116, # 11 Exhibit 117, # 12 Exhibit 118, # 13 Exhibit 119, # 14 Exhibit 120, # 15 Exhibit 121, # 16 Exhibit 122, # 17 Exhibit 123, # 18 Exhibit 124, # 19 Exhibit 125, # 20 Exhibit 126, # 21 Exhibit 127, # 22 Exhibit 128, # 23 Exhibit 129, # 24 Exhibit 130, # 25 Exhibit 131, # 26 Exhibit 132, # 27 Exhibit 133, # 28 Exhibit 134, # 29 Exhibit 135, # 30 Exhibit 136, # 31 Exhibit 137, # 32 Exhibit 138, # 33 Exhibit 139, # 34 Exhibit 140, # 35 Exhibit 141, # 36 Exhibit 142, # 37 Exhibit 143, # 38 Exhibit 144, # 39 Exhibit 145, # 40 Exhibit 146, # 41 Exhibit 147, # 42 Exhibit 148, # 43 Exhibit 149, # 44 Exhibit 150, # 45 Exhibit 151, # 46 Exhibit 152, # 47 Exhibit 153, # 48 Exhibit 154, # 49 Exhibit 155, # 50 Exhibit 156, # 51 Exhibit 157, # 52 Exhibit 158, # 53 Exhibit 159, # 54 Exhibit 160, # 55 Exhibit 161, # 56 Exhibit 162, # 57 Exhibit 163, # 58 Exhibit 164, # 59 Exhibit 165, # 60 Exhibit 166)Motion or Order to File Under Seal: 620 .(Ford, Christopher) (Entered: 10/18/2022) |
| 10/18/2022 | 665 | ***SELECTED PARTIES***DECLARATION of Erol Gulay in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. (Attachments: # 1 Exhibit 167.01, # 2 Exhibit 167.02, # 3 Exhibit 167.03, # 4 Exhibit 167.04, # 5 Exhibit 167.05, # 6 Exhibit 167.06, # 7 Exhibit 167.07, # 8 Exhibit 167.08, # 9 Exhibit 167.09, # 10 Exhibit 167.10, # 11 Exhibit 167.11, # 12 Exhibit 167.12, # 13 Exhibit 167.13, # 14 Exhibit 167.14, # 15 Exhibit 167.15, # 16 Exhibit 167.16, # 17 Exhibit 167.17, # 18 Exhibit 167.18, # 19 Exhibit 167.19, # 20 Exhibit 167.20, # 21 Exhibit 167.21, # 22 Exhibit 167.22, # 23 Exhibit 167.23, # 24 Exhibit 167.24, # 25 Exhibit 167.25, # 26 Exhibit 167.26, # 27 Exhibit 168, # 28 Exhibit 169, # 29 Exhibit 170, # 30 Exhibit 171, # 31 Exhibit 172, # 32 Exhibit 173, # 33 Exhibit 174, # 34 Exhibit 175, # 35 Exhibit 176, # 36 Exhibit 177, # 37 Exhibit 178, # 38 Exhibit 179, # 39 Exhibit 180, # 40 Exhibit 181, # 41 Exhibit 182, # 42 Exhibit 183, # 43 Exhibit 184, # 44 Exhibit 185, # 45 Exhibit 186, # 46 Exhibit 187, # 47 Exhibit 188, # 48 Exhibit 189, # 49 Exhibit 190, # 50 Exhibit 191, # 51 Exhibit 192, # 52 Exhibit 193, # 53 Exhibit 194, # 54 Exhibit 195, # 55 Exhibit 196, # 56 Exhibit 197, # 57 Exhibit 198, # 58 Exhibit 199, # 59 Exhibit 200, # 60 Exhibit 201, # |

| | | |
|---|---|---|
| | | 61 Exhibit 202, # 62 Exhibit 203, # 63 Exhibit 204, # 64 Exhibit 205, # 65 Exhibit 206, # 66 Exhibit 207, # 67 Exhibit 208, # 68 Exhibit 209, # 69 Exhibit 210, # 70 Exhibit 211, # 71 Exhibit 212, # 72 Exhibit 213, # 73 Exhibit 214, # 74 Exhibit 215, # 75 Exhibit 216, # 76 Exhibit 217, # 77 Exhibit 218, # 78 Exhibit 219, # 79 Exhibit 220, # 80 Exhibit 221, # 81 Exhibit 222, # 82 Exhibit 223, # 83 Exhibit 224, # 84 Exhibit 225, # 85 Exhibit 226, # 86 Exhibit 227, # 87 Exhibit 228, # 88 Exhibit 229, # 89 Exhibit 230, # 90 Exhibit 231, # 91 Exhibit 232, # 92 Exhibit 233, # 93 Exhibit 234, # 94 Exhibit 235, # 95 Exhibit 236, # 96 Exhibit 237, # 97 Exhibit 238, # 98 Exhibit 239, # 99 Exhibit 240, # 100 Exhibit 241, # 101 Exhibit 242, # 102 Exhibit 243, # 103 Exhibit 244, # 104 Exhibit 245, # 105 Exhibit 246, # 106 Exhibit 247, # 107 Exhibit 248, # 108 Exhibit 249, # 109 Exhibit 250, # 110 Exhibit 251, # 111 Exhibit 252, # 112 Exhibit 253, # 113 Exhibit 254, # 114 Exhibit 255, # 115 Exhibit 256, # 116 Exhibit 257, # 117 Exhibit 258, # 118 Exhibit 259, # 119 Exhibit 260, # 120 Exhibit 261, # 121 Exhibit 262, # 122 Exhibit 263, # 123 Exhibit 264, # 124 Exhibit 265, # 125 Exhibit 266, # 126 Exhibit 267, # 127 Exhibit 268, # 128 Exhibit 269, # 129 Exhibit 270, # 130 Exhibit 271, # 131 Exhibit 272, # 132 Exhibit 273, # 133 Exhibit 274, # 134 Exhibit 275, # 135 Exhibit 276, # 136 Exhibit 277, # 137 Exhibit 278, # 138 Exhibit 279)Motion or Order to File Under Seal: 620 .(Gulay, Erol) (Entered: 10/18/2022) |
| 10/18/2022 | 666 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Avi Weitzman dated October 18, 2022. Document filed by Investor Choice Advocates Network, Phillip Goldstein. (Attachments: # 1 Exhibit A – Amicus Brief).(Weitzman, Avi) (Entered: 10/18/2022) |
| 10/18/2022 | 667 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 621 MOTION for Summary Judgment . . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Appendix A)Motion or Order to File Under Seal: 620 .(Tenreiro, Jorge) (Entered: 10/18/2022) |
| 10/18/2022 | 668 | ***SELECTED PARTIES***COUNTER STATEMENT TO 623 Rule 56.1 Statement. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 620 .(Tenreiro, Jorge) (Entered: 10/18/2022) |
| 10/18/2022 | 669 | ***SELECTED PARTIES***DECLARATION of Ladan F. Stewart in Opposition re: 621 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 113, # 2 Exhibit 398, # 3 Exhibit 409, # 4 Exhibit 456, # 5 Exhibit 457, # 6 Exhibit 499, # 7 Exhibit 500, # 8 Exhibit 505, # 9 Exhibit 525, # 10 Exhibit 526, # 11 Exhibit 528, # 12 Exhibit 529, # 13 Exhibit 530, # 14 Exhibit 532, # 15 Exhibit 533, # 16 Exhibit 535, # 17 Exhibit 537, # 18 Exhibit 538, # 19 Exhibit 539, # 20 Exhibit 547, # 21 Exhibit 548, # 22 Exhibit 552, # 23 Exhibit 555, # 24 Exhibit 556, # 25 Exhibit 557, # 26 Exhibit 559, # 27 Exhibit 560, # 28 Exhibit 561, # 29 Exhibit 562, # 30 Exhibit 563, # 31 Exhibit 564, # 32 Exhibit 565, # 33 Exhibit 566, # 34 Exhibit 567, # 35 Exhibit 568, # 36 Exhibit 569, # 37 Exhibit 570, # 38 Exhibit 571, # 39 Exhibit 573, # 40 Exhibit 574, # 41 Exhibit 575, # 42 Exhibit 576, # 43 Exhibit 577, # 44 Exhibit 578, # 45 Exhibit 579, # 46 Exhibit 580, # 47 Exhibit 581, # 48 Exhibit 582, # 49 Exhibit 583, # 50 Exhibit 584, # 51 Exhibit 585, # 52 Exhibit 586, # 53 Exhibit 587, # 54 Exhibit 588, # 55 Exhibit 589, # 56 Exhibit 590, # 57 Exhibit 591, # 58 Exhibit 592, # 59 Exhibit 593, # 60 Exhibit 594, # 61 Exhibit 595, # 62 Exhibit 596, # 63 Exhibit 597, # 64 Exhibit 598, # 65 Exhibit 599, # 66 Exhibit 600, # 67 Exhibit 601, # 68 Exhibit 602, # 69 Exhibit 603, # 70 Exhibit 604, # 71 Exhibit 605, # 72 Exhibit 606, # 73 Exhibit 607, # 74 Exhibit 608, # 75 Exhibit 609, # 76 Exhibit 610, # 77 Exhibit 611, # 78 Exhibit 612, # 79 Exhibit 613, # 80 Exhibit 614, # 81 Exhibit 615, # 82 Exhibit 616, # 83 Exhibit 617, # 84 Exhibit 618, # 85 Exhibit 619, # 86 Exhibit 620, # 87 Exhibit 621, # 88 Exhibit 623, # 89 Exhibit 624, # 90 Exhibit 625, # 91 Exhibit 626, # 92 Exhibit 629, # 93 Exhibit 630, # 94 Exhibit 631, # 95 Exhibit 632, # 96 Exhibit 633, # 97 Exhibit 634, # 98 Exhibit 635, # 99 Exhibit 636, # 100 Exhibit 637, # 101 Exhibit 638, # 102 Exhibit 639, # 103 Exhibit 640, # 104 Exhibit 641, # 105 Exhibit 642, # 106 Exhibit 643, # 107 Exhibit 644)Motion or Order to File Under Seal: 620 .(Stewart, Ladan) (Entered: 10/18/2022) |

| | | |
|---|---|---|
| 10/18/2022 | 670 | ***SELECTED PARTIES***DECLARATION of Mark R. Sylvester in Opposition re: 621 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 645, # 2 Exhibit 646, # 3 Exhibit 647, # 4 Exhibit 648, # 5 Exhibit 649, # 6 Exhibit 650, # 7 Exhibit 651, # 8 Exhibit 652, # 9 Exhibit 653, # 10 Exhibit 654, # 11 Exhibit 655, # 12 Exhibit 656, # 13 Exhibit 657, # 14 Exhibit 658, # 15 Exhibit 659, # 16 Exhibit 660, # 17 Exhibit 661, # 18 Exhibit 662, # 19 Exhibit 663, # 20 Exhibit 665, # 21 Exhibit 666, # 22 Exhibit 667, # 23 Exhibit 668, # 24 Exhibit 669, # 25 Exhibit 670, # 26 Exhibit 672, # 27 Exhibit 673, # 28 Exhibit 674, # 29 Exhibit 675, # 30 Exhibit 676, # 31 Exhibit 677, # 32 Exhibit 678, # 33 Exhibit 679, # 34 Exhibit 680, # 35 Exhibit 681, # 36 Exhibit 682, # 37 Exhibit 683, # 38 Exhibit 684, # 39 Exhibit 685, # 40 Exhibit 686, # 41 Exhibit 687, # 42 Exhibit 688, # 43 Exhibit 689, # 44 Exhibit 690, # 45 Exhibit 691, # 46 Exhibit 692, # 47 Exhibit 693, # 48 Exhibit 694, # 49 Exhibit 695, # 50 Exhibit 696, # 51 Exhibit 697, # 52 Exhibit 698, # 53 Exhibit 699, # 54 Exhibit 701, # 55 Exhibit 702, # 56 Exhibit 703, # 57 Exhibit 704, # 58 Exhibit 705, # 59 Exhibit 706, # 60 Exhibit 707, # 61 Exhibit 708, # 62 Exhibit 709, # 63 Exhibit 710, # 64 Exhibit 711, # 65 Exhibit 712, # 66 Exhibit 713, # 67 Exhibit 714, # 68 Exhibit 715, # 69 Exhibit 716, # 70 Exhibit 717, # 71 Exhibit 718, # 72 Exhibit 719, # 73 Exhibit 720, # 74 Exhibit 721, # 75 Exhibit 722, # 76 Exhibit 724, # 77 Exhibit 725, # 78 Exhibit 726, # 79 Exhibit 727, # 80 Exhibit 728, # 81 Exhibit 729, # 82 Exhibit 730, # 83 Exhibit 731, # 84 Exhibit 732, # 85 Exhibit 733, # 86 Exhibit 734, # 87 Exhibit 735, # 88 Exhibit 736, # 89 Exhibit 737, # 90 Exhibit 738, # 91 Exhibit 739, # 92 Exhibit 740, # 93 Exhibit 741, # 94 Exhibit 742, # 95 Exhibit 743, # 96 Exhibit 744, # 97 Exhibit 745, # 98 Exhibit 746, # 99 Exhibit 747, # 100 Exhibit 748, # 101 Exhibit 749, # 102 Exhibit 750, # 103 Exhibit 751, # 104 Exhibit 752, # 105 Exhibit 753, # 106 Exhibit 754, # 107 Exhibit 755, # 108 Exhibit 756, # 109 Exhibit 757, # 110 Exhibit 758, # 111 Exhibit 759, # 112 Exhibit 760, # 113 Exhibit 761, # 114 Exhibit 762, # 115 Exhibit 763, # 116 Exhibit 764, # 117 Exhibit 765, # 118 Exhibit 766, # 119 Exhibit 767, # 120 Exhibit 768, # 121 Exhibit 769, # 122 Exhibit 770, # 123 Exhibit 771)Motion or Order to File Under Seal: 620 .(Sylvester, Mark) (Entered: 10/18/2022) |
| 10/19/2022 | 671 | LETTER MOTION to Seal *Redact Declaration Of Third−Party C's Officer,* addressed to Judge Analisa Torres from Jonathan Rotenberg dated 10/19/22. Document filed by Third−Party C..(Rotenberg, Jonathan) (Entered: 10/19/2022) |
| 10/20/2022 | 673 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 675 Memorandum) –** MEMORANDUM OF LAW in Opposition re: 625 MOTION for Summary Judgment *against all Defendants. (Redacted).* Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc. (Kellogg, Michael) Modified on 10/25/2022 (db). As per ECF Error Email Correspondence received on 10/21/2022 @ 8:47am. (Entered: 10/20/2022) |
| 10/21/2022 | 674 | MEMORANDUM OF LAW in Opposition re: 642 MOTION for Summary Judgment . . Document filed by Securities and Exchange Commission. (Attachments: # 1 Appendix A).(Tenreiro, Jorge) (Entered: 10/21/2022) |
| 10/21/2022 | 675 | MEMORANDUM OF LAW in Opposition re: 625 MOTION for Summary Judgment *against all Defendants. (Corrected from 673 Redacted).* Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 10/21/2022) |
| 10/21/2022 | 676 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Joam Alisme, Esq. dated 10/21/2022. Document filed by SpendTheBits, Inc.. (Attachments: # 1 Affidavit J. Affidavit, # 2 Supplement Brief).(Alisme, Joam) (Entered: 10/21/2022) |
| 10/21/2022 | 677 | LETTER addressed to Magistrate Judge Sarah Netburn from Ladan F. Stewart dated October 21, 2022 re: in camera submission. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 10/21/2022) |
| 10/26/2022 | 678 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated October 26, 2022 re: 676 LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Joam Alisme, Esq. dated 10/21/2022., 666 LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Avi Weitzman dated October 18, 2022. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 10/26/2022) |

| 10/28/2022 | 679 | ORDER granting 666 Letter Motion to File Amicus Brief; granting 676 Letter Motion to File Amicus Brief. The Court has reviewed the requests by Phillip Goldstein and the Investor Choice Advocates Network ("ICAN") and SpendTheBits, Inc. for leave to file amicus curiae briefs dated October 18 and 21, 2022, ECF Nos. 666, 676, and Plaintiffs letter dated October 26, 2022, ECF No. 678. Accordingly, the requests are GRANTED. By November 2, 2022, Phillip Goldstein and ICAN and SpendTheBits, Inc. shall file their briefs. Amici are reminded that their briefs must comply with the requirements set forth in Section III.D of the Court's Individual Practices in Civil Cases. Plaintiff may respond to amici in its reply brief in support of its motion for summary judgment. The Clerk of Court is directed to terminate the motions at ECF Nos. 666, 676. SO ORDERED.. (Signed by Judge Analisa Torres on 10/28/2022) (kv) (Entered: 10/28/2022) |
|---|---|---|
| 10/28/2022 | | Set/Reset Deadlines: Brief due by 11/2/2022. (kv) (Entered: 10/28/2022) |
| 10/28/2022 | 680 | MOTION to File Amicus Brief . Document filed by Blockchain Association..(Gottlieb, Jason) (Entered: 10/28/2022) |
| 10/28/2022 | 681 | DECLARATION of Jason Gottlieb in Support re: 680 MOTION to File Amicus Brief .. Document filed by Blockchain Association. (Attachments: # 1 Exhibit Exhibit 1– Brief of Amicus Curiae the Blockchain Association).(Gottlieb, Jason) (Entered: 10/28/2022) |
| 10/28/2022 | 682 | MEMORANDUM OF LAW in Support re: 680 MOTION to File Amicus Brief . . Document filed by Blockchain Association..(Gottlieb, Jason) (Entered: 10/28/2022) |
| 10/28/2022 | 683 | BRIEF *for Amici Curiae Investor Choice Advocates Network and Phillip Goldstein in Support of Defendants' Motion for Summary Judgment*. Document filed by Phillip Goldstein, Investor Choice Advocates Network..(Weitzman, Avi) (Entered: 10/28/2022) |
| 10/28/2022 | 684 | BRIEF . Document filed by SpendTheBits, Inc.. (Attachments: # 1 Affidavit J.).(Alisme, Joam) (Entered: 10/28/2022) |
| 10/31/2022 | 685 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from John E. Deaton dated October 31, 2022. Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Exhibit Proposed Amicus Brief).(Deaton, John) (Entered: 10/31/2022) |
| 10/31/2022 | 686 | MEMO ENDORSEMENT on re: 677 Letter filed by Securities and Exchange Commission. ENDORSEMENT: Plaintiff's application for leave to make the above–specified redactions is GRANTED. (Signed by Magistrate Judge Sarah Netburn on 10/31/2022) (ras) Modified on 11/1/2022 (ras). (Main Document 686 replaced on 11/1/2022) (ras). (Entered: 10/31/2022) |
| 10/31/2022 | 687 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Nola B. Heller dated October 31, 2022. Document filed by Coinbase, Inc.. (Attachments: # 1 Exhibit A – Amicus Brief).(Heller, Nola) (Entered: 10/31/2022) |
| 10/31/2022 | 688 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Robert L. Boone dated October 31, 2022. Document filed by Crypto Council for Innovation. (Attachments: # 1 Exhibit A – Amicus Brief).(Boone, Robert) (Entered: 10/31/2022) |
| 10/31/2022 | 689 | LETTER MOTION to File Amicus Brief *of Valhil Capital, LLC,* addressed to Judge Analisa Torres from Brandon Duke dated October 31, 2022. Document filed by Valhil Capital, LLC. (Attachments: # 1 Exhibit A – Proposed amicus brief, # 2 Affidavit (Declaration) of James Vallee).(Duke, Brandon) (Entered: 10/31/2022) |
| 11/02/2022 | 690 | FIRST LETTER MOTION for Leave to File Amicus Curiae Brief addressed to Judge Analisa Torres from Eileen Budd dated 11/2/2022. Document filed by Cryptillian Payment Systems, LLC..(Budd, Eileen) (Entered: 11/02/2022) |
| 11/03/2022 | 691 | MOTION for Benjamin Tompkins to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26914220. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Veri DAO. (Attachments: # 1 Affidavit Exhibit 1 – Tompkins affidavit, # 2 Exhibit Exhibit 2 – Tomkpkins certificates of good standing, # 3 Exhibit Exhibit 3 – Tompkins proposed order).(Tompkins, |

| | | |
|---|---|---|
| | | Benjamin) (Entered: 11/03/2022) |
| 11/03/2022 | 692 | MOTION for Jeffrey Donoho to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26914385. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Veri DAO. (Attachments: # 1 Affidavit Exhibit 1 – Donoho Affidavit, # 2 Exhibit Exhibit 2 – Donoho certificates of good standing, # 3 Exhibit Exhibit 3 – Donoho proposed order).(Donoho, Jeffrey) (Entered: 11/03/2022) |
| 11/03/2022 | 693 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Analisa Torres from Jorge Gerardo Tenreiro dated November 3, 2022. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 11/03/2022) |
| 11/03/2022 | 694 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Benjamin Tompkins dated 11/3/2022. Document filed by Veri DAO. (Attachments: # 1 Exhibit Exhibit A – Amicus Brief, # 2 Affidavit Exhibit B – Declaration of L. Cupp).(Tompkins, Benjamin) (Entered: 11/03/2022) |
| 11/04/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 691 MOTION for Benjamin Tompkins to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26914220. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (sac)** (Entered: 11/04/2022) |
| 11/04/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 692 MOTION for Jeffrey Donoho to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26914385. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (sac)** (Entered: 11/04/2022) |
| 11/04/2022 | 695 | ORDER granting 693 Letter Motion for Extension of Time to File Response/Reply re 693 CONSENT LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Analisa Torres from Jorge Gerardo Tenreiro dated November 3, 2022. GRANTED. SO ORDERED. Responses due by 1/9/2023 Replies due by 11/30/2022.. (Signed by Judge Analisa Torres on 11/4/2022) (kv) (Entered: 11/04/2022) |
| 11/04/2022 | | Set/Reset Deadlines: Motions due by 12/22/2022. (kv) (Entered: 11/04/2022) |
| 11/09/2022 | 696 | MOTION for Frederick Anthony Rispoli to Appear Pro Hac Vice *As Counsel For Amicus Curiae Reaper Financial, LLC*. Filing fee $ 200.00, receipt number ANYSDC–26941460. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reaper Financial, LLC. (Attachments: # 1 Affidavit Local Rule 1.3 Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order For Admission Pro Hac Vice).(Rispoli, Frederick) (Entered: 11/09/2022) |
| 11/09/2022 | 697 | LETTER MOTION to File Amicus Brief *on behalf of Reaper Financial, LLC* addressed to Judge Analisa Torres from Frederick Anthony Rispoli dated 11/09/2022. Document filed by Reaper Financial, LLC. (Attachments: # 1 Exhibit Proposed Amicus Brief of Reaper Financial, LLC).(Rispoli, Frederick) (Entered: 11/09/2022) |
| 11/09/2022 | 698 | LETTER addressed to Judge Analisa Torres from Adrian Alvarez, Esq., CEO of InvestReady dated 11/9/22 re: "LETTER MOTION OF ACCREDIFY, INC. D/B/A INVESTREADY FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SEC V. RIPPLE LABS, INC.Document filed by Adrian Alvarez, Esq. sc) (Entered: 11/10/2022) |
| 11/10/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 696 MOTION for Frederick Anthony Rispoli to Appear Pro Hac Vice *As Counsel For Amicus Curiae Reaper Financial, LLC*. Filing fee $ 200.00, receipt number ANYSDC–26941460. Motion and supporting papers to be reviewed by Cler. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 11/10/2022)** |
| 11/10/2022 | 699 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Scott D. Brenner, Esq (Parlatore Law Group LLP) dated November 10, 2022. |

| | | Document filed by New Sports Economy Institute..(Brenner, Scott) (Entered: 11/10/2022) |
|---|---|---|
| 11/11/2022 | 700 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Eileen Budd dated November 11, 2022. Document filed by Cryptillian Payment Systems, LLC. (Attachments: # 1 Text of Proposed Order Amicus Curiae Brief, # 2 Text of Proposed Order Declaration of Vincent Bono).(Budd, Eileen) (Entered: 11/11/2022) |
| 11/11/2022 | 701 | LETTER MOTION for Leave to File Amicus Brief addressed to Judge Analisa Torres from Kayvan B. Sadeghi dated November 11, 2022. Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit A – Proposed Brief, # 2 Exhibit 1 – Article).(Sadeghi, Kayvan) (Entered: 11/11/2022) |
| 11/11/2022 | 702 | NOTICE OF APPEARANCE by Kayvan Betteridge Sadeghi on behalf of Paradigm Operations LP..(Sadeghi, Kayvan) (Entered: 11/11/2022) |
| 11/11/2022 | 703 | NOTICE OF APPEARANCE by Shailee Diwanji Sharma on behalf of Paradigm Operations LP..(Sharma, Shailee) (Entered: 11/11/2022) |
| 11/14/2022 | 704 | ORDER granting 680 Letter Motion to File Amicus Brief; granting 685 Letter Motion to File Amicus Brief; granting 687 Letter Motion to File Amicus Brief; granting 688 Letter Motion to File Amicus Brief; granting 689 Letter Motion to File Amicus Brief; granting 690 Letter Motion for Leave to File Document; granting 694 Letter Motion to File Amicus Brief; granting 697 Letter Motion to File Amicus Brief; granting 699 Letter Motion to File Amicus Brief; granting 700 Letter Motion to File Amicus Brief; granting 701 Letter Motion for Leave to File Document. Accordingly, the requests to file amicus curiae briefs are GRANTED. By November 18, 2022, the Association, the six XRP holders, Coinbase, the CCI, Valhil, Cryptillian, Veri DAO, Reaper Financial, InvestReady, the NSEI, and Paradigm shall file their briefs. Amici are reminded that their briefs must comply with the requirements set forth in Section III.D of the Court's Individual Practices in Civil Cases. The Clerk of Court is directed to terminate the motions at ECF Nos. 680, 685, 687, 688, 689, 690, 694, 697, 698, 699, 700, and 701. SO ORDERED.. (Signed by Judge Analisa Torres on 11/14/2022) (kv) (Entered: 11/14/2022) |
| 11/14/2022 | | Set/Reset Deadlines: Brief due by 11/18/2022. (kv) (Entered: 11/14/2022) |
| 11/14/2022 | 705 | BRIEF *of Amicus Curiae Coinbase, Inc.*. Document filed by Coinbase, Inc...(Heller, Nola) (Entered: 11/14/2022) |
| 11/15/2022 | 706 | BRIEF *of Amicus Curiae The Blockchain Association*. Document filed by Blockchain Association..(Gottlieb, Jason) (Entered: 11/15/2022) |
| 11/15/2022 | 707 | BRIEF *of Amicus Curiae Paradigm Operations LP*. Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit 1).(Sadeghi, Kayvan) (Entered: 11/15/2022) |
| 11/15/2022 | 708 | BRIEF re: 639 MOTION for Summary Judgment *against all Defendants*. . Document filed by Jordan Deaton, James LaMonte, Mya LaMonte, Tyler LaMonte, Mitchell McKenna, Kristiana Warner. (Attachments: # 1 Affidavit Declaration of John E. Deaton, # 2 Exhibit Ex. A: History of Bitcoin, # 3 Exhibit Ex. B: Grundfest Letter, # 4 Exhibit Ex. C: SEC Select Accomplishments, # 5 Exhibit Ex D: ICO craze, # 6 Exhibit Ex. E: Ripple Facts, # 7 Exhibit Ex. F: GAO report, # 8 Exhibit Ex. G: Coinflip Order, # 9 Exhibit Ex. H: FSOC Annual Report, # 10 Exhibit Ex. I: Baillard Code of Ethics, # 11 Exhibit Ex. J: XRP overtakes, # 12 Exhibit Ex. K: Crypto Market Cap, # 13 Exhibit Ex. L: Coinbase accepts XRP, # 14 Exhibit Ex. M: MoneyGram Ripple Purchase Agreement, # 15 Exhibit Ex. N: MoneyGram announcement, # 16 Exhibit Ex. O: Moneygram Form 8–K, # 17 Exhibit Ex. P: SEC OIEA emails, # 18 Exhibit Ex. Q: Gensler–Crypto Platforms need to Register, # 19 Exhibit Ex. R: Gensler–Push to get crypto exchanges to register, # 20 Exhibit Ex. S: Gensler–Crypto intermediaries should register with SEC, # 21 Exhibit Ex. T: XRP tipbot, # 22 Exhibit Ex. U: Time Magazine accepts crypto, # 23 Exhibit Ex. V: 1500+ companies and stores accept XRP, # 24 Exhibit Ex. W: XRP Mastercard, # 25 Exhibit Ex. X: Uphold Debit Card, # 26 Exhibit Ex. Y: FTX partners with Visa, # 27 Exhibit Ex. Z: crypto payroll tool, # 28 Exhibit Ex. AA: connecting with Bitpay, # 29 Exhibit Ex. BB: Coinbase Ad, # 30 Exhibit Ex. CC: Coinbase expands to cross border payments, # 31 Exhibit Ex. DD: How to buy XRP, # 32 Exhibit Ex. EE: XRP can easily be bought straight from bank |

| | | account, # 33 Exhibit Ex. FF: XRP use cases, # 34 Exhibit Ex. GG: XRP Staking, # 35 Exhibit Ex. HH: XRP loans, # 36 Exhibit Ex. II: Celcius bankruptcy, # 37 Exhibit Ex. JJ: Gensler blockchain video, # 38 Exhibit Ex. KK: SEC remarks Aspen Security, # 39 Exhibit Ex. LL: XRPL services).(Deaton, John) (Entered: 11/15/2022) |
|---|---|---|
| 11/15/2022 | 709 | BRIEF *of Amicus Curiae Veri DAO*. Document filed by Veri DAO. (Attachments: # 1 Affidavit Declaration of Lloyd Cupp).(Tompkins, Benjamin) (Entered: 11/15/2022) |
| 11/15/2022 | 710 | BRIEF *of Amicus Curiae Reaper Financial, LLC*. Document filed by Reaper Financial, LLC. (Attachments: # 1 Exhibit Declaration of Patrick L. Riley, CEO of Reaper Financial).(Rispoli, Frederick) (Entered: 11/15/2022) |
| 11/15/2022 | 711 | BRIEF *of the Crypto Council for Innovation as Amicus Curiae in Support of Defendants*. Document filed by Crypto Council for Innovation..(Boone, Robert) (Entered: 11/15/2022) |
| 11/16/2022 | 712 | LETTER addressed to Judge Analisa Torres from William M. Cunningham, non−party economist, dated 11/15/22 re: I write in a pro se capacity to request the Court's permission to file an amicus brief in the action referenced above etc. William Michael Cunningham submits this memorandum in support of his motion for leave to file a brief amicus curiae in this matter. His education and experience have uniquely positioned him to provide objective and independent research and opinions to the Court. (sc) (Entered: 11/16/2022) |
| 11/16/2022 | 713 | ORDER granting 691 Motion for Benjamin Tompkins to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 11/16/2022) |
| 11/16/2022 | 714 | ORDER granting 692 Motion for Jeffrey Donoho to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 11/16/2022) |
| 11/16/2022 | 715 | ORDER granting 696 Motion for Frederick Anthony Rispoli to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 11/16/2022) |
| 11/16/2022 | 716 | MEMORANDUM OF LAW in Support re: 639 MOTION for Summary Judgment *against all Defendants. Amicus Curiae Memorandum of Law in Support of Defendants' Brief In Opposition to Plaintiff's Motion for Summary Judgment*. Document filed by Cryptillian Payment Systems, LLC. (Attachments: # 1 Affidavit Declaration of Vincent Bono).(Budd, Eileen) (Entered: 11/16/2022) |
| 11/18/2022 | 717 | MEMORANDUM OF LAW in Support re: 639 MOTION for Summary Judgment *against all Defendants*., 699 LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Scott D. Brenner, Esq (Parlatore Law Group LLP) dated November 10, 2022. . Document filed by New Sports Economy Institute..(Brenner, Scott) (Entered: 11/18/2022) |
| 11/18/2022 | 718 | NOTICE OF APPEARANCE by Brandon W. Duke on behalf of Valhil Capital, LLC..(Duke, Brandon) (Entered: 11/18/2022) |
| 11/18/2022 | 719 | NOTICE OF APPEARANCE by George Eric Mastoris on behalf of Valhil Capital, LLC..(Mastoris, George) (Entered: 11/18/2022) |
| 11/18/2022 | 720 | NOTICE OF APPEARANCE by Kerry Donovan on behalf of Valhil Capital, LLC..(Donovan, Kerry) (Entered: 11/18/2022) |
| 11/18/2022 | 721 | NOTICE OF APPEARANCE by Athanasia Charmani on behalf of Valhil Capital, LLC..(Charmani, Athanasia) (Entered: 11/18/2022) |
| 11/18/2022 | 722 | BRIEF *of Amicus Curiae Valhil Capital, LLC in Support of Defendants' Motion for Summary Judgment*. Document filed by Valhil Capital, LLC. (Attachments: # 1 Affidavit (Declaration) of James Vallee in Support).(Duke, Brandon) (Entered: 11/18/2022) |
| 11/30/2022 | 723 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 621 MOTION for Summary Judgment . . Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. Motion or Order to File Under Seal: 695 .(Kellogg, Michael) (Entered: 11/30/2022) |

| | | |
|---|---|---|
| 11/30/2022 | 724 | ***SELECTED PARTIES*** RESPONSE re: 668 Counter Statement to Rule 56.1 . Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. Motion or Order to File Under Seal: 695 .(Kellogg, Michael) (Entered: 11/30/2022) |
| 11/30/2022 | 725 | ***SELECTED PARTIES***DECLARATION of Erol Gulay in Support re: 621 MOTION for Summary Judgment .. Document filed by Ripple Labs Inc., Bradley Garlinghouse, Christian A. Larsen, Securities and Exchange Commission. (Attachments: # 1 Exhibit 280, # 2 Exhibit 281, # 3 Exhibit 282, # 4 Exhibit 283, # 5 Exhibit 284, # 6 Exhibit 285, # 7 Exhibit 286, # 8 Exhibit 287, # 9 Exhibit 288, # 10 Exhibit 289, # 11 Exhibit 290, # 12 Exhibit 291, # 13 Exhibit 292, # 14 Exhibit 293, # 15 Exhibit 294, # 16 Exhibit 295, # 17 Exhibit 296, # 18 Exhibit 297, # 19 Exhibit 298, # 20 Exhibit 299)Motion or Order to File Under Seal: 620 .(Gulay, Erol) (Entered: 11/30/2022) |
| 11/30/2022 | 726 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 639 MOTION for Summary Judgment *against all Defendants*. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 695 .(Tenreiro, Jorge) (Entered: 11/30/2022) |
| 11/30/2022 | 727 | ***SELECTED PARTIES***COUNTER STATEMENT TO 623 Rule 56.1 Statement. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 695 .(Tenreiro, Jorge) (Entered: 11/30/2022) |
| 11/30/2022 | 728 | ***SELECTED PARTIES***DECLARATION of Mark R. Sylvester in Support re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit PX 248, # 2 Exhibit PX 403, # 3 Exhibit PX 534, # 4 Exhibit PX 553, # 5 Exhibit PX 664, # 6 Exhibit PX 671)Motion or Order to File Under Seal: 620 .(Sylvester, Mark) (Entered: 11/30/2022) |
| 12/02/2022 | 729 | REPLY MEMORANDUM OF LAW in Support re: 621 MOTION for Summary Judgment . *(Redacted)*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 730 | REPLY MEMORANDUM OF LAW in Support re: 639 MOTION for Summary Judgment *against all Defendants*. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 12/02/2022) |
| 12/09/2022 | 731 | JOINT LETTER addressed to Judge Analisa Torres from Andrew J Ceresney dated December 9, 2022 re: Deadlines for Non–Party Sealing Motions re: Summary Judgment Motions. Document filed by Ripple Labs Inc.. (Attachments: # 1 Text of Proposed Order re Deadlines for Non–Party Sealing Motions re: Summary Judgment Motions).(Ceresney, Andrew) (Entered: 12/09/2022) |
| 12/12/2022 | 732 | ORDER FOR ALL NON–PARTY MOTIONS TO SEAL PARTIES' MOTIONS FOR SUMMARY JUDGMENT AND RELATED MATERIALS: IT IS HEREBY ORDERED THAT: any non–parties must file, by January 4, 2023, a motion to seal any Summary Judgment Materials to the extent the non–party seeks additional or different sealing treatment or redactions than requested by the Parties; and, by January 18, 2023, all Parties and non–parties must file oppositions, if any, to the non–party motions to seal. If no such motion is received by January 4, 2023, the non–party will have waived their right to object to the Court's ultimate ruling on the Parties' motions to seal or redact the Summary Judgment Materials. Motions due by 1/4/2023. Responses due by 1/18/2023 (Signed by Judge Analisa Torres on 12/12/2022) (kv) (Entered: 12/12/2022) |
| 12/15/2022 | 733 | MOTION for Rodrigo Seira to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27092778. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit Declaration in Support, # 2 Exhibit Certificate of Good Standing (NY), # 3 Exhibit Certificate of Good Standing (WA), # 4 Text of Proposed Order Granting Motion for Admission Pro Hac Vice).(Seira, Rodrigo) (Entered: 12/15/2022) |

| 12/16/2022 | 734 | MOTION for Nicole Tatz to Withdraw as Attorney . Document filed by Bradley Garlinghouse..(Tatz, Nicole) (Entered: 12/16/2022) |
|---|---|---|
| 12/16/2022 | 735 | DECLARATION of Nicole Tatz in Support re: 734 MOTION for Nicole Tatz to Withdraw as Attorney .. Document filed by Bradley Garlinghouse..(Tatz, Nicole) (Entered: 12/16/2022) |
| 12/16/2022 | 736 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Bradley Garlinghouse. Related Document Number: 734 ..(Tatz, Nicole) (Entered: 12/16/2022) |
| 12/16/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 733 MOTION for Rodrigo Seira to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27092778. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 12/16/2022)** |
| 12/19/2022 | 737 | ORDER granting 527 Letter Motion to Seal; granting 550 Letter Motion to Seal; granting 561 Letter Motion to Seal; granting in part and denying in part 565 Letter Motion to Seal; granting 579 Letter Motion to Seal; granting 581 Letter Motion to Seal; granting 601 Letter Motion to Seal; granting in part and denying in part 603 Letter Motion to Seal; granting in part and denying in part 617 Letter Motion to Seal. For the foregoing reasons, the SEC's motions are GRANTED in part and DENIED in part, the Defendants' motions are GRANTED, MoneyGram's motion is GRANTED, and Third–Party A's motion is GRANTED. The Clerk of Court is directed to terminate the pending motions at ECF Nos. 527, 550, 561, 565, 579, 581, 601, 603, and 617. SO ORDERED.. (Signed by Judge Analisa Torres on 12/19/2022) (kv) (Entered: 12/19/2022) |
| 12/19/2022 | 738 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Michelle Kallen to Appear Pro Hac Vice . Filing fee $ 200.00. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit A – Declaration in Support, # 2 Exhibit B – Certificate of Good Standing (CA), # 3 Exhibit C – Certificate of Good Standing (VA), # 4 Exhibit D – Certificate of Good Standing (DC), # 5 Text of Proposed Order /Proposed Order).(Kallen, Michelle) Modified on 12/20/2022 (sgz). (Entered: 12/19/2022) |
| 12/20/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE re: Document No. 738 MOTION for Michelle Kallen to Appear Pro Hac Vice . Filing fee $ 200.00. Motion and supporting papers to be reviewed by Clerk's Office staff. The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Virginia 804–786–2251 (State Bar of Virginia not accepted); the filing fee was not paid. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. Pay the filing fee using the event Pro Hac Vice Fee Payment found under the event list Other Documents. (sgz) (Entered: 12/20/2022)** |
| 12/20/2022 | 739 | MEMO ENDORSEMENT granting 734 MOTION for Nicole Tatz to Withdraw as Attorney. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Nicole Tatz from the docket. SO ORDERED. Attorney Nicole Tatz terminated. (Signed by Judge Analisa Torres on 12/20/2022) (jca) (Entered: 12/20/2022) |
| 12/20/2022 | 741 | JOINT LETTER MOTION for Extension of Time to File *redacted Daubert Motions and accompanying exhibits on the public docket* addressed to Judge Analisa Torres from Andrew J. Ceresney dated December 20, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 12/20/2022) |
| 12/20/2022 | | **\*\*\*DELETED DOCUMENT. Deleted document number 740 ORDER. The document was incorrectly filed in this case. (jca) (Entered: 01/10/2023)** |
| 12/21/2022 | 742 | ORDER granting 733 Motion for Rodrigo Seira to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 12/21/2022) |
| 12/21/2022 | 743 | ORDER granting 741 Letter Motion for Extension of Time to File. GRANTED. SO ORDERED.. (Signed by Judge Analisa Torres on 12/21/2022) (kv) (Entered: |

| | | 12/21/2022) |
|---|---|---|
| 12/21/2022 | | Set/Reset Deadlines: Motions due by 1/13/2023. (kv) (Entered: 12/21/2022) |
| 12/22/2022 | 744 | LETTER MOTION to Seal *or Redact Certain Summary Judgment Materials* addressed to Judge Analisa Torres from Andrew J. Ceresney dated December 22, 2022. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Appendix A to Letter Motion to Seal – Table of Proposed Sealing Requests, # 2 Exhibit A – Declaration of Kristina Campbell, # 3 Appendix A to Exhibit A – Table of Certain Proposed Sealing Requests).(Ceresney, Andrew) (Entered: 12/22/2022) |
| 12/22/2022 | 745 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Ladan F. Stewart dated December 22, 2022. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 12/22/2022) |
| 12/27/2022 | 746 | MOTION for Lewis Rinaudo Cohen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27135363. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit /Declaration in Support, # 2 Exhibit //Certificate of Good Standing (DC), # 3 Exhibit /Certificate of Good Standing (NY), # 4 Text of Proposed Order /Proposed Order Granting Admission).(Cohen, Lewis) (Entered: 12/27/2022) |
| 12/28/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 746 MOTION for Lewis Rinaudo Cohen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27135363. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 12/28/2022) |
| 12/28/2022 | 747 | ORDER granting 746 Motion for Lewis Rinaudo Cohen to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 12/28/2022) |
| 12/29/2022 | 748 | MOTION for Michelle Kallen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27143554. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Paradigm Operations LP. (Attachments: # 1 Exhibit A – Declaration in Support, # 2 Exhibit B – Certificate of Good Standing (CA), # 3 Exhibit C – Certificate of Good Standing (CA), # 4 Exhibit D – Certificate of Good Standing (DC), # 5 Text of Proposed Order /Proposed Order).(Kallen, Michelle) (Entered: 12/29/2022) |
| 12/30/2022 | 749 | ORDER granting 748 Motion for Michelle Kallen to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 12/30/2022) |
| 01/04/2023 | 750 | NOTICE OF APPEARANCE by Alyssa M. Hasbrouck on behalf of Investment Banker Declarant..(Hasbrouck, Alyssa) (Entered: 01/04/2023) |
| 01/04/2023 | 751 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Alyssa M. Hasbrouck dated January 4, 2023. Document filed by Investment Banker Declarant. (Attachments: # 1 Exhibit / Proposed Redacted Declaration).(Hasbrouck, Alyssa) (Entered: 01/04/2023) |
| 01/04/2023 | 752 | ***SELECTED PARTIES***DECLARATION of Investment Banker Declarant . Document filed by Investment Banker Declarant, Blockchain Association, Coinbase, Inc., Cryptillian Payment Systems, LLC, Crypto Council for Innovation, Jordan Deaton, Debra L Fein, Bradley Garlinghouse, Phillip Goldstein, I–REMIT, INC., Investor A, Investor Choice Advocates Network, James LaMonte, Mya LaMonte, Tyler LaMonte, Christian A. Larsen, Mitchell McKenna, MoneyGram International, Inc., New Sports Economy Institute, Paradigm Operations LP, Reaper Financial, LLC, Ripple Labs Inc., Securities and Exchange Commission, SpendTheBits, Inc., The Chamber of Digital Commerce, Third–Party A, Third–Party B, Third–Party C, Valhil Capital, LLC, Veri DAO, Kristiana Warner. Motion or Order to File Under Seal: 751 .(Hasbrouck, Alyssa) (Entered: 01/04/2023) |
| 01/04/2023 | 753 | NOTICE OF APPEARANCE by E. Scott Schirick on behalf of Non–Party D..(Schirick, E.) (Entered: 01/04/2023) |

| 01/04/2023 | 754 | LETTER MOTION to Seal addressed to Judge Analisa Torres from E. Scott Schirick dated January 4, 2023. Document filed by Non–Party D..(Schirick, E.) (Entered: 01/04/2023) |
|---|---|---|
| 01/04/2023 | 755 | ***EX–PARTE*** LETTER addressed to Judge Analisa Torres from E. Scott Schirick dated January 4, 2023 re: (Letter Motion to Seal). Document filed by Non–Party D. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)Motion or Order to File Under Seal: 754 .(Schirick, E.) (Entered: 01/04/2023) |
| 01/04/2023 | 756 | LETTER MOTION to Seal *certain portions of the parties' Summary Judgment Materials* addressed to Judge Analisa Torres from Jessica Ann Masella dated January 4, 2023. Document filed by MoneyGram International, Inc...(Masella, Jessica) (Entered: 01/04/2023) |
| 01/04/2023 | 757 | ***EX–PARTE***Exhibit List . Document filed by MoneyGram International, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)Motion or Order to File Under Seal: 756 .(Masella, Jessica) (Entered: 01/04/2023) |
| 01/04/2023 | 758 | LETTER MOTION to Seal *seven summary judgment exhibits* addressed to Judge Analisa Torres from Eva Ciko Carman dated January 4, 2023. Document filed by Investor A..(Carman, Eva) (Entered: 01/04/2023) |
| 01/04/2023 | 759 | LETTER MOTION to Seal *Portions Of Parties Motions For Summary Judgment* addressed to Judge Analisa Torres from Michael A. Hanin dated January 4, 2023. Document filed by Third–Party A..(Hanin, Michael) (Entered: 01/04/2023) |
| 01/04/2023 | 760 | NOTICE OF APPEARANCE by James Q Walker on behalf of Cryptocurrency Exchange Declarant..(Walker, James) (Entered: 01/04/2023) |
| 01/04/2023 | 761 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Michael A. Hanin dated January 4, 2023 re: Seal Portions Of Parties Motions For Summary Judgment. Document filed by Kristiana Warner, Debra L Fein, Mya LaMonte, Veri DAO, Ripple Labs Inc., Valhil Capital, LLC, Securities and Exchange Commission, Tyler LaMonte, Third–Party A, MoneyGram International, Inc., Phillip Goldstein, Non–Party D, Jordan Deaton, Third–Party C, Mitchell McKenna, Investment Banker Declarant, Investor Choice Advocates Network, SpendTheBits, Inc., Paradigm Operations LP, Cryptillian Payment Systems, LLC, Third–Party B, Crypto Council for Innovation, The Chamber of Digital Commerce, Christian A. Larsen, New Sports Economy Institute, Coinbase, Inc., Bradley Garlinghouse, Reaper Financial, LLC, Blockchain Association, Investor A, I–REMIT, INC., James LaMonte. (Attachments: # 1 Exhibit A: Memorandum of Law, # 2 Exhibit B: Memorandum of Law, # 3 Exhibit C: Memorandum of Law, # 4 Exhibit D: Deposition Transcript, # 5 Exhibit E: Email, # 6 Exhibit F: Email, # 7 Exhibit G: Email, # 8 Exhibit H: Email, # 9 Exhibit I: Email, # 10 Exhibit J: Email, # 11 Exhibit K: Email, # 12 Exhibit L: Email, # 13 Exhibit M: Email, # 14 Exhibit N: Email, # 15 Exhibit O: Email, # 16 Exhibit P: Email, # 17 Exhibit Q: Email, # 18 Exhibit R:Email, # 19 Exhibit S: Email, # 20 Exhibit T: Email, # 21 Exhibit U: Contract, # 22 Exhibit V: Email, # 23 Exhibit W: Contract, # 24 Exhibit X: Contract, # 25 Exhibit Y: Email, # 26 Exhibit Z: Email, # 27 Exhibit AA: Email, # 28 Exhibit BB: Email, # 29 Exhibit CC: Email, # 30 Exhibit DD:Email, # 31 Exhibit EE: Email, # 32 Exhibit FF: Email, # 33 Exhibit GG: Email, # 34 Exhibit HH: Email, # 35 Exhibit II: Email, # 36 Exhibit JJ: Email, # 37 Exhibit KK: Email, # 38 Exhibit LL: Contract)Motion or Order to File Under Seal: 759 .(Hanin, Michael) (Entered: 01/04/2023) |
| 01/04/2023 | 762 | LETTER MOTION to Seal addressed to Judge Analisa Torres from James Q. Walker dated January 4, 2023. Document filed by Cryptocurrency Exchange Declarant. (Attachments: # 1 Exhibit 1 – Proposed Redactions, # 2 Exhibit 2 – Proposed Redactions, # 3 Exhibit 3 – Proposed Redactions, # 4 Exhibit 4 – Proposed Redactions).(Walker, James) (Entered: 01/04/2023) |
| 01/05/2023 | 764 | ***EX–PARTE***DECLARATION of Cryptocurrency Exchange Declarant in Support re: 762 LETTER MOTION to Seal addressed to Judge Analisa Torres from James Q. Walker dated January 4, 2023.. Document filed by Cryptocurrency Exchange Declarant. Motion or Order to File Under Seal: 762 .(Walker, James) (Entered: 01/05/2023) |

| | | |
|---|---|---|
| 01/09/2023 | 765 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Andrew Ceresney on behalf of Ripple Labs, Inc., Christian Larsen, and Bradley Garlinghouse dated January 9, 2023 re: 745 LETTER MOTION to Seal addressed to Judge Analisa Torres from Ladan F. Stewart dated December 22, 2022. . Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/09/2023) |
| 01/09/2023 | 766 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated January 9, 2023 re: 744 LETTER MOTION to Seal *or Redact Certain Summary Judgment Materials* addressed to Judge Analisa Torres from Andrew J. Ceresney dated December 22, 2022. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/09/2023) |
| 01/12/2023 | 767 | NOTICE OF CHANGE OF ADDRESS by Andrew J. Ceresney on behalf of Ripple Labs Inc.. New Address: Debevoise & Plimpton LLP, 66 Hudson Boulevard, New York, New York, 10001, 212–909–6000..(Ceresney, Andrew) (Entered: 01/12/2023) |
| 01/13/2023 | 768 | MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 769 | MEMORANDUM OF LAW in Support re: 768 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 770 | MOTION to Preclude *Testimony of Defendants' Expert Witnesses*. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 771 | DECLARATION of Anna R. Gressel in Support re: 768 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1 – Expert Report of Expert No. 2, # 2 Exhibit 2 – Expert No. 2 Deposition Transcript).(Gressel, Anna) (Entered: 01/13/2023) |
| 01/13/2023 | 772 | MEMORANDUM OF LAW in Support re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses*. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Supplement Part 2).(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 773 | MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 774 | MEMORANDUM OF LAW in Support re: 773 MOTION to Preclude */ Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 775 | DECLARATION of Pascale Guerrier in Support re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 Part 1, # 2 Exhibit 1 Part 2, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44 Part 1, # 46 Exhibit 44 Part 2, # 47 Exhibit 44 Part 3, # 48 Exhibit 44 Part 4, # 49 Exhibit 44 Part 5, # 50 Exhibit 45).(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 776 | REPLY MEMORANDUM OF LAW in Support re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |

| | | |
|---|---|---|
| 01/13/2023 | 777 | MEMORANDUM OF LAW in Opposition re: 543 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 778 | DECLARATION of Ladan F. Stewart in Opposition re: 543 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*.. Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 779 | DECLARATION of Andrew J. Ceresney in Support re: 773 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1 – Expert Report of SEC Expert No. 3, # 2 Exhibit 2 – Deposition Transcript of SEC Expert No. 3, # 3 Exhibit 4 – Ferrell Rebuttal Report).(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 780 | MEMORANDUM OF LAW in Opposition re: 532 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 781 | MEMORANDUM OF LAW in Opposition re: 537 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 782 | MEMORANDUM OF LAW in Opposition re: 540 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 783 | DECLARATION of Mark R. Sylvester in Opposition re: 540 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F).(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 784 | MEMORANDUM OF LAW in Opposition re: 546 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 785 | DECLARATION of Mark R. Sylvester in Opposition re: 546 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E).(Stewart, Ladan) (Entered: 01/13/2023) |
| 01/13/2023 | 786 | MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Oppenheimer, Bradley) (Entered: 01/13/2023) |
| 01/13/2023 | 787 | MEMORANDUM OF LAW in Support re: 786 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Oppenheimer, Bradley) (Entered: 01/13/2023) |
| 01/13/2023 | 788 | DECLARATION of Bradley E. Oppenheimer in Support re: 786 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I).(Oppenheimer, Bradley) (Entered: 01/13/2023) |
| 01/13/2023 | 789 | MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Figel, Reid) (Entered: 01/13/2023) |
| 01/13/2023 | 790 | MEMORANDUM OF LAW in Support re: 789 MOTION to Preclude *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Figel, Reid) (Entered: 01/13/2023) |

| 01/13/2023 | 791 | MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.* Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Zornberg, Lisa) (Entered: 01/13/2023) |
|---|---|---|
| 01/13/2023 | 792 | DECLARATION of Kylie Chiseul Kim in Support re: 789 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G).(Kim, Chiseul) (Entered: 01/13/2023) |
| 01/13/2023 | 793 | MEMORANDUM OF LAW in Support re: 791 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.* . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Zornberg, Lisa) (Entered: 01/13/2023) |
| 01/13/2023 | 794 | MEMORANDUM OF LAW in Opposition re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses.* . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 01/13/2023) |
| 01/13/2023 | 795 | DECLARATION of Christopher S. Ford in Support re: 791 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4.*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Expert Report of Expert 4, # 2 Exhibit B – Deposition Transcript of Expert 4, # 3 Exhibit C – GAO Report, # 4 Exhibit D – Neha Narula Tweet, # 5 Exhibit E – Sai Article, # 6 Exhibit F – Troncoso Article, # 7 Exhibit H – SUERF Policy Note, # 8 Exhibit I – XRP Chat Thread).(Ford, Christopher) (Entered: 01/13/2023) |
| 01/13/2023 | 796 | DECLARATION of Kylie Chiseul Kim in Opposition re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses.*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38).(Kim, Chiseul) (Entered: 01/13/2023) |
| 01/13/2023 | 797 | REPLY MEMORANDUM OF LAW in Support re: 786 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.* . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Oppenheimer, Bradley) (Entered: 01/13/2023) |
| 01/13/2023 | 798 | DECLARATION of Bradley E. Opphenheimer in Support re: 786 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 1.*. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit J, # 2 Exhibit K, # 3 Exhibit L).(Oppenheimer, Bradley) (Entered: 01/13/2023) |
| 01/13/2023 | 799 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Anna R. Gressel dated January 13, 2023 re: enclosing Sealed Exhibits to Daubert Motions pursuant to the Court's Order dated December 19, 2022. Document filed by Ripple Labs Inc., Securities and Exchange Commission, Christian A. Larsen, Bradley Garlinghouse. (Attachments: # 1 Exhibit 3 to the Declaration of Andrew J. Ceresney in Support of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3: Article by SEC Expert No. 3, # 2 Exhibit G to the Declaration of Christopher S. Ford in Support of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4: Expert 4 Publication)Motion or Order to File Under Seal: 737 .(Gressel, Anna) (Entered: 01/13/2023) |
| 01/13/2023 | 800 | REPLY MEMORANDUM OF LAW in Support re: 789 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5.* . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Figel, Reid) (Entered: 01/13/2023) |

| | | |
|---|---|---|
| 01/13/2023 | 801 | REPLY MEMORANDUM OF LAW in Support re: 768 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 2*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 802 | REPLY MEMORANDUM OF LAW in Support re: 773 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 3*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/13/2023) |
| 01/13/2023 | 803 | DECLARATION of Kylie Chiseul Kim in Support re: 789 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 5*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit H).(Kim, Chiseul) (Entered: 01/13/2023) |
| 01/13/2023 | 804 | REPLY MEMORANDUM OF LAW in Support re: 791 MOTION to Preclude / *Notice of Defendants' Motion to Exclude the Testimony of SEC Expert No. 4*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Zornberg, Lisa) (Entered: 01/13/2023) |
| 01/18/2023 | 805 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Andrew J. Ceresney dated January 18, 2023 re: 751 LETTER MOTION to Seal addressed to Judge Analisa Torres from Alyssa M. Hasbrouck dated January 4, 2023. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/18/2023) |
| 01/18/2023 | 806 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Ladan F. Stewart dated January 18, 2023 re: 762 LETTER MOTION to Seal addressed to Judge Analisa Torres from James Q. Walker dated January 4, 2023, 759 LETTER MOTION to Seal *Portions Of Parties Motions For Summary Judgment* addressed to Judge Analisa Torres from Michael A. Hanin dated January 4, 2023. . Document filed by Securities and Exchange Commission..(Stewart, Ladan) (Entered: 01/18/2023) |
| 01/20/2023 | 807 | MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE OF ANOOP K. BUNGAY IN SUPPORT OF NEITHER PLAINTIFF ( SEC) NOR DEFENDANT(RLI). Document filed by non–party, Anoop Bungay. (Attachments: # 1 Main Document Motion, # 2 Main Document, # 3 Main Document, # 4 Main Document, # 5 Main Document, # 6 Main Document)(sc) Modified on 1/23/2023 (sc). (Entered: 01/23/2023) |
| 01/25/2023 | 808 | LETTER REPLY to Response to Motion addressed to Judge Analisa Torres from Alyssa M. Hasbrouck dated January 25, 2023 re: 751 LETTER MOTION to Seal addressed to Judge Analisa Torres from Alyssa M. Hasbrouck dated January 4, 2023. . Document filed by Investment Banker Declarant..(Hasbrouck, Alyssa) (Entered: 01/25/2023) |
| 01/25/2023 | 809 | DECLARATION of Kylie Chiseul Kim in Opposition re: 770 MOTION to Preclude *Testimony of Defendants' Expert Witnesses*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 11 to ECF No. 796).(Kim, Chiseul) (Entered: 01/25/2023) |
| 02/15/2023 | 810 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for J. Carl Cecere to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27350184. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Roslyn Layton. (Attachments: # 1 Affidavit Affidavit in support of motion for admission pro hac vice, # 2 Exhibit Certificate of good standing, # 3 Text of Proposed Order Proposed order)(Cecere, Joseph) Modified on 2/16/2023 (sgz). (Entered: 02/15/2023) |
| 02/15/2023 | 811 | LETTER MOTION for Leave to File Petition to Intervene to oppose sealing of Hinman Speech Documents addressed to Judge Analisa Torres from Rosyln Layton, PhD dated February 15, 2023. Document filed by Roslyn Layton. Return Date set for 3/1/2023 at 12:00 AM..(Cecere, Joseph) (Entered: 02/15/2023) |
| 02/16/2023 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 810 MOTION for J. Carl Cecere to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27350184.** |

| | | |
|---|---|---|
| | | **Motion and supporting papers to be reviewed by Clerk's Office staff. The filing is deficient for the following reason(s): Affidavit Not Notarized. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (sgz)** (Entered: 02/16/2023) |
| 02/21/2023 | 812 | AMENDED LETTER MOTION for Leave to File petition to intervene to oppose sealing of Hinman Speech Documents addressed to Judge Analisa Torres from Rosyln Layton, PhD dated 2/21/2023. Document filed by Roslyn Layton. Return Date set for 3/1/2023 at 12:00 PM..(Cecere, Joseph) (Entered: 02/21/2023) |
| 03/03/2023 | 813 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated March 3, 2022 re: Supplemental Authority. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A).(Kellogg, Michael) (Entered: 03/03/2023) |
| 03/06/2023 | 814 | ORDER granting in part and denying in part 532 Motion to Preclude; granting in part and denying in part 535 Motion to Preclude; granting in part and denying in part 537 Motion to Preclude; granting in part and denying in part 540 Motion to Preclude; granting in part and denying in part 543 Motion to Preclude; granting in part and denying in part 546 Motion to Preclude; granting in part and denying in part 768 Motion to Preclude; granting in part and denying in part 770 Motion to Preclude; granting in part and denying in part 773 Motion to Preclude; granting in part and denying in part 786 Motion to Preclude; granting in part and denying in part 789 Motion to Preclude; granting in part and denying in part 791 Motion to Preclude. For the foregoing reasons, the parties' motions are GRANTED in part, and DENIED in part. Specifically, 1. Defendants' motion to preclude Expert No. 1 from testifying is GRANTED as to his first opinion about the perceptions of a reasonable XRP purchaser, and DENIED as to the remainder of his testimony. 2. Defendants' motion to preclude Expert No. 2 from testifying is GRANTED as to his fourth opinion about the materiality of Ripple's potential disclosures, and DENIED as to the remainder of his testimony. 3. Defendants' motion to preclude Expert No. 3 from testifying is DENIED. 4. Defendants' motion to preclude Expert No. 4 from testifying is GRANTED as to his third opinion about the risks to the XRP Ledger that might materialize if Ripple "walked away" or "disappeared", and DENIED as to the remainder of his testimony. 5. Defendants' motion to preclude Expert No. 5 from testifying is GRANTED as to his opinion on causation, and DENIED as to the remainder of his testimony. 6. The SEC's motion to preclude Schwartz from testifying is GRANTED as to his opinion on the Supreme Court's legal reasoning in Howey, and DENIED as to the remainder of his testimony. 7. The SEC's motion to preclude Adriaens from testifying is GRANTED as to his first and second narrative opinions, and DENIED as to the remainder of his testimony. 8. The SEC's motion to preclude Borden from testifying is DENIED. 9. The SEC's motion to preclude Easton from testifying is GRANTED as to his rebuttal report, and DENIED as to his opening report. 10. The SEC's motion to preclude Yadav from testifying is GRANTED as to her third opinion about where an offer or sale of XRP occurs, and DENIED as to the remainder of her testimony. 11. The SEC's motion to preclude Ferrell from testifying is GRANTED as to his legal opinions, including his second and fifth opinions in his opening report and portions of his rebuttal report, and DENIED as to the remainder of his testimony. 12. The SEC's motion to preclude Osler from testifying is DENIED. 13. The SEC's motion to preclude Fischel from testifying as to his first and fourth opinions is GRANTED. 14. The SEC's motion to preclude Marais from testifying is DENIED. 15. The SEC's motion to preclude Shampanier from testifying is DENIED as moot. The Clerk of Court is directed to terminate the motions at ECF Nos. 532, 535, 537, 540, 543, 546, 768, 770, 773, 786, 789, and 791. SO ORDERED.. (Signed by Judge Analisa Torres on 3/6/2023) (kv) (Entered: 03/06/2023) |
| 03/20/2023 | 815 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated March 20, 2023 re: Supplemental Authority. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Kellogg, Michael) (Entered: 03/20/2023) |
| 03/23/2023 | 816 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated March 23, 2023 re: Defendants' March 2023 Letters. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/23/2023) |

| 04/11/2023 | 817 | LETTER addressed to Judge Analisa Torres from Benjamin J. Hanauer dated April 11, 2023 re: Notice of Supplemental Authority Supporting the SEC's Motion for Summary Judgment. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 (SEC v. Commonwealth Opinion)).(Hanauer, Benjamin) (Entered: 04/11/2023) |
|---|---|---|
| 04/13/2023 | 818 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated April 13, 2023 re: response to notice of supplemental authority. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 04/13/2023) |
| 05/16/2023 | 819 | ORDER granting in part and denying in part 635 Letter Motion to Seal; granting in part and denying in part 637 Letter Motion to Seal; granting in part and denying in part 638 Letter Motion for Leave to File Document; granting in part and denying in part 671 Letter Motion to Seal; granting in part and denying in part 744 Letter Motion to Seal; granting in part and denying in part 745 Letter Motion to Seal; granting in part and denying in part 751 Letter Motion to Seal; granting in part and denying in part 754 Letter Motion to Seal; granting in part and denying in part 756 Letter Motion to Seal; granting in part and denying in part 758 Letter Motion to Seal; granting in part and denying in part 759 Letter Motion to Seal; granting in part and denying in part 762 Letter Motion to Seal; denying as moot 811 Letter Motion for Leave to File Document; denying as moot 812 Letter Motion for Leave to File Document. For the foregoing reasons, the SEC's motion is GRANTED in part and DENIED in part, Defendants' motion is GRANTED in part and DENIED in part, and the non parties' motions are GRANTED in part and DENIED in part. Specifically: 1. The SEC's motion to seal is DENIED as to the Hinman Speech Documents, and GRANTED as to the remainder of its requests. 2. Defendants' motion to seal is DENIED as to references linking Ripple's revenues with XRP sales, the amount of compensation that Ripple offered to trading platforms to list XRP, and the amount of Ripple's XRP sales targeted at investors through programmatic and institutional sales; and as to the names GSR, Bitstamp, Coil Technologies, Inc., the XRP Ledger Foundation, and the platforms that publicly make XRP available for trading; and GRANTED as to the remainder of their requests. 3. Third−Party A and Cryptocurrency Exchange's motions to redact their identities and the names of public cryptocurrency trading platforms are DENIED, Layton's motion to intervene is DENIED as moot, and the remainder of the third parties' motions are GRANTED. The Clerk of Court is directed to terminate the motions at ECF Nos. 635, 637, 638, 671, 744, 745, 751, 754, 756, 758, 759, 762, 811, and 812. SO ORDERED.. (Signed by Judge Analisa Torres on 5/16/2023) (kv) (Main Document 819 replaced on 5/18/2023) (rro). Modified on 5/18/2023 (rro). (Entered: 05/16/2023) |
| 05/19/2023 | 820 | JOINT LETTER MOTION for Extension of Time *to file redacted versions of the Parties' cross−motions for summary judgment and accompanying exhibits* addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 19, 2023. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Ceresney, Andrew) (Entered: 05/19/2023) |
| 05/19/2023 | 821 | ORDER granting 820 Letter Motion for Extension of Time. GRANTED. SO ORDERED. Cross Motions due by 6/13/2023. (Signed by Judge Analisa Torres on 5/19/2023) (jca) (Entered: 05/19/2023) |
| 05/24/2023 | 822 | MOTION for Kylie Chiseul Kim to Withdraw as Attorney . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit Declaration of Kylie Chiseul Kim, # 2 Text of Proposed Order).(Kim, Chiseul) Modified on 6/2/2023 (ras). (Entered: 05/24/2023) |
| 06/01/2023 | 823 | ORDER granting 822 Motion to Withdraw as Attorney. Attorney Chiseul Kim terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/01/2023) |
| 06/13/2023 | 824 | MOTION for Summary Judgment . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 825 | MEMORANDUM OF LAW in Support re: 824 MOTION for Summary Judgment . . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |

| 06/13/2023 | 826 | RULE 56.1 STATEMENT. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |
|---|---|---|
| 06/13/2023 | 827 | DECLARATION of Michael K. Kellogg in Support re: 824 MOTION for Summary Judgment .. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84, # 85 Exhibit 85, # 86 Exhibit 86, # 87 Exhibit 87, # 88 Exhibit 88, # 89 Exhibit 89, # 90 Exhibit 90, # 91 Exhibit 91, # 92 Exhibit 92, # 93 Exhibit 93, # 94 Exhibit 94, # 95 Exhibit 95, # 96 Exhibit 96, # 97 Exhibit 97, # 98 Exhibit 98, # 99 Exhibit 99, # 100 Exhibit 100, # 101 Exhibit 101, # 102 Exhibit 102, # 103 Exhibit 103, # 104 Exhibit 104, # 105 Exhibit 105, # 106 Exhibit 106).(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 828 | MEMORANDUM OF LAW in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 829 | **FILING ERROR – WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY –** RULE 56.1 STATEMENT. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Supplement Part 2, # 2 Supplement Part 3, # 3 Supplement Part 4).(Kellogg, Michael) Modified on 6/13/2023 (kj). (Entered: 06/13/2023) |
| 06/13/2023 | 830 | DECLARATION of Christopher S. Ford in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit # 107, # 2 Exhibit # 108, # 3 Exhibit # 109, # 4 Exhibit # 110, # 5 Exhibit # 111, # 6 Exhibit # 112, # 7 Exhibit # 113, # 8 Exhibit # 114, # 9 Exhibit # 115, # 10 Exhibit # 116, # 11 Exhibit # 117, # 12 Exhibit # 118, # 13 Exhibit # 119, # 14 Exhibit # 120, # 15 Exhibit # 121, # 16 Exhibit # 122, # 17 Exhibit # 123, # 18 Exhibit # 124, # 19 Exhibit # 125, # 20 Exhibit # 126, # 21 Exhibit # 127, # 22 Exhibit # 128, # 23 Exhibit # 129, # 24 Exhibit # 130, # 25 Exhibit # 131, # 26 Exhibit # 132, # 27 Exhibit # 133, # 28 Exhibit # 134, # 29 Exhibit # 135, # 30 Exhibit # 136, # 31 Exhibit # 137, # 32 Exhibit # 138, # 33 Exhibit # 139, # 34 Exhibit # 140, # 35 Exhibit # 141, # 36 Exhibit # 142, # 37 Exhibit # 143, # 38 Exhibit # 144, # 39 Exhibit # 145, # 40 Exhibit # 146, # 41 Exhibit # 147, # 42 Exhibit # 148, # 43 Exhibit # 149, # 44 Exhibit # 150, # 45 Exhibit # 151, # 46 Exhibit # 152, # 47 Exhibit # 153, # 48 Exhibit # 154, # 49 Exhibit # 155, # 50 Exhibit # 156, # 51 Exhibit # 157, # 52 Exhibit # 158, # 53 Exhibit # 159, # 54 Exhibit # 160, # 55 Exhibit # 161, # 56 Exhibit # 162, # 57 Exhibit # 163, # 58 Exhibit # 164, # 59 Exhibit # 165, # 60 Exhibit # 166).(Ford, Christopher) Modified on 6/13/2023 (kj). (Entered: 06/13/2023) |
| 06/13/2023 | 831 | DECLARATION of Erol Glay in Opposition re: 625 MOTION for Summary Judgment *against all Defendants*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit # 167.01, # 2 Exhibit # 167.02, # 3 Exhibit # 167.03, # 4 Exhibit # 167.04, # 5 Exhibit # 167.05, # 6 Exhibit # 167.06, # 7 Exhibit # 167.07, # 8 Exhibit # 167.08, # 9 Exhibit # 167.09, # 10 Exhibit # 167.10, # 11 Exhibit # 167.11, # 12 Exhibit # 167.12, # 13 Exhibit # 167.13, # 14 Exhibit # 167.14, # 15 Exhibit # 167.15, # 16 Exhibit # 167.16, # 17 Exhibit # 167.17, # 18 Exhibit # 167.18, # 19 Exhibit # 167.19, # 20 Exhibit # 167.20, # 21 Exhibit # 167.21, # 22 Exhibit # 167.22, # 23 Exhibit # 167.23, # 24 Exhibit # 167.24, # 25 |

| | | |
|---|---|---|
| | | Exhibit # 167.25, # 26 Exhibit # 167.26, # 27 Exhibit # 168, # 28 Exhibit # 169, # 29 Exhibit # 170, # 30 Exhibit # 171, # 31 Exhibit # 172, # 32 Exhibit # 173, # 33 Exhibit # 174, # 34 Exhibit # 175, # 35 Exhibit # 176, # 36 Exhibit # 177, # 37 Exhibit # 178, # 38 Exhibit # 179, # 39 Exhibit # 180, # 40 Exhibit # 181, # 41 Exhibit # 182, # 42 Exhibit # 183, # 43 Exhibit # 184, # 44 Exhibit # 185, # 45 Exhibit # 186, # 46 Exhibit # 187, # 47 Exhibit # 188, # 48 Exhibit # 189, # 49 Exhibit # 190, # 50 Exhibit # 191, # 51 Exhibit # 192, # 52 Exhibit # 193, # 53 Exhibit # 194, # 54 Exhibit # 195, # 55 Exhibit # 196, # 56 Exhibit # 197, # 57 Exhibit # 198, # 58 Exhibit # 199, # 59 Exhibit # 200, # 60 Exhibit # 201, # 61 Exhibit # 202, # 62 Exhibit # 203, # 63 Exhibit # 204, # 64 Exhibit # 205, # 65 Exhibit # 206, # 66 Exhibit # 207, # 67 Exhibit # 208, # 68 Exhibit # 209, # 69 Exhibit # 210, # 70 Exhibit # 211, # 71 Exhibit # 212, # 72 Exhibit # 213, # 73 Exhibit # 214, # 74 Exhibit # 215, # 75 Exhibit # 216, # 76 Exhibit # 217, # 77 Exhibit # 218, # 78 Exhibit # 219, # 79 Exhibit # 220, # 80 Exhibit # 221, # 81 Exhibit # 222, # 82 Exhibit # 223, # 83 Exhibit # 224, # 84 Exhibit # 225, # 85 Exhibit # 226, # 86 Exhibit # 227, # 87 Exhibit # 228, # 88 Exhibit # 229, # 89 Exhibit # 230, # 90 Exhibit # 231, # 91 Exhibit # 232, # 92 Exhibit # 233, # 93 Exhibit # 234, # 94 Exhibit # 235, # 95 Exhibit # 236, # 96 Exhibit # 237, # 97 Exhibit # 238, # 98 Exhibit # 239, # 99 Exhibit # 240, # 100 Exhibit # 241, # 101 Exhibit # 242, # 102 Exhibit # 243, # 103 Exhibit # 244, # 104 Exhibit # 245, # 105 Exhibit # 246, # 106 Exhibit # 247, # 107 Exhibit # 248, # 108 Exhibit # 249, # 109 Exhibit # 250, # 110 Exhibit # 251, # 111 Exhibit # 252, # 112 Exhibit # 253, # 113 Exhibit # 254, # 114 Exhibit # 255, # 115 Exhibit # 256, # 116 Exhibit # 257, # 117 Exhibit # 258, # 118 Exhibit # 259, # 119 Exhibit # 260, # 120 Exhibit # 261, # 121 Exhibit # 262, # 122 Exhibit # 263, # 123 Exhibit # 264, # 124 Exhibit # 265, # 125 Exhibit # 266, # 126 Exhibit # 267, # 127 Exhibit # 268, # 128 Exhibit # 269, # 129 Exhibit # 270, # 130 Exhibit # 271, # 131 Exhibit # 272, # 132 Exhibit # 273, # 133 Exhibit # 274, # 134 Exhibit # 275, # 135 Exhibit # 276, # 136 Exhibit # 277, # 137 Exhibit # 278, # 138 Exhibit # 279).(Gulay, Erol) Modified on 6/13/2023 (kj). (Entered: 06/13/2023) |
| 06/13/2023 | 832 | REPLY MEMORANDUM OF LAW in Support re: 824 MOTION for Summary Judgment . . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 833 | RESPONSE re: 668 Counter Statement to Rule 56.1 . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 834 | DECLARATION of Erol Gulay in Support re: 824 MOTION for Summary Judgment .. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit # 280, # 2 Exhibit # 281, # 3 Exhibit # 282, # 4 Exhibit # 283, # 5 Exhibit # 284, # 6 Exhibit # 285, # 7 Exhibit # 286, # 8 Exhibit # 287, # 9 Exhibit # 288, # 10 Exhibit # 289, # 11 Exhibit # 290, # 12 Exhibit # 291, # 13 Exhibit # 292, # 14 Exhibit # 293, # 15 Exhibit # 294, # 16 Exhibit # 295, # 17 Exhibit # 296, # 18 Exhibit # 297, # 19 Exhibit # 298, # 20 Exhibit # 299).(Gulay, Erol) Modified on 6/13/2023 (kj). (Entered: 06/13/2023) |
| 06/13/2023 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Michael Kellogg to RE–FILE Document 829 Rule 56.1 Statement,. Use the event type Other Answers found under the event list Counter Statement to Rule 56.1. (kj)** (Entered: 06/13/2023) |
| 06/13/2023 | 835 | COUNTER STATEMENT TO 629 Rule 56.1 Statement. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Supplement Part 2, # 2 Supplement Part 3, # 3 Supplement Part 4).(Kellogg, Michael) (Entered: 06/13/2023) |
| 06/13/2023 | 836 | MOTION for Summary Judgment *as to all Parties*. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 837 | MEMORANDUM OF LAW in Support re: 836 MOTION for Summary Judgment *as to all Parties*. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 838 | RULE 56.1 STATEMENT. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |

| 06/13/2023 | 839 | DECLARATION of Daphna A. Waxman in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 500, # 2 Exhibit 500.01, # 3 Exhibit 501, # 4 Exhibit 501.01, # 5 Exhibit 502, # 6 Exhibit 502.01, # 7 Exhibit 503, # 8 Exhibit 503.01, # 9 Exhibit 504, # 10 Exhibit 504.01, # 11 Exhibit 505, # 12 Exhibit 506, # 13 Exhibit 506.01, # 14 Exhibit 507, # 15 Exhibit 507.01, # 16 Exhibit 508, # 17 Exhibit 508.01, # 18 Exhibit 509, # 19 Exhibit 509.01).(Tenreiro, Jorge) (Entered: 06/13/2023) |
|---|---|---|
| 06/13/2023 | 840 | DECLARATION of Jorge Gerardo Tenreiro in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 401, # 2 Exhibit 402, # 3 Exhibit 404, # 4 Exhibit 405, # 5 Exhibit 406, # 6 Exhibit 407, # 7 Exhibit 408, # 8 Exhibit 410, # 9 Exhibit 411, # 10 Exhibit 412, # 11 Exhibit 413, # 12 Exhibit 414, # 13 Exhibit 415, # 14 Exhibit 416, # 15 Exhibit 417, # 16 Exhibit 418, # 17 Exhibit 419, # 18 Exhibit 420, # 19 Exhibit 421, # 20 Exhibit 422, # 21 Exhibit 423, # 22 Exhibit 424, # 23 Exhibit 425, # 24 Exhibit 426, # 25 Exhibit 427, # 26 Exhibit 428, # 27 Exhibit 429, # 28 Exhibit 430, # 29 Exhibit 431, # 30 Exhibit 432, # 31 Exhibit 433, # 32 Exhibit 434, # 33 Exhibit 435, # 34 Exhibit 436, # 35 Exhibit 437, # 36 Exhibit 438, # 37 Exhibit 439, # 38 Exhibit 440, # 39 Exhibit 441, # 40 Exhibit 442, # 41 Exhibit 443, # 42 Exhibit 444, # 43 Exhibit 445, # 44 Exhibit 446, # 45 Exhibit 447, # 46 Exhibit 448, # 47 Exhibit 449, # 48 Exhibit 450, # 49 Exhibit 451, # 50 Exhibit 452, # 51 Exhibit 453, # 52 Exhibit 455, # 53 Exhibit 458, # 54 Exhibit 459, # 55 Exhibit 460, # 56 Exhibit 461, # 57 Exhibit 462, # 58 Exhibit 463, # 59 Exhibit 464, # 60 Exhibit 465, # 61 Exhibit 466, # 62 Exhibit 467, # 63 Exhibit 468, # 64 Exhibit 469, # 65 Exhibit 470, # 66 Exhibit 471, # 67 Exhibit 472, # 68 Exhibit 473, # 69 Exhibit 474, # 70 Exhibit 475, # 71 Exhibit 476, # 72 Exhibit 477, # 73 Exhibit 478, # 74 Exhibit 479, # 75 Exhibit 480, # 76 Exhibit 481, # 77 Exhibit 482, # 78 Exhibit 483, # 79 Exhibit 484, # 80 Exhibit 485, # 81 Exhibit 486, # 82 Exhibit 487, # 83 Exhibit 488, # 84 Exhibit 489, # 85 Exhibit 490, # 86 Exhibit 491, # 87 Exhibit 492, # 88 Exhibit 493, # 89 Exhibit 494, # 90 Exhibit 495, # 91 Exhibit 496, # 92 Exhibit 497, # 93 Exhibit 498, # 94 Exhibit 510, # 95 Exhibit 511, # 96 Exhibit 513, # 97 Exhibit 514, # 98 Exhibit 515, # 99 Exhibit 516, # 100 Exhibit 517, # 101 Exhibit 518, # 102 Exhibit 519, # 103 Exhibit 520, # 104 Exhibit 521, # 105 Exhibit 522, # 106 Exhibit 523, # 107 Exhibit 541, # 108 Exhibit 542, # 109 Exhibit 543, # 110 Exhibit 544).(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 841 | MEMORANDUM OF LAW in Opposition re: 824 MOTION for Summary Judgment . . Document filed by Securities and Exchange Commission. (Attachments: # 1 Appendix A).(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 842 | COUNTER STATEMENT TO 826 Rule 56.1 Statement. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 843 | REPLY MEMORANDUM OF LAW in Support re: 836 MOTION for Summary Judgment *as to all Parties*. . Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 844 | COUNTER STATEMENT TO 826 Rule 56.1 Statement. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 845 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 201, # 2 Exhibit 202, # 3 Exhibit 203, # 4 Exhibit 204, # 5 Exhibit 205, # 6 Exhibit 206, # 7 Exhibit 207, # 8 Exhibit 208, # 9 Exhibit 209, # 10 Exhibit 210, # 11 Exhibit 211, # 12 Exhibit 212, # 13 Exhibit 213, # 14 Exhibit 214, # 15 Exhibit 215 part 1, # 16 Exhibit 215 part 2, # 17 Exhibit 215 part 3, # 18 Exhibit 215 part 4, # 19 Exhibit 216, # 20 Exhibit 217).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 846 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 218, # 2 Exhibit 219, # 3 Exhibit 220, # 4 Exhibit 221, # 5 Exhibit 222, # 6 Exhibit 223, # 7 Exhibit 224, # 8 Exhibit 225, # 9 Exhibit 226, # 10 Exhibit 227, # 11 Exhibit 228, # 12 Exhibit 229, # 13 Exhibit 230, # 14 Exhibit 231, # 15 Exhibit 232, # 16 Exhibit 233, # 17 Exhibit 234, # 18 Exhibit 235 part 1, # 19 Exhibit 235 part 2, # 20 Exhibit 236, # 21 Exhibit 237, # 22 Exhibit 238 part 1, # 23 Exhibit 238 part 2, # 24 Exhibit 238 part 3, # 25 Exhibit 238 part 4, # 26 Exhibit 239, |

| | | |
|---|---|---|
| | | # 27 Exhibit 240, # 28 Exhibit 241, # 29 Exhibit 242, # 30 Exhibit 243 part 1, # 31 Exhibit 243 part 2).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 847 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 244, # 2 Exhibit 245, # 3 Exhibit 246, # 4 Exhibit 247 part 1, # 5 Exhibit 247 part 2, # 6 Exhibit 247 part 3, # 7 Exhibit 250, # 8 Exhibit 250, # 9 Exhibit 251, # 10 Exhibit 252, # 11 Exhibit 253, # 12 Exhibit 254, # 13 Exhibit 255, # 14 Exhibit 256, # 15 Exhibit 257, # 16 Exhibit 258 part 1, # 17 Exhibit 258 part 2, # 18 Exhibit 258 part 3, # 19 Exhibit 258 part 4, # 20 Exhibit 258 part 5, # 21 Exhibit 258 part 6, # 22 Exhibit 258 part 7, # 23 Exhibit 258 part 8, # 24 Exhibit 259, # 25 Exhibit 259).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 848 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 260, # 2 Exhibit 261, # 3 Exhibit 262, # 4 Exhibit 263, # 5 Exhibit 264, # 6 Exhibit 265 part 1, # 7 Exhibit 265 part 2, # 8 Exhibit 266 part 1, # 9 Exhibit 266 part 2, # 10 Exhibit 267, # 11 Exhibit 268, # 12 Exhibit 269, # 13 Exhibit 270, # 14 Exhibit 271, # 15 Exhibit 272, # 16 Exhibit 273, # 17 Exhibit 274, # 18 Exhibit 275, # 19 Exhibit 276, # 20 Exhibit 277, # 21 Exhibit 278, # 22 Exhibit 279, # 23 Exhibit 280, # 24 Exhibit 281, # 25 Exhibit 282, # 26 Exhibit 283, # 27 Exhibit 284, # 28 Exhibit 285, # 29 Exhibit 286, # 30 Exhibit 287).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 849 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 288, # 2 Exhibit 289, # 3 Exhibit 290, # 4 Exhibit 291, # 5 Exhibit 292, # 6 Exhibit 293, # 7 Exhibit 294, # 8 Exhibit 295, # 9 Exhibit 296, # 10 Exhibit 297, # 11 Exhibit 298, # 12 Exhibit 299, # 13 Exhibit 300, # 14 Exhibit 301, # 15 Exhibit 302, # 16 Exhibit 303, # 17 Exhibit 304, # 18 Exhibit 305, # 19 Exhibit 306, # 20 Exhibit 307, # 21 Exhibit 308, # 22 Exhibit 309, # 23 Exhibit 310, # 24 Exhibit 311, # 25 Exhibit 312).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 850 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 313 part 1, # 2 Exhibit 313 part 2, # 3 Exhibit 313 part 3, # 4 Exhibit 314, # 5 Exhibit 315 part 1, # 6 Exhibit 315 part 2, # 7 Exhibit 316, # 8 Exhibit 317, # 9 Exhibit 318, # 10 Exhibit 319, # 11 Exhibit 320, # 12 Exhibit 321, # 13 Exhibit 322, # 14 Exhibit 323, # 15 Exhibit 324, # 16 Exhibit 325, # 17 Exhibit 326, # 18 Exhibit 327, # 19 Exhibit 328, # 20 Exhibit 329 part 1, # 21 Exhibit 329 part 2, # 22 Exhibit 330, # 23 Exhibit 331, # 24 Exhibit 332, # 25 Exhibit 333, # 26 Exhibit 334).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 851 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 335, # 2 Exhibit 336, # 3 Exhibit 337, # 4 Exhibit 338, # 5 Exhibit 339, # 6 Exhibit 340, # 7 Exhibit 341 part 1, # 8 Exhibit 341 part 2, # 9 Exhibit 342, # 10 Exhibit 343, # 11 Exhibit 344, # 12 Exhibit 345, # 13 Exhibit 346, # 14 Exhibit 347, # 15 Exhibit 348, # 16 Exhibit 349, # 17 Exhibit 350, # 18 Exhibit 351, # 19 Exhibit 352, # 20 Exhibit 353, # 21 Exhibit 354, # 22 Exhibit 355, # 23 Exhibit 356, # 24 Exhibit 357, # 25 Exhibit 358).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 852 | DECLARATION of Ladan Stewart in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 113, # 2 Exhibit 398, # 3 Exhibit 409, # 4 Exhibit 456, # 5 Exhibit 457, # 6 Exhibit 499, # 7 Exhibit 500, # 8 Exhibit 505, # 9 Exhibit 525, # 10 Exhibit 526, # 11 Exhibit 528, # 12 Exhibit 529, # 13 Exhibit 530, # 14 Exhibit 532, # 15 Exhibit 533, # 16 Exhibit 535, # 17 Exhibit 537, # 18 Exhibit 538, # 19 Exhibit 539, # 20 Exhibit 547, # 21 Exhibit 548, # 22 Exhibit 552, # 23 Exhibit 555, # 24 Exhibit 556, # 25 Exhibit 557, # 26 Exhibit 559, # 27 Exhibit 560, # 28 Exhibit 561, # 29 Exhibit 562, # 30 Exhibit 563, # 31 Exhibit 564, # 32 Exhibit 565, # 33 Exhibit 566, # 34 Exhibit 567, # 35 Exhibit 568, # 36 Exhibit 569, # 37 Exhibit 570, # 38 Exhibit 571, # 39 Exhibit 573, # 40 Exhibit 574, # 41 Exhibit 575, # 42 Exhibit 576, # 43 Exhibit 577, # 44 Exhibit 578, # 45 Exhibit 579, # 46 Exhibit 580, # 47 Exhibit 581, # 48 Exhibit 582, # 49 Exhibit 583, # 50 Exhibit 584, # 51 Exhibit 585, # 52 Exhibit 586).(Tenreiro, Jorge) (Entered: 06/13/2023) |

| 06/13/2023 | 853 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Part 1, # 3 Exhibit 2 Part 2, # 4 Exhibit 2 Part 3, # 5 Exhibit 2 Part 4, # 6 Exhibit 3 Part 1, # 7 Exhibit 3 Part 2, # 8 Exhibit 3 Part 3, # 9 Exhibit 3 Part 4, # 10 Exhibit 3 Part 5, # 11 Exhibit 3 Part 6, # 12 Exhibit 3 Part 7).(Stewart, Ladan) (Entered: 06/13/2023) |
|---|---|---|
| 06/13/2023 | 854 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 359, # 2 Exhibit 360, # 3 Exhibit 361, # 4 Exhibit 362, # 5 Exhibit 363, # 6 Exhibit 364, # 7 Exhibit 365 part 1, # 8 Exhibit 365 part 2, # 9 Exhibit 366, # 10 Exhibit 367, # 11 Exhibit 368, # 12 Exhibit 369, # 13 Exhibit 370, # 14 Exhibit 371, # 15 Exhibit 372, # 16 Exhibit 373, # 17 Exhibit 374, # 18 Exhibit 375, # 19 Exhibit 376, # 20 Exhibit 377 part 1, # 21 Exhibit 377 part 2, # 22 Exhibit 378, # 23 Exhibit 379, # 24 Exhibit 380, # 25 Exhibit 381, # 26 Exhibit 382, # 27 Exhibit 383, # 28 Exhibit 384, # 29 Exhibit 385, # 30 Exhibit 386).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 855 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 4, # 2 Exhibit 5, # 3 Exhibit 6 Part 1, # 4 Exhibit 6 Part 2, # 5 Exhibit 6 Part 3, # 6 Exhibit 7 Part 1, # 7 Exhibit 7 Part 2, # 8 Exhibit 7 Part 3, # 9 Exhibit 7 Part 4, # 10 Exhibit 7 Part 5, # 11 Exhibit 7 Part 6, # 12 Exhibit 7 Part 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit 10 Part 1, # 16 Exhibit 10 Part 2, # 17 Exhibit 10 Part 3, # 18 Exhibit 10 Part 4, # 19 Exhibit 10 Part 5, # 20 Exhibit 10 Part 6, # 21 Exhibit 10 Part 7, # 22 Exhibit 10 Part 8, # 23 Exhibit 10 Part 9).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 856 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 14 Part 1, # 5 Exhibit 14 Part 2, # 6 Exhibit 14 Part 3, # 7 Exhibit 15 Part 1, # 8 Exhibit 15 Part 2, # 9 Exhibit 15 Part 3, # 10 Exhibit 15 Part 4, # 11 Exhibit 15 Part 5, # 12 Exhibit 15 Part 6, # 13 Exhibit 15 Part 7, # 14 Exhibit 16 Part 1, # 15 Exhibit 16 Part 2, # 16 Exhibit 16 Part 3, # 17 Exhibit 16 Part 4, # 18 Exhibit 16 Part 5, # 19 Exhibit 16 Part 6).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 857 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 387, # 2 Exhibit 388, # 3 Exhibit 389, # 4 Exhibit 390, # 5 Exhibit 391, # 6 Exhibit 392, # 7 Exhibit 393, # 8 Exhibit 394, # 9 Exhibit 395, # 10 Exhibit 396, # 11 Exhibit 397, # 12 Exhibit 399, # 13 Exhibit 400, # 14 Exhibit 540, # 15 Exhibit 545).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 858 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 17 Part 1, # 2 Exhibit 17 Part 2, # 3 Exhibit 17 Part 3, # 4 Exhibit 17 Part 4, # 5 Exhibit 18 Part 1, # 6 Exhibit 18 Part 2, # 7 Exhibit 18 Part 3, # 8 Exhibit 19 Part 1, # 9 Exhibit 19 Part 2, # 10 Exhibit 20 Part 1, # 11 Exhibit 20 Part 2, # 12 Exhibit 20 Part 3, # 13 Exhibit 20 Part 4, # 14 Exhibit 20 Part 5, # 15 Exhibit 20 Part 6, # 16 Exhibit 20 Part 7).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 859 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 21 Part 1, # 2 Exhibit 21 Part 2, # 3 Exhibit 21 Part 3, # 4 Exhibit 21 Part 4, # 5 Exhibit 22 Part 1, # 6 Exhibit 22 Part 2, # 7 Exhibit 22 Part 3, # 8 Exhibit 23 Part 1, # 9 Exhibit 23 Part 2, # 10 Exhibit 23 Part 3, # 11 Exhibit 24 Part 1, # 12 Exhibit 24 Part 2, # 13 Exhibit 25 Part 1, # 14 Exhibit 25 Part 2, # 15 Exhibit 25 Part 3, # 16 Exhibit 26 Part 1, # 17 Exhibit 26 Part 2, # 18 Exhibit 26 Part 3, # 19 Exhibit 27, # 20 Exhibit 28).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 860 | DECLARATION of Mark R. Sylvester in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 645, # 2 Exhibit 646, # 3 Exhibit 647, # 4 Exhibit 648, # 5 Exhibit 649, # 6 Exhibit 650, # 7 Exhibit 651, # 8 Exhibit 652, # 9 Exhibit 653, # 10 Exhibit 654, # 11 Exhibit 655, # 12 Exhibit 656, # 13 Exhibit 657, # 14 Exhibit 658, # 15 Exhibit 659, # 16 Exhibit 660, # 17 Exhibit 661, # 18 Exhibit 662, # 19 Exhibit 663, # 20 Exhibit |

| | | |
|---|---|---|
| | | 665, # 21 Exhibit 666, # 22 Exhibit 667, # 23 Exhibit 668, # 24 Exhibit 669, # 25 Exhibit 670, # 26 Exhibit 672, # 27 Exhibit 673, # 28 Exhibit 674, # 29 Exhibit 675, # 30 Exhibit 676, # 31 Exhibit 677, # 32 Exhibit 678, # 33 Exhibit 679, # 34 Exhibit 680, # 35 Exhibit 681, # 36 Exhibit 682, # 37 Exhibit 683, # 38 Exhibit 684, # 39 Exhibit 685, # 40 Exhibit 686).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 861 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 29, # 2 Exhibit 30, # 3 Exhibit 31, # 4 Exhibit 32, # 5 Exhibit 33, # 6 Exhibit 34, # 7 Exhibit 35, # 8 Exhibit 36 Part 1, # 9 Exhibit 36 Part 2, # 10 Exhibit 37, # 11 Exhibit 38, # 12 Exhibit 39, # 13 Exhibit 40, # 14 Exhibit 41, # 15 Exhibit 42, # 16 Exhibit 43, # 17 Exhibit 44, # 18 Exhibit 45, # 19 Exhibit 46, # 20 Exhibit 47, # 21 Exhibit 48, # 22 Exhibit 49, # 23 Exhibit 50, # 24 Exhibit 51, # 25 Exhibit 52, # 26 Exhibit 53, # 27 Exhibit 54, # 28 Exhibit 55, # 29 Exhibit 56, # 30 Exhibit 57, # 31 Exhibit 58, # 32 Exhibit 59, # 33 Exhibit 60, # 34 Exhibit 61, # 35 Exhibit 62, # 36 Exhibit 63, # 37 Exhibit 64, # 38 Exhibit 65, # 39 Exhibit 66, # 40 Exhibit 67, # 41 Exhibit 68).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 862 | DECLARATION of Mark R. Sylvester in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 687, # 2 Exhibit 688, # 3 Exhibit 689, # 4 Exhibit 690, # 5 Exhibit 691, # 6 Exhibit 692, # 7 Exhibit 693, # 8 Exhibit 694, # 9 Exhibit 695, # 10 Exhibit 696, # 11 Exhibit 697, # 12 Exhibit 698, # 13 Exhibit 699, # 14 Exhibit 700, # 15 Exhibit 702, # 16 Exhibit 703, # 17 Exhibit 704, # 18 Exhibit 705, # 19 Exhibit 706, # 20 Exhibit 707).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 863 | DECLARATION of Mark R. Sylvester in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 708, # 2 Exhibit 709, # 3 Exhibit 710, # 4 Exhibit 711, # 5 Exhibit 712, # 6 Exhibit 713, # 7 Exhibit 714, # 8 Exhibit 715, # 9 Exhibit 716, # 10 Exhibit 717, # 11 Exhibit 718, # 12 Exhibit 719, # 13 Exhibit 720, # 14 Exhibit 721, # 15 Exhibit 722, # 16 Exhibit 724, # 17 Exhibit 725, # 18 Exhibit 726, # 19 Exhibit 727, # 20 Exhibit 728, # 21 Exhibit 729, # 22 Exhibit 730, # 23 Exhibit 731, # 24 Exhibit 732, # 25 Exhibit 733, # 26 Exhibit 734, # 27 Exhibit 735, # 28 Exhibit 736, # 29 Exhibit 737, # 30 Exhibit 738).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 864 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 69, # 2 Exhibit 70, # 3 Exhibit 71, # 4 Exhibit 72, # 5 Exhibit 73, # 6 Exhibit 74, # 7 Exhibit 75, # 8 Exhibit 76, # 9 Exhibit 77, # 10 Exhibit 78, # 11 Exhibit 79, # 12 Exhibit 80, # 13 Exhibit 81 Part 1, # 14 Exhibit 81 Part 2, # 15 Exhibit 81 Part 3, # 16 Exhibit 81 Part 4, # 17 Exhibit 82, # 18 Exhibit 83, # 19 Exhibit 84, # 20 Exhibit 85, # 21 Exhibit 86, # 22 Exhibit 87, # 23 Exhibit 88, # 24 Exhibit 89, # 25 Exhibit 90, # 26 Exhibit 91, # 27 Exhibit 92, # 28 Exhibit 93 Part 1, # 29 Exhibit 93 Part 2, # 30 Exhibit 93 Part 3, # 31 Exhibit 93 Part 4, # 32 Exhibit 93 Part 5, # 33 Exhibit 94, # 34 Exhibit 95, # 35 Exhibit 96, # 36 Exhibit 97, # 37 Exhibit 98, # 38 Exhibit 99, # 39 Exhibit 100, # 40 Exhibit 101, # 41 Exhibit 102, # 42 Exhibit 103, # 43 Exhibit 104, # 44 Exhibit 105, # 45 Exhibit 106, # 46 Exhibit 107, # 47 Exhibit 108, # 48 Exhibit 109, # 49 Exhibit 110, # 50 Exhibit 111).(Stewart, Ladan) (Entered: 06/13/2023) |
| 06/13/2023 | 865 | DECLARATION of Mark R. Sylvester in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 739, # 2 Exhibit 740, # 3 Exhibit 741, # 4 Exhibit 742, # 5 Exhibit 743, # 6 Exhibit 744, # 7 Exhibit 745, # 8 Exhibit 746, # 9 Exhibit 747, # 10 Exhibit 748, # 11 Exhibit 749, # 12 Exhibit 750, # 13 Exhibit 751, # 14 Exhibit 752, # 15 Exhibit 753, # 16 Exhibit 754, # 17 Exhibit 755, # 18 Exhibit 756, # 19 Exhibit 757, # 20 Exhibit 758, # 21 Exhibit 759, # 22 Exhibit 760, # 23 Exhibit 761, # 24 Exhibit 762, # 25 Exhibit 763, # 26 Exhibit 764, # 27 Exhibit 765, # 28 Exhibit 766, # 29 Exhibit 767, # 30 Exhibit 768, # 31 Exhibit 769, # 32 Exhibit 770, # 33 Exhibit 771).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 866 | DECLARATION of Mark R. Sylvester in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 248, # 2 Exhibit 403, # 3 Exhibit 534, # 4 Exhibit 553, # 5 Exhibit 664, # 6 Exhibit 671).(Hanauer, Benjamin) (Entered: 06/13/2023) |

| | | |
|---|---|---|
| 06/13/2023 | 867 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 112, # 2 Exhibit 114, # 3 Exhibit 115, # 4 Exhibit 116, # 5 Exhibit 117, # 6 Exhibit 118, # 7 Exhibit 119, # 8 Exhibit 120, # 9 Exhibit 121, # 10 Exhibit 122, # 11 Exhibit 123, # 12 Exhibit 124, # 13 Exhibit 125, # 14 Exhibit 126, # 15 Exhibit 127, # 16 Exhibit 128, # 17 Exhibit 129, # 18 Exhibit 130, # 19 Exhibit 131, # 20 Exhibit 132, # 21 Exhibit 133, # 22 Exhibit 134, # 23 Exhibit 135, # 24 Exhibit 136, # 25 Exhibit 137, # 26 Exhibit 138, # 27 Exhibit 139, # 28 Exhibit 140, # 29 Exhibit 141, # 30 Exhibit 142).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 868 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 143, # 2 Exhibit 144, # 3 Exhibit 145, # 4 Exhibit 146, # 5 Exhibit 147, # 6 Exhibit 148, # 7 Exhibit 149, # 8 Exhibit 150, # 9 Exhibit 151, # 10 Exhibit 152, # 11 Exhibit 153, # 12 Exhibit 154, # 13 Exhibit 155, # 14 Exhibit 156, # 15 Exhibit 157, # 16 Exhibit 158, # 17 Exhibit 159, # 18 Exhibit 160, # 19 Exhibit 161, # 20 Exhibit 162, # 21 Exhibit 163, # 22 Exhibit 164, # 23 Exhibit 165, # 24 Exhibit 166, # 25 Exhibit 167, # 26 Exhibit 168, # 27 Exhibit 169, # 28 Exhibit 170, # 29 Exhibit 171, # 30 Exhibit 172).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 869 | DECLARATION of Ladan Stewart in Opposition re: 824 MOTION for Summary Judgment .. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 587, # 2 Exhibit 588, # 3 Exhibit 589, # 4 Exhibit 590, # 5 Exhibit 591, # 6 Exhibit 592, # 7 Exhibit 593, # 8 Exhibit 594, # 9 Exhibit 595, # 10 Exhibit 596, # 11 Exhibit 597, # 12 Exhibit 598, # 13 Exhibit 599, # 14 Exhibit 600, # 15 Exhibit 601, # 16 Exhibit 602, # 17 Exhibit 603, # 18 Exhibit 604, # 19 Exhibit 605, # 20 Exhibit 606, # 21 Exhibit 607, # 22 Exhibit 608, # 23 Exhibit 609, # 24 Exhibit 610, # 25 Exhibit 611, # 26 Exhibit 612, # 27 Exhibit 613, # 28 Exhibit 614, # 29 Exhibit 615, # 30 Exhibit 616, # 31 Exhibit 617, # 32 Exhibit 618, # 33 Exhibit 619, # 34 Exhibit 620, # 35 Exhibit 621, # 36 Exhibit 623, # 37 Exhibit 624, # 38 Exhibit 625, # 39 Exhibit 626, # 40 Exhibit 629, # 41 Exhibit 630, # 42 Exhibit 631, # 43 Exhibit 632, # 44 Exhibit 633, # 45 Exhibit 634, # 46 Exhibit 635, # 47 Exhibit 636, # 48 Exhibit 637, # 49 Exhibit 638, # 50 Exhibit 639, # 51 Exhibit 640, # 52 Exhibit 641, # 53 Exhibit 642, # 54 Exhibit 643, # 55 Exhibit 644).(Tenreiro, Jorge) (Entered: 06/13/2023) |
| 06/13/2023 | 870 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 173, # 2 Exhibit 174, # 3 Exhibit 175, # 4 Exhibit 176, # 5 Exhibit 177 part 1, # 6 Exhibit 177 part 2, # 7 Exhibit 177 part 3, # 8 Exhibit 177 part 4, # 9 Exhibit 178, # 10 Exhibit 179, # 11 Exhibit 180, # 12 Exhibit 181, # 13 Exhibit 182, # 14 Exhibit 183, # 15 Exhibit 184, # 16 Exhibit 185).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/13/2023 | 871 | DECLARATION of Ladan F. Stewart in Support re: 836 MOTION for Summary Judgment *as to all Parties*.. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 186, # 2 Exhibit 187, # 3 Exhibit 188, # 4 Exhibit 189, # 5 Exhibit 190, # 6 Exhibit 191, # 7 Exhibit 192, # 8 Exhibit 193, # 9 Exhibit 194, # 10 Exhibit 195, # 11 Exhibit 196, # 12 Exhibit 197, # 13 Exhibit 198, # 14 Exhibit 199, # 15 Exhibit 200).(Hanauer, Benjamin) (Entered: 06/13/2023) |
| 06/26/2023 | 872 | MOTION for Clayton J. Masterman to Withdraw as Attorney . Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit Declaration of Clayton J. Masterman, # 2 Text of Proposed Order ).(Masterman, Clayton) (Entered: 06/26/2023) |
| 07/12/2023 | 873 | MOTION for Anna R. Gressel to Withdraw as Attorney *for Defendant Ripple Labs Inc.*. Document filed by Ripple Labs Inc..(Gressel, Anna) (Entered: 07/12/2023) |
| 07/13/2023 | 874 | ORDER: granting in part and denying in part 621 Motion for Summary Judgment. For the foregoing reasons, the SEC's motion for summary judgment is GRANTED as to the Institutional Sales, and otherwise DENIED. Defendants' motion for summary judgment is GRANTED as to the Programmatic Sales, the Other Distributions, and Larsen's and Garlinghouse's sales, and DENIED as to the Institutional Sales.The Court shall issue a separate order setting a trial date and related pre–trial deadlines in due course. The Clerk of Court is directed to terminate the motions at ECF Nos. 621, 625, 639, 642, 807, 824, and 836. SO ORDERED.. (Signed by Judge Analisa Torres on 7/13/2023) (ama) (Entered: 07/13/2023) |

| 07/13/2023 | 875 | MEMO ENDORSEMENT granting 872 Motion to Withdraw as Attorney. ENDORSEMENT: The Clerk of Court is directed to terminate Clayton J. Masterman from the docket. SO ORDERED. Attorney Clayton Masterman terminated. (Signed by Judge Analisa Torres on 7/13/2023) (kv) (Entered: 07/13/2023) |
|---|---|---|
| 07/13/2023 | 876 | ORDER granting 872 MOTION for Clayton J. Masterman to Withdraw as Attorney. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 07/13/2023) |
| 07/13/2023 | 877 | ORDER granting 873 MOTION for Anna R. Gressel to Withdraw as Attorney. (Attorney Anna Gressel terminated.) (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 07/13/2023) |
| 07/17/2023 | 878 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement) and Settlement. Referred to Magistrate Judge Sarah Netburn. Motions referred to Sarah Netburn. (Signed by Judge Analisa Torres on 7/17/2023) (tg) (Entered: 07/17/2023) |
| 07/17/2023 | 879 | ORDER: In light of Judge Torres's recent decision on the parties' cross–motions for summary judgment, ECF No. 874, the parties are directed to contact Courtroom Deputy Rachel Slusher at Rachel_Slusher@nysd.uscourts.gov with three mutually convenient dates to schedule a settlement conference if they believe it would be productive at this time. Due to the Court's busy calendar, settlement conferences must generally be scheduled at least six to eight weeks in advance. The Court will likely be unable to accommodate last–minute requests for settlement conferences, and the parties should not anticipate that litigation deadlines will be adjourned in response to late requests for settlement conferences. (Signed by Magistrate Judge Sarah Netburn on 7/17/2023) (ras) (Entered: 07/17/2023) |
| 07/27/2023 | 880 | MOTION for Lisa R. Zornberg to Withdraw as Attorney *for Defendant Ripple Labs Inc.*. Document filed by Ripple Labs Inc...(Zornberg, Lisa) (Entered: 07/27/2023) |
| 07/28/2023 | 881 | MEMO ENDORSEMENT granting 880 Motion to Withdraw as Attorney. ENDORSEMENT: GRANTED. The Clerk of Court is directed to terminate Lisa R. Zornberg from the docket. SO ORDERED. Attorney Lisa R. Zornberg terminated. (Signed by Judge Analisa Torres on 7/28/2023) (kv) (Entered: 07/28/2023) |
| 07/28/2023 | 882 | MEMO ENDORSEMENT granting 880 Motion to Withdraw as Attorney. ENDORSEMENT: GRANTED. The Clerk of Court is directed to terminate Lisa R. Zornberg from the docket. SO ORDERED. Attorney Lisa R. Zornberg terminated. (Signed by Judge Analisa Torres on 7/28/2023) (kv) (Entered: 07/28/2023) |
| 07/31/2023 | 883 | NOTICE OF APPEARANCE by Douglas Samuel Zolkind on behalf of Ripple Labs Inc...(Zolkind, Douglas) (Entered: 07/31/2023) |
| 08/09/2023 | 884 | PRETRIAL SCHEDULING ORDER: Accordingly: 1. By August 23, 2023, the parties shall submit blackout dates for trial. 2. By December 4, 2023, the parties shall submit any motions in limine. Oppositions to any motions in limine shall be submitted by December 18, 2023. 3. By December 4, 2023, the parties shall submit all required pretrial filings, including their proposed joint pretrial order, requests to charge, verdict form, and voir dire questions in accordance with Paragraphs V.B, V.C, and V.D of the Court's Individual Practices in Civil Cases. The parties shall also email copies of these submissions to ToITes_NYSDChambers@nysd.uscomi s.gov as Word Documents. 4. By December 4, 2023, the parties shall deliver to the Court one copy of each documentary exhibit sought to be admitted, pre–marked (i.e., labeled with exhibit stickers) and assembled sequentially in a loose–leaf binder or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference in accordance with Paragraph V.C.v of the Court's Individual Practices in Civil Cases. 5. The Court shall schedule a final pretrial conference date upon setting a date certain for trial. SO ORDERED. Motions due by 12/4/2023. Responses due by 12/18/2023 Proposed Pretrial Order due by 12/4/2023. (Signed by Judge Analisa Torres on 8/9/2023) (jca) (Entered: 08/09/2023) |
| 08/09/2023 | 885 | MOTION for Peter Bryan Moores to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Securities and Exchange Commission. (Attachments: # 1 Affidavit of Peter Bryan Moores in support |

| | | |
|---|---|---|
| | | of Motion for Admission Pro Hac Vice, # 2 Proposed Order for Admission Pro Hac Vice).(Moores, Peter) (Entered: 08/09/2023) |
| 08/09/2023 | 886 | MOTION for Marc J. Jones to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Securities and Exchange Commission. (Attachments: # 1 Affidavit Affidavit of Marc J. Jones In Support of Motion for Admission Pro Hac Vice, # 2 Proposed Order Proposed Order for Admission Pro Hac Vice).(Jones, Marc) (Entered: 08/09/2023) |
| 08/09/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 885 MOTION for Peter Bryan Moores to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (va)** (Entered: 08/09/2023) |
| 08/09/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 886 MOTION for Marc J. Jones to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (va)** (Entered: 08/09/2023) |
| 08/09/2023 | 887 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated August 9, 2023 re: Anticipated Motion for Interlocutory Appeal. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 08/09/2023) |
| 08/15/2023 | 888 | NOTICE OF APPEARANCE by Andrew Kunsak on behalf of Investment Banker Declarant..(Kunsak, Andrew) (Entered: 08/15/2023) |
| 08/16/2023 | 889 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated August 16, 2023 re: Opposition to SEC Letter Regarding Interlocutory Appeal (Dkt. 887). Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 08/16/2023) |
| 08/16/2023 | 890 | LETTER addressed to Judge Analisa Torres from Matthew C. Solomon and Martin Flumenbaum dated August 16, 2023 re: in response to SEC's pre–motion letter seeking leave to file interlocutory appeal ( 887 ). Document filed by Bradley Garlinghouse, Christian A. Larsen..(Solomon, Matthew) (Entered: 08/16/2023) |
| 08/17/2023 | 891 | ORDER Accordingly: 1. The SEC's request to file a motion for leave to file an interlocutory appeal is GRANTED; 2. By August 18, 2023, the SEC shall file its motion; 3. By September 1, 2023, Defendants shall file their opposition papers; and 4. By September 8, 2023, the SEC shall file its reply, if any. The parties are directed to comply with the deadlines set forth in ECF No. 884 until farther order of the Court. SO ORDERED. (Motions due by 8/18/2023., Replies due by 9/8/2023., Responses due by 9/1/2023) (Signed by Judge Analisa Torres on 8/17/2023) (jca) (Entered: 08/17/2023) |
| 08/18/2023 | 892 | MOTION for Leave to Appeal Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 08/18/2023) |
| 08/18/2023 | 893 | MEMORANDUM OF LAW in Support re: 892 MOTION for Leave to Appeal . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E).(Tenreiro, Jorge) (Entered: 08/18/2023) |
| 08/22/2023 | 894 | MOTION for Alyssa M. Hasbrouck to Withdraw as Attorney . Document filed by Investment Banker Declarant..(Hasbrouck, Alyssa) (Entered: 08/22/2023) |
| 08/22/2023 | 895 | DECLARATION of Alyssa M. Hasbrouck in Support re: 894 MOTION for Alyssa M. Hasbrouck to Withdraw as Attorney .. Document filed by Investment Banker Declarant..(Hasbrouck, Alyssa) (Entered: 08/22/2023) |
| 08/22/2023 | 896 | NOTICE OF APPEARANCE by Caleb Robertson on behalf of Bradley Garlinghouse..(Robertson, Caleb) (Entered: 08/22/2023) |
| 08/22/2023 | 897 | MOTION for Michael A. Schulman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–28181934. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bradley Garlinghouse. (Attachments: # 1 Affidavit (Declaration in Support), # 2 Exhibit (Good Standing Certificate), # 3 Proposed Order Granting Motion).(Schulman, Michael) (Entered: 08/22/2023) |

| 08/22/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 897 MOTION for Michael A. Schulman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–28181934. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 08/22/2023) |
|---|---|---|
| 08/22/2023 | 898 | LETTER addressed to Judge Analisa Torres from Martin Flumenbaum and Matthew C. Solomon dated August 22, 2023 re: Trial Availability. Document filed by Christian A. Larsen..(Flumenbaum, Martin) (Entered: 08/22/2023) |
| 08/23/2023 | 899 | MOTION for Pascale Guerrier to Withdraw as Attorney . Document filed by Securities and Exchange Commission..(Guerrier, Pascale) (Entered: 08/23/2023) |
| 08/23/2023 | 900 | MOTION for Richard Best to Withdraw as Attorney . Document filed by Securities and Exchange Commission. (Attachments: # 1 Proposed Order Re Withdrawal of Richard Best).(Tenreiro, Jorge) (Entered: 08/23/2023) |
| 08/23/2023 | 901 | ORDER granting 885 Motion for Peter Bryan Moores to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 08/23/2023) |
| 08/23/2023 | 902 | ORDER granting 886 Motion for Marc J. Jones to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 08/23/2023) |
| 08/23/2023 | 903 | ORDER granting 897 Motion for Michael A. Schulman to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (jgh) (Entered: 08/23/2023) |
| 08/23/2023 | 904 | MEMO ENDORSEMENT granting 894 MOTION for Alyssa M. Hasbrouck to Withdraw as Attorney. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Alyssa M. Hasbrouck from the docket. SO ORDERED. Attorney Alyssa M. Hasbrouck terminated. (Signed by Judge Analisa Torres on 8/23/2023) (jca) (Entered: 08/23/2023) |
| 08/23/2023 | 905 | MEMO ENDORSEMENT granting 899 MOTION for Pascale Guerrier to Withdraw as Attorney. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Pascale Guerrier from the docket. SO ORDERED. Attorney Pascale Guerrier terminated (Signed by Judge Analisa Torres on 8/23/2023) (jca) (Entered: 08/23/2023) |
| 08/23/2023 | 906 | MEMO ENDORSEMENT granting 900 MOTION for Richard Best to Withdraw as Attorney. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Richard Best from the docket. SO ORDERED. Attorney Richard R. Best terminated. (Signed by Judge Analisa Torres on 8/23/2023) (jca) (Entered: 08/23/2023) |
| 08/23/2023 | 907 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated August 23, 2023 re: Trial Availability. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 08/23/2023) |
| 08/23/2023 | 908 | MEMO ENDORSEMENT granting 900 MOTION for Richard Best to Withdraw as Attorney. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Richard Best from the docket. SO ORDERED. Attorney Richard R. Best terminated. (Signed by Judge Analisa Torres on 8/23/2023) (jca) (Entered: 08/23/2023) |
| 08/23/2023 | 909 | MOTION for Robert MacDonald Moye to Withdraw as Attorney *for Plaintiff*. Document filed by Securities and Exchange Commission. (Attachments: # 1 Proposed Order Moye withdrawal).(Moye, Robert) (Entered: 08/23/2023) |
| 08/23/2023 | 910 | LETTER addressed to Judge Analisa Torres from Peter Moores dated August 23, 2023 re: Trial Availability. Document filed by Securities and Exchange Commission..(Moores, Peter) (Entered: 08/23/2023) |
| 08/24/2023 | 911 | MEMO ENDORSEMENT granting 909 MOTION for Robert MacDonald Moye to Withdraw as Attorney for Plaintiff. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Robert Moye from the docket. SO ORDERED. Attorney Robert Macdonald Moye terminated. (Signed by Judge Analisa Torres on 8/24/2023) (jca) (Entered: 08/24/2023) |

| 08/24/2023 | 912 | MEMO ENDORSEMENT granting 909 MOTION for Robert MacDonald Moye to Withdraw as Attorney for Plaintiff. ENDORSEMENT GRANTED. The Clerk of Court is directed to terminate Robert Moye from the docket. SO ORDERED. Attorney Robert Macdonald Moye terminated. (Signed by Judge Analisa Torres on 8/24/2023) (jca) (Entered: 08/24/2023) |
|---|---|---|
| 09/01/2023 | 913 | MEMORANDUM OF LAW in Opposition re: 892 MOTION for Leave to Appeal . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/01/2023) |
| 09/01/2023 | 914 | MEMORANDUM OF LAW in Opposition re: 892 MOTION for Leave to Appeal . Document filed by Bradley Garlinghouse, Christian A. Larsen..(Solomon, Matthew) (Entered: 09/01/2023) |
| 09/08/2023 | 915 | REPLY MEMORANDUM OF LAW in Support re: 892 MOTION for Leave to Appeal *Interlocutory Order under 28 U.S.C. s 1292(b)*. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit Ripple Q2 2023 XRP Markets Report, # 2 Exhibit July 13, 2023 Reuters article).(Moores, Peter) (Entered: 09/08/2023) |
| 09/25/2023 | 916 | NOTICE OF APPEARANCE by Rahul Mukhi on behalf of Bradley Garlinghouse..(Mukhi, Rahul) (Entered: 09/25/2023) |
| 10/03/2023 | 917 | ORDER denying 892 Motion for Leave to Appeal. For the reasons stated above, the SEC's motion for certification of interlocutory appeal is DENIED, and the SEC's request for a stay is DENIED as moot. The Clerk of Court is directed to terminate the motion at ECF No. 892. Trial in this matter is set to begin on April 23, 2024, at 9:00 a.m. in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007. The deadlines as set forth in the Courts Pretrial Scheduling Order remain in effect. Accordingly: 1. By December 4, 2023, the parties shall submit any motions in limine. Oppositions to any motions in limine shall be submitted by December 18, 2023. 2. By December 4, 2023, the parties shall submit all required pretrial filings, including their proposed joint pretrial order, requests to charge, verdict form, and voir dire questions in accordance with Paragraphs V.B, V.C, and V.D of the Court's Individual Practices in Civil Cases. The parties shall also email copies of these submissions to Torres_NYSDChambers@nysd.uscourts.gov as Word Documents. 3. By December 4, 2023, the parties shall deliver to the Court one copy of each documentary exhibit sought to be admitted, pre–marked (i.e., labeled with exhibit stickers) and assembled sequentially in a loose–leaf binder or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference in accordance with Paragraph V.C.v of the Court's Individual Practices in Civil Cases. 4. On April 16, 2024, at 2:00 p.m., counsel for all parties shall appear for a final pretrial conference in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007. 5. Prior to the final pretrial conference, counsel for both parties, along with the parties themselves, shall meet in person for at least one hour to discuss settlement of this matter. SO ORDERED. (Signed by Judge Analisa Torres on 10/3/2023) (jca) Modified on 10/24/2023 (ama). Modified on 11/13/2023 (ama). (Entered: 10/03/2023) |
| 10/03/2023 | | Set/Reset Deadlines: (Motions due by 12/4/2023., Proposed Pretrial Order due by 12/4/2023., Responses due by 12/18/2023), Set/Reset Hearings:( Final Pretrial Conference set for 4/16/2024 at 02:00 PM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge Analisa Torres., Jury Trial set for 4/23/2024 at 09:00 AM in Courtroom 15D, 500 Pearl Street, New York, NY 10007 before Judge Analisa Torres.) (jca) (Entered: 10/03/2023) |
| 10/19/2023 | 918 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, with prejudice against the defendant(s) Bradley Garlinghouse, Christian A. Larsen and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Securities and Exchange Commission. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..** (Attachments: # 1 Stipulation of Voluntary Dismissal –– Partial, As To Aiding and Abetting Institutional Sales Claims Only).(Tenreiro, Jorge) Modified on 10/20/2023 (nd). (Entered: 10/19/2023) |

| | | |
|---|---|---|
| 10/20/2023 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT VOLUNTARY DISMISSAL. Notice to Attorney Jorge Tenreiro. RE–FILE Document No. 918 Stipulation of Voluntary Dismissal,,,. The filing is deficient for the following reason(s): the wrong event type was used to file the voluntary dismissal; the stipulation of voluntary dismissal was not signed (ink signatures) by all parties who have appeared. 1. Re–file the document using the event type Stipulation of Voluntary Dismissal found under the event list Other Documents. 2. Re–File the document the event type Letter founder under Other Documents. (nd)** (Entered: 10/20/2023) |
| 10/20/2023 | 919 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, with prejudice against the defendant(s) Bradley Garlinghouse, Christian A. Larsen and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Securities and Exchange Commission. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)...**(Tenreiro, Jorge) (Entered: 10/20/2023) |
| 10/20/2023 | 920 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated October 19, 2023 re: Voluntary Dismissal of Aiding and Abetting Institutional Sales Claim. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 10/20/2023) |
| 10/23/2023 | | ***NOTICE TO COURT REGARDING STIPULATION OF VOLUNTARY DISMISSAL Document No. 919 Stipulation of Voluntary Dismissal,, was reviewed and referred to Judge Analisa Torres for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (nd)** (Entered: 10/23/2023) |
| 10/23/2023 | 921 | STIPULATION OF PARTIAL DISMISSAL: IT IS NOW STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 41, by and between undersigned counsel, that the claims alleged by Plaintiff Securities and Exchange Commission against Defendants Bradley Garlinghouse and Christian A Larsen, for aiding and abetting Defendant Ripple Labs, Inc.'s ("Ripple") violations of Section 5 of the Securities Act of 1933 with respect to Ripple's offers and sales of XRP in "Institutional Sales" (see ECF No. 874), are hereby dismissed in their entirety, with prejudice and without costs or fees to either party. SO ORDERED. (Signed by Judge Analisa Torres on 10/23/2023) (jca) (Entered: 10/23/2023) |
| 10/24/2023 | 922 | MEMO ENDORSEMENT: on re: 920 Letter filed by Securities and Exchange Commission. ENDORSEMENT: GRANTED. By November 9, 2023, the parties shall jointly propose a briefing schedule with regard to remedies, or, if the parties cannot agree, shall jointly request that the Court set a briefing schedule. The April 16, 2023 final pretrial conference and the April 23, 2024 trial are ADJOURNED sine die. The deadlines set forth in the Court's October 3, 2023 order, ECF No. 917, are VACATED. SO ORDERED. (Signed by Judge Analisa Torres on 10/24/2023) (ama) (Entered: 10/24/2023) |
| 11/09/2023 | 923 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated November 9, 2023 re: Remedies Briefing. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 11/09/2023) |
| 11/13/2023 | 924 | ORDER The Court has reviewed the parties' letter dated November 9, 2023. Accordingly: 1. By February 12, 2024, the parties shall complete remedies–related discovery; 2. By March 13, 2024, Plaintiff shall file its brief with respect to remedies; 3. By April 12, 2024, Defendant shall file its opposition; and 4. By April 29, 2024, Plaintiff shall file its reply, if any. SO ORDERED. (Motions due by 3/13/2024., Replies due by 4/29/2024., Responses due by 4/12/2024) (Signed by Judge Analisa Torres on 11/13/2023) (jca) (Entered: 11/13/2023) |
| 01/11/2024 | 925 | LETTER MOTION to Compel Ripple Labs, Inc. to Produce documents and Respond to Interrogatory addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated January 11, 2024. Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P).(Tenreiro, Jorge) (Entered: 01/11/2024) |

| 01/11/2024 | 926 | LETTER MOTION for Extension of Time *to File Opposition to Motion to Compel at ECF 925* addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated January 11, 2024. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/11/2024) |
|---|---|---|
| 01/12/2024 | 927 | ORDER granting 926 Letter Motion for Extension of Time. Ripple Labs is directed to file its opposition to the SEC's motion to compel by January 19, 2024. The SEC's reply, if any, is due by January 24, 2024. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/12/2024) |
| 01/19/2024 | 928 | MOTION for Ladan Stewart to Withdraw as Attorney *for Plaintiff*. Document filed by Securities and Exchange Commission. (Attachments: # 1 Proposed Order A).(Stewart, Ladan) (Entered: 01/19/2024) |
| 01/19/2024 | 929 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated January 19, 2024 re: 925 LETTER MOTION to Compel Ripple Labs, Inc. to Produce documents and Respond to Interrogatory addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated January 11, 2024. . Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/19/2024) |
| 01/22/2024 | 930 | ORDER granting 928 Motion to Withdraw as Attorney. Attorney Ladan Fazlollahi Stewart terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/22/2024) |
| 01/22/2024 | 931 | ORDER granting 928 Motion to Withdraw as Attorney. Attorney Ladan Fazlollahi Stewart terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/22/2024) |
| 01/23/2024 | 932 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated January 23, 2024 re: 925 LETTER MOTION to Compel Ripple Labs, Inc. to Produce documents and Respond to Interrogatory addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated January 11, 2024. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A).(Tenreiro, Jorge) (Entered: 01/23/2024) |
| 01/24/2024 | 933 | LETTER MOTION for Leave to File Sur–Reply addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated January 24, 2024. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A – Proposed Sur–Reply Letter).(Ceresney, Andrew) (Entered: 01/24/2024) |
| 01/25/2024 | 934 | ORDER granting 933 Letter Motion for Leave to File Document. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 01/25/2024) |
| 01/25/2024 | 935 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Andrew J. Ceresney dated January 25, 2024 re: 925 LETTER MOTION to Compel Ripple Labs, Inc. to Produce documents and Respond to Interrogatory addressed to Magistrate Judge Sarah Netburn from Jorge G. Tenreiro dated January 11, 2024. */ Sur–Reply in Response to Motion to Compel Reply*. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 01/25/2024) |
| 02/05/2024 | 936 | ORDER granting 925 Letter Motion to Compel. The SEC's motion is granted in full. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 925. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 2/5/2024) (dsh) (Entered: 02/05/2024) |
| 02/06/2024 | 937 | LETTER MOTION for Extension of Time *of the Remedies–Related Discovery Deadline* addressed to Judge Analisa Torres from Andrew J. Ceresney dated February 6, 2024. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 02/06/2024) |
| 02/07/2024 | 938 | ORDER granting 937 Letter Motion for Extension of Time. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 02/07/2024) |
| 02/27/2024 | 939 | LETTER MOTION for Extension of Time to File *Remedies–Related Briefing* addressed to Judge Analisa Torres from Jorge G. Tenreiro dated February 27, 2024. |

| | | Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 02/27/2024) |
|---|---|---|
| 03/01/2024 | 940 | ORDER: granting 939 Letter Motion for Extension of Time to File. Granted. SO ORDERED. (Signed by Judge Analisa Torres on 3/01/2024) (ama) (Entered: 03/01/2024) |
| 03/01/2024 | | Set/Reset Deadlines: Motions due by 3/22/2024. Responses due by 4/22/2024 Replies due by 5/6/2024. (ama) (Entered: 03/01/2024) |
| 03/19/2024 | 941 | JOINT LETTER MOTION to Seal *re Proposed Scheduling Deadlines for Sealing Applications* addressed to Judge Analisa Torres from Andrew J. Ceresney and Jorge Tenreiro dated March 19, 2024. Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 03/19/2024) |
| 03/20/2024 | 942 | ORDER granting 941 Letter Motion to Seal. GRANTED. SO ORDERED. (Signed by Judge Analisa Torres on 3/20/2024) (va) (Entered: 03/20/2024) |
| 03/20/2024 | | Set/Reset Deadlines: Motions due by 5/13/2024. Responses due by 5/20/2024. Replies due by 5/8/2024. (va) (Entered: 03/20/2024) |
| 03/22/2024 | 943 | ***SELECTED PARTIES*** MOTION for Judgment *and Remedies*. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc..Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) (Entered: 03/22/2024) |
| 03/22/2024 | 944 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 943 MOTION for Judgment *and Remedies*. . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) (Entered: 03/22/2024) |
| 03/22/2024 | 945 | ***SELECTED PARTIES***DECLARATION of Peter Moores in Support re: 943 MOTION for Judgment *and Remedies*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) (Entered: 03/22/2024) |
| 03/22/2024 | 946 | ***SELECTED PARTIES***DECLARATION of Andrea Fox in Support re: 943 MOTION for Judgment *and Remedies*.. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) (Entered: 03/22/2024) |
| 03/22/2024 | 947 | ***SELECTED PARTIES***PROPOSED JUDGMENT. Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) **Proposed Judgment to be reviewed by Clerk's Office staff.** (Entered: 03/22/2024) |
| 03/25/2024 | | ***NOTICE TO COURT REGARDING PROPOSED JUDGMENT. Document No. 947 Proposed Judgment, was reviewed and approved as to form. (tp)** (Entered: 03/25/2024) |
| 03/25/2024 | 948 | MOTION for Judgment *and Remedies*. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 03/25/2024) |
| 03/25/2024 | 949 | MEMORANDUM OF LAW in Support re: 948 MOTION for Judgment *and Remedies*. . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 to Moores Declaration, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 23, # 8 Exhibit 26, # 9 Exhibit 27).(Tenreiro, Jorge) (Entered: 03/25/2024) |
| 03/25/2024 | 950 | PROPOSED JUDGMENT. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) **Proposed Judgment to be reviewed by Clerk's** |

| | | |
|---|---|---|
| | | **Office staff.** (Entered: 03/25/2024) |
| 03/26/2024 | | ***NOTICE TO COURT REGARDING PROPOSED JUDGMENT. Document No. 950 Proposed Judgment was reviewed and approved as to form. (tp)** (Entered: 03/26/2024) |
| 04/22/2024 | 951 | LETTER MOTION for Discovery *to Strike* addressed to Magistrate Judge Sarah Netburn from Gregory G. Rapawy dated 4/22/2024. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Rapawy, Gregory) (Entered: 04/22/2024) |
| 04/22/2024 | 952 | **FILING ERROR – DUPLICATE DOCKET ENTRY (SEE 951 Letter Motion) –** LETTER MOTION for Discovery *to Strike* addressed to Magistrate Judge Sarah Netburn from Gregory G. Rapawy dated 4/22/2024. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc. (Rapawy, Gregory) Modified on 4/23/2024 (db). As per ECF–ERROR Email Correspondence Received on 4/23/2024 @ 9:05am. (Entered: 04/22/2024) |
| 04/22/2024 | 953 | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: 943 MOTION for Judgment *and Remedies*. . Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. Motion or Order to File Under Seal: 942 .(Kellogg, Michael) (Entered: 04/22/2024) |
| 04/22/2024 | 954 | ***SELECTED PARTIES***DECLARATION of Gregory G. Rapawy in Opposition re: 943 MOTION for Judgment *and Remedies*.. Document filed by Ripple Labs Inc., Christian A. Larsen, Bradley Garlinghouse, Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)Motion or Order to File Under Seal: 942 .(Rapawy, Gregory) (Entered: 04/22/2024) |
| 04/22/2024 | 955 | RESPONSE in Opposition to Motion re: 943 MOTION for Judgment *and Remedies*. . Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc...(Kellogg, Michael) (Entered: 04/22/2024) |
| 04/22/2024 | 956 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 957 Declaration)** –DECLARATION of Gregory G. Rapawy in Opposition re: 943 MOTION for Judgment *and Remedies*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K).(Rapawy, Gregory) Modified on 4/23/2024 (db). As per ECF–ERROR Email Correspondence Received on 4/23/2024 @ 10:53am. (Entered: 04/22/2024) |
| 04/23/2024 | 957 | DECLARATION of Gregory G. Rapawy in Opposition re: 943 MOTION for Judgment *and Remedies*.. Document filed by Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K).(Rapawy, Gregory) (Entered: 04/23/2024) |
| 04/25/2024 | 958 | ORDER with respect to 951 Motion for Discovery. The SEC is granted until Monday, April 29, 2024, to file its response to this motion. Ripple is granted three business days thereafter to file a reply. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 04/25/2024) |
| 04/29/2024 | 959 | MEMORANDUM OF LAW in Opposition re: 951 LETTER MOTION for Discovery *to Strike* addressed to Magistrate Judge Sarah Netburn from Gregory G. Rapawy dated 4/22/2024. . Document filed by Securities and Exchange Commission..(Jones, Marc) (Entered: 04/29/2024) |
| 05/02/2024 | 960 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Gregory G. Rapawy dated 5/2/2024 re: 951 LETTER MOTION for Discovery *to Strike* addressed to Magistrate Judge Sarah Netburn from Gregory G. Rapawy dated 4/22/2024. . Document filed by Ripple Labs Inc...(Rapawy, Gregory) (Entered: 05/02/2024) |
| 05/06/2024 | 961 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 943 MOTION for Judgment *and Remedies*., 948 MOTION for Judgment *and* |

| | | |
|---|---|---|
| | | *Remedies.* . Document filed by Securities and Exchange Commission, Bradley Garlinghouse, Christian A. Larsen, Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)Motion or Order to File Under Seal: 942 .(Tenreiro, Jorge) (Entered: 05/06/2024) |
| 05/07/2024 | 962 | REPLY MEMORANDUM OF LAW in Support re: 943 MOTION for Judgment *and Remedies.*, 948 MOTION for Judgment *and Remedies.* . Document filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Tenreiro, Jorge) (Entered: 05/07/2024) |
| 05/13/2024 | 963 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024. Document filed by Ripple Labs Inc.. (Attachments: # 1 Appendix A to Motion – Chart Summarizing Remedies Materials).(Ceresney, Andrew) (Entered: 05/13/2024) |
| 05/13/2024 | 964 | DECLARATION of Jonathan Bilich in Support re: 963 LETTER MOTION to Seal addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024.. Document filed by Ripple Labs Inc.. (Attachments: # 1 Appendix A – Chart Summarizing Remedies Materials).(Ceresney, Andrew) (Entered: 05/13/2024) |
| 05/13/2024 | 965 | ***SELECTED PARTIES*** LETTER addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024 re: Motion to Seal. Document filed by Ripple Labs Inc., Securities and Exchange Commission, Christian A. Larsen, Bradley Garlinghouse. (Attachments: # 1 Appendix A – Chart Summarizing Remedies Materials, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y)Motion or Order to File Under Seal: 963 .(Ceresney, Andrew) (Entered: 05/13/2024) |
| 05/20/2024 | 966 | LETTER RESPONSE in Opposition addressed to Judge Analisa Torres from Peter Bryan Moores dated May 20, 2024 re: 963 LETTER MOTION to Seal addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024. . Document filed by Securities and Exchange Commission..(Moores, Peter) (Entered: 05/20/2024) |
| 05/20/2024 | 967 | ***SELECTED PARTIES***DECLARATION of Peter Bryan Moores in Opposition re: 963 LETTER MOTION to Seal addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024.. Document filed by Securities and Exchange Commission, Ripple Labs Inc.. (Attachments: # 1 Exhibit Pl.'s Exhibit A to Moores Decl., # 2 Exhibit Pl.'s Exhibit B to Moores Decl., # 3 Exhibit Pl.'s Exhibit C to Moores Decl., # 4 Exhibit Pl.'s Exhibit D to Moores Decl., # 5 Exhibit Pl.'s Exhibit F to Moores Decl., # 6 Exhibit Pl.'s Exhibit G to Moores Decl., # 7 Exhibit Pl.'s Exhibit J to Moores Decl., # 8 Exhibit Pl.'s Exhibit L to Moores Decl., # 9 Exhibit Pl.'s Exhibit M to Moores Decl., # 10 Exhibit Pl.'s Exhibit N to Moores Decl., # 11 Exhibit Pl.'s Exhibit P to Moores Decl., # 12 Exhibit Pl.'s Exhibit Q to Moores Decl., # 13 Exhibit Pl.'s Exhibit S to Moores Decl., # 14 Exhibit Pl.'s Exhibit T to Moores Decl., # 15 Exhibit Pl.'s Exhibit U to Moores Decl., # 16 Exhibit Pl.'s Exhibit W to Moores Decl., # 17 Exhibit Pl.'s Exhibit Y to Moores Decl., # 18 Exhibit Pl.'s Ex. 1 to Moores Decl., # 19 Exhibit Pl.'s Ex. 2 to Moores Decl., # 20 Exhibit Pl.'s Ex. 3 to Moores Decl., # 21 Exhibit Pl.'s Ex. 4 to Moores Decl., # 22 Exhibit Pl.'s Ex. 5 to Moores Decl., # 23 Exhibit Pl.'s Ex. 6 to Moores Decl., # 24 Exhibit Pl.'s Ex. 7 to Moores Decl., # 25 Exhibit Pl.'s Ex. 8 to Moores Decl., # 26 Exhibit Pl.'s Ex. 9 to Moores Decl., # 27 Exhibit Pl.'s Ex. 10 to Moores Decl.)Motion or Order to File Under Seal: 942 .(Moores, Peter) (Entered: 05/20/2024) |
| 05/29/2024 | 968 | LETTER RESPONSE in Support of Motion addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 29, 2024 re: 963 LETTER MOTION to Seal addressed to Judge Analisa Torres from Andrew J. Ceresney dated May 13, 2024. . Document filed by Ripple Labs Inc...(Ceresney, Andrew) (Entered: 05/29/2024) |
| 06/13/2024 | 969 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated June 13, 2024 re: Notice of Supplemental Authority. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Kellogg, Michael) (Entered: 06/13/2024) |

| | | |
|---|---|---|
| 06/14/2024 | 970 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated June 14, 2024 re: Ripple's June 13, 2024 Letter. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 06/14/2024) |
| 07/02/2024 | 971 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated 7/2/2024 re: Notice of Supplemental Authority. Document filed by Ripple Labs Inc.. (Attachments: # 1 Exhibit A).(Kellogg, Michael) (Entered: 07/02/2024) |
| 07/03/2024 | 972 | LETTER addressed to Judge Analisa Torres from Jorge G. Tenreiro dated July 3, 2024 re: Ripple's July 2 Letter. Document filed by Securities and Exchange Commission..(Tenreiro, Jorge) (Entered: 07/03/2024) |
| 08/07/2024 | 973 | (REDACTED) ORDER granting in part and denying in part 943 Motion for Judgment; granting in part and denying in part 948 Motion for Judgment; terminating 951 Letter Motion for Discovery. The SEC's motion for remedies and the entry of final judgment is GRANTED IN PART and DENIED IN PART. The Court shall enter a final judgment enjoining Ripple from further violations of the securities laws and imposing a civil penalty of $125,035,150. The Clerk of Court is directed to terminate the motions at ECF Nos. 943, 948, and 951. SO ORDERED. (Signed by Judge Analisa Torres on 8/7/2024) (vfr) (Entered: 08/07/2024) |
| 08/07/2024 | 974 | JUDGMENT: IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Ripple Labs, Inc., is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption: (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; as further set forth herein. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a). IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $125,035,150 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying $125,035,150 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment, as further set forth herein. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes–Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes, as further set forth herein. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for one year from its date of entry. SO ORDERED. (Signed by Judge Analisa Torres on 8/7/2024) (vfr) Transmission to Finance Unit (Cashiers) for processing. (Entered: 08/07/2024) |
| 08/07/2024 | | Terminate Transcript Deadlines (vfr) (Entered: 09/03/2024) |
| 09/04/2024 | 975 | LETTER addressed to Judge Analisa Torres from Michael K. Kellogg dated September 4, 2024 re: Request for Stay of Monetary Portion of the Court's Judgment at ECF No. 974. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/04/2024) |

| 09/04/2024 | 976 | PROPOSED CONSENT ORDER. Document filed by Ripple Labs Inc...(Kellogg, Michael) (Entered: 09/04/2024) |
|---|---|---|
| 09/04/2024 | 977 | ORDER STAYING ENFORCEMENT OF MONETARY PORTION OF FINAL JUDGMENT: Under Federal Rule of Civil Procedure 62, this Court hereby STAYS enforcement of the monetary portion of the Final Judgment entered August 7, 2024, as ECF No. 974 (the "Judgment"). The stay imposed by this Order (the "Stay") shall last until 30 days after the later of: (a) the expiration of time to appeal the Judgment with no appeal filed, or (b) a decision by the Court of Appeals resolving any appeal taken. The Stay does not apply to any other part of the Judgment, including, but not limited to, the Judgment's injunctive relief. The Court further ORDERS as follows: 1. During the Stay, post–judgment interest shall accrue as provided in the Judgment. 2. Promptly after the entry of this Order, Defendant Ripple Labs Inc. ("Ripple")shall deposit 111% of the amount of the civil penalty into an interest–bearing account with TruistBank (the "Fund") in the name of Ripple's counsel, Kellogg, Hansen, Todd, Figel, & Frederick,P.L.L.C. ("Kellogg Hansen"). 3. Ripple shall retain beneficial ownership of the Fund and all accrued interest but shall have no control over the Fund. 4. Kellogg Hansen shall ensure the deposited amount remains in the Fund unless and until it is released either under a further order of the Court, or by mutual consent of Ripple and Plaintiff Securities and Exchange Commission (the "SEC"; collectively with Ripple, the "Parties"), with notification to the Court. The Parties have advised the Court that they intend that the Fund will be released when: a. the Parties mutually consent that the Fund be used to satisfy the monetary portion of the Judgment; b. Ripple pays the monetary portion of the Judgment by other means; c. the Court of Appeals or United States Supreme Court reverses the Judgment in relevant part; or d. the Court orders that the Fund be released to the SEC to satisfy the monetary portion of the Judgment. 5. In the event that the Court of Appeals modifies the Judgment or vacates the Judgment and remands for further proceedings, the Parties shall attempt in good faith to reach agreement about the effect of such a ruling on the appropriate treatment of the Fund. 6. In the event of any dispute between Ripple and the SEC over the proper disposition of the Fund that cannot be resolved through good faith negotiations, the Parties may submit that dispute to this Court for resolution. 7. This Order does not impose upon Kellogg Hansen any duty to the SEC or otherwise, including any fiduciary duty, except to ensure that the Fund remains in the account until released pursuant to the terms of this Order or of any subsequent order of this Court. 8. This Order is without prejudice to Ripple's ability to seek an extension of the Stay, including an extension pending the filing of a petition for rehearing, rehearing en banc, or certiorari. It is also without prejudice to the SEC's ability to oppose any extension. SO ORDERED. (Signed by Judge Analisa Torres on 9/4/2024) (vfr) Transmission to Finance Unit (Cashiers) for processing. Transmission to Orders and Judgments Clerk for processing. (Entered: 09/04/2024) |
| 10/02/2024 | 978 | NOTICE OF APPEAL from 874 Order on Motion for Summary Judgment,, 974 Judgment,,,,,,,,,,,.. Document filed by Securities and Exchange Commission. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Tenreiro, Jorge) (Entered: 10/02/2024) |
| 10/03/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 978 Notice of Appeal.(km) (Entered: 10/03/2024) |
| 10/03/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 978 Notice of Appeal, filed by Securities and Exchange Commission were transmitted to the U.S. Court of Appeals. (km) (Entered: 10/03/2024) |
| 10/10/2024 | 979 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – NOTICE OF CROSS APPEAL. Document filed by Ripple Labs Inc.. Filing fee $ 605.00, receipt number ANYSDC–30022094. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Kellogg, Michael) Modified on 10/10/2024 (nd). (Entered: 10/10/2024) |
| 10/10/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Michael Kellogg to RE–FILE Document No. 979 Notice of Cross Appeal,.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re–file the appeal using the event type Notice of Cross Appeal found under the event list Appeal Documents – attach the correct** |

| | | |
|---|---|---|
| | | **signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 10/10/2024) |
| 10/10/2024 | <u>980</u> | NOTICE OF CROSS APPEAL from <u>974</u> Judgment,,,,,,,,,,,,,. Document filed by Ripple Labs Inc.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Kellogg, Michael) Modified on 10/10/2024 (nd). (Entered: 10/10/2024) |
| 10/10/2024 | | Appeal Fee Paid electronically via Pay.gov: for <u>980</u> Notice of Cross Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC–30022094., paid on 10/10/2024..(nd) (Entered: 10/10/2024) |
| 10/10/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>980</u> Notice of Cross Appeal..(nd) (Entered: 10/10/2024) |
| 10/10/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>980</u> Notice of Cross Appeal filed by Ripple Labs Inc. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 10/10/2024) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| -against- | |
| RIPPLE LABS, INC., BRADLEY GARLINGHOUSE, and CHRISTIAN A. LARSEN, | |
| Defendants. | |

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____             │
│ DATE FILED:  7/13/2023           │
└─────────────────────────────────┘
```

20 Civ. 10832 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, the Securities and Exchange Commission (the "SEC"), brings this action against Defendants Ripple Labs, Inc. ("Ripple") and two of its senior leaders, Bradley Garlinghouse and Christian A. Larsen, alleging that Defendants engaged in the unlawful offer and sale of securities in violation of Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a) and (c). Am. Compl. ¶¶ 9, 430–35, ECF No. 46. The SEC also alleges that Garlinghouse and Larsen aided and abetted Ripple's Section 5 violations. *Id.* ¶¶ 9, 436–40.

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 824, 836; *see also* ECF Nos. 621, 625, 639, 642.[1] For the reasons stated below, the SEC's motion is GRANTED in part and DENIED in part, and Defendants' motion is GRANTED in part and DENIED in part.

---

[1] Portions of the briefs, Rule 56.1 statements, and other documents discussed in this order were filed under seal or redacted. *See* ECF No. 819 (granting in part and denying in part the parties' and third parties' motions to seal). These materials are "judicial documents" because they are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). To the extent that information in these documents is disclosed in this order, the privacy and business interests that justified their sealing or redaction are outweighed by "the public's right of access to [information] necessary to understand the basis for court rulings." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 193 n.2 (2d Cir. 2018); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

## BACKGROUND[2]

### I.    Factual Background

### A.   Development of the XRP Ledger and the Founding of Ripple

In 2011 and early 2012, Arthur Britto, Jed McCaleb, and David Schwartz developed the
source code for a cryptographically secured ledger, or a "blockchain,"[3] which is now known as
the XRP Ledger.  SEC 56.1 Resp. ¶ 11, ECF No. 842; *see also* ECF No. 668.  They aimed to
create a faster, cheaper, and more energy-efficient alternative to the bitcoin blockchain, the first
blockchain ledger which was introduced in 2009.  *Id.* ¶¶ 4, 12.  When the XRP Ledger launched
in 2012, its source code generated a fixed supply of 100 billion XRP.  *Id.* ¶¶ 17–18.  XRP is the
native digital token of the XRP Ledger, and the XRP Ledger requires XRP to operate.  *Id.*
¶¶ 13–14.  Each unit of XRP is divisible into one million "drops," and each unit or drop of XRP
is fungible with any other unit or drop.  Defs. 56.1 Resp. ¶¶ 17–18, ECF No. 835; *see also* ECF
No. 663.

In 2012, Britto, Defendant Larsen, and McCaleb founded Ripple.[4]  *Id.* ¶ 41; SEC 56.1
Resp. ¶ 32.  Larsen became Ripple's CEO, a position he held until December 2016.  Defs. 56.1
Resp. ¶ 41.  Of the 100 billion XRP generated by the XRP Ledger's code, the three founders

---

[2] The facts in this section are taken from the parties' Rule 56.1 statements, counterstatements, and responses, unless
otherwise noted.  Disputed facts are so noted.  Citations to a paragraph in a Rule 56.1 statement also include the
opposing party's response.  "[W]here there are no citations[,] or where the cited materials do not support the factual
assertions in the [s]tatements, the Court is free to disregard the assertion."  *Holtz v. Rockefeller & Co.*, 258 F.3d 62,
73 (2d Cir. 2001) (alteration omitted).

[3] A blockchain is an electronically distributed database or ledger "shared among a computer network's nodes."  *See*
Adam Hayes, *Blockchain Facts: What Is It, How It Works, and How It Can Be Used*, Investopedia (updated Apr. 23,
2023), https://www.investopedia.com/terms/b/blockchain.asp/.  A blockchain is a system for recording information.
Each transaction is recorded as a "block" of data on the digital ledger, which is connected to the blocks before and
after it.  SEC 56.1 Resp. ¶ 1, ECF No. 842.  Blockchains are typically recorded across a distributed network of
computers.  *Id.* ¶ 2.

[4] Ripple was originally named NewCoin, Inc. and incorporated under California law.  SEC 56.1 Resp. ¶ 33.  It was
then renamed OpenCoin, Inc. in October 2012.  *Id.*  In 2013, the company was renamed Ripple Labs, Inc., and in
2014, it was incorporated under Delaware law.  *Id.*  In this order, the Court shall refer to the company as Ripple,
even when referring to its forerunners, NewCoin and OpenCoin.

retained 20 billion for themselves (including 9 billion for Larsen) and provided 80 billion XRP to Ripple. *Id.* ¶ 15; SEC 56.1 Resp. ¶ 21. The founders did not sell any XRP before the launch of the XRP Ledger, and Ripple never owned the 20 billion XRP retained by the three founders. SEC 56.1 Resp. ¶¶ 20, 22.

Since its founding, Ripple's mission has been to realize an "Internet of Value" by using technology to facilitate the transfer of value across the internet. *Id.* ¶ 35. Specifically, Ripple "seeks to modernize international payments by developing a global payments network for international currency transfers." *Id.* For instance, Ripple developed a software product called RippleNet, which allows customers to clear and settle cross-border financial transactions on mutually agreed upon terms. *Id.* ¶ 41. One feature of RippleNet is known as "on demand liquidity" ("ODL"). *Id.* ¶ 45. ODL facilitates cross-border transactions by allowing customers to exchange fiat currency (for example, U.S. dollars) for XRP and then the XRP for another fiat currency (for example, Mexican pesos). *Id.* ¶ 46; Defs. 56.1 Resp. ¶ 740.

Like ODL, some, but not all, of Ripple's products and services rely on the XRP Ledger and XRP. SEC 56.1 Resp. ¶ 44. The XRP Ledger is based on open-source software; anyone can use the ledger, submit transactions, host a node to contribute to the validation of transactions, propose changes to the source code, or develop applications that run on the ledger. *Id.* ¶¶ 52, 54. Other developers have built software products that use the XRP Ledger, such as payment-processing applications. *Id.* ¶ 59. Ripple has also funded companies as part of its "Xpring" initiative to incentivize the development of other use "cases" on the XRP Ledger. *Id.* ¶¶ 58–59.

B.  Defendants' Sales and Distributions of XRP

At all times before the end of 2020, Ripple owned between 50 and 80 billion XRP.  *See* Defs. 56.1 Resp. ¶¶ 15, 35; *see also id.* ¶ 256.  Although the parties dispute the specific dollar amounts and details, they agree that from 2013 through the end of 2020, Ripple engaged in various sales and distributions of XRP.  *See id.* ¶¶ 647, 716; *see generally* SEC 56.1 Resp. ¶¶ 92–123.

First, Ripple, through wholly owned subsidiaries, sold XRP directly to certain counterparties (primarily institutional buyers, hedge funds, and ODL customers) pursuant to written contracts (the "Institutional Sales").  SEC 56.1 Resp. ¶ 105; Defs. 56.1 Resp. ¶¶ 5–6, 619–20, 716.  The SEC alleges that Ripple sold approximately $728.9 million of XRP in these Institutional Sales.  Defs. 56.1 Resp. ¶ 716.

Second, Ripple sold XRP on digital asset exchanges "programmatically," or through the use of trading algorithms (the "Programmatic Sales").  SEC 56.1 Resp. ¶ 95; Defs. 56.1 Resp. ¶ 647.  Ripple's XRP sales on these digital asset exchanges were blind bid/ask transactions: Ripple did not know who was buying the XRP, and the purchasers did not know who was selling it.  SEC 56.1 Resp. ¶ 96; Defs. 56.1 Resp. ¶¶ 652–54.  The SEC alleges that Ripple sold approximately $757.6 million of XRP in Programmatic Sales.  Defs. 56.1 Resp. ¶ 647.  Ripple used the proceeds from the Institutional and Programmatic Sales to fund its operations.  Defs. 56.1 Resp. ¶¶ 156–70.[5]

Ripple also distributed XRP as a form of payment for services ("Other Distributions").  Defs. 56.1 Resp. ¶¶ 827–30.  For instance, Ripple distributed XRP to its employees as a form of

---

[5] Since 2012, Ripple has also raised investment capital through multiple funding rounds in which it sold stock to investors.  SEC 56.1 Resp. ¶ 34.  Ripple has issued millions of shares of common stock, as well as convertible notes, preferred stock, and a stock warrant.  SEC Add. 56.1 Resp. ¶¶ 1607, 1609, ECF No. 844.

employee compensation.  SEC 56.1 Resp. ¶ 110; Defs. 56.1 Resp. ¶¶ 217–18.  Ripple also
distributed XRP in conjunction with its Xpring initiative to fund third parties that would develop
new applications for XRP and the XRP Ledger.  Defs. 56.1 Resp. ¶¶ 831–32.  In sum, the SEC
alleges that Ripple recognized revenue of $609 million from its distributions of XRP to
individuals and entities in exchange for services.  *Id.* ¶¶ 829–30.[6]

In addition to Ripple's sales and distributions, Larsen and Garlinghouse offered and sold
XRP in their individual capacities.  After stepping down as CEO of Ripple in December 2016,
Larsen became the Executive Chairman of Ripple's Board of Directors, a position he currently
holds.  SEC 56.1 Resp. ¶¶ 128–29.  From at least 2013 through 2020, Larsen sold XRP on digital
asset exchanges programmatically and made at least $450 million from his sales.  Defs. 56.1
Resp. ¶ 868.

Garlinghouse was hired as Ripple's COO in April 2015.  SEC 56.1 Resp. ¶ 140.  After
Larsen stepped down as CEO, Garlinghouse became CEO effective January 1, 2017, a position
he currently holds.  *Id.* ¶ 143.  From April 2017 through 2020, Garlinghouse sold XRP on digital
asset exchanges, *id.* ¶¶ 303, 310; the SEC alleges that Garlinghouse sold approximately $150
million in XRP during this period, Defs. 56.1 Resp. ¶ 870.  Garlinghouse has also received XRP
as part of his overall compensation from Ripple.  SEC 56.1 Resp. ¶ 145.

Defendants did not file a registration statement as to any offers or sales of XRP.  Defs.
56.1 Resp. ¶ 928.  Ripple did not publicly file any financial statements or other periodic reports,

---

[6] Ripple also distributed XRP for free to "early adopters and developers" and to charities and grant recipients.  SEC
56.1 Resp. ¶¶ 92–94.  The SEC does not include these transactions in its complaint.  *See* SEC Opp. at 26 n.15, ECF
No. 841.

nor did it make any EDGAR filings[7] with the SEC for Ripple or XRP, such as a Form 10-Q, Form 10-K, or Form 8-K relating to XRP.  *Id.* ¶¶ 930–32.

### C.  Defendants' XRP Marketing Campaign

The SEC alleges that "in 2013 Defendants began extensive, years-long marketing efforts representing they would search for purported 'use' and 'value' for XRP—and casting XRP as an opportunity to invest in those efforts."  SEC Opp. at 4, ECF No. 841.  The SEC points to a wide range of statements, including informational brochures, internal talking points, public blog posts, statements on social media, videos, interviews with various Ripple employees, and more. Defendants dispute the SEC's factual narrative and argue that the SEC "cherry-picks excerpts from documents with many authors and from public statements of many speakers, made at many points across an eight-year period of time to many audiences."  Defs. Opp. at 10, ECF No. 828.[8]

Since at least 2013, Ripple has prepared and distributed documents that describe the company's operations, the XRP trading market, and the XRP Ledger.  For example, in 2013 and 2014, Ripple created three brochures: a "Ripple for Gateways" brochure, a "Ripple Primer," and a "Deep Dive for Finance Professionals."  Defs. 56.1 Resp. ¶¶ 59–60, 171.  These documents were distributed publicly to prospective and existing XRP investors and outline, among other things, the relationship between XRP and Ripple's business model.  *Id.*  Ripple circulated versions of the "Gateways" brochure to more than one hundred third parties, *id.* ¶ 172; the "Primer" had "widespread distribution," *id.* ¶ 178; and the "Deep Dive" was posted on Ripple's website and sent to over one hundred people, *id.* ¶¶ 185–86.  Later, starting at the end of 2016,

---

[7] EDGAR, or "Electronic Data Gathering, Analysis, and Retrieval," is an electronic filing system developed by the SEC "to increase the efficiency and accessibility of corporate filings."  James Chen, *Electronic Data Gathering Analysis and Retrieval: Overview, FAQ*, Investopedia (updated Feb. 13, 2022), https://www.investopedia.com/terms/e/edgar.asp/.

[8] The SEC's Rule 56.1 statement contains over 1,600 purported facts—many of which are disputed by Defendants—and cites over 900 exhibits.  *See generally* Defs. 56.1 Resp.  The Court highlights below only those documents and statements directly relevant to this order.

Ripple began to publish on its website quarterly "XRP Market Reports," which were intended to provide "clarity and visibility" about Ripple's market activities.  *Id.* ¶¶ 500–01.

Ripple and its senior leaders used a variety of social media platforms—including Twitter, Facebook, Reddit, and XRP Chat, an online forum described as "The Largest XRP Crypto Community Forum"—to communicate about XRP and Ripple.  Defs. 56.1 Resp. ¶¶ 77, 192; *see, e.g.*, *id.* ¶¶ 391–96, 401–08, 425, 437–40.  Ripple officials also spoke in interviews about the company and its relationship to XRP.  For instance, Larsen gave interviews in which he discussed XRP, *e.g.*, *id.* ¶¶ 371, 377, and Garlinghouse was interviewed by media outlets such as the Financial Times, Bloomberg, and CNBC, spoke with organizations like the Economic Club of New York, and participated at conferences such as DC Fintech, in which he described Ripple's operations and the XRP market, *e.g.*, *id.* ¶¶ 252, 263, 269, 387, 444, 446.

### D.  Defendants' Receipt of Legal Advice About XRP Offers and Sales

In February 2012, before the XRP Ledger was publicly launched, Ripple's founders, including Larsen, received from the Perkins Coie LLP law firm a memorandum, which sought to "review the proposed product and business structure, analyze the legal risks associated with [Ripple], and recommend steps to mitigate these risks."  Defs. 56.1 Resp. ¶ 986; *see* ECF No. 846-29 at 4.  The memorandum analyzes, among other things, the legal risks associated with selling XRP.  Defs. 56.1 Resp. ¶ 986.  Specifically, it states that "[i]f sold to [i]nvestors, [XRP tokens] are likely to be securities," and "[t]o the extent that [the founders'] issuance of [XRP] does not involve an investment of money, there is a low risk that [XRP] will be considered an investment contract."  *Id.* ¶¶ 986, 989; *see* ECF No. 846-29 at 5, 12.

In October 2012, Ripple, Larsen, and others received another memorandum from Perkins Coie which sought to "review the proposed features of the Ripple [n]etwork and [XRP] and to

provide recommendations for mitigating relevant legal risks." Defs. 56.1 Resp. ¶ 987; *see* ECF No. 846-30 at 3. That memorandum states that "[a]lthough we believe that a compelling argument can be made that [XRP tokens] do not constitute 'securities' under federal securities laws, given the lack of applicable case law, we believe that there is some risk, albeit small, that the [SEC] disagrees with our analysis." Defs. 56.1 Resp. ¶ 993; *see* ECF No. 846-30 at 6. The memorandum further states that, "[t]he more that [the founders and Ripple] promote [XRP] as an investment opportunity, the more likely it is that the SEC will take action and argue that [XRP tokens] are 'investment contracts.'" Defs. 56.1 Resp. ¶ 993; *see* ECF No. 846-30 at 6.

Larsen reviewed both the February and the October 2012 memoranda and discussed them with Perkins Coie attorneys. Defs. 56.1 Resp. ¶ 998. Both memoranda analyze XRP under the Supreme Court's holding in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), which outlines the standard for an investment contract. *Id.* ¶ 988.

## II.    Procedural Background

On December 22, 2020, the SEC commenced this action. ECF No. 1. An amended complaint was filed on February 18, 2021. Am. Compl. Fact discovery closed on August 31, 2021, *see* ECF No. 313, and expert discovery concluded on February 28, 2022, *see* ECF No. 411. On March 11, 2022, the Court denied the SEC's motion to strike Ripple's affirmative defense that it "lacked . . . 'notice that its conduct was in violation of law, in contravention of Ripple's due process rights,'" ECF No. 128. ECF No. 440. That same day, the Court also denied Garlinghouse's and Larsen's separate motions to dismiss, ECF Nos. 105, 110. MTD Order, ECF No. 441. On March 6, 2023, the Court granted in part and denied in part the parties' motions to preclude expert testimony. ECF No. 814.

Before the Court are the parties' cross-motions for summary judgment filed on
September 13, 2022. ECF Nos. 621, 625; *see also* ECF Nos. 639, 642, 824, 836. The Court has
also reviewed amicus briefs from Accredify, Inc. d/b/a/ InvestReady, ECF No. 698[9]; the
Blockchain Association, ECF No. 706; the Chamber of Digital Commerce, ECF No. 649;
Coinbase, Inc., ECF No. 705; Cryptillian Payment Systems, LLC, ECF No. 716; the Crypto
Council for Innovation, ECF No. 711; I-Remit, Inc., ECF No. 660; the New Sports Economy
Institute, ECF No. 717; Paradigm Operations LP, ECF No. 707; Phillip Goldstein and the
Investor Choice Advocates Network, ECF No. 683; Reaper Financial, LLC, ECF No. 710;
SpendTheBits, Inc., ECF No. 684; TapJets, Inc., ECF No. 661; Valhil Capital, LLC, ECF No.
722; Veri DAO, LLC, ECF No. 709; and XRP holders Jordan Deaton, James LaMonte, Mya
LaMonte, Tyler LaMonte, Mitchell McKenna, and Kristiana Warner, ECF No. 708.[10]

## DISCUSSION

I.    Legal Standard

A.  Summary Judgment

Summary judgment is appropriate where the record shows that there is no genuine
dispute as to any material fact and that the moving party is entitled to judgment as a matter of
law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986);
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence
is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477
U.S. at 248.

---

[9] Accredify, Inc. did not formally file an amicus brief after the Court granted leave to do so, *see* ECF No. 704, but
included its brief as an attachment to its original request, *see* ECF No. 698.
[10] On November 4, 2022, the Court directed that any requests to file amicus briefs be filed by November 11, 2022.
ECF No. 695. William M. Cunningham and Anoop Bungay, both *pro se* litigants, each separately requested leave to
file an amicus brief on November 16, 2022, and January 20, 2023, respectively. ECF Nos. 712, 807. Cunningham's
and Bungay's requests are DENIED as untimely.

The moving party initially bears the burden of demonstrating the absence of a genuine dispute of material fact by citing evidence in the record. *See Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro, Vt.*, 287 F.3d 162, 165 (2d Cir. 2002). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1); *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). In doing so, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998), as "unsupported allegations do not create a material issue of fact," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

B. Section 5 Liability and the *Howey* Test

Under Section 5 of the Securities Act, it is "unlawful for any person, directly or indirectly, . . . to offer to sell, offer to buy or purchase[,] or sell" a "security" unless a registration statement is in effect or has been filed with the SEC as to the offer and sale of such security to the public. 15 U.S.C. §§ 77e(a), (c), (e). To prove a violation of Section 5, the SEC must show: (1) that no registration statement was filed or in effect as to the transaction, and (2) that the defendant directly or indirectly offered to sell or sold the securities (3) through interstate commerce. *See SEC v. Cavanagh*, 445 F.3d 105, 111 n.13 (2d Cir. 2006).

Defendants do not dispute that they offered to sell and sold XRP through interstate commerce. *See, e.g.*, Defs. 56.1 Resp. ¶¶ 647, 716, 868, 870. They also do not dispute that they did not file a registration statement with the SEC for any offer or sale of XRP. *Id.* ¶ 928. The question before the Court is whether Defendants offered to sell or sold XRP as a security. Specifically, the SEC alleges that Defendants sold XRP as an "investment contract," which is a type of security as defined by the Securities Act, 15 U.S.C. § 77b(a)(1). *See, e.g.*, SEC Mem. at

2, 5, 49, ECF No. 837; Am. Compl. ¶¶ 3, 9, 60.  Defendants argue that they did not sell XRP as an investment contract, and, therefore, no registration statement was required.  *See, e.g.*, Defs. Mem. at 3, 36, ECF No. 825; Defs. 56.1 Resp. ¶ 928.

In *SEC v. W.J. Howey Co.*, the Supreme Court held that under the Securities Act, an investment contract is "a contract, transaction[,] or scheme whereby a person [(1)] invests his money [(2)] in a common enterprise and [(3)] is led to expect profits solely from the efforts of the promoter or a third party."  328 U.S. at 298–99; *see also SEC v. Edwards*, 540 U.S. 389, 393 (2004).  In analyzing whether a contract, transaction, or scheme is an investment contract, "form should be disregarded for substance and the emphasis should be on economic reality" and the "totality of circumstances."  *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967); *Glen-Arden Commodities, Inc. v. Constantino*, 493 F.2d 1027, 1034 (2d Cir. 1974).

C.  Defendants' "Essential Ingredients" Test

In their summary judgment briefing, Defendants advance a novel "essential ingredients" test, arguing that, in addition to the *Howey* test, all investment contracts must contain three "essential ingredients": (1) "a contract between a promoter and an investor that establishe[s] the investor's rights as to an investment," which contract (2) "impose[s] post-sale obligations on the promoter to take specific actions for the investor's benefit" and (3) "grant[s] the investor a right to share in profits from the promoter's efforts to generate a return on the use of investor funds."  Defs. Mem. at 2; *see id.* at 13–28.

The Court declines to adopt Defendants' "essential ingredients" test, which would call for the Court to read beyond the plain words of *Howey* and impose additional requirements not mandated by the Supreme Court.  The Court sees no reason to do so.  Neither *Howey*, nor its progeny, hold that an investment contract requires the existence of Defendants' "essential

11

ingredients." To the contrary, these cases make clear that the relevant test reflects a focus on an investor's expectation of "profits . . . from the efforts of others," rather than the formal imposition of post-sale obligations on the promoter or the grant to an investor of a right to share in profits. *Howey*, 328 U.S. at 301. The Supreme Court's use of the word "profits" in *Howey* was intended to refer to "income or return," *Edwards*, 540 U.S. at 394, and financial returns on investments are not equivalent to post-sale obligations or profit sharing. Thus, the Court is not persuaded that precedent supports the consideration of these "ingredients" in determining whether a contract, transaction, or scheme constitutes an investment contract under *Howey*.

Defendants do not cite a single case that has applied their test. *See generally* Defs. Mem. at 13–28. Rather, Defendants contend that the Court should look to the pre-1933 state "blue sky" law cases on which the *Howey* Court relied. *Id.* at 16–17. According to Defendants, every pre-1933 blue sky investment contract case involved a contract, post-sale obligations on the promoter, and the investor's right to receive a profit. *Id.* at 18–21. That may be so, but the *Howey* Court relied on the state courts' definition of an investment contract as "a contract or scheme for the placing of capital or laying out of money in a way intended to secure income or profit from its employment" when fashioning the relevant test. 328 U.S. at 298 (quotation marks and citation omitted). Had the Supreme Court intended to incorporate these ingredients as essential requirements, it would have done so. In any event, even accepting Defendants' survey and analysis of the caselaw as accurate, the fact that pre-1933 investment contract cases shared some common features does not convert those common features into requirements necessary for finding an investment contract under *Howey*. Rather, the Supreme Court was guided by the "fundamental purpose undergirding the Securities Acts," in which Congress "painted with a

broad brush" in recognition of the "virtually limitless scope of human ingenuity." *Reves v. Ernst & Young*, 494 U.S. 56, 60–61 (1990).  So, too, must this Court be guided.

Indeed, in the more than seventy-five years of securities law jurisprudence after *Howey*, courts have found the existence of an investment contract even in the absence of Defendants' "essential ingredients," including in recent digital asset cases in this District.  *See, e.g.*, *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 175–80 (S.D.N.Y. 2020); *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 354 (S.D.N.Y. 2019) ("ATB Coins did not entitle purchasers to a pro rata share of the profits derived from any ATB-managed transaction . . . . However, such a formalized profit-sharing mechanism is not required.").  And this makes sense, given that the *Howey* test was intended to "embod[y] a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits."  328 U.S. at 299.  Put differently, the *Howey* test was intended to effectuate "[t]he statutory policy of affording broad protection to investors," protection that is "not to be thwarted by unrealistic and irrelevant formulae."  *Id.* at 301.  Accordingly, the Court rejects Defendants' argument that all investment contracts must include post-sale obligations on the promoter and grant the investor a right to share in profits from the promoter's efforts.

The Court does not reach Defendants' first "essential ingredient": that a contract must exist for an investment contract to exist.[11]  As discussed in greater detail below, in each instance where Defendants offered or sold XRP as an investment contract, a contract existed.

---

[11] The SEC's opposition papers misconstrue Defendants' "essential ingredients" test.  The SEC dedicates several pages to refuting the argument that a *written* contract must exist, *see* SEC Opp. at 19–24, but Defendants' proposed test does not turn on the need for a written contract as opposed to an oral or implied contract, *see* Defs. Mem. at 2, 18–19; Defs. Reply at 9, ECF No. 832.  Therefore, the Court does not address the SEC's arguments that *Howey* does not require the existence of a written contract.  *See* SEC Opp. at 19–24.

II.   <u>Analysis</u>

A.  The XRP Token

The plain words of *Howey* make clear that "an investment contract for purposes of the Securities Act means a *contract, transaction*[,] *or scheme*." 328 U.S. at 298–99 (emphasis added). But the subject of a contract, transaction, or scheme is not necessarily a security on its face. Under *Howey*, the Court analyzes the economic reality and totality of circumstances surrounding the offers and sales of the underlying asset. *See Tcherepnin*, 389 U.S. at 336; *Glen-Arden*, 493 F.2d at 1034.

*Howey* and its progeny have held that a variety of tangible and intangible assets can serve as the subject of an investment contract. *See, e.g.*, *Howey*, 328 U.S. 293 (orange groves); *Glen-Arden*, 493 F.2d 1027 (whiskey casks); *Edwards*, 540 U.S. 389 (payphones); *Hocking v. Dubois*, 885 F.2d 1449 (9th Cir. 1989) (condominiums), *cert. denied*, 494 U.S. 1078 (1990); *Cont'l Mktg. Corp. v. SEC*, 387 F.2d 466 (10th Cir. 1967) (beavers); *SEC v. Telegram Grp. Inc.*, 448 F. Supp. 3d 352 (S.D.N.Y. 2020) (digital tokens). In each of these cases, the subject of the investment contract was a standalone commodity, which was not itself inherently an investment contract. For instance, if the original citrus groves in *Howey* were later resold, those resales may or may not constitute investment contracts, depending on the totality of circumstances surrounding the later transaction.

Here, Defendants argue that XRP does not have the "character in commerce" of a security and is akin to other "ordinary assets" like gold, silver, and sugar. *See* Defs. Mem. at 3–4, 42–44 (citation omitted). This argument misses the point because ordinary assets—like gold, silver, and sugar—may be sold as investment contracts, depending on the circumstances of those sales. *See Glen-Arden*, 493 F.2d at 1033, 1035; *Fedance v. Harris*, 1 F.4th 1278, 1288–89

14

(11th Cir. 2021) ("Plenty of items that can be consumed or used . . . have been the subject of transactions determined to be securities because they had the attributes of an investment." (citation omitted)). Even if XRP exhibits certain characteristics of a commodity or a currency, it may nonetheless be offered or sold as an investment contract.

As another court in this District recently held:

> While helpful as a shorthand reference, the security in this case is not simply the [digital token, the] Gram, which is little more than alphanumeric cryptographic sequence . . . . This case presents a "scheme" to be evaluated under *Howey* that consists of the full set of contracts, expectations, and understandings centered on the sales and distribution of the Gram. *Howey* requires an examination of the entirety of the parties' understandings and expectations.

*Telegram*, 448 F. Supp. 3d at 379. XRP, as a digital token, is not in and of itself a "contract, transaction[,] or scheme" that embodies the *Howey* requirements of an investment contract. Rather, the Court examines the totality of circumstances surrounding Defendants' different transactions and schemes involving the sale and distribution of XRP. *See Marine Bank v. Weaver*, 455 U.S. 551, 560 n.11 (1982) ("Each transaction must be analyzed and evaluated on the basis of the content of the instruments in question, the purposes intended to be served, and the factual setting as a whole.").

    B.  Defendants' Offers and Sales of XRP

The parties cross-move for summary judgment on the SEC's claim under Section 5 of the Securities Act. Whether Defendants offered or sold "investment contracts" is a legal question that the Court resolves based on the undisputed record. *See SEC v. Thompson*, 732 F.3d 1151, 1160–61 (10th Cir. 2013) (collecting cases). The SEC alleges that Ripple engaged in three categories of unregistered XRP offers and sales:

> (1) Institutional Sales under written contracts for which it received $728 million; (2) Programmatic Sales on digital asset exchanges for which it received $757 million; and

(3) Other Distributions under written contracts for which it recorded $609 million in "consideration other than cash."

*See* SEC Reply at 4–5, ECF No. 843.  The SEC also alleges that Larsen and Garlinghouse engaged in unregistered individual XRP sales, from which they received at least $450 million and $150 million, respectively.  *See id.* at 5.  The Court shall separately analyze and evaluate each category of transaction.  *See Marine Bank*, 455 U.S. at 560 n.11.

1.  Institutional Sales

The Court first addresses Ripple's Institutional Sales of XRP to sophisticated individuals and entities (the "Institutional Buyers") pursuant to written contracts.  *See* SEC Mem. at 28–31; Defs. Mem. at 11.  The SEC alleges that these Institutional Sales were distributions of XRP into public markets through conduits, and that "some Institutional [Buyers] were buying XRP as brokers, while others simply resold it as part of their trading strategies."  SEC Mem. at 28–29.

The first prong of *Howey* examines whether an "investment of money" was part of the relevant transaction.  328 U.S. at 301.  Here, the Institutional Buyers invested money by providing fiat or other currency in exchange for XRP.  Defs. 56.1 Resp. ¶ 607.  Defendants do not dispute that Ripple received money for XRP through its Institutional Sales.  *See* Defs. Mem. at 11; Defs. Opp. at 17 n.7.  However, Defendants argue that an "investment of money" is different from "merely payment of money"—that is, *Howey* requires not just payment of money but an intent to invest that money.  *See* Defs. Opp. at 18–19.

Not so.  Defendants' purported distinction is not supported by caselaw.  The proper inquiry is whether the Institutional Buyers "provide[d] the capital," *Howey*, 328 U.S. at 300, "put up their money," *Glen-Arden*, 493 F.2d at 1034, or "provide[d]" cash, *Telegram*, 448 F. Supp. 3d at 368–69.  Defendants do not dispute that there was a payment of money; the Court finds, therefore, that this element has been established.

16

The second prong of *Howey*, the existence of a "common enterprise," 328 U.S. at 301, may be demonstrated through a showing of "horizontal commonality," *Revak v. SEC Realty Corp.*, 18 F.3d 81, 87 (2d Cir. 1994). Horizontal commonality exists where the investors' assets are pooled and the fortunes of each investor are tied to the fortunes of other investors, as well as to the success of the overall enterprise. *See id.* at 88; *see also SEC v. SG Ltd.*, 265 F.3d 42, 49 (1st Cir. 2001) ("[H]orizontal commonality [is] a type of commonality that involves the pooling of assets from multiple investors so that all share in the profits and risks of the enterprise."); *ATBCOIN LLC*, 380 F. Supp. 3d at 353.[12]

Here, the undisputed record shows the existence of horizontal commonality. Ripple pooled the proceeds of its Institutional Sales into a network of bank accounts under the names of its various subsidiaries. *See, e.g.*, ECF No. 831-29 ¶¶ 3–4; Defs. 56.1 Resp. ¶¶ 795–98; *see also id.* ¶ 1004. Although Ripple maintained separate bank accounts for each subsidiary, Ripple controlled all of the accounts and used the funds raised from the Institutional Sales to finance its operations. *See* Defs. 56.1 Resp. ¶¶ 255–56; SEC Reply at 8; *cf.* Defs. Opp. at 22–23; Defs. Reply at 19–20, ECF No. 832. Defendants do not dispute that Ripple did not "segregate[] and separately manage[]" investor funds or "allow[] for profits to remain independent." *Kik*, 492 F. Supp. 3d at 179; *see* SEC Reply at 8. And, Ripple's accountants recorded all of its XRP-related proceeds together. *See* Defs. 56.1 Resp. ¶¶ 147–48.

Further, each Institutional Buyer's ability to profit was tied to Ripple's fortunes and the fortunes of other Institutional Buyers because all Institutional Buyers received the same fungible

---

[12] The SEC also argues that the record establishes strict vertical commonality. *See* SEC Mem. at 51–53. The Second Circuit has not addressed whether the strict vertical commonality theory can give rise to a common enterprise. *See Revak*, 18 F.3d at 88. In this case, because horizontal commonality establishes the existence of a common enterprise, the Court does not reach the issue of strict vertical commonality or its viability as a theory.

XRP.[13]  *See id.* ¶¶ 206–07.  Ripple used the funds it received from its Institutional Sales to promote and increase the value of XRP by developing uses for XRP and protecting the XRP trading market.  *See id.* ¶¶ 156–57, 161–68, 255–56.  When the value of XRP rose, all Institutional Buyers profited in proportion to their XRP holdings.  *See Kik*, 492 F. Supp. 3d at 178 ("The success of the ecosystem drove demand for [the digital token] Kin and thus dictated investors' profits."); *Telegram*, 448 F. Supp. 3d at 369–70 (finding horizontal commonality where the digital token purchasers "possess an identical instrument, the value of which is entirely dependent on the success or failure of the TON Blockchain" and "[t]he investors' fortunes are directly tied to the success of the TON Blockchain as a whole").  The Court finds the existence of a common enterprise because the record demonstrates that there was a pooling of assets and that the fortunes of the Institutional Buyers were tied to the success of the enterprise as well as to the success of other Institutional Buyers.

The third prong of *Howey* examines whether the economic reality surrounding Ripple's Institutional Sales led the Institutional Buyers to have "a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."  *See United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 852 (1975).[14]  In this context, profit means an "income or return, to include, for example, dividends, other periodic payments, or *the increased value of the investment*."  *Edwards*, 540 U.S. at 394 (emphasis added).  The reasonable expectation of profits from the efforts of others need not be the sole reason a purchaser buys an investment; an asset

---

[13] The Court holds only that a common enterprise existed between Ripple and the Institutional Buyers.  The Court does not reach the question of whether the common enterprise extends to encompass "other XRP holders," Defendants Garlinghouse and Larsen, the "XRP ecosystem," or any other entities.  *Cf.* Defs. Opp. at 20–21.

[14] *Howey* contemplates that an investor is "led to expect profits solely from the efforts of the promoter or a third party." 328 U.S. at 298–99.  However, the Second Circuit "ha[s] held that the word 'solely' should not be construed as a literal limitation; rather, [courts] 'consider whether, under all the circumstances, the scheme was being promoted primarily as an investment or as a means whereby participants could pool their own activities, their money and the promoter's contribution in a meaningful way.'"  *United States v. Leonard*, 529 F.3d 83, 88 (2d Cir. 2008) (quoting *SEC v. Aqua-Sonic Prods. Corp.*, 687 F.2d 577, 582 (2d Cir. 1982)).

may be sold for both consumptive and speculative uses. *See SEC v. LBRY, Inc.*, No. 21 Civ. 260, 2022 WL 16744741, at *7 (D.N.H. Nov. 7, 2022). Moreover, "[t]he inquiry is an objective one focusing on the promises and offers made to investors; it is not a search for the precise motivation of each individual participant." *Telegram*, 448 F. Supp. 3d at 371 (citing *Warfield v. Alaniz*, 569 F.3d 1015, 1021 (9th Cir. 2009)).

Based on the totality of circumstances, the Court finds that reasonable investors, situated in the position of the Institutional Buyers, would have purchased XRP with the expectation that they would derive profits from Ripple's efforts. From Ripple's communications, marketing campaign, and the nature of the Institutional Sales, reasonable investors would understand that Ripple would use the capital received from its Institutional Sales to improve the market for XRP and develop uses for the XRP Ledger, thereby increasing the value of XRP. *Cf. Kik*, 492 F. Supp. 3d at 179–80; *Telegram*, 448 F. Supp. 3d at 371–78.

Starting in 2013, Ripple marketed XRP to potential investors, including the Institutional Buyers, by distributing promotional brochures that touted XRP as an investment tied to the company's success. For instance, in the "Deep Dive" brochure, which was circulated to prospective investors, Ripple explains that its "business model is predicated on a belief that demand for XRP will increase . . . if the Ripple protocol becomes widely adopted," and "[i]f the Ripple protocol becomes the backbone of global value transfer, Ripple . . . expects the demand for XRP to be considerable." Defs. 56.1 Resp. ¶ 187; ECF No. 855-14 at 23, 29, 31. Similarly, the "Ripple Primer" states that Ripple "hopes to make money from XRP if the world finds the Ripple network useful." Defs. 56.1 Resp. ¶ 180; ECF No. 861-26 at 20. The "Gateways" brochure also explains that "Ripple's business model is based on the success of [XRP,]" and includes a graphical representation of bitcoin's price change below the text: "Can a virtual

19

currency really create and hold value?  *Bitcoin proves it can*."  Defs. 56.1 Resp. ¶¶ 173, 175; ECF No. 861-25 at 21.

Later, through its XRP Market Reports, Ripple continued to connect XRP's price and trading to its own efforts.  Ripple's Q1 2017 XRP Markets Report states that the company's efforts—including its "vocal . . . commitment to XRP," the announcement of a new business relationship, and "continu[ing] to sign up banks to commercially deploy its enterprise blockchain solution and join its global payments network"—may have had an impact on XRP's price increase and "impressive" trading volume.  Defs. 56.1 Resp. ¶ 421; ECF No. 839-4 at 9.  The Q2 2017 XRP Markets Report highlights XRP's "dramatic" and "stunning" price increase and notes that "[t]he market responded favorably to [Ripple's] escrow and decentralization announcements."  Defs. 56.1 Resp. ¶ 422; ECF No. 839-4 at 16.  Similarly, Ripple's Q1 2020 XRP Markets Report states that XRP's liquidity was "bolstered through new use cases for XRP outside of cross-border payments."  Defs. 56.1 Resp. ¶ 366; ECF No. 839-4 at 98.

During this time, Ripple's senior leaders echoed similar statements on various public channels.  In a February 2014 interview, Larsen said, "for Ripple . . . to do well, we have to do a very good job in protecting the value of XRP and the value of the network," and asked potential investors to "[g]ive [Ripple] time" to "add[] the most value to the protocol."  Defs. 56.1 Resp. ¶ 461.  In July 2017, David Schwartz, who was then chief cryptographer at Ripple, *see id.* ¶ 40, wrote on Reddit that "Ripple's interest[s] closely (but, yes, not perfectly) align with those of other XRP holders," *id.* ¶ 462.  In February 2018, Schwartz posted on Reddit that what "really set[s] XRP apart from any other digital asset" is the "amazing team of dedicated professionals that Ripple has managed to amass to develop an ecosystem around XRP."  *Id.* ¶¶ 345, 349, 360.  In a December 2017 interview, Garlinghouse stated that XRP gave Ripple "a huge strategic asset

20

to go invest in and accelerate the vision [it] see[s] for an internet of value." *Id.* ¶ 468.  And, in March 2018, Garlinghouse said at a press conference that "Ripple is very, very interested in the success and the health of the ecosystem and will continue to invest in the ecosystem." *Id.* ¶ 469.

Ripple and its senior leaders publicly emphasized the complexity of creating an "internet of value" and the need for extensive capital to solve this "trillion dollar" problem.  Defs. 56.1 Resp. ¶ 101.  For instance, in October 2017, Garlinghouse declared in a YouTube video:  "I have no qualms saying definitively if we continue to drive the success we're driving, we're going to drive a massive amount of demand for XRP because we're solving a multitrillion dollar problem." *Id.* ¶ 98; *see also id.* ¶¶ 99–101.  In July 2017, Schwartz wrote on Reddit that, "Ripple can justify spending $100 million on a project if it could reasonably be expected to increase the price of XRP by one penny over the long term." *Id.* ¶ 462.  In November 2017, Schwartz posted on XRP Chat that Ripple would use its "war chest" to put upward pressure on XRP's price. *Id.* ¶ 445.

These statements, and many more, are representative of Ripple's overall messaging to the Institutional Buyers about the investment potential of XRP and its relationship to Defendants' efforts.  Clearly, the Institutional Buyers would have understood that Ripple was pitching a speculative value proposition for XRP with potential profits to be derived from Ripple's entrepreneurial and managerial efforts. *See LBRY*, 2022 WL 16744741, at *5–6.

Further, the nature of the Institutional Sales also supports the conclusion that Ripple sold XRP as an investment rather than for consumptive use.  In their sales contracts, some Institutional Buyers agreed to lockup provisions or resale restrictions based on XRP's trading volume. *See, e.g.*, Defs. 56.1 Resp. ¶¶ 575, 800–01.  These restrictions are inconsistent with the notion that XRP was used as a currency or for some other consumptive use.  "Simply put, a

rational economic actor would not agree to freeze millions of dollars . . . if the purchaser's intent was to obtain a substitute for fiat currency." *Telegram*, 448 F. Supp. 3d at 373.  Certain Institutional Sales contracts required the Institutional Buyer to indemnify Ripple for claims arising out of the sale or distribution of XRP, *see* Defs. 56.1 Resp. ¶ 792, and other contracts expressly stated that the Institutional Buyer was purchasing XRP "solely to resell or otherwise distribute . . . and not to use [XRP] as an [e]nd [u]ser or for any other purpose." *Id.* ¶ 793.  These various provisions in the Institutional Sales contracts support the conclusion that the parties did not view the XRP sale as a sale of a commodity or a currency—they understood the sale of XRP to be an investment in Ripple's efforts.

Therefore, having considered the economic reality and totality of circumstances surrounding the Institutional Sales, the Court concludes that Ripple's Institutional Sales of XRP constituted the unregistered offer and sale of investment contracts in violation of Section 5 of the Securities Act.[15]

2.  Programmatic Sales

The Court next addresses Ripple's Programmatic Sales, which occurred under different circumstances from the Institutional Sales.  *See* SEC Mem. at 28; Defs. Mem. at 10–11.  The SEC alleges that in the Programmatic Sales to public buyers ("Programmatic Buyers") on digital asset exchanges, "Ripple understood that people were speculating on XRP as an investment," "explicitly targeted speculators[,] and made increased speculative volume a 'target goal.'"  SEC Mem. at 28.

---

[15] The Court holds only that Ripple's sales of XRP to the Institutional Buyers were offers and sales of investment contracts.  To the extent the SEC instead argues that Ripple actually sold investment contracts to the public and used the Institutional Buyers as underwriters, the Court rejects that argument.  *Cf.* SEC Mem. at 63–65.

Having considered the economic reality of the Programmatic Sales, the Court concludes that the undisputed record does not establish the third *Howey* prong.  Whereas the Institutional Buyers reasonably expected that Ripple would use the capital it received from its sales to improve the XRP ecosystem and thereby increase the price of XRP, *see Kik*, 492 F. Supp. 3d at 180; *cf. supra* § II.B.1, Programmatic Buyers could not reasonably expect the same.  Indeed, Ripple's Programmatic Sales were blind bid/ask transactions, and Programmatic Buyers could not have known if their payments of money went to Ripple, or any other seller of XRP.  SEC 56.1 Resp. ¶ 96; Defs. 56.1 Resp. ¶¶ 652–54.  Since 2017, Ripple's Programmatic Sales represented less than 1% of the global XRP trading volume.  SEC 56.1 Resp. ¶¶ 77, 82. Therefore, the vast majority of individuals who purchased XRP from digital asset exchanges did not invest their money in Ripple at all.  An Institutional Buyer knowingly purchased XRP directly from Ripple pursuant to a contract, but the economic reality is that a Programmatic Buyer stood in the same shoes as a secondary market purchaser who did not know to whom or what it was paying its money.[16]

Further, it is not enough for the SEC to argue that Ripple "explicitly targeted speculators" or that "Ripple understood that people were speculating on XRP as an investment," SEC Mem. at 28, because a speculative motive "on the part of the purchaser or seller does not evidence the existence of an 'investment contract' within the meaning of the [Securities Act]," *Sinva, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 253 F. Supp. 359, 367 (S.D.N.Y. 1966). "[A]nyone who buys or sells[, for example,] a horse or an automobile hopes to realize a

---

[16] The Court does not address whether secondary market sales of XRP constitute offers and sales of investment contracts because that question is not properly before the Court.  Whether a secondary market sale constitutes an offer or sale of an investment contract would depend on the totality of circumstances and the economic reality of that specific contract, transaction, or scheme.  *See Marine Bank*, 455 U.S. at 560 n.11; *Telegram*, 448 F. Supp. 3d at 379; *see also* ECF No. 105 at 34:14-16, *LBRY*, No. 21 Civ. 260 (D.N.H. Jan. 30, 2023) (declining to extend holding to include secondary sales).

profitable 'investment.'  But the expected return is not contingent upon the continuing efforts of another."  *Id.* (citing *SEC v. C.M. Joiner Leasing Corp.*, 320 U.S. 344, 348 (1943)).  The relevant inquiry is whether this speculative motive "derived from the entrepreneurial or managerial efforts of others."  *Forman*, 421 U.S. at 852.  It may certainly be the case that many Programmatic Buyers purchased XRP with an expectation of profit, but they did not derive that expectation from Ripple's efforts (as opposed to other factors, such as general cryptocurrency market trends)—particularly because none of the Programmatic Buyers were aware that they were buying XRP from Ripple.

Of course, some Programmatic Buyers may have purchased XRP with the expectation of profits to be derived from Ripple's efforts.  However, "[t]he inquiry is an objective one focusing on the promises and offers made to investors; it is not a search for the precise motivation of each individual participant."  *Telegram*, 448 F. Supp. 3d at 371 (citation omitted).  Here, the record establishes that with respect to Programmatic Sales, Ripple did not make any promises or offers because Ripple did not know who was buying the XRP, and the purchasers did not know who was selling it.  SEC 56.1 Resp. ¶ 96; Defs. 56.1 Resp. ¶¶ 652–54.  In fact, many Programmatic Buyers were entirely unaware of Ripple's existence.  SEC Add. 56.1 Resp. ¶ 1606, ECF No. 844; ECF Nos. 831-1–831-26.

The Programmatic Sales also lacked other factors present in the economic reality of the Institutional Sales which cut in favor of finding "a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."  *Forman*, 421 U.S. at 852; *cf. supra* § II.B.1.  For instance, the Programmatic Sales were not made pursuant to contracts that contained lockup provisions, resale restrictions, indemnification clauses, or statements of purpose.  *Cf. Telegram*, 448 F. Supp. 3d at 373.  Similarly, Ripple's promotional materials, such

as the "Ripple Primer" and the "Gateways" brochure, were widely circulated amongst potential investors like the Institutional Buyers. But, there is no evidence that these documents were distributed more broadly to the general public, such as XRP purchasers on digital asset exchanges. Nor is there evidence that Programmatic Buyers understood that statements made by Larsen, Schwartz, Garlinghouse, and others were representations of Ripple and its efforts.

Lastly, the Institutional Buyers were sophisticated entities, including institutional investors and hedge funds. SEC 56.1 Resp. ¶ 105. An "examination of the entirety of the parties' understandings and expectations," including the "full set of contracts, expectations, and understandings centered on the sales and distribution of" XRP supports the conclusion that a reasonable investor, situated in the position of the Institutional Buyers, would have been aware of Ripple's marketing campaign and public statements connecting XRP's price to its own efforts. *Telegram*, 448 F. Supp. 3d at 379. There is no evidence that a reasonable Programmatic Buyer, who was generally less sophisticated as an investor, shared similar "understandings and expectations" and could parse through the multiple documents and statements that the SEC highlights, which include statements (sometimes inconsistent) across many social media platforms and news sites from a variety of Ripple speakers (with different levels of authority) over an extended eight-year period.

Therefore, having considered the economic reality and totality of circumstances, the Court concludes that Ripple's Programmatic Sales of XRP did not constitute the offer and sale of investment contracts.[17]

---

[17] Because the Court finds that the record does not establish the third *Howey* prong as to the Programmatic Sales, the Court does not reach whether the first or second *Howey* prongs have been satisfied.

### 3.  Other Distributions

The SEC's last category of XRP offers and sales are "Other Distributions under written
contracts for which [Ripple] recorded $609 million in 'consideration other than cash' in its
audited financial statements."  SEC Reply at 5.  These Other Distributions include distributions
to employees as compensation and to third parties as part of Ripple's Xpring initiative to develop
new applications for XRP and the XRP Ledger.  SEC Mem. at 31–32.  The SEC alleges that
"Ripple funded its projects by transferring XRP to third parties and then having them sell the
XRP into public markets."  *Id.* at 31.

The Other Distributions do not satisfy *Howey*'s first prong that there be an "investment of
money" as part of the transaction or scheme.  328 U.S. at 301.  *Howey* requires a showing that
the investors "provide[d] the capital," *id.* at 300, "put up their money," *Glen-Arden*, 493 F.2d at
1034, or "provide[d]" cash, *Telegram*, 448 F. Supp. 3d at 368–69.  "In every case [finding an
investment contract] the purchaser gave up some tangible and definable consideration in return
for an interest that had substantially the characteristics of a security."  *Int'l Bhd. of Teamsters v.
Daniel*, 439 U.S. 551, 560 (1979).  Here, the record shows that recipients of the Other
Distributions did not pay money or "some tangible and definable consideration" to Ripple.  To
the contrary, Ripple paid XRP to these employees and companies.  And, as a factual matter, there
is no evidence that "Ripple funded its projects by transferring XRP to third parties and then
having them sell the XRP," SEC Mem. at 31, because Ripple never received the payments from
these XRP distributions.

In its opposition papers, the SEC pivots and argues instead that the Other Distributions
were an indirect public offering because "the parties that received XRP from Ripple, such as an
'[Xpring] recipient,' could 'transfer their XRP (in exchange for units of another currency, goods,

or services) to another holder.'"  SEC Opp. at 26 (citation omitted).  But the SEC does not elsewhere allege that the recipients of these Other Distributions, like Ripple employees and Xpring third-party companies, were Ripple's underwriters.  In any event, the SEC does not develop the argument that these secondary market sales were offers or sales of investment contracts, particularly where the payment of money for these XRP sales never traced back to Ripple, and the Court cannot make such a finding.

Therefore, having considered the economic reality and totality of circumstances, the Court concludes that Ripple's Other Distributions did not constitute the offer and sale of investment contracts.[18]

### 4.  Larsen's and Garlinghouse's Offers and Sales

Lastly, the Court addresses Larsen's and Garlinghouse's offers and sales of XRP. Section 4(a)(1) of the Securities Act exempts "transactions by any person other than an issuer, underwriter, or dealer."  15 U.S.C. § 77d(a)(1).  The SEC argues that this exemption does not apply to Larsen and Garlinghouse because they are "affiliates" of Ripple and "an affiliate of the issuer—such as an officer, director, or controlling shareholder—ordinarily may not rely upon the Section 4(1) exemption."  *Cavanagh*, 445 F.3d at 111 (cleaned up).

The Court need not reach this issue.  Like Ripple's Programmatic Sales, Larsen's and Garlinghouse's XRP sales were programmatic sales on various digital asset exchanges through blind bid/ask transactions.  *See* SEC 56.1 Resp. ¶¶ 280–84, 306–09.  Larsen and Garlinghouse did not know to whom they sold XRP, and the buyers did not know the identity of the seller. Thus, as a matter of law, the record cannot establish the third *Howey* prong as to these transactions.  For substantially the same reasons discussed above, *supra* § II.B.2, Larsen's and

---

[18] Because the Court determines that the record does not establish the first *Howey* prong as to the Other Distributions, the Court does not reach whether the second or third *Howey* prongs have been satisfied.

Garlinghouse's offer and sale of XRP on digital asset exchanges did not amount to offers and sales of investment contracts.[19]

### 5. Defendants' Due Process Defenses

Defendants each assert a "fair notice" defense, claiming that the SEC violated their due process rights; Larsen and Garlinghouse also assert an as-applied vagueness defense based on the same due process principles. *See* Defs. Opp. at 43 & n.28; *see also* ECF No. 51 at 97–99; ECF No. 462 at 97–99; ECF No. 463 at 103–05.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). This clarity requirement is "essential to the protections provided by the Due Process Clause of the Fifth Amendment," and "requires the invalidation of laws that are impermissibly vague." *Id.* Laws fail to comport with due process when they (1) "fail[] to provide a person of ordinary intelligence fair notice of what is prohibited," or (2) are so standardless that they authorize or encourage "seriously discriminatory enforcement." *Id.* (citation omitted).

This "assessment cannot be conducted in the abstract; rather . . . the party claiming a lack of notice [must] show[] 'that the statute in question provided insufficient notice that his or her behavior at issue was prohibited.'" ECF No. 440 at 8 (quoting *Copeland v. Vance*, 893 F.3d 101, 110 (2d Cir. 2018)). "[T]he evaluation of any fair notice defense is objective—it does not require inquiry into 'whether a particular [party] actually received a warning that alerted him or her to the danger of being held to account for the behavior in question.'" *Id.* at 10 n.5 (quoting

---

[19] For the reasons stated, the Court need not address Defendants' argument that Larsen and Garlinghouse are entitled to summary judgment on offers and sales on "foreign exchanges." *See* Defs. Mem. at 58–74.

*United States v. Smith*, 985 F. Supp. 2d 547, 587 (S.D.N.Y. 2014), *aff'd sub nom. United States v. Halloran*, 664 F. App'x 23 (2d Cir. 2016)).

The Court rejects Defendants' fair notice and vagueness defenses as to the Institutional Sales. First, the caselaw that defines an investment contract provides a person of ordinary intelligence a reasonable opportunity to understand what conduct it covers. *See Copeland*, 893 F.3d at 114. *Howey* sets forth a clear test for determining what constitutes an investment contract, and *Howey*'s progeny provides guidance on how to apply that test to a variety of factual scenarios. *See Smith*, 985 F. Supp. 2d at 588 ("[I]t is not only the language of a statute that can provide the requisite fair notice; judicial decisions interpreting that statute can do so as well."). That is constitutionally sufficient to satisfy due process. *See United States v. Zaslavskiy*, No. 17 Cr. 647, 2018 WL 4346339, at *9 (E.D.N.Y. Sept. 11, 2018) ("[T]he abundance of caselaw interpreting and applying *Howey* at all levels of the judiciary, as well as related guidance issued by the SEC as to the scope of its regulatory authority and enforcement power, provide all the notice that is constitutionally required.").

Second, the caselaw articulates sufficiently clear standards to eliminate the risk of arbitrary enforcement. *Howey* is an objective test that provides the flexibility necessary for the assessment of a wide range of contracts, transactions, and schemes. Defendants focus on the SEC's failure to issue guidance on digital assets and its inconsistent statements and approaches to regulating the sale of digital assets as investment contracts. *See* Defs. Opp. at 45–52. But the SEC's approach to enforcement, at least as to the Institutional Sales,[20] is consistent with the

---

[20] Because the Court finds that only the Institutional Sales constituted the offer and sale of investment contracts, the Court does not address Defendants' asserted fair notice defense as to the other transactions and schemes. The Court's holding is limited to the Institutional Sales because the SEC's theories as to the other sales in this case are potentially inconsistent with its enforcement in prior digital asset cases. *See Upton v. SEC*, 75 F.3d 92, 98 (2d Cir. 1996).

enforcement actions that the agency has brought relating to the sale of other digital assets to buyers pursuant to written contracts and for the purpose of fundraising. *See, e.g.*, *Telegram*, 448 F. Supp. 3d 352; *Kik*, 492 F. Supp. 3d 169. Moreover, the law does not require the SEC to warn all potential violators on an individual or industry level. *See Dickerson v. Napolitano*, 604 F.3d 732, 745–46 (2d Cir. 2010) ("Courts ask whether the law presents an ordinary person with sufficient notice of or the opportunity to understand what conduct is prohibited or proscribed, not whether a particular [party] actually received a warning that alerted him or her to the danger of being held to account for the behavior in question." (cleaned up)).

Accordingly, the SEC's motion for summary judgment is GRANTED as to the Institutional Sales and otherwise DENIED, and Defendants' motion for summary judgment is GRANTED as to the Programmatic Sales, the Other Distributions, and Larsen's and Garlinghouse's sales, and DENIED as to the Institutional Sales.

### C.  Larsen's and Garlinghouse's Aiding and Abetting of Ripple's Violations

The SEC also moves for summary judgment on its aiding and abetting claim against Larsen and Garlinghouse. *See* SEC Mem. at 66. To establish liability for aiding and abetting a securities violation, the SEC must show:

> (1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party;
> (2) knowledge of this violation on the part of the aider and abettor; and
> (3) substantial assistance by the aider and abettor in the achievement of the primary violation.

*SEC v. Apuzzo*, 689 F.3d 204, 206 (2d Cir. 2012) (cleaned up). Courts cannot consider the three requirements in isolation from one another because "[s]atisfaction of the knowledge requirement will depend on the theory of primary liability, and there may be a nexus between the degree of knowledge and the requirement that the alleged aider and abettor render substantial assistance."

*SEC v. Espuelas*, 905 F. Supp. 2d 507, 517 (S.D.N.Y. 2012) (quoting *SEC v. DiBella*, 587 F.3d 553, 566 (2d Cir. 2009)).  Indeed, courts have found that "'[a] high degree of substantial assistance may lessen the SEC's burden in proving scienter' and vice versa." *SEC v. Wey*, 246 F. Supp. 3d 894, 928 (S.D.N.Y. 2017) (quoting *Apuzzo*, 689 F.3d at 215).

As to the first requirement, the Court has already held that Ripple's Institutional Sales constituted the unregistered offer and sale of investment contracts in violation of Section 5 of the Securities Act.  *See supra* § II.B.1.

With respect to the second requirement, to show knowledge of Ripple's violations, the SEC must demonstrate Larsen's and Garlinghouse's "general awareness of their overall role in Ripple's illegal scheme."  MTD Order at 15; *see SEC v. Yorkville Advisors, LLC*, 305 F. Supp. 3d 486, 511 (S.D.N.Y. 2018); Dodd-Frank Wall St. Reform & Consumer Protection Act, Pub. L. 111-203, 124 Stat. 1376, § 929O (2010) (codified at 15 U.S.C. § 78t(e)).  The SEC need not demonstrate that Larsen and Garlinghouse were aware that Ripple's transactions and schemes were illegal.  *See SEC v. Mattessich*, 407 F. Supp. 3d 264, 272–73 (S.D.N.Y. 2019).  Rather, the SEC must show that Larsen and Garlinghouse knew, or recklessly disregarded, the facts that made Ripple's transactions and schemes illegal under statutory and caselaw.  *See id.*

Based on the record, Defendants have raised a genuine dispute of material fact as to whether Larsen and Garlinghouse knew or recklessly disregarded the facts that made Ripple's scheme illegal.  *See* MTD Order at 15.  It is not clear whether Larsen and Garlinghouse knew or recklessly disregarded that securities laws, rather than laws under other regulatory regimes, applied to XRP.  For instance, Larsen and Garlinghouse testified that they did not believe XRP was a security because multiple foreign regulators, including regulators in Japan, Singapore, Switzerland, the United Arab Emirates, and the United Kingdom, had determined that XRP was

not a security.  SEC Add. 56.1 Resp. ¶¶ 1744, 1782.  Larsen and Garlinghouse also stated that when the U.S. Department of Justice and the U.S. Treasury Department's Financial Crimes Enforcement Network labeled XRP a "virtual currency" in 2015, they understood this as an "official United States government declaration that XRP [was] a currency" and "exempt from [U.S.] securities laws."  *Id.* ¶¶ 1734, 1759–60.  Larsen further testified that he understood the 2018 speech by the then-Director of the SEC Division of Corporate Finance, Bill Hinman—in which he stated that neither bitcoin nor ether (another digital asset) were securities—to further reinforce the SEC's position that XRP was not a security.  *See id.* ¶¶ 1742–43.

The October 2012 Perkins Coie memorandum, which Larsen reviewed, advises, "[a]lthough we believe that a compelling argument can be made that [XRP tokens] do not constitute 'securities' under the federal securities laws, given the lack of applicable [caselaw], we believe that there is some risk, albeit small, that the [SEC] disagrees with our analysis."  Defs. 56.1 Resp. ¶ 993; *see* ECF No. 846-30 at 6.  Larsen testified that after receiving the memorandum, Ripple took specific steps to ensure compliance with the advice contained within the memorandum.  Defs. 56.1 Resp. ¶ 1730.

Likewise, Defendants have raised a genuine issue of material fact as to whether Larsen and Garlinghouse knew or recklessly disregarded facts about each of the *Howey* elements.  For example, Defendants have adduced evidence that Larsen and Garlinghouse did not know that Ripple's Institutional Sales of XRP satisfied the *Howey* "common enterprise" element because they did not believe that the proceeds from the sales were pooled and understood that Ripple did not manage, operate, or control the XRP Ledger or the broader "XRP ecosystem."  *See id.* ¶¶ 1748–50.  Based on the disputed facts in the record, therefore, a reasonable juror could find

that Larsen and Garlinghouse did not know or recklessly disregard Ripple's Section 5 violations. *See Apuzzo*, 689 F.3d at 206.

As to the third requirement, Defendants concede that Larsen, as Ripple's CEO prior to 2017, provided substantial assistance, and Garlinghouse, after becoming Ripple's CEO in January 2017, provided substantial assistance. *See* Defs. Opp. at 71. However, Larsen claims that he did not provide substantial assistance during his time as Executive Chairman of Ripple's Board, starting in 2017. *See id.*

To satisfy the substantial assistance component of aiding and abetting, the "SEC must show that the defendant in some sort associated himself with the venture, that he participated in it as in something that he wished to bring about, and that he sought by his action to make it succeed." *Apuzzo*, 689 F.3d at 206 (cleaned up). In other words, the defendant must "consciously assist the commission of the specific crime in some active way." *SEC v. Mudd*, 885 F. Supp. 2d 654, 670–71 (S.D.N.Y. 2012) (cleaned up).

Here, Larsen has raised a triable issue of material fact as to whether he provided "substantial assistance" beginning in 2017. *See Anderson*, 477 U.S. at 248. The record establishes that, starting in 2017, Larsen moved away from a day-to-day operational role at Ripple. *See* SEC Add. 56.1 Resp. ¶¶ 1722–29. But after he stepped down as CEO, Larsen also continued his role on the XRP Sales Committee, which approved Ripple's sales of XRP. *See* Defs. 56.1 Resp. Part 2 ¶ 1099, ECF No. 835-1. The Court concludes, therefore, that a reasonable jury could find that, starting in 2017, Larsen did not "consciously assist [Ripple's Section 5 violations] in some active way." *Mudd*, 885 F. Supp. 2d at 670–71 (cleaned up).

Accordingly, the SEC's motion for summary judgment on the aiding and abetting claim against Larsen and Garlinghouse is DENIED.

**CONCLUSION**

For the foregoing reasons, the SEC's motion for summary judgment is GRANTED as to the Institutional Sales, and otherwise DENIED.  Defendants' motion for summary judgment is GRANTED as to the Programmatic Sales, the Other Distributions, and Larsen's and Garlinghouse's sales, and DENIED as to the Institutional Sales.

The Court shall issue a separate order setting a trial date and related pre-trial deadlines in due course.

The Clerk of Court is directed to terminate the motions at ECF Nos. 621, 625, 639, 642, 807, 824, and 836.

SO ORDERED.

Dated: July 13, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

```
┌─────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #: _____          │
│ DATE FILED: 08/07/2024              │
└─────────────────────────────────────┘
```

                              Plaintiff,

                -against-                          20 Civ. 10832 (AT)

RIPPLE LABS, INC.,

                              Defendant.          **<u>JUDGMENT</u>**

ANALISA TORRES, District Judge:

                              I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Ripple

Labs, Inc., is permanently restrained and enjoined from violating Section 5 of the Securities Act

[15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means

or instruments of transportation or communication in interstate commerce or of the mails to sell

such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be

carried through the mails or in interstate commerce, by any means or instruments of

transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of

any prospectus or otherwise any security, unless a registration statement has been filed with the

Commission as to such security, or while the registration statement is the subject of a refusal

order or stop order or (prior to the effective date of the registration statement) any public

proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of **$125,035,150** pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant shall satisfy this obligation by paying **$125,035,150** to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ripple Labs, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not further benefit by, offset or reduction of any award of compensatory damages in any Related Investor Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order

3

granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for one year from its date of entry.

SO ORDERED.

Dated:  August 7, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge

4

## ADDENDUM "B" TO CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

Ripple proposes to present the following issues on appeal. Each is subject to a *de novo* standard of review.

1.     Whether an "investment contract" under Section 5 of the Securities Act of 1933 must have the essential ingredients of (a) a contract, (b) that imposes post-sale obligations on the seller, and (c) that gives the buyer a right to demand and receive profits from the seller's activities.

2.     Whether the district court erred in concluding as a matter of law that some of Ripple's transfers of XRP met the requirements of *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), for an investment contract, including (a) an investment of money (b) in a common enterprise with (c) a reasonable expectation of profits solely from Ripple's efforts.

3.     Whether, by proffering evidence of widespread uncertainty about the application of the federal securities laws to virtual currencies and other digital assets and of the SEC's inconsistent and deliberately vague statements about how it would apply those laws, Ripple raised a genuine dispute of fact that was material to its defense that it lacked fair notice that its conduct violated Section 5.

4.     Whether the specificity and clarity requirements of Rule 65 of the Federal Rules of Civil Procedure bar an injunction that, like the one here, does no more than to direct the enjoined party to obey the law.